UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

COMMODITY FUTURES TRADING
COMMISSION,

                Plaintiff,

V.

PATRICK K. MCDONNELL,
and CABBAGETECH, CORP. d/b/a/ COIN
DROP MARKETS,

                Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION (PURSUANT TO RULE 12 (B)(1), FED. R. CIV. P.) AND/OR (FAILURE TO STATE A CLAIM UPON RELIEF CAN BE GRANTED PURSUANT TO RULE 12 (B)(6), FED. R. CIV. P.)**

Case No. 18-CV-00361 (JBW) (RLM)

## MEMORANDUM OF LAW

### MAY IT PLEASE THE COURT:

Defendant respectfully submits this Memorandum to set forth basis the Court should move to dismiss Plaintiff Complaint with prejudice for lack of subject-matter jurisdiction [pursuant to Rule 12 (b)(1), Fed. R. Civ. P. and/or Failure to state a claim upon relief can be granted pursuant to Rule 12 (b)(6), Fed. R. Civ. P.]

### INTRODUCTION.

On or about January 18, 2018 the Plaintiff instituted this legal action asserting various fraud and misappropriation claims believed trumped-up for political agenda not justice served. The Complaint alleged Defendants' "operated a deceptive and fraudulent virtual currency scheme to induce customers to send money and virtual currencies to Defendants' in exchange for purported virtual currency trading advice concerning the trading of virtual currencies, including Bitcoin and Litecoin, and FOR VIRTUAL CURRENCY TRADING ON BEHALF OF CUSTOMERS under Defendants direction." CabbageTech, Corp. 'was' a membership oriented subscription-based service that offered **informational services** and **NOT** asset management as claimed.

CabbageTech, Corp. by both SEC and The U.S. Supreme Court interpretations when in business was **"excluded"** from any type of registration with investment regulators under protection of the **"Publisher's Exclusion"** afforded by the [Investment Advisers Act of 1940 pursuant Section 202 (a)(11)(D).] The "Publisher's Exclusion" **exemption** is available for a "publisher of bonafide newspaper, news magazine or business or financial publication of general and regular circulation". The U.S. Supreme Court has interpreted the "Publisher's Exclusion" to include: "Publications that offer **impersonal** investment advice to the general public on a regular basis" which was CabbageTech, Corp.'s **"sole business practice"** and **NOT** asset management.

CabbageTech, Corp. receiving virtual currencies for membership subscription fees is **NOT** illegal in The State of New York, nor, in the scope of CFTC jurisdiction. New York State Financial Services regulate this area [pursuant New York Codes, Rules and Regulations; Title 23. Department of Financial Services; Chapter I. Regulations of the Superintendent of Financial Services Part 200. Virtual Currencies; License Exemptions; Section 200.3 (2)] "merchants and customers that utilize Virtual Currency solely

for the purchase or sale of goods or services or for investment purposes". Furthermore, Plaintiff failed to state a claim upon relief can be granted in Complaint filed because there is **NO** monetary relief owed **proven** during exploratory resolution discussions.

## LEGAL ARGUMENT

Plaintiff showed no cause and possessed no enforcement jurisdiction at all to bring Complaint against Defendant at date of filing. Plaintiff exploited Defendants good name in public media to further a monetary and regulatory agenda on Capitol Hill with no regard to law or truth. Plaintiffs' inability to configure monetary relief in Complaint brings to light the frivolous nature involved. Plaintiff strategically filed Complaint against Defendants' to politically grandstand in line with a U.S. Senate Banking Committee hearing scheduled prior. Plaintiff used spammed media approach to gain global exposure pointing at recent CFTC trumped-up Defendant enforcement action and others under oath while pleading for a longer reach of jurisdiction and government funding.

More than jurisdiction and venue, Defendant believes "motive", "timing", and "validity" of Plaintiffs' Complaint merit dismissal.

## LACK OF SUBJECT-MATTER JURISDICTION

Rule 12 (b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint if a party fails to file an action under venue with proper jurisdiction. Defendant trusts the Court to recognize Plaintiff Complaint does **not** fall within jurisdiction

## FAILURE TO STATE A CLAIM UPON RELIEF CAN BE GRANTED

Rule 12 (b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint if a party fails to state a claim upon relief can be granted. [12 (b)(6), Fed. R. Civ. P.]. Plaintiff Complaint **"states no claim"** and/or denomination of monetary relief and did not plead fact that will need, or facts that did plead will not add up to recognized claim. [Haddle.] When reviewing the legal sufficiency of a complaint, the Court must construe the factual allegations "in the light most favorable to plaintiff." Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). However, the Court need not accept legal conclusions drawn by the pleader from the facts alleged. Id.

To avoid dismissal under Rule 12 (b)(6), a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct 1937, 1949 (2009) [quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)]. This mandate is set forth in Rule 8 (a)(2) of the Federal Rules of Civil Procedure, which requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." [8 (a)(2), Fed. R. Civ. P.]. Although the standard set out in Rule 8 (a)(2) does not require detailed factual allegations, "it does demand more than an unadorned the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S.Ct at 1949 (2009) [citing Twombly, 550 U.S. at 555); Papasain v. Allain, 478 U.S. 265, 286 (1986)]. Accordingly, a complaint that only offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" is deficient. Iqbal, 129 S.Ct at 1949 [quoting Twombly, 550 U.S. at 555, 557.] Nor will a complaint that merely tenders "naked assertions devoid of further factual enhancement" suffice. Iqbal, 129 S.Ct at 1949. A complaint must have "enough facts to state a claim to relief that is plausible on its face." Id, [quoting Twombly, 550 U.S. at 570].

Determining whether a plausible claim has been stated is "a content-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. Plausibility requires less than probability but more than sheer possibility that a defendant has acted unlawfully. Id. Where a complaint only pleads facts consistent with a theory of liability, the complaint falls short of plausibility and an entitlement to relief under Rule 8 (a)(2). Id. Defendant moves the Court to dismiss Plaintiff Complaint on the grounds, **"it bears no claim upon relief can be granted."**

**JURISDICTION AND VENUE**

Plaintiff possessed no enforcement jurisdiction at all to bring Complaint against Defendant at date of filing rendering defensive arguments pertaining to jurisdiction and venue claims "null and void". Defendant moves the Court to dismiss Plaintiff Complaint on the grounds, **"it improperly lies with the court."**

**CONCLUSION**

Defendant concludes Plaintiff filed a trumped-up Complaint with intended malice by means of public slander via The United States District Court [EDNY] "illegally" for political and monetary gain not justice served. Plaintiff fabricated Complaint **"lacks subject-matter jurisdiction"** and **"failed to state a claim upon relief can be granted"**. Defendant moves the Court to dismiss Plaintiff Complaint [pursuant Rule 12 (b)(1) and Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

Respectfully Submitted,

February 14, 2018

_____
Defendant Pro Se

Patrick K. McDonnell
20 Rawson Place Staten Island, NY 10314
Telephone: (718) 524-6312  Email: cdm@gmx.us