UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

COMMODITY FUTURES TRADING
COMMISSION,

                Plaintiff,

      v.

PATRICK K. MCDONNELL,
and CABBAGETECH, CORP. d/b/a COIN
DROP MARKETS,

                Defendants.

Case No. 18-CV-0361 (JBW)

ECF Case

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT PATRICK K. MCDONNELL'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION (PURSUANT TO RULE 12(B)(1), FED. R. CIV. P.) AND/OR FAILURE TO STATE A CLAIM UPON REFLIEF CAN BE GRANTED <u>(PURSUANT TO RULE 12(B)(6), FED. R. CIV. P.)</u>**

**Table of Contents**

PRELIMINARY STATEMENT .................................................................................................. 1
SUMMARY OF FACTUAL ALLEGATIONS........................................................................... 2
STANDARD ON A MOTION TO DISMISS ............................................................................. 3
ARGUMENT................................................................................................................................ 4
    I.       This Court Has Subject-Matter Jurisdiction to Hear This Case.......................................... 4
    II.      The Complaint Pleads Violations of Section 6(c)(1) of the Act and Regulation 180.1(a) . 6
           A.      The Commission's Anti-fraud Enforcement Authority Under Section 6(c)(1) of the Act and Regulation 180.1 Reaches Defendants' Conduct ................................. 6
           B.      CDM Is Not Excluded from Liability Under the "Publisher's Exclusion" ............ 7
           C.      New York State Virtual Currency Regulations Have No Bearing Here................. 9
           D.      McDonnell's Arguments Regarding "Monetary Relief" Are Not a Basis for Dismissal................................................................................................................. 9
CONCLUSION........................................................................................................................... 10

## Table of Authorities

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................................4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................................4

*CFTC v. Cheung*, No. 93-CIV-5598 (RPP), 1994 WL 583169 (S.D.N.Y. Oct. 21, 1994) ..............5

*CFTC v. Hunter Wise Commodities,* LLC, 21 F. Supp. 3d 1317 (S.D. Fla. 2014) ..........................6

*CFTC v. S. Trust Metals, Inc.*, 880 F.3d 1252 (11th Cir. 2018) ........................................................6

*Friedl v. City of New York*, 210 F.3d 79 (2d Cir. 2010) ....................................................................6

*Illinois ex rel. Madigan v. Telemarketing Assocs. Inc.*, 538 U.S. 600 (2003) ................................7

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000) .................................................................3

*Morrison v. Nat'l Austl. Bank Ltd*, 561 U.S. 247 (2010) ..............................................................4, 5

*Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharma., Inc.*, 847 F.3d 92 (2d
    Cir. 2017) ........................................................................................................................................4

*S.E.C. v. Pirate Inv'rs LLC*, 580 F.3d 233 (4th Cir. 2009) ............................................................7, 8

*See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 568 F. Supp. 2d 376
    (S.D.N.Y. 2008) ............................................................................................................................9

*Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239 (2d Cir. 2014) ...................4

## Statutes

7 U.S.C. § 1a(12)(B)(iv) (2012) ..............................................................................................................8

7 U.S.C. § 9(1) (2012) ....................................................................................................................1, 6, 7

7 U.S.C. § 13a-1(a) (2012) .............................................................................................................1, 4, 5

7 U.S.C. § 13a-1(d) (2012) .....................................................................................................................9

7 U.S.C. § 13a-1(e) (2012) .....................................................................................................................5

15 U.S.C. § 80b-2(a)(11)(D) (2012) .......................................................................................................8

28 U.S.C. § 1331 (2012) .................................................................................................................1, 4, 5

28 U.S.C. § 1345 (2012) .................................................................................................................1, 4, 5

**Rules**

Fed. R. Civ. P. 8(a)(3) ........................................................................................................9

Fed. R. Civ. P. 12(b)(1) ......................................................................................................3

Fed. R. Civ. P. 12(b)(6) ...............................................................................................4, 6, 9

Fed. R. Evid. 408 ..............................................................................................................9

**Regulations**

17 C.F.R. § 180.1(a) (2017) ........................................................................................ *passim*

**Constitutional Provisions**

U.S. Const. art. IV, cl. 2 .....................................................................................................8

Plaintiff Commodity Futures Trading Commission ("Commission") respectfully submits this Memorandum of Law in Opposition to Defendant Patrick J. McDonnell's ("McDonnell") Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Pursuant to Rule 12(b)(1), Fed. R. Civ. P.) and/or Failure to State a Claim upon Relief Can Be Granted (Pursuant to Rule 12(b)(6), Fed. R. Civ. P.) ("Mem.") (ECF No. 18-2).[1]

## PRELIMINARY STATEMENT

McDonnell is seeking to avoid liability for a fraudulent scheme that he and his company, CabbageTech, Corp. d/b/a Coin Drop Markets ("CDM," and together with McDonnell, "Defendants"), operated by arguing that this Court cannot hear this case and that his virtual currency scam is outside the reach of the Commission's anti-fraud enforcement authority. McDonnell's motion is meritless.

First, although McDonnell moves to dismiss for "lack of subject-matter jurisdiction," he cannot counter the fact that subject-matter jurisdiction for this dispute exists under 28 U.S.C § 1331 (2012) and 28 U.S.C § 1345 (2012) because this case both involves a federal question and is brought pursuant to the Commission's express authority under 7 U.S.C. § 13a-1(a) (2012).

Second, McDonnell contends that the Complaint should be dismissed because it fails to state a claim, but to the contrary, the Commission has properly pleaded its claim for fraud in violation of Section 6(c)(1) of the Commodity Exchange Act ("Act"), 7 U.S.C. § 9(1) (2012), and Commission Regulation ("Regulation") 180.1(a), 17 C.F.R § 180.1(a) (2017). This includes setting forth factual allegations pleading that Defendants' fraud was in connection with a contract of sale of a commodity in interstate commerce. Thus, Defendants' fraudulent conduct is

---

[1] The Commission has filed simultaneously herewith the Brief of Commodity Futures Trading Commission in Support of Motion for Preliminary Injunction and Other Relief ("PI Brief").

within the reach of the Commission's anti-fraud enforcement authority under Section 6(c)(1) of the Act and Regulation 180.1(a).

Finally, McDonnell also argues that the Complaint fails to state a claim by (1) invoking an irrelevant "Publisher's Exclusion" under the Investment Adviser's Act of 1940 ("IAA"), (2) citing a New York State regulation concerning virtual currencies that has no bearing here, and (3) raising an extraneous issue regarding the Commission's request for relief.  None of these arguments alter the conclusion that McDonnell's motion to dismiss the Complaint for lack of subject-matter jurisdiction and failure to state a claim should be denied.

## SUMMARY OF FACTUAL ALLEGATIONS

In Part III of its PI Brief, the Commission has provided a detailed discussion of facts relevant to this case, with accompanying supporting documentation.  Below, the Commission provides a brief summary of facts relevant to McDonnell's motion to dismiss.

Since at least in or around January 2017 to the present, Defendants operated a deceptive and fraudulent virtual currency scheme to induce customers ("CDM Customers") to send money and virtual currencies to Defendants in exchange for purported virtual currency trading advice concerning the trading of virtual currencies, including Bitcoin and Litecoin, and for virtual currency purchases and trading on behalf of customers under McDonnell's direction. (Compl. ¶ 1.)

Defendants' fraud involving advice about trading virtual currencies included making untrue and misleading statements of material fact or omissions of material fact in solicitations to potential customers concerning virtual currency.  (*See id.* ¶¶ 13-32, 50-52.)  For example, Defendants solicited customers with promotional material promising continuous, ongoing monitoring and trading signals concerning Bitcoin and Litecoin, but then never provided such trading advice to multiple paid subscribers.  (*See id.* ¶¶ 13, 15, 19, 23-24.)

2

Defendants' fraud involving management of customer investments in virtual currency included soliciting customers with untrue and misleading statements of material fact or omissions of material fact concerning virtual currency and misappropriating CDM Customer funds that were to be used for virtual currency trading. (*See id.* ¶¶ 33-46, 50-52.) For example, in or around January 2017 through June 2017, one CDM Customer made a series of investments with Defendants in response to multiple solicitations by Defendants to provide funds for trading in virtual currencies managed by Defendants. (*Id.* ¶ 38.) Defendants told this customer that Defendants would use the customer's funds to invest in Bitcoin, but Defendants then misappropriated the customer's funds. (*Id.* ¶¶ 39-40.) Similarly, Defendants told another customer that Defendants would use the customer's funds to trade the "volatility" of Litecoin, but Defendants then misappropriated the customer's funds. (*Id.* ¶¶ 42-44.)

A virtual currency is a digital representation of value that functions as a medium of exchange, a unit of account, and/or a store of value, but does not have legal tender status in any jurisdiction. (*Id.* ¶ 11.) Bitcoin, Litecoin, and other virtual currencies are district from "real" currencies, which are the coin and paper money of the United States or another country that are designated as legal tender, circulate, and are customarily used and accepted as a medium of exchange in the country of issuance. (*Id.*)

Defendant McDonnell is a resident of Staten Island, New York (*id.* ¶ 9), and Defendant CDM is a New York corporation based in Staten Island New York (*id.* ¶ 10). Neither Defendant has ever been registered with the Commission. (*Id.* ¶¶ 9-10.)

## **STANDARD ON A MOTION TO DISMISS**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a case may be dismissed "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "In resolving a motion to dismiss under Rule

3

12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss should be denied where a complaint contains sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Determining such plausibility is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). In reviewing the plausibility of a complaint's allegations, a court should "accept all factual allegations as true, drawing all reasonable inferences in the plaintiff's favor." *Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharma., Inc.*, 847 F.3d 92, 93 (2d Cir. 2017) (citation omitted).

## ARGUMENT

### I.      This Court Has Subject-Matter Jurisdiction to Hear This Case

McDonnell asserts that the Complaint should be dismissed for lack of subject-matter jurisdiction. To the contrary, the Commission's Complaint is properly before this Court.

Subject-matter jurisdiction is a threshold issue that "refers to a tribunal's power to hear a case." *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254 (2010) (internal quotation omitted). Under 28 U.S.C. § 1331 (2012), district courts have original subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1345 (2012), district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress. The Commission has such express authorization under Section 6c(a) of the Act,

4

7 U.S.C. § 13a-1(a) (2012). That section authorizes the Commission to seek injunctive and other relief from a United States District Court against any person whenever it appears to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

Here, this Court has power to hear this case under 28 U.S.C. § 1331 and 28 U.S.C. § 1345. Jurisdiction exists under § 1331 because the Complaint arises under federal law, charging violations of Section 6(c)(1) of the Act and Regulation 180.1(a). (Compl. ¶ 6.) Jurisdiction exists under § 1345 exists because the Commission has filed this action pursuant to 7 U.S.C. § 13a-1(a). (*Id.*) McDonnell has not provided any discernable reason why subject-matter jurisdiction is lacking.[2] (*See* Mem. 1-3.) Accordingly, this Court has subject-matter jurisdiction to hear this case.[3] *See CFTC v. Cheung*, No. 93-CIV-5598 (RPP), 1994 WL 583169, at *2 (S.D.N.Y. Oct. 21, 1994) (finding subject-matter jurisdiction exists in case involving various claims under the Act brought pursuant to 7 U.S.C. § 13a-1(a)); *cf. Morrison*, 561 U.S. at 254 (finding district court had subject-matter jurisdiction under 15 U.S.C. § 78aa3 to adjudicate the question of whether Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") applied to the conduct alleged in a securities fraud action).

---

[2] Plaintiff construes McDonnell's references to the Commission's purported lack of "enforcement jurisdiction" as an attack on the merits of Plaintiff's claim, which is addressed in Part II. Section A. *infra*.

[3] To the extent McDonnell's passing references to "venue" (*see* Mem. 2, 3) can be taken as an argument that venue in the Eastern District of New York is improper, this argument is baseless. The Complaint alleges that McDonnell is a resident of Staten Island, New York (Compl. ¶ 9) and that Defendant CDM is a corporation based in Staten Island, New York (*id.* ¶ 10). The Eastern District of New York comprises, in part, Richmond County, which comprises Staten Island. Venue in the Eastern District of New York is proper, among other reasons, because it is the district wherein defendants are found. *See* 7 U.S.C. § 13a-1(e) (2012).

## II. The Complaint Pleads Violations of Section 6(c)(1) of the Act and Regulation 180.1(a)

To state a claim for a violation of Section 6(c)(1) of the Act and Regulation 180.1(a), the Commission must plead that Defendants (1) engaged in prohibited conduct (i.e., employed a fraudulent scheme, made material misrepresentations, or engaged in a fraudulent business practice); (2) in connection with a contract of sale of a commodity in interstate commerce; (3) with scienter. *See, e.g.*, *CFTC v. Hunter Wise Commodities,* LLC, 21 F. Supp. 3d 1317, 1347 (S.D. Fla. 2014); *see also CFTC v. S. Trust Metals, Inc.*, 880 F.3d 1252, 1263 (11th Cir. 2018) (affirming judgment of district court that, *inter alia*, defendants had committed commodities fraud in violation of Regulation 180.1(a), and discussing elements of such fraud claims). Here, McDonnell does not challenge the Complaint's allegations that Defendants employed a fraudulent scheme, made material misrepresentations, or engaged in a fraudulent business practice, nor that Defendants acted with scienter. (*See* Mem. 1-3.) Instead, he asserts that the Complaint fails to state a claim because the Commission lacks "enforcement jurisdiction" and for other unconvincing reasons.[4]

### A. The Commission's Anti-fraud Enforcement Authority Under Section 6(c)(1) of the Act and Regulation 180.1(a) Reaches Defendants' Conduct

McDonnell argues that the Complaint fails to state a claim because the Commission lacks "enforcement jurisdiction," suggesting that the Commission's anti-fraud enforcement authority under Section 6(c)(1) of the Act and Regulation 180.1(a) does not reach the virtual currency-related scheme alleged. McDonnell is incorrect.

---

[4] In ruling on McDonnell's motion to dismiss under Rule 12(b)(6), the Court should not consider McDonnell's Declaration in Support of Motion to Dismiss (ECF No. 18-1) or rely on factual allegations contained in his memorandum of law. *See Friedl v. City of New York*, 210 F.3d 79, 83-84 (2000) (finding district court erred by considering materials outside the pleadings in ruling on a motion to dismiss).

6

For the reasons set forth in Part IV. Section B.2. of the Commission's PI Brief, (i) the virtual currencies Bitcoin and Litecoin fall with the Act's definition of "Commodity," and (ii) Defendants' fraud was in connection with contracts of sale of commodities in interstate commerce. Moreover, the Complaint contains factual allegations that support a plausible inference that Defendants' fraudulent acts occurred in connection with contracts of sale of commodities in interstate commerce. (*See* Compl. ¶ 1 (describing Defendants' virtual currency scheme); *id.* ¶ 11 (defining virtual currencies); *id.* ¶¶ 13-32 (detailing Defendants' fraud involving advice about trading virtual currencies; *id.* ¶¶ 33-46 (detailing Defendants' fraud involving management of customer investments in virtual currencies; *id.* ¶¶ 50-51 (alleging Defendants' fraudulent acts occurred in connection with contracts of sale of a commodity in interstate commerce)). The Complaint therefore pleads that the fraud alleged here occurred "in connection with a contract of sale of a commodity in interstate commerce."

### B. CDM Is Not Excluded from Liability Under the "Publisher's Exclusion"

McDonnell also suggests that CDM is excluded from liability for violating Section 6(c)(1) of the Act and Regulation 180.1(a) under the "Publisher's Exclusion" afforded by the IAA. (*See* Mem. at 1.) This argument fails for several reasons.

First, there is no "Publisher's Exclusion" from liability for fraud under Section 6(c)(1) of the Act or Regulation 180.1(a). Section 6(c)(1) of the Act and Regulation 180.1(a) plainly apply to "any person," who engages in prohibited conduct. 7 U.S.C. § 9(1); 17 C.F.R. § 180.1(a). There is no statutory or regulatory exclusion to Section 6(c)(1) of the Act or Regulation 180.1(a) provided for publishers, nor has one been recognized by courts. *Cf. S.E.C. v. Pirate Inv'rs LLC*, 580 F.3d 233, 253-54 (4th Cir. 2009) (refusing to read an exception for certain publishers into Section 10(b) of the Exchange Act because Section 10(b) applies to "any person" and "excepts no one from its reach"). To the extent McDonnell means to raise a constitutional argument, the

7

Supreme Court has made clear in other contexts that "[t]he First Amendment does not shield fraud." *Illinois ex rel. Madigan v. Telemarketing Assocs., Inc.*, 538 U.S. 600, 612 (2003) (First Amendment did not bar fraud claims under Illinois law for fraudulent charitable solicitations).

Second, the "Publisher's Exclusion" cited by McDonnell is a statutory exclusion to the definition of an "Investment Adviser" under the IAA. *See* 15 U.S.C. § 80b-2(a)(11)(D) (2012).[5] By virtue of this exclusion, certain publishers of newspapers, news magazines, or business or financial publications may not be required to register with the U.S. Securities and Exchange Commission ("SEC") as an Investment Adviser. Whether or not CDM falls within the IAA's definition of Investment Adviser, or whether it must register with the SEC, however, has no bearing on whether Defendants are subject to liability for fraud under Section 6(c)(1) of the Act or Regulation 180.1(a).

Finally, although McDonnell may be trying to invoke an exclusion from the Act's definition of Commodity Trading Advisor ("CTA") for a "publisher or producer of any print or electronic data of general and regular dissemination" (*see* Section 1a(12)(B)(iv) of the Act), this exclusion, too, is irrelevant here. The Commission has not alleged Defendants are CTAs and is not seeking to require Defendants to register as CTAs. Further, as noted above, Section 6(c)(1) of the Act and Regulation 180.1(a) apply to "any person" and therefore apply regardless of whether Defendants are CTAs or are required to register under the Act. *See Pirate Inv'rs*, 580 F.3d at 254. Defendants therefore cannot escape liability under Section 6(c)(1) of the Act or Regulation 180.1(a) by relying on any "publisher's exclusion."

---

[5] 15 U.S.C. § 80b-2(a)(11) states: "'Investment adviser' . . . does not include . . . (D) the publisher of any bona fide newspaper, news magazine or business or financial publication of general and regular circulation."

8

### C. New York State Virtual Currency Regulations Have No Bearing Here

McDonnell also references New York State regulation of virtual currencies (Mem. at 1-2), possibly to suggest that New York State regulation preempts the Commission's anti-fraud enforcement authority under the Act. Such an argument is groundless, and McDonnell provides no authority to the contrary. *See* U.S. Const. art. VI, cl. 2.

### D. McDonnell's Arguments Regarding "Monetary Relief" Are Not a Basis for Dismissal

Finally, McDonnell asserts that Plaintiff's claim somehow fails because "there [was] no monetary relief owed proven during exploratory resolution discussions"[6] and states that Plaintiff has failed to "configure monetary relief in Complaint." (Mem. at 2.)

Defendant has not raised any cognizable pleading defect with the relief Plaintiff has requested. The Complaint contains a "demand for the relief sought," as required by Rule 8(a)(3) of the Federal Rules of Civil Procedure. (*See* Compl. 11-14.) This includes a request for an order requiring Defendants, among other things, (1) to pay civil monetary penalties in the amount prescribed by Section 6c(d)(1) of the Act, 7 U.S.C. § 13a-1(d)(1) (2012), as adjusted for inflation; (2) to disgorge all benefits received from Defendants' fraudulent acts in violation of the Act and Regulations; and (3) to make full restitution to every customer and investor. (*See* Compl. at 12-13.) Even if Plaintiff had failed to demand relief, failure to specify the relief sought in a complaint does not warrant dismissal under Rule 12(b)(6). *See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 568 F. Supp. 2d 376, 383-84 (S.D.N.Y. 2008) (noting that "the Federal Rules do not require a plaintiff to specify the relief sought in the complaint"). McDonnell's references to "monetary relief" are therefore unavailing.

---

[6] To the extent McDonnell intends to use any conduct or statement made during settlement negotiations to disprove the validity or amount of the Commission's claim or to impeach, the Commission reserves the right to challenge the admissibility of any such statement under Rule 408 of the Federal Rules of Evidence. Fed. R. Evid. 408.

9

## CONCLUSION

For the foregoing reasons, the Commission respectfully requests that the Court deny McDonnell's motion to dismiss. Alternatively, should the Court determine that the Complaint does not contain sufficient factual allegations to assert a plausible claim against Defendants for violations of Section 6(c)(1) of the Act and Regulation 180.1(a), Plaintiff respectfully requests that the Court grant Plaintiff leave to amend.

Dated: February 26, 2018

**COMMODITY FUTURES TRADING COMMISSION**

By: /s Alejandra de Urioste
Alejandra de Urioste
adeurioste@cftc.gov
Phone: (646) 746-9700

Gates S. Hurand
Senior Trial Attorney
ghurand@cftc.gov
Phone: (646) 746-9700

David Oakland
Senior Trial Attorney
doakland@cftc.gov
Phone: (646) 746-9700

K. Brent Tomer
Chief Trial Attorney
ktomer@cftc.gov
Phone: (646) 746-9700

Manal M. Sultan
Deputy Director
msultan@cftc.gov
Phone: (646) 746-9700

Commodity Futures Trading Commission
Division of Enforcement
140 Broadway, 19th Floor
New York, NY 10005
Phone: (646) 746-9700
Fax: (646) 746-9940

                                                                          ATTORNEYS FOR PLAINTIFF
                                                                          COMMODITY FUTURES TRADING
                                                                          COMMISSION