## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

1440 NEW YORK AVENUE, N.W.
WASHINGTON, D.C. 20005
———
TEL: (202) 371-7000
FAX: (202) 393-5760
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

March 5, 2018

VIA ECF
The Honorable Jack B. Weinstein
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   *CFTC v. Patrick K. McDonnell et al., Case No. 18-CV-0361 (JBW)*

Dear Judge Weinstein:

On behalf of Chicago Mercantile Exchange Inc. ("CME"), I submit this letter to respectfully request leave to move to file a letter as *amicus curiae* in the above-captioned case. If the Court deems it appropriate I am available to participate in a pre-motion conference either in person or by telephone.

The Commodity Futures Trading Commission ("CFTC") has consented to the proposed filing of a letter as *amicus curiae*. Defendants Patrick K. McDonnell and CabbageTech, Corp. (d/b/a Coin Drop. Markets) do not consent.

### I.   Interests Of The *Amicus*

CME and its affiliates collectively operate the world's leading derivatives marketplace. Following the CFTC's determination that virtual currencies, like bitcoin, are commodities, CME decided to launch a new futures product based on the US dollar value of bitcoin subject to CFTC oversight. We understand that the Court may have raised the question whether a virtual currency is a commodity as defined under the CEA, and that the CFTC has explained to the Court the agency's reasons

Hon. Jack B. Weinstein
March 5, 2018
Page 2

for determining that virtual currencies are commodities. CME is not going to duplicate the CFTC's efforts here.

Instead, CME offers for the Court's consideration an explanation of the possible consequences of a determination that a virtual currency such as bitcoin is not a commodity. Such a determination would put in jeopardy CME's and its market participants' expectation to rely on the CEA and the CFTC's regulatory protections for commodity derivatives contracts based on virtual currencies. This legal uncertainty would substantially disrupt the settled expectations of CME and numerous market participants who are trading bitcoin futures for purposes of hedging cash market exposures or making a market in bitcoin futures by offering liquidity, in addition to market professionals that clear, broker or manage virtual currency futures trading activity.

**II.    Argument**

A district court has broad discretion to decide whether to accept an *amicus curiae* submission. *See, e.g.*, *City of New York v. United States*, 971 F. Supp. 789, 799 n.3 (S.D.N.Y. 1997); *see also Ass'n of Proprietary Colleges v. Duncan*, No. 14-CV-8838 LAK, 2015 WL 1649146, at *1 (S.D.N.Y. Apr. 8, 2015). In deciding a motion for leave to file an *amicus* submission, the Court should consider whether the interests of the *amicus* are adequately represented. *See Village of Westfield, N.Y. v. Welch's*, 170 F.3d 116, 123 (2d Cir. 1999). The Court may also consider whether "the *amicus* has unique information or perspective that can help the court." *C & A Carbone, Inc. v. Cty. of Rockland, NY*, No. 08-CV-6459-ER, 2014 WL 1202699, at *4 (S.D.N.Y. Mar. 24, 2014).

Unless the Court grants the *amicus* leave to file a brief, its interests will not be adequately represented, as neither the *amicus* nor similarly situated entities are a party to the proceeding. The *amicus* and its affiliates represent futures exchanges, clearing houses, futures brokerage firms, and futures market participants, and therefore offer a useful and pertinent perspective to the instant case. Furthermore, a ruling from the Court that virtual currency such as bitcoin is not a commodity could have disruptive consequences for CME and numerous participants in the futures markets for bitcoin who have relied on the CFTC's determination to buy and sell bitcoin futures. It is therefore appropriate and helpful that the Court have before it the proposed *amicus curiae* letter to explain the interests of the *amicus*.

Hon. Jack B. Weinstein
March 5, 2018
Page 3

### III. Conclusion

For the forgoing reasons, the *amicus* respectfully requests leave to move to file a letter as *amicus curiae* in the above-captioned case. In the interests of efficiency, and in the event the Court deemed it appropriate to accept the motion or the proposed letter without further delay, enclosed with this letter under Exhibit A are copies of (1) a declaration in support of motion for leave to file letter as *amicus curiae* and (2) a proposed letter of the *amicus* in support of its motion. The proposed *amicus curiae* letter is enclosed as Exhibit 1 to the declaration.

Respectfully submitted,

/s/ Jonathan L. Marcus
Jonathan L. Marcus
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7596
Jonathan.Marcus@skadden.com

*Counsel for Amicus Curiae*
*Chicago Mercantile Exchange Inc.*
*Motion for Admission Pro Hac Vice Pending*

*Enclosures*
cc: Counsel of Record