The Honorable Jack B. Weinstein
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

         Re:  *CFTC v. Patrick K. McDonnell et al.*, Case No. 18-CV-0361 (JBW)

Dear Judge Weinstein:

  We are writing on behalf of the Chicago Mercantile Exchange Inc. ("CME") in the above-referenced case to inform the Court of the reliance CME and financial market participants have placed on the determination by the U.S. Commodity Futures Trading Commission ("CFTC" or "Commission") in 2015 that virtual currencies such as bitcoin are "commodities" within the meaning of Section 1a(9) of the Commodity Exchange Act ("CEA"), 7 U.S.C. § 1a(9) (defining commodity broadly to include "all services, rights and interests . . . in which contracts for future delivery are presently or in the future dealt in").  *See In re Coinflip, Inc.*, CFTC No. 15-29, 2015 WL 5535736, at \*2 (Sept. 17, 2015) (finding that a virtual currency such as bitcoin is a "commodity" under CEA Section 1a(9)).  As a result of that determination, the CFTC exercises exclusive jurisdiction over derivatives products—futures and options—based on virtual currencies.  *See* 7 U.S.C. § 2(a)(1) (CFTC has exclusive jurisdiction over, among other things, "contracts of sale of a commodity for future delivery").

  CME and its affiliates collectively operate the world's leading derivatives marketplace.  Following the CFTC's determination that virtual currencies, like bitcoin, are commodities, CME decided to launch a new futures product based on the US dollar value of bitcoin subject to CFTC oversight.  We understand that the Court may have raised the question whether a virtual currency is a commodity as defined under the CEA, and that the CFTC has explained to the Court the agency's reasons for determining that virtual currencies are commodities.  CME is not going to duplicate the CFTC's efforts here.

  Instead, CME offers for the Court's consideration an explanation of the possible consequences of a determination that a virtual currency such as bitcoin is not a commodity.  Such a determination would put in jeopardy CME's and its market participants' expectation to rely on the CEA and the CFTC's regulatory protections for commodity derivatives contracts based on virtual currencies.  This legal uncertainty would substantially disrupt the settled expectations of CME and numerous market participants who are trading bitcoin futures for purposes of hedging cash market exposures or making a market in bitcoin futures by offering liquidity, in addition to market professionals that clear, broker or manage virtual currency futures trading activity.

On December 1, 2017, CME submitted to the CFTC a certification that the bitcoin futures contract complies with the requirements of the CEA and CFTC regulations.  CME then listed its bitcoin futures product for trading and clearing on December 18, 2017.  On that first trading day, about 1,049 contracts or the equivalent of 5,245 bitcoins were traded (the contract unit of the bitcoin futures product is 5 bitcoin).  Since that opening, trading has been steady.  For example, on February 28, 2018, trading volume reached 1,175 contracts (5,875 bitcoins), and open interest or positions comprised 1,676 contracts (8,380 bitcoins).  Buyers and sellers of these bitcoin futures contracts include proprietary trading firms, commercial entities, and hedge funds.  The demand for CME's bitcoin futures product from a broad range of market participants is understandable because futures markets serve critical functions by, among other things, allowing market participants to manage and shift price risks and to discover prices to assist in operating their businesses.  *See* 7 U.S.C. § 5(a).  CFTC Chairman J. Christopher Giancarlo even attributed the recent so-called stabilizing of the price of bitcoin to the establishment of bitcoin futures.  *See Virtual Currencies: The Oversight Role of the U.S. Securities and Exchange Commission and the U.S. Commodity Futures Trading Commission, Hearing before the S. Comm. On Banking, Housing, and Urban Affairs*, 115th Cong. (2018) (testimony of J. Christopher Giancarlo, Chairman, CFTC) (observing that allowing for "the development of a regulated derivatives market" enabled "[market] participants to take 'short' positions that challenged the 2017 rise of Bitcoin prices").

In successfully establishing a futures market in bitcoin, CME relied on a settled understanding of the CEA's broad definition of the term commodity and the CFTC's determination, first made in 2015, that bitcoin is a commodity under the CEA.  *See, e.g., In re Coinflip, Inc.*, CFTC No. 15-29, 2015 WL 5535736, at *2 (Sept. 17, 2015).  A decision by this Court that a virtual currency is not a commodity under the CEA would create substantial legal uncertainty, could be interpreted to reverse the CFTC's determination, and if followed ultimately could raise questions regarding whether CME's bitcoin futures contract is a valid and regulated futures contract under the CEA.

The legal uncertainty arising from such a decision could have disruptive consequences for CME and numerous participants in the futures markets for bitcoin who have relied on the CFTC's determination to buy and sell bitcoin futures to enhance the operation of their businesses, including for market making, hedging or investing purposes.  If CME were forced to delist its bitcoin contract, it could lose the investment it made in developing the product.  More importantly, holders of bitcoin futures contracts may be be forced to liquidate their positions unexpectedly—possibly at unfavorable prices—and thereby forced to terminate prematurely market making opportunities and hedging and investment strategies.  The full financial implications of such consequences for many market participants are unknown.

Thank you for your consideration of CME's concerns.

                                             Sincerely,

                                             Jonathan L. Marcus
                                             Skadden, Arps, Slate, Meagher & Flom LLP
                                             1440 New York Avenue, N.W.
                                             Washington, D.C. 20005
                                             (202) 371-7596
                                             jonathan.marcus@skadden.com

                                             *Counsel for Chicago Mercantile Exchange Inc.*
                                             *Motion for Admission Pro Hac Vice Pending*