UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>      Plaintiff,<br><br>  v.<br><br>PATRICK K. MCDONNELL,<br>and CABBAGETECH, CORP. d/b/a COIN DROP MARKETS,<br><br>      Defendants. | Case No. 18-CV-0361 (JBW) (RLM)<br><br>ECF Case |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Commodity Futures Trading Commission ("CFTC") and Defendant Patrick K. McDonnell ("Defendant") (hereinafter referred to collectively as "Parties" or any one individually as a "Party"), anticipate that discovery in this action (the "Action") is likely to involve the disclosure of confidential or sensitive commercial, personal, financial and/or business information; and

WHEREAS, the Parties desire to enter into an agreement pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect such confidential or sensitive commercial, personal, financial and/or business information ("Protective Order");

It is hereby STIPULATED, AGREED and ORDERED as follows:

A. **Scope**

  1. This Protective Order shall govern the use of all materials or other information supplied or produced in the course of discovery, including initial disclosures, responses to discovery requests, and deposition testimony and exhibits, by and among the Parties and any

non-parties to the Action in connection with discovery in the Action, whether supplied or produced pursuant to a formal discovery request or subpoena, a request made at a deposition, or any other formal or informal means (such information hereinafter referred to as "Discovery Material"). This Protective Order shall also govern the filing of certain information under seal and certain other matters in connection with this Action. All Parties to this Action, as well as non-party participants, shall comply with the terms and procedures set forth below with respect to documents and materials produced and/or disclosed in discovery. Notwithstanding anything else contained herein, nothing in this Protective Order shall in any way limit the right of a producing or supplying party (hereinafter "Producing Party") to make whatever use it deems appropriate of its own documents.

2. All Discovery Material produced in the Action shall be used only for the purposes of prosecuting or defending the Action and shall not be disclosed to any person except in accordance with the terms hereof or as otherwise authorized by law. The attorneys of record for the Parties and all other persons receiving Discovery Material governed by the Protective Order shall take all reasonable steps to ensure that the Discovery Material governed by the Protective Order are (i) used only for the purposes specified herein, and (ii) disclosed only to authorized persons. In particular, Discovery Material may not be used for any commercial, business or other purpose.

3. Under this Protective Order, any Producing Party shall have the right to identify and designate Discovery Material as "Confidential" when the Producing Party in good faith believes it contains proprietary, confidential, commercially sensitive information, personally identifiable information protected under the Privacy Act of 1974, 5 U.S.C. § 552a, or other confidential research, development, or commercial information as such terms are used in Fed. R.

2

Civ. P. 26(c)(1)(G) whether embodied in documents, physical objects or factual knowledge of persons. In addition to other material handled in a confidential manner and designated as "Confidential" by the Parties in this Protective Order, the CFTC may designate as "Confidential" any information that it believes in good faith is protected by the Privacy Act of 1974, 5 USC § 552a or Sections 8(a) and 23(h)(2) of the Commodity Exchange Act, 7 U.S.C. §§ 12(a), 26(h)(2). All terms of this Protective Order applicable to other types of information designated as "Confidential" shall apply to CFTC-designated Privacy Act and CEA-protected information. All Parties to this litigation and their attorneys, as well as non-party participants, shall comply with the terms and procedures set forth herein with respect to documents and information produced and/or disclosed in discovery and otherwise in this litigation.

4. After the Court enters the Protective Order, a copy of this Protective Order shall be served along with any subpoena served in connection with Action. A non-party who is obligated to provide discovery in this Action by deposition, production of documents, or otherwise, shall be afforded the protections of this Protective Order upon signing the declaration attached hereto as Exhibit A. By signing such declaration, the non-party also agrees to be bound by the terms of the Protective Order.

5. Any documents which the Producing Party designates as Confidential and files with the Court in this Action, shall no longer be deemed Confidential unless the Producing Party filing the documents has filed such information under seal pursuant to the procedures provided herein.

6. This Order constitutes a court order within the meaning of the Privacy Act of 1974, 5 U.S.C. § 552a(b)(11) and implementing regulations, providing a basis for release of the requested documents and records to Defendants without obtaining prior written consent of the

individuals to whom the records pertain, pursuant to the Privacy Act of 1974, 5 USC 552a(b)(11) and Rule 26(c) of the Federal Rules of Civil Procedure. Any such record produced in this Action must be strictly protected in accordance with this Order.

**B.     Designation of Confidentiality**

Discovery Material may be designated Confidential within the meaning of this Protective Order as follows:

1.     A Producing Party shall, if appropriate, designate Discovery Material as "Confidential" by stamping or labeling each page of the Discovery Material, in a manner which will not interfere with its legibility, the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (or "CONFIDENTIAL/ PROTECTED" if space is limited).

2.     For Discovery Material that cannot be designated in the manner described in Paragraph B(1) above, the Producing Party may designate such Discovery Material as Confidential by stamping or labeling the Discovery Material itself or the exterior of the container(s)/media in or on which the Discovery Material is stored with the label that appears in paragraph B(1), above, or by indicating in a contemporaneous communication alongside the production that the material produced is Confidential.

3.     The designation of Discovery Material as Confidential shall be made prior to, or contemporaneously with, the production or disclosure of that Discovery Material.

4.     Portions of depositions shall be deemed Confidential only if they are designated as such when the deposition is taken or are so designated within thirty (30) days after receipt of the transcript(s) by a Party or the deponent.  All information disclosed in a deposition shall be treated as Confidential until (30) days after the transcript(s) of said deposition is actually

4

received by such party or the deponent to provide the opportunity for making the Confidential designation provided herein.

C.       **Disclosure of Confidential Information**

1.       Absent consent of the Producing Party, Discovery Material designated Confidential pursuant to this Protective Order and/or any information derived therefrom shall only be disclosed or made available by the Party receiving such Discovery Material to the following persons:

   a. counsel of record for the Parties, employees of counsel, and CFTC employees and agents who have responsibility for the action;

   b. individual parties and officers, directors, employees, former employees, and agents of a Defendant , or parent or affiliate of a Party, to whom it is necessary that Discovery Material designated as Confidential under this Protective Order be shown in connection with the preparation and trial of this Action; provided, however, that prior to any such person receiving any Discovery Material designated as Confidential, the person shall execute a copy of EXHIBIT A – ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE; also provided that nothing in this paragraph prohibits the use of Confidential information in summary form and not including information or data that is or may be identifiable as information of any third party in evaluations, analyses or reports provided to senior management, officers or directors in connection with any attempt to settle or otherwise resolve this Action;

   c. outside consultants, investigators, and experts (hereinafter collectively referred to as "experts") retained by the Parties to assist in the preparation and trial of this Action; provided, however, that prior to any expert receiving any Discovery Material designated as Confidential, the expert shall execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

   d. any person identified in such materials as the author, sender, addressee, or copy recipient of the Confidential information, provided that prior to such disclosure to any of the foregoing other than the Producing Party, the disclosing party shall use reasonable best efforts to cause the person to whom the Confidential information is to be disclosed to execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

5

e. any third-party or party-employee witness being examined in this Action in deposition or at trial to whom it is necessary that the Discovery Material designated as Confidential under this Protective Order be shown in connection with the examination, provided, however, that prior to such disclosure any such witness shall be provided with a copy of this Protective Order and the Parties shall use their reasonable best efforts to cause such witness to execute a copy of EXHIBIT A - ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE;

f. the Court and its personnel, as well as court reporters and recorders engaged for depositions;

g. any other person or entity authorized by law; and

h. any other person only upon order of the Court or upon stipulation of the Producing Party.

**D.** **Restrictions and Procedures Regarding Confidential Information**

1. The Parties are responsible for employing reasonable measures to control access to and distribution of information designated Confidential. Except as provided in paragraphs C(1)(a-h) above, the Parties shall keep all documents designated as Confidential secure within their possession. Each person accessing or receiving information designated as Confidential shall receive, process, use, store, maintain, disclose, transmit, backup, handle extracts of, and dispose of such information: (i) only in compliance with the terms of this Protective Order; (ii) in a location and manner sufficient to protect such information from unauthorized access or disclosure; and (iii) in accordance with industry standard safeguards and applicable Federal information confidentiality and security laws and regulations. Applicable Federal regulations include the Federal Information Processing Standards ("FIPS") and Special Publications issued by the National Institute for Standards and Technology ("NIST").[1] "Specifically with regard to Confidential Information produced by the Commission in this action on electronic storage media,

---

[1] These can be found at http://csrc.nist.gov/publications.

the Receiving Party must maintain, transmit and store such data using industry standard, off-the-shelf encryption programs and tools."

2. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of Discovery Material designated as Confidential under this Protective Order or any portion thereof, shall be immediately affixed with the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if those words do not already appear.

3. If Confidential information is to be discussed or disclosed during a deposition, any Party shall have the right to exclude from attendance at the deposition, during the time the Confidential information is to be discussed, any person or entity not entitled under this Protective Order to receive such Confidential information.

4. To the extent that any materials subject to this Protective Order (or any pleading, motion, memorandum, affidavit or other papers referring to them) are proposed to be filed or are filed with the Court, the filing of those materials and papers, or any portion thereof, which disclose Confidential information, shall be made under seal in accordance with the Court's rules and procedures.

5. No Discovery Material designated as Confidential shall be made public at a hearing or at trial absent an application, which may be oral, to the Court for a ruling or an agreement of the Producing Party permitting such disclosure. Any Party intending to use at a hearing any Discovery Material designated Confidential by another Party shall, where practicable, give advance written notice to the Producing Party so that the Parties may discuss in advance of the hearing proposed procedures for handling such Discovery Material. Nothing contained in this paragraph shall be deemed to prohibit the use or introduction of otherwise Confidential documents at trial in the event the Court declines to rule on an application to clear

7

the courtroom or otherwise to preserve the confidentiality of such documents, or in the event that the Court rules against such an application.

6. In the event any Discovery Material designated as Confidential is lost, accessed by or disclosed to any person not authorized by this Protective Order to receive the Discovery Material, the Party responsible for the loss, unauthorized access or disclosure shall immediately after discovery of such situation:

   a. notify the Court, the other Parties and, as may be required by law, appropriate law enforcement entity(ies) of the situation in writing. To the extent possible, the notification shall identify the Confidential Information at issue, circumstances surrounding the incident (including to whom, how, when and where such information was placed at risk or compromised) and any other information that the Party whose Confidential Information was affected considers relevant;

   b. take appropriate action to cure and prevent any further risk of loss, unauthorized access or disclosure of the information; and

   c. fully cooperate with the Party whose information was lost, or accessed or disclosed without authorization and, as may be required by law, with any law enforcement authority responsible for investigating and prosecuting any possible criminal law violation(s) associated with the incident.

The identification under this section of a party to whom disclosure was made shall not constitute a waiver of attorney work product or attorney-client privileges. Nothing contained in this Order shall be deemed or relied upon to limit the rights of the Parties to seek equitable or other relief from the responsible Party in the event of a loss, or unauthorized access or disclosure of Confidential Information, or create any right or benefit, substantive or procedural, for any person or entity other than the Parties.

7. In the event disclosure of any Discovery Material designated as Confidential is sought from anyone subject to this Protective Order pursuant to a lawful subpoena or other legal process, such person or entity shall upon receipt of such request, notify the Producing Party within three business days and provide a copy of the subpoena or process and the date set for

production, if specified.  The Producing Party may then seek to prevent disclosure by filing a motion for protective order or to take other appropriate action within a reasonable time, under the circumstances, but in any event prior to the date set for production, and the Confidential Discovery Material shall not be disclosed until resolution of any such challenge to the subpoena or process.

8. Notwithstanding any other terms in this Protective Order, the Producing Party may redact or withhold information that may identify a whistleblower, which is protected under Section 23(h)(2) of the Commodity Exchange Act, 7 U.S.C. § 26(h)(2), and material protected under Section 8(a) of the Commodity Exchange Act, 7 U.S.C. § 12(a). The Producing Party shall provide a log identifying the type of information withheld and the reason for the redaction or withholding.

9. The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all Parties, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.  The Parties may not disclose any Confidential material to any party joined as an additional party to the Action unless and until such additional party has agreed in writing to be bound by the terms of this Protective Order.

10. The Producing Party may withdraw the designation of Confidential at any time during the pendency of this matter.

E. **Challenging Designation of Confidentiality**

If any Party disputes whether any Discovery Material is properly designated as Confidential, the Parties agree to attempt to resolve such dispute among themselves.  The Party who disputes the designation shall provide notice of its objection to the Producing Party.  The

9

Producing Party shall then respond in writing within twenty-one (21) days with its reason(s) for its designation. The Parties will then confer, at a time and in a manner mutually agreeable, and make reasonable efforts to resolve their differences. In the event the Parties are not able to resolve the dispute, the designation of confidentiality may be challenged upon motion. The burden of persuasion in any such challenge proceeding is on the Party asserting such confidentiality. However, a Party shall not be obligated to challenge the propriety of a designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto, except that the failure to challenge the propriety of a designation of Discovery Material prior to the final Pre-Trial conference shall preclude any subsequent challenge.

**F.    Inadvertent or Unintentional Disclosure**

1. If a Party inadvertently produces or provides Discovery Material that contains any Confidential information without designating it Confidential as provided in this Protective Order, it may be disclosed to others until the receiving Party is notified of the error by the Producing Party and/or the party whose Confidential information was disclosed. The Producing Party may give written notice to the receiving Party that the Discovery Material is Confidential and should be treated in accordance with the provisions of this Protective Order. As soon as the receiving Party receives such notice, the Confidential information must be treated as if it had been timely designated under this Protective Order, and the receiving Party must in good faith retrieve copies of the Discovery Material which it distributed or disclosed to persons not authorized to access such Confidential information, as well as retrieve copies made by all such persons, and must inform all such persons that the Confidential information is so designated and is subject to this Protective Order. If the receiving Party becomes aware during the review of any unmarked Discovery Material that such Discovery Material clearly contains Confidential information, the

10

receiving Party must immediately notify the Producing Party and sequester the Discovery Material until the Producing Party has had a reasonable opportunity to respond. Counsel for the Producing Party is responsible for providing substitute copies of Confidential Discovery Material marked in accordance with this Protective Order, and counsel for the receiving Party must return or confirm in writing the destruction of unmarked copies upon receipt of any such substitute copies.

2. Any Discovery Material that contains privileged information, including but not limited to information protected by the attorney-client privilege, the deliberative process privilege or the attorney work product doctrine, shall be immediately returned if the Discovery Material appears on its face to have been inadvertently produced or if there is notice of the inadvertent production. The receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such Discovery Material shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity, as provided in Federal Rule of Evidence 502. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

**G.** **Court Retains Jurisdiction**

After the conclusion of this litigation, the provisions of this Protective Order shall continue to be binding and this Court shall retain jurisdiction over all persons who have access to Confidential Discovery Material produced pursuant to this Protective Order for the purpose of enforcement of this Protective Order, including any appropriate sanctions for violations.

H. **Use of Discovery Material by the CFTC**

Notwithstanding the foregoing, nothing in this Protective Order shall limit:

1. The CFTC's retention or use of any information designated by any Party to this Order as Confidential for any of the "Routine Uses of Information" identified in the applicable CFTC Privacy Act System of Records Notices, or as otherwise authorized, permitted, or required by statutes and regulations governing CFTC practice, policy and procedures, including without limitation the Federal Records Act and Freedom of Information Act; or

2. The authority of the Commission set forth in Sections 8(a)(1) and 12 of the Commodity Exchange Act, 7 U.S.C. §§ 12, 16, to conduct such investigations as it deems necessary to ascertain the facts regarding the operations of boards of trade and other persons subject to the provisions of the Act; to cooperate with any department or agency of the Government of any State, territory, district or possession, or department, agency, or political subdivision thereof, any foreign futures authority, any department or agency of a foreign government or political subdivision thereof, or any person; to provide assistance to any foreign futures authority if said foreign futures authority so requests; to conduct such investigation as the Commission deems necessary to collect information and evidence pertinent to any request for assistance from any foreign futures authority; or for the Commission to obtain documents, testimony, or information pursuant to an agreement with a foreign futures authority to provide reciprocal assistance to the Commission in futures and options matters.

Dated: March ___ , 2018                                    Respectfully submitted by:


_____                           _____
Gates S. Hurand                                            Patrick K. McDonnell
Senior Trial Attorney                                      *Defendant*
ghurand@cftc.gov
Phone: (646) 746-9700

David Oakland
Senior Trial Attorney
doakland@cftc.gov
Phone: (646) 746-9700

K. Brent Tomer
Chief Trial Attorney
ktomer@cftc.gov
Phone: (646) 746-9700

Manal M. Sultan
Deputy Director
msultan@cftc.gov
Phone: (646) 746-9700

Commodity Futures Trading Commission
Division of Enforcement
140 Broadway, 19th Floor
New York, NY 10005
Phone: (646) 746-9700
Fax: (646) 746-9940

*Attorneys for the Plaintiff*


Dated: March __ , 2018
      Brooklyn, New York

**SO ORDERED:**



_____
Roanne L. Mann
Chief Magistrate Judge

13

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>                    Plaintiff,<br><br>          v.<br><br>PATRICK K. MCDONNELL,<br>and CABBAGETECH, CORP. d/b/a COIN DROP MARKETS,<br><br>                    Defendants. | Case No. 18-CV-0361 (JBW) (RLM)<br><br>ECF Case |

ACKNOWLEDGMENT AND DECLARATION OF COMPLIANCE

I hereby acknowledge that I have been given a copy of the Stipulated Protective Order dated March __, 2018, in the above-captioned case; that I have read the Stipulated Protective Order; and that I agree to be bound by it. I further understand and agree that I shall not disclose Confidential information or documents to others, except in accordance with the Stipulated Protective Order. I further understand and agree that my obligation to honor the confidentiality of such Confidential information or documents will continue even after the termination of this litigation. I further understand and agree that, in the event that I violate the terms of the Stipulated Protective Order, I will be subject to sanctions, including but not limited to sanctions by way of contempt of court. I further understand and agree to submit myself to the personal jurisdiction of this Court for matters pertaining to this acknowledgment and declaration.

(If executed within the United States, its territories, possessions or commonwealths) I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _____ day of _____, _____ at _____ by
_____

Signed: _____

(If executed outside of the United States) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this ____ day of _____, _____ at _____ by _____

Signed: _____