

**COMMODITY FUTURES TRADING COMMISSION**

140 Broadway, 19th Floor
New York, New York 10005
Telephone: (646) 746-9700
Facsimile:  (646) 746-9940

Division of
Enforcement

Gates S. Hurand
Senior Trial Attorney
646-746-9753
ghurand@cftc.gov

April 13, 2018

**BY ECF**

Chief Magistrate Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

      Re:    *Commodity Futures Trading Commission v. Patrick K. McDonnell and CabbageTech, Corp. d/b/a Coin Drop Markets*, No. 18-CV-00361 (JBW)(RLM)

Dear Chief Magistrate Judge Mann:

      I am a Senior Trial Attorney in the Division of Enforcement of the Commodity Futures Trading Commission (the "Commission") and represent the Commission in the captioned matter. Pursuant to the Court's Order during the telephone discovery conference on April 9, 2018, ECF No. 46, I write to address the interplay between the provisions on pages 2 and 12 of the Proposed Stipulated Protective Order (the "Proposed Order"), and the extent of the restrictions on the use and disclosure of Discovery Material in this action under the Proposed Order.  *See* ECF No. 36-2.

      As discussed below, provision A.2 of the Proposed Order (on page 2) imposes certain limits on the use and disclosure of Discovery Materials except as stated in the agreement "or as otherwise authorized by law," and provisions H.1 and H.2 (on page 12) make clear that the "otherwise authorized by law" qualification of A.2 includes the Commission's statutory mandate, i.e., the use and disclosure of information by the Commission as authorized by law.

      The Commission is an independent federal regulatory agency that is charged by Congress with the administration and enforcement of the Commodity Exchange Act ("Act") and Commission Regulations ("Regulations").  Congress thus has authorized the Commission, as a federal law enforcement authority, to investigate potential violations of the Act and Regulations, *e.g.*, Section 8(a) of the Act, 7 U.S.C. § 12(a) (2012), and to bring enforcement actions such as the instant case, *e.g.*, Section 6c of the Act, 7 U.S.C. § 13a-1 (2012).

      The Commission is also authorized by Congress, among other things, to conduct investigations and to cooperate with other federal, state, local, and foreign authorities.  Section 12(a) of the Act, 7 U.S.C. § 16 (2012).  Consequently, in the public interest of governmental

Hon. Roanne L. Mann
April 13, 2018
Page 2

efficiency and inter-agency cooperation, the Commission routinely shares information with other government agencies in related law enforcement investigations, subject to applicable statutory and regulatory restrictions. *See* Section 8(e) of the Act, 7 U.S.C. § 12(e) (authorizing the Commission to grant access to information); Regulation 140.73, 17 C.F.R. § 140.73 (2017) (implementing information-sharing provisions). Notably, Section 8(e) of the Act restricts disclosure of such information shared with another U.S. government agency to actions and proceedings in which the agency, the Commission, or the United States is a party. Under Section 8(e), Congress also authorizes the Commission to share information with foreign regulators and government agencies with similar restrictions on further disclosure. The Commission also has statutory duties to properly maintain (and in most circumstances, eventually dispose of) its enforcement case file documents as "federal records," as defined in 44 U.S.C. § 3301(a)(1)(A) (2012), and to comply with Freedom of Information Act requirements.[1]

Provision A.2 of the Proposed Order, on page 2, generally limits the use or disclosure of Discovery Material to the instant action, unless permitted by the proposed Order or otherwise authorized by law.[2] Relatedly, provision C.1(g) reiterates the allowance of certain disclosures to "any other person or entity authorized by law." Provisions H.1 and H.2 of the Proposed Order, on page 12,[3] make clear that the "authorized by law" qualification of A.2 includes the legal

---

[1] A broader synopsis of the Commission's "Routine Uses of Information" identified in the CFTC Privacy Act System of Records Notices is provided at https://www.cftc.gov/Transparency/PrivacyOffice/SORN/index.htm.

[2] Provision A.2 of the Proposed Order provides:

> All Discovery Material produced in the Action shall be used only for the purposes of prosecuting or defending the Action and shall not be disclosed to any person except in accordance with the terms hereof or as otherwise authorized by law. The attorneys of record for the Parties and all other persons receiving Discovery Material governed by the Protective Order shall take all reasonable steps to ensure that the Discovery Material governed by the Protective Order are (i) used only for the purposes specified herein, and (ii) disclosed only to authorized persons. In particular, Discovery Material may not be used for any commercial, business or other purpose.

[3] Provision H of the Proposed Order provides:

> Notwithstanding the foregoing, nothing in this Protective Order shall limit:
>
> 1. The CFTC's retention or use of any information designated by any Party to this Order as Confidential for any of the "Routine Uses of Information" identified in the applicable CFTC Privacy Act System of Records Notices, or as otherwise authorized, permitted, or required by statutes and regulations governing CFTC practice, policy and procedures, including without limitation the Federal Records Act and Freedom of Information Act; or
>
> 2. The authority of the Commission set forth in Sections 8(a)(1) and 12 of the Commodity Exchange Act, 7 U.S.C. §§ 12, 16, to conduct such investigations as it deems necessary to ascertain the facts regarding the operations of boards of trade and other persons subject to the provisions of the Act; to cooperate with any department or agency of the Government of any State, territory, district or possession, or department, agency, or political subdivision thereof, any foreign futures authority, any department or agency of a foreign government or political subdivision thereof, or any person; to provide assistance to any foreign futures authority if said foreign futures authority so requests; to conduct such investigation as the Commission deems necessary to collect information and evidence pertinent to any request for assistance from any foreign futures authority; or for the Commission to obtain documents, testimony, or information

Hon. Roanne L. Mann
April 13, 2018
Page 3

authority of the Commission as a federal law enforcement authority charged with the administration and enforcement of the Act and Regulations.

      The Commission respectfully submits that the Proposed Order both provides for appropriate protections and limitations on the use of Discovery Material, and appropriately recognizes that the Commission as a federal regulator and law enforcement authority has certain other permissible and routine uses of information that are not limited by the terms of the Proposed Order. Accordingly, the Commission respectfully requests that the Court enter the Proposed Order.

      Respectfully submitted,

      /s/ Gates S. Hurand

      Gates S. Hurand

cc:    Patrick K. McDonnell (by ECF and electronic mail)

---

pursuant to an agreement with a foreign futures authority to provide reciprocal assistance to the Commission in futures and options matters.