

**COMMODITY FUTURES TRADING COMMISSION**
140 Broadway, 19th Floor
New York, New York 10005
Telephone: (646) 746-9700
Facsimile: (646) 746-9940

Division of
Enforcement

Gates S. Hurand
Senior Trial Attorney
646-746-9753
ghurand@cftc.gov

April 16, 2018

**BY ECF**

Chief Magistrate Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

> Re:   *Commodity Futures Trading Commission v. Patrick K. McDonnell and*
> *CabbageTech, Corp. d/b/a Coin Drop Markets*, No. 18-CV-00361 (JBW)(RLM)

Dear Chief Magistrate Judge Mann:

I am a Senior Trial Attorney in the Division of Enforcement of the Commodity Futures Trading Commission (the "Commission") and represent the Commission in the captioned matter. I write in brief response to Mr. McDonnell's e-mail filed by ECF today. ECF No. 51.

On Friday, April 13, 2018, the Commission sent Mr. McDonnell four authorization forms (the "April 13 authorizations") pursuant to the discovery telephone conference before the Court on April 12, 2018. ECF No. 49. In particular, the April 13 authorizations relating to Slack and Twitter were tailored to encompass only one Slack URL (associated with one or both of two Coin Drop Markets e-mail addresses) and only one Twitter account (associated with one or both of the same two Coin Drop Markets e-mail addresses), in accordance with the Court's instructions during the April 12 telephone conference. *See* Ex. 1 (April 13 authorizations for Slack and Twitter); Ex. 2, April 12 Conference Tr. at 25 (directing Plaintiff to "reword[] the authorization to give the Slack URL and to say 'which is associated with' and then you can put down the email accounts so you're not saying 'and any and all other accounts associated with those email accounts'").

Today, Mr. McDonnell sent me an e-mail at 11:59 AM objecting to the Slack and Twitter authorizations as drafted and requesting that his e-mail be filed with the Court via ECF. ECF No. 51. In reply, I e-mailed Mr. McDonnell noting his objection to the Slack and Twitter authorizations, indicating that I disagreed with his e-mail's characterizations, and proposing a meet-and-confer call before involving the Court, as required by the Federal and Local Rules and the Court's Individual Practices. Mr. McDonnell responded by e-mail rejecting any meet-and-confer. Thereafter, I filed his 11:59 AM e-mail on the docket per his request. *Id.*

Hon. Roanne L. Mann
April 16, 2018
Page 2

We respectfully submit that the April 13 authorizations comply with the Court's directions.  Moreover, they are narrowly tailored to discovery of business communications central to the Complaint as well as to any potential resolution.

Mr. McDonnell's latest objection is of a piece with his strategic and repeated refusals to comply fully with discovery obligations in order to impede the Commission's ability to discover information essential to the alleged wrongdoing.  The April 13 authorizations, for instance, are necessary to obtain information concerning the identities and number of Coin Drop Markets victims, the amounts those victims invested and lost (for purposes of determining, e.g., both liability and restitution), and the dissipation of funds.  Such facts are central to any resolution as well as to the hearing on the merits scheduled for June 5, 2018, before Judge Weinstein.

We are available as convenient to the Court's schedule to address any further issues.

Respectfully submitted,

/s/ Gates S. Hurand

Gates S. Hurand

Enclosures

cc:     Patrick K. McDonnell (by ECF and electronic mail)