| | |
|---|---|
| **From:** | Patrick McDonnell |
| **To:** | Hurand, Gates |
| **Cc:** | de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher |
| **Subject:** | Please take notice that Defendant moves the Court to recognize THIS CASE SHOULD BE DISMISSED; |
| **Date:** | Monday, May 07, 2018 12:00:01 PM |

*Hi Gates,*

*Please file this with the Court IN A FORTHWITH MANNER via ECF as per Chief Magistrate Judge Roanne L. Mann instructions during initial hearing.*

*Thank You,*

*Patrick K. McDonnell*


# Patrick K. McDonnell
Defendant/Pro Se
20 Rawson Place Staten Island, NY 10314


May 07, 2018


Chief Magistrate Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

### Re: *Commodity Futures Trading Commission v. Patrick K. McDonnell and CabbageTech, Corp. d/b/a Coin Drop Markets, No. 18-CV-00361 (JBW)(RLM)*


To The Court;


Please take notice that Defendant moves the Court to recognize **THIS CASE SHOULD BE DISMISSED**;

**UNITED STATES** DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA CIVIL MINUTES - GENERAL Case No. SACV 17-01868 JVS (DFMx) "Commodity Futures Trading Commission v. Monex Credit Company, et al. For the following reasons, the Court grants the motion to dismiss."

### The Hon. James V. Selna Ruling May 01, 2018

*1. actual delivery of precious metals in financed transactions to retail persons falls outside the CFTC's authority when ownership of real metals is legally transferred to such persons within 28 days even if the seller retains control over the commodities because of the financing beyond 28 days; and*

*2. the CFTC cannot use the prohibition against persons engaging in any manipulative or deceptive device or contrivance in connection with the sale of any commodity in interstate commerce enacted as part of the Dodd-Frank Wall Street Reform and Consumer Protection Act to prosecute acts of purported fraud except in instances of fraud-based market manipulation.*

"12 Another district court recently found that the CFTC could state a claim for violations of § 6(c)(1) and Rule 180.1 based on allegations of fraud in connection with the sale of commodities alone. CFTC v. McDonnell, 287 F. Supp. 3d 213, 226–27, 229–30 (E.D.N.Y. 2018). However, the main concern in that case was whether the CFTC could regulate virtual currencies as a commodity. See id. at 228. The pro se defendant in that case did not raise the issue of whether § 6(c)(1) covered fraud in the absence of market manipulation. (See Mem., CFTC v. McDonnell, 287 F. Supp. 3d 213 (E.D.N.Y. Feb. 15, 2018) (No. 18 Civ. 361), ECF No. 18-2.)"

Respectfully Submitted,

/S/ Patrick K. McDonnell