Case 1:18-cv-00361-JBW-RLM   Document 73   Filed 05/16/18   Page 1 of 3 PageID #: 815



**COMMODITY FUTURES TRADING COMMISSION**

140 Broadway, 19th Floor
New York, New York 10005
Telephone: (646) 746-9700
Facsimile: (646) 746-9940

Division of
Enforcement

Gates S. Hurand
Senior Trial Attorney
646-746-9753
ghurand@cftc.gov

May 16, 2018

**BY ECF**

Chief Magistrate Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

Re: *Commodity Futures Trading Commission v. Patrick K. McDonnell and CabbageTech, Corp. d/b/a Coin Drop Markets*, No. 18-CV-00361 (JBW)(RLM)

Dear Chief Magistrate Judge Mann:

I am a Senior Trial Attorney in the Division of Enforcement (the "Division") of the Commodity Futures Trading Commission (the "Commission") and represent the Commission in the captioned matter. Pursuant to the Court's May 10, 2018 Order, I write respectfully to update the Court on the status of settlement discussions and to request an extension of discovery deadlines.

**Status of Settlement Efforts**

As noted in our May 10 letter, Dkt. No. 72, on Thursday, May 10, 2018, the Division and Mr. McDonnell agreed to the terms of a proposed Consent Order. These terms substantially incorporated concepts raised during the May 2, 2018 settlement conference before the Court. Dkt. No. 66.

Conditioned on this agreement, the Division agreed to adjourn Mr. McDonnell's deposition previously noticed for May 11 until Tuesday, May 15, at 10:00 AM, provided that the Division received the executed hardcopy no later than Monday, May 14. The Division further agreed that, after receiving Mr. McDonnell's executed hardcopy no later than Monday, the Division would be in the position to request that the Court stay further proceedings. Mr. McDonnell agreed to the above, and the Division so notified the Court. Dkt. No. 72.

On Friday, Mr. McDonnell reneged on his agreement, stating that he wished to propose modifications to the proposed Consent Order that was the subject of Thursday's agreement. In response, the Division emphasized to Mr. McDonnell that if the Division did not receive the executed agreement on or before Monday, as agreed, then discovery would proceed, including

Hon. Roanne L. Mann
May 16, 2018
Page 2

Mr. McDonnell's deposition on Tuesday, and the parties could "schedule a time to discuss them [the proposed modifications] next week after your deposition on Tuesday." Staff also requested that Mr. McDonnell identify as soon as possible the specific language or paragraphs that he wished to modify in order to be in a position to react promptly. Mr. McDonnell did not respond to this request.

Mr. McDonnell did not deliver an executed copy of the proposed Consent Order on or before Monday.

On Monday afternoon, having not heard from Mr. McDonnell, the Division notified Mr. McDonnell that it had not received an executed copy of the agreement that was agreed to on Thursday. The Division also reiterated once more the time and place of his deposition the next day. Mr. McDonnell did not respond. On Tuesday morning, Mr. McDonnell did not attend his properly noticed and agreed-upon deposition, nor did he inform the Division in advance that he would fail to attend or respond to the Division's efforts to contact him that morning.

Yesterday evening, Mr. McDonnell e-mailed that he "[w]ill be sending Consent Order package back tomorrow UPS." This morning, Mr. McDonnell e-mailed that he had sent a package by U.S. Postal Service "in regards to complete case resolution." This afternoon, by e-mail, Mr. McDonnell categorically rejected the terms of the proposed Consent Order.

**Status of Discovery and Request for Extension**

*McDonnell's Deposition.* As mentioned above, as Mr. McDonnell did not fulfill his part of the agreement, the Division went forward with the deposition scheduled for yesterday, Tuesday, May 15. That morning, as scheduled, Division Staff, a court reporter, and a videographer appeared for the deposition. Mr. McDonnell did not appear, nor did he inform the Division that he would not attend. That evening, Mr. McDonnell e-mailed that, notwithstanding the multiple reminder e-mails that the Division had sent, he "honestly thought it was for tomorrow not today, so guess we have to reschedule it" and stated he was unavailable until June 5, 2018.

Because of Mr. McDonnell's failure to appear at his properly noticed deposition, the Division expects to seek relief from the Court, including the costs of the court reporter and videographer and an order to compel Mr. McDonnell's appearance and testimony.

*Other Discovery and Request for Extension of Deadlines.* The Division served Mr. McDonnell with document requests and interrogatories on April 23, 2018. To date, Mr. McDonnell has made no responses. The Division continues to seek and obtain third-party discovery and expects to receive additional productions in the coming days.

With respect to the discovery schedule, the current deadlines were established after the March 6, 2018 preliminary injunction hearing when Judge Weinstein set a further hearing date for June 5, 2018. Your Honor then approved a discovery schedule (Dkt. No. 31, as ordered by the Court on March 7, 2018) that cut off discovery on May 18, 2018. Following the settlement

Hon. Roanne L. Mann
May 16, 2018
Page 3

conference before Your Honor, the Division requested the hearing be rescheduled until July 9, 2018, Dkt. No. 67, which Judge Weinstein granted on May 8, 2018.  Dkt. No. 71.

In light of the change in the hearing date, as well as the delays in discovery, *e.g.*, Dkt. Nos. 46, 55, 60, including Mr. McDonnell's failure to appear at yesterday's deposition, the Division respectfully requests that the discovery schedule be extended to June 25, 2018 (with exhibit and witness lists exchanged June 29, 2018, pursuant to Judge Weinstein's May 8 Order).

Mr. McDonnell objects to this request.

Respectfully submitted,

/s/ Gates S. Hurand

Gates S. Hurand

cc:   Patrick K. McDonnell (by ECF and electronic mail)