UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
COMMODITY FUTURES TRADING
COMMISSION,

                                  Plaintiff,                        **ORDER**

            -against-                                18-CV-361 (JBW)

PATRICK K. MCDONNELL and
CABBAGETECH CORP.,

                                Defendants.
-----------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

      By motion filed on May 16, 2018, plaintiff Commodity Futures Trading Commission ("CFTC") seeks an extension of the discovery deadline to June 25, 2018, based in part on *pro se* defendant Patrick K. McDonnell's failure to appear for deposition and his claimed unavailability for deposition until June 5, 2018. See Letter Motion for Extension of Time to Complete Discovery (May 16, 2018), Electronic Case Filing Docket Entry ("DE") #73. In response, Mr. McDonnell explains that he "honestly confused the date of" his deposition and complains that the CFTC "sudden[ly] changed" the location of the deposition and "has never served a subpoena" on him. See Response to Motion (May 17, 2018) at 1, 2, DE #77. Mr. McDonnell further requests a court conference because he fears that the CFTC "may engage in harassing/illegal acts that may be detrimental to Defendant." See id. at 2. In addition, in another recent filing, Mr. McDonnell has requested that discovery "cease" due to the Court's lack of subject matter jurisdiction. See DE #70.

      As to Mr. McDonnell's request that he should be relieved of his obligation to participate in discovery due to the Court's lack of jurisdiction, Mr. McDonnell is again reminded that the Honorable Jack B. Weinstein has already rejected McDonnell's jurisdictional challenge. See Memorandum and Order (Mar. 6, 2018), DE #29. Nevertheless, in view of Mr. McDonnell's stated

intention to file a further motion to dismiss, see DE #78, he is advised that even the pendency of a motion to dismiss does not automatically stay discovery. See Osan Ltd. v. Accenture LLP, No. CV2005 5048 (SJ)(MDG), 2006 WL 1662612, at *1 (E.D.N.Y. June 13, 2006).

Mr. McDonnell is further advised that the CFTC is not required to serve him with a subpoena to compel his attendance at a deposition. Rather, Rule 30 of the Federal Rules of Civil Procedure requires that he be served with a notice of deposition, which includes the time and place of the deposition. See Fed. R. Civ. P. 30(b)(1). Based on his purported availability on June 5, 2018, Mr. McDonnell must appear for his deposition on that date, at a time and location designated by the CFTC. His failure to appear for deposition may result in the imposition of monetary sanctions and/or a recommendation that default be entered against him. Mr. McDonnell's request for a court conference is denied as premature and in the absence of any specific request for relief.

The CFTC's request for an extension of discovery is granted, in substantial part, to June 21, 2018. Mr. McDonnell must, on pain of sanctions, respond to any outstanding discovery requests by May 28, 2018.

**SO ORDERED.**

Dated:   Brooklyn, New York
         May 17, 2018

/s/   *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**