AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Commodity Futures Trading Commission ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 18-361 (JBW)(RLM) |
| Patrick K. McDonnell and Cabbagetech, Corp. d/b/a ) | |
| Coin Drop Markets ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Charter Communications

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   Described in Schedule A

| Place: Commodity Futures Trading Commission, Attn: Division of Enforcement 140 Broadway, New York, New York 10005 | Date and Time: 05/25/2018 at 12:00 PM ET |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5/18/2018

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Commodity Futures Trading Commission , who issues or requests this subpoena, are:
Gates S. Hurand CFTC Division of Enforcement 140 Broadway 19th fl NY, NY 10005 ghurand@cftc.gov (646) 746-9753

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18-361 (JBW)(RLM)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                             *Server's signature*

                             _____
                             *Printed name and title*

                             _____
                             *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Schedule A

The following Definitions and Instructions are expressly incorporated into each specific request for production (each a "Request") as if fully stated therein. Terms not defined herein shall have the meanings assigned to them, if any, by the definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure.

### SUBPOENA DEFINITIONS

1. **And/or**. The terms "and" and "or" each mean both the conjunctive and the disjunctive, whichever gives the broader reading in context.

2. **Charter**. The term "Charter" means the entity doing business under the name Charter Communications Inc., any and all of its affiliates, subsidiaries, parents, directors, officers, divisions, groups, offices, branches, departments, employees, consultants, agents, representatives, accountants, predecessors and/or successors, wherever they may be situated, including but not limited to Charter, Time Warner Cable, and Spectrum, and all other persons who have an interest in Charter, its subsidiaries, affiliates, and/or divisions

3. **Commodity Futures Trading Commission**. The terms "CFTC" and "Commission" refer to the Commodity Futures Trading Commission.

4. **Communication**. The term "communication" refers to all manners of transmitting or receiving information, opinions, and/or thoughts, orally (including but not limited to recorded conversations and/or notes of all conversations), in writing (including but not limited to memoranda and/or correspondence), in person, telephonically, electronically (including but not limited to e-mail, Bloomberg messages, chats, and/or instant messaging), and otherwise.

5. **Concern/Concerning**. The terms "concern" and "concerning" mean connected with or to, constituting, describing, evidencing, involving, memorializing, referring to, reflecting, and/or relating to.

6. **Correspondence**. The term "correspondence" means any communication of information from one party to another, whether by letter, memoranda, tape recording, electronically transmitted message and/or any other document or medium.

7. **Document(s)**. The term "document" (or "documents") is synonymous in meaning with and equal in scope to the items referred to in Rule 34(a) of the Federal Rules of Civil Procedure. Accordingly, for example, the term includes without limitation any written, recorded, or graphic materials, however produced, reproduced, or otherwise memorialized. By way of illustration, the term includes but is not limited to any writing, drawing, graph, chart, photograph, phonographic record, audio tape, videotape, electronically stored information, computer disk, or any other data compilation from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form. The term includes without limitation all writings or printed matter of any kind, including the originals and all copies, identical or non-identical, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limitation: records,

   correspondence, memoranda, orders, notes, notebooks, rolodexes, address books, diaries, statistics, e-mails, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office or intra-office communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, computer input or output, teletypes, telefaxes, invoices, worksheets, ledger books, books of account, and all drafts, alterations, modifications, changes and amendments of any of the foregoing. The terms "document" and "documents" also include all graphic or aural records or representations of any kind, including without limitation, photographs, charts, graphs, microfilm, videotapes, recordings, motion pictures, and electronic, mechanical, and/or electrical records, or recordation of any kind, including, without limitation, tapes, cassettes, discs, and other recordings.

8. **Including/Includes**. The terms "including" and "includes" are used in their very broadest sense. Specification of a particular matter included in a request is not meant to exclude any other document(s) that might be responsive.

9. **Person**. The term "person" means any natural person or any business, legal, or governmental entity or association.

10. **Possession**. The term "possession" means actual or constructive possession and includes any document within your custody or control, any document that you have a legal right to obtain from another, and any document within the possession of your agent, employee, accountant, attorney, and/or representative.

11. **Refer/Referring**. The terms "refer" and "referring" mean to consider, describe, discuss, evaluate, explain, report on, and/or review by mention of the subject matter of the request.

12. **Relate/Relating**. The terms "relate" and "relating" mean to, explicitly or implicitly, refer to, constitute, embody, comprise, be reviewed in conjunction with, reflect, pertain to, and/or regard the subject matter of the request.

13. **Rules of Construction**. The following rules of construction shall apply to these Requests:

    a. **All / Any / Each**. The terms "all," "any," and "each" shall each be construed as encompassing any and all;

    b. **And / Or**. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope; and

    c. **Number**. The use of the singular form of any word includes the plural and vice versa. Use of either the singular or plural should not be deemed a limitation and the use of the singular should be construed, where applicable, to include the plural and vice versa.

14. **You/Your**. The terms "you" and "your" refer to the person to whom the subpoena is addressed.

*   *   *

2

## INSTRUCTIONS

1. **Format.** All documents should be produced in electronic format in accordance with the CFTC Division of Enforcement's Data Delivery Standards, enclosed herein.

2. **Possession, custody, or control.** These Requests seek documents that are in Your possession, custody, or control, including but not limited to any documents that You have the legal right, authority or practical ability to request and obtain.

3. **ESI.** Electronically stored information ("ESI") shall be produced in conformity with Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure such that the ESI should be produced in a form in which it is ordinarily maintained or in a reasonably usable form. ESI should not be produced in a form that makes it more difficult or burdensome to use or removes or degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means. If You decline to search or produce ESI on the ground that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed information regarding the burden or cost You claim is associated with the search or production of such ESI.

4. **Duty to Supplement**. The obligations created by this subpoena are continuing in nature and subject to the requirement that any production be supplemented in the event new or additional documents are discovered or obtained, consistent with Rule 26(e) of the Federal Rules of Civil Procedure.

5. **Organization**. Unless otherwise instructed, you shall provide the specified materials to the CFTC as they are kept in the usual course of business, or you shall organize and label them to correspond with categories in this subpoena.

6. **Redactions**. All documents called for by this subpoena are to be produced in un-redacted form. If you make any redaction, such redaction must be clearly marked and the reason for such redaction must be given.

7. **Privilege**. With respect to any and all documents requested herein that are being withheld on the ground of privilege, furnish a list specifying the following information:

    a. the nature, source and date of the document;

    b. a description of the documents subject matter;

    c. the name and address of each recipient of the original or a copy of the document, together with the date or approximate date when each recipient received the document;

    d. the names and addresses of all other persons to whom the contents of the document have been disclosed, the date such disclosure took place, and the means of such disclosure; and

3

    e. the nature of the privilege or rule of law relied upon, including the identity of the person or persons asserting the privilege or rule as well as the legal basis for asserting that privilege or rule, or other reason for non-production.

8. **Non-Production**. If you are unable to comply with a particular demand, you shall affirm that a diligent search and a reasonable inquiry have been made in an effort to comply with the demand. You shall set forth the name and address of any natural person or organization known or believed by you to have possession, custody, or control of that category or item. Non-production of any documents responsive to this subpoena shall necessitate production of the following information concerning each document:

   a. the type of document;

   b. the date of the document;

   c. the person who prepared or wrote the document;

   d. a description of the documents subject matter and physical size;

   e. the name(s) and address(es) of recipient(s) of the original or copy thereof, together with the date or approximate date that said recipient(s) received said document;

   f. all other persons to whom the contents of the document have been disclosed, the date of such disclosure, and the means of such disclosure; the reason for non-production; and

   g. in cases where the document has been destroyed, lost, misplaced, or stolen, a description of the circumstances resulting in your inability to produce the document, including but not limited to identification of the date that the document was last known to have existed, the date of loss, destruction, or discard, the person authorizing the destruction or discard, and the efforts made to locate lost or misplaced documents.

9. **Relevant Time Period**. Unless otherwise specified, the scope of this subpoena includes all documents from **January 1, 2016**, to the present.

*   *   *

## ITEMS TO BE PRODUCED PURSUANT TO THIS SUBPOENA

Subscribers relating to any one or more of the following names, street addresses, e-mail addresses, telephone numbers, or IP addresses are defined as the **Relevant Subscribers.**

| | |
|---|---|
| **Name** | Patrick K. McDonnell |
| **Street Address** | 20 Rawson Pl., Apt. B<br>Staten Island, NY 10314 |
| **E-mail** | coindropmarkets@gmail.com<br>patmcdonnell@gmx.us<br>cdm@gmx.us<br>ctcmemberships@gmx.com<br>kingmcdonnell@gmx.com<br>deafdollarsdev@gmail.com |
| **Telephone** | 718-524-4718<br>718-524-6312<br>929-428-6422<br>347-857-6043<br>1-888-614-6445<br>1-888-624-6445 |
| **IP address** | 24.168.89.122<br>72.227.210.194<br>173.68.104.224 |

**1.** All subscriber information for the Relevant Subscribers, including but not limited to—

   **a.** All names, addresses, phone numbers, account numbers, email accounts, IP addresses (and applicable time periods thereof), and usage records concerning the Relevant Subscriber(s);

   **b.** All billing, payment, statement, and account information concerning the Relevant Subscriber(s); and

   **c.** All communications between Charter and the Relevant Subscriber(s).

5

**Please note that you are to produce only the documents and information requested. We do not request, nor should you provide, any materials that are not subject to production under this subpoena pursuant to the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 et seq. It is the Commission staff's position that, if you are a communications service provider or remote computing service, you should not provide any wire or electronic communications (such as e-mail) of your customers, subscribers, or other users.**



# CFTC Data Delivery Standards

## Effective: May 27, 2016

This document describes the technical requirements for electronic document productions to the Commodity Futures Trading Commission (CFTC). Any proposed file formats other than those described below must be discussed with the legal and technical staff of the CFTC Division of Enforcement prior to submission.



# CFTC Data Delivery Standards
*Effective: May 27, 2016*

This document describes the technical requirements for electronic document productions to the Commodity Futures Trading Commission (CFTC).

**\*\*Any proposed file formats other than those described below must be discussed with the legal and technical staff of the CFTC Division of Enforcement prior to submission.\*\***

## Contents

General Instructions ................................................................................................................. 2
Electronic Discovery Protocols ................................................................................................. 3
Delivery Formats ...................................................................................................................... 3
   I.   Native File Production ................................................................................................ 3
      1.   Emails ................................................................................................................ 3
      2.   Account Statements ......................................................................................... 3
      3.   Instant Messages (IMs) .................................................................................... 3
      4.   Audio Files ....................................................................................................... 4
      5.   Video Files ........................................................................................................ 4
      6.   Transcripts ....................................................................................................... 5
   II.   Imaged Collections .................................................................................................... 5
      1.   Images .............................................................................................................. 5
      2.   Concordance Image® Cross-Reference File .................................................. 5
      3.   Data File ........................................................................................................... 6
      4.   Text .................................................................................................................. 9
      5.   Linked Native Files .......................................................................................... 9
   III.   Productions of Adobe PDF Files ................................................................................ 9
   IV.   Productions of Website Content ................................................................................ 9
   V.   Productions of Forensic Images of Computer Media ................................................. 10
   VI.   Productions of Forensically Acquired Mobile Device Data ........................................ 10
   VII.   FTP (File Transfer Protocol) Submission ................................................................. 10



# CFTC Data Delivery Standards
*Effective: May 27, 2016*

## General Instructions

Electronic files must be produced in their native format, i.e., the format in which they are ordinarily used and maintained during the normal course of business. For example, an MS Excel file must be produced as an MS Excel file rather than an image of a spreadsheet.

(Note: An Adobe PDF file is **not** considered a native file unless the document was initially created as a PDF.)

In the event produced files require the use of proprietary software not commonly found in the workplace, the CFTC will explore other format options with the producing party.

In regards to imaged collections, the use of file de-duplication methodologies in preparing productions is becoming more commonplace. If your production will be de-duplicated it is vital that you 1) preserve any unique metadata associated with the duplicate files, for example, custodian name, and, 2) make that unique metadata part of your production to the CFTC.

General requirements for ALL document productions are:

1. **Production of data via email is unacceptable.**
2. Reference the specific portion of the request to which you are responding, along with a summary of the number of files in the production, so that we can confirm everything is loaded into our review system.
3. All native file submissions must be organized **by custodian** unless otherwise instructed.
4. All load-ready collections should include only one data load file and one image pointer file.
5. All load-ready text must be produced as separate text files, not as fields within the .DAT file.
6. All load-ready collections should account for custodians in the custodian field.
7. Audio files should be separated from data files if both are included in the production.
8. The preferred method of submission is via File Transfer Protocol (FTP). (See details in Section IV on page 10.)
9. Large productions (any production above 10 GB) must be submitted to the CFTC on media such as a CD, DVD, thumb drive, or hard drive. The media must be clearly marked with the following:
    a. Matter name
    b. Producing party
    c. Production date
    d. Disk number (1 of X), if applicable
10. Only alphanumeric characters and the underscore character are permitted in file names and **folder names**. Special characters are not permitted. Any data received with file names or folders with special characters, including the comma, will be rejected. The combined length of the file path with folder and file name should not exceed 255 characters.
11. Include information within the cover letter regarding the time zone used, if emails or other electronic files were standardized during conversion.
12. If you want the submitted material returned at the conclusion of the investigation you must indicate that preference in writing when the material is produced, **and** the media on which it is provided *must* be encrypted.

Page | 2



# CFTC Data Delivery Standards
*Effective: May 27, 2016*

---

13. All production data containing sensitive or personally identifiable information must be encrypted using FIPS 140 compliant software.
14. <u>Provide passwords for all password-protected files or hardware in a separate transmittal.</u>
15. All productions should be checked and produced free of computer viruses and malware. Productions containing viruses or malware may not be accepted and will require a new production.
16. If the production is created using Relativity, Duplicate Spare = No must not be applied.

## Electronic Discovery Protocols

If a producing party wants to employ winnowing techniques to reduce the volume of production material, then consultation with the CFTC attorney is required to define and agree upon the requirements and applied technology.  Thereafter, all productions made to the CFTC should reference the established protocol.  Such methodologies may include, but are not limited to, the following criteria:

- Data Sources
- Custodians
- Date Range(s)
- Search Terms
- Deduplication
- Email Threading Usage
- Early Case Assessment (ECA) Usage
- Technology Assisted Review (TAR)
- Other Criteria, including alternative forms of analytics

## Delivery Formats

### I. Native File Production

Requirements for the production of native document files are listed below.

1. **Emails**: Emails and attachments must be produced as PST, NSF, DBX, MBOX, or MSG files. The file name must include the name of the email custodian.  When a production consists of multiple custodians, a separate PST (or similar file) should be produced for each custodian.
2. **Account Statements**: Account statements must be produced in the same format in which they were originally created and distributed.
3. **Instant Messages (IMs)**: IMs should be produced in .PST format or a delimited text file which must include, at a minimum, the following fields:
   1) DATE
   2) TIME
   3) FROM
   4) TO
   5) CONVERSATION_TEXT
   6) CONVERSATION_INDEX



# CFTC Data Delivery Standards
*Effective: May 27, 2016*

---

Multiple conversations must be produced in a single file and a conversation index or similar unique string must be used to identify all threads of the same conversation. Field names must be included in the first row of the text file.

4. **Audio Files**: Audio files from telephone recording systems must be produced in a format that is playable using Microsoft Windows Media Player™. Types of audio files that will be accepted include:
   - Nice Systems audio files (.aud). AUD files offer efficient compression and would be preferred over both NMF and WAV files.
   - Nice Systems audio files (.nmf).
   - WAV files
   - MP3, MP4
   - WMA
   - AIF

Produced audio files must be in a separate folder compared to other data in the production.

Additionally, the call information (metadata) related to each audio recording **must be produced if it exists**. The metadata must include, at a minimum, the following fields:
   1) CALLER_NAME or CALLER_ID:        Caller's name or identification number
   2) CALLING_NUMBER:                  Caller's phone number
   3) FILENAME:                        Filename of audio file
   4) DATE:                            Date of call
   5) TIME:                            Time of call
   6) CALLED_PARTY:                    Name of the party called
   7) CALLED_NUMBER:                   Called party's phone number

The filename is used to link the metadata to the produced audio file. The file name in the metadata and the file name used to identify the corresponding audio file must match exactly. The metadata file must be produced in delimited text format. Field names must be included in the first row of the text file. A sample .DAT file containing only a few fields for illustration purposes is depicted below:

```
Typeþþ Audio_Trimmedþþ CALLER_IDþþ CUSTODIANþþ DATEþþ TIMEþþ CALLED_NUMBERþþ
07/09/2007 09:33:03þþ Speakersþþþþ Doe, Janeþþ 07/09/2007þþ 09:32:42þþ
07/17/2007 09:17:36þþ Speakersþþþþ Doe, Janeþþ 07/17/2007þþ 09:17:24þþ
10/12/2007 08:13:12þþ Speakersþþþþ Doe, Janeþþ 10/12/2007þþ 08:12:47þþ
10/12/2007 08:18:51þþ Speakersþþþþ Doe, Janeþþ 10/12/2007þþ 08:18:19þþ
12/05/2007 07:12:14þþ Speakersþþþþ Doe, Janeþþ 12/05/2007þþ 07:11:58þþ
12/17/2007 08:40:17þþ Speakersþþþþ Doe, Janeþþ 12/17/2007þþ 08:40:09þþ
12/31/2007 09:39:12þþ Speakersþþþþ Doe, Janeþþ 12/31/2007þþ 09:39:00þþ
```

5. **Video Files**: Video files must be produced in a format that is playable using Microsoft Windows Media Player™ along with any available metadata. If it is known that the video files do not contain associated audio, indicate this in the accompanying transmittal letter. Types of video files accepted include:
   - MPG
   - AVI
   - WMV



# CFTC Data Delivery Standards
*Effective: May 27, 2016*

---

- MOV
- FLV

6. **Transcripts**: Legal transcripts must be produced electronically in manuscript form with line numbers and page numbers. The preferred format is plain text (ASCII), although LiveNote and Summation formats are acceptable.

## II. Imaged Collections

While the CFTC accepts imaged productions in addition to native formats, imaged productions without native formats are not permitted unless the original document only exists in hard copy form. When images are produced, they must comply with the requirements below.

***The use of file de-duplication methodologies in preparing productions is becoming more commonplace. If your production will be de-duplicated it is vital that you 1) preserve any unique metadata associated with the duplicate files, for example, custodian name, and, 2) make that unique metadata part of your production to the CFTC.***

Note: Adobe PDF files are **not** acceptable as imaged productions. PDF files are acceptable only when the document content was initially created as a PDF (e.g., fillable PDF forms) and not converted from another format.

1. **Images**

    a. Black and white images must be 300 DPI Group IV single-page TIFF files.
    b. Color images must be produced in JPEG format.
    c. File names cannot contain embedded spaces or special characters (including the comma).
    d. Folder names cannot contain embedded spaces or special characters (including the comma).
    e. All image files must have a unique file name.
    f. Images must be endorsed with sequential Bates numbers in the lower right corner of each image.
    g. The number of TIFF files per folder should not exceed 500 files.
    h. TIFF images of Excel spreadsheets are not useful for review purposes; because the imaging process can often generate thousands of pages per file, a placeholder image, named by the *IMAGEID* of the file, should be used instead, and the native Excel file should be produced.

2. **Concordance Image® Cross-Reference File**

    The image cross-reference file is needed to link the images to the database. It is a comma-delimited file consisting of seven fields per line. There must be a line in the cross-reference file for every image in the database.

    The format is as follows:

    *ImageKey,VolumeLabel,ImageFilePath,DocumentBreak,FolderBreak,BoxBreak,PageCount*



# CFTC Data Delivery Standards
*Effective: May 27, 2016*

---

*ImageKey:*     This is the unique designation that Concordance and Concordance Image and Relativity use to identify and retrieve an image. This value may be the same as the Bates number endorsed on each image.

*VolumeLabel:*     Leave this field empty.

*ImageFilePath:*     This is the full path to the image file on the produced storage media.

*DocumentBreak:*     This field is used to delineate the beginning of a new document. If this field contains the letter "Y," then this is the first page of a document. If this field is blank, then this page is not the first page of a document.

*FolderBreak:*     This field is used to delineate the beginning of a new folder in the same manner as the *DocumentBreak* field. If this information is not available, then it may be left empty.

*BoxBreak:*     This field is used to delineate the beginning of a new box in the same manner as the *DocumentBreak* and *FolderBreak* fields. If this information is not available, then it may be left empty.

*PageCount:*     Leave this field empty.

Sample:
```
LA-0000001,,E:\001\ LA-0000001.TIF,Y,,,
LA-0000002,,E:\001\ LA-0000002.TIF,,,,
LA-0000003,,E:\001\ LA-0000003.TIF,Y,,,
LA-0000004,,E:\001\ LA-0000004.TIF,,,,
LA-0000005,,E:\001\ LA-0000005.TIF,,,,
```

3. **Data File**

   The data file (.DAT) contains all of the fielded information that will be loaded into the *Concordance®* or *Relativity®* database.
   a. The first line of the .DAT file must be a header record identifying the field names.
   b. The .DAT file must use the following *Concordance®* default delimiters:
      Comma             ASCII character 20
      Quote    þ       ASCII character 254
      Newline    ®       ASCII character 174
   c. Date fields should be provided in the format: MM/DD/YYYY.
   d. If the production includes imaged emails and attachments, the attachment fields must be included to preserve the parent/child relationship between an email and its attachments.
   e. A TEXTPATH field must be included to provide the file path and name of the extracted text file on the produced storage media. The text file must be named after the Begno. Do not include the text in the .DAT file.
   f. For production with native files, a NATIVELINK field must be included to provide the file path and name of the native file on the produced storage media.

Page | 6



# CFTC Data Delivery Standards
*Effective: May 27, 2016*

---

  g. BegAtt and EndAtt fields must be two separate fields.
  h. DateSent and TimeSent fields must be two separate fields.
  i. All text and metadata associated with the document collection must be produced.

Sample of .DAT file (only includes a sample of fields)

```
þBegnoþþBegAttachþþEndAttachþþFileDescripþþFilenameþþRecordTypeþ
þEML-0030437þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþ
þEML-0030438þþþþþþOutlook Data FileþþRE: Your Question.htmþþ
þEML-0030439þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþ
þEML-0030440þþþþþþOutlook Data FileþþLook.htmþþE-MAILþþ
þEML-0030441þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþ
þEML-0030442þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþ
þEML-0030443þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþ
þEML-0030444þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþ
þEML-0030445þþþþþþOutlook Data FileþþATTN.htmþþE-MAILþþ
þEML-0030446þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþ
þEML-0030447þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþ
þEML-0030448þþþþþþOutlook Data FileþþQuestion Fill Out Form.htmþþ
```

The metadata for the document collection should be provided in a .DAT file using the field definition and formatting described below:

| Field | Description | Field Type | Required |
|---|---|---|---|
| Begno | Displays the document identifier of the first page in a document or the entire document of an E-Doc. | Text | Yes |
| Endno | Page ID of the last page in a document (for image collections only). | Text | Yes for Image Collections |
| BegAttach | Displays the document identifier of a parent record. Must be separate from EndAttach field. | Text | If it Exists |
| EndAttach | Displays the document identifier of the last attached .document in a family. Must be separate from BegAttach field. | Text | If it Exists |
| PgCount | Number of pages in a document (for image collections only). | Text | Yes for Image Collections |
| FileDescription | Description of a native file type. | Text | Yes |
| Filename | Original filename of a native file, | Text | Yes for Documents |
| RecordType | Displays the record type for each entry in the load file. | Text | Yes |
| ParentID | Displays the document identifier of the attachment record's parent (only for attachments). | Text | If it Exists |
| NumAttach | Total number of records attached to the | Text | If it Exists |



# CFTC Data Delivery Standards
*Effective: May 27, 2016*

| Field | Description | Field Type | Required |
|---|---|---|---|
| | document. The value will always be 0 (zero) for the actual attachment records. | | |
| Attachmt | Populates parent records with document identifier of each attached record and is separated by semi-colons. | Text | If it Exists |
| Custodian | The owner of the record. | Text | Yes |
| From | Author of the e-mail message. | Text | Yes for email |
| To | Main recipient(s) of the e-mail message. | Text | Yes for email |
| CC | Recipient(s) of "Carbon Copies of the e-mail message. | Text | If it Exists |
| BCC | Recipient(s) of "Blind Carbon Copies" of the e-mail message. | Text | If it Exists |
| EMail_Subject | Subject of the e-mail message. | Paragraph | Yes for email |
| DateSent | Sent date of an e-mail message.  Must be separate from TimeSent field. | MM/DD/YYYY | Yes for email |
| TimeSent | Time the e-mail message was sent. Must be separate from DateSent field. | Text | Yes for email |
| IntMsgID | Internet Message ID assigned to an e-mail message by the outgoing mail server. | Text | If it Exists |
| ConversationIndex | This is a 44 character string of numbers and letters that is created in the initial email and which as 10 characters added for each reply or forward of an email. | Text | Yes for email |
| Conversation Family | E-mail thread identification.  Relational field for Conversion threads. | Text | Yes for email |
| EntryID | Unique identifier of e-mails in mail stores. | Text | If it Exists |
| Author | Author value pulled from metadata of the native file. | Text | If it Exists |
| Organization | Company extracted from metadata of the native file. | Text | If it Exists |
| Subject | Subject value extracted from metadata of the native file. | Paragraph | If it Exists |
| DateCreated | Creation date of the native file. | MM/DD/YYYY | If it Exists |
| DateLastMod | Date the native file was last modified. | MM/DD/YYYY | If it Exists |
| DateLastPrnt | Date the native file was last printed. | MM/DD/YYYY | If it Exists |
| MD5Hash | MD5 hash value. | Text | Yes |
| EDSource | Fully qualified original path to the source folder, files, and/or mail stores. | Text | Yes |
| NativeFile | Hyperlink to the native file. | Text | Yes |
| Textpath | Extracted text path. | Paragraph | Yes |
| Imagkey | Page ID of the first page of a document (for image collections only). Should be the same as the Begno field. | Paragraph | Yes |
| + Any other fields considered relevant by the producing party. | | | |



# CFTC Data Delivery Standards
*Effective: May 27, 2016*

---

4. **Text**

    Text must be produced as separate text files, not as fields within the .DAT file. If text is included in the .DAT file as a field, the production will be rejected. Extracted text must be in a separate folder, one text file per document. The files must be named the same as the Begno field. The number of files per folder should not exceed 500 files. There should be no special characters (including commas in the folder names).

5. **Linked Native Files**

    Copies of original email and native file documents/attachments must be included for all electronic productions.
    a. Native file documents must be named per the Begno field.
    b. The full path of the native file must be provided in the .DAT file for the NativeFile field.
    c. The number of native files per folder should not exceed 500 files.
    d. There should be no special characters (including commas in the folder names).

III. **Productions of Adobe PDF Files**

PDF files are not substitutions for native files, as metadata is lost when PDFing native files. PDF productions that are produced as native productions will be rejected unless the files were originally created using Adobe (e.g., fillable electronic PDF forms) or prior agreement is reached with the designated CFTC attorney. In those exceptions, PDF productions should adhere to the following guidelines:

1. PDF files should be produced in separate folders named by the custodian. The folders should not contain any special characters (including commas).
2. All PDFs must be unitized at the document level, i.e., each PDF should represent a discrete document; **a PDF cannot contain multiple documents. PDF packages will be rejected.**
3. All PDF files must contain embedded text that includes all discernible words within the document, not selected text or image only. This requires all layers of the PDF to be flattened first.
4. If PDF files are Bates endorsed, the PDF files must be named by the Bates range.

IV. **Productions of Website Content**

Website content must be produced in native format and viewable in common web browsers (e.g. Internet Explorer, Mozilla Firefox, and Google Chrome) without the use of any additional third party software. If the only existing state of a website is in source code form, the party must produce a fully compiled version of the website in addition to the website source code with documentation of the process used to render, compile, and/or restore the website to an easily viewable form.



# CFTC Data Delivery Standards
*Effective: May 27, 2016*

---

V. **Productions of Forensic Images of Computer Media**

Forensic images must be produced in a common/standard format to include (E01, Ex01, L01, Lx01, AD1, Raw Bitstream, and S01). An inventory of any original computer media must be provided with the image files. All associated log files from any forensic acquisition must be produced with the image files. The log files must contain a hash value, at a minimum (MD5, SHA-1, or higher), for authentication purposes. A chain of custody document must be provided to ensure the integrity of any digital evidence.

VI. **Productions of Forensically Acquired Mobile Device Data**

Forensically acquired mobile device data must be provided in the original format of the software/hardware used to capture the data. All original logs and authentication reports must also be provided with the respective data.

VII. **FTP (File Transfer Protocol) Submission**

The preferred method for producing data is via FTP. The CFTC has an FTP site set up that will allow transfer of data up to 2 GB per transmission.

Contact the CFTC attorney or paralegal for the particular matter in order to use FTP to deliver data. Once this method is agreed upon, you will receive two emails. One email will have instructions on using the FTP site; the other will contain a password for accessing the site.