| | |
|---|---|
| **From:** | Patrick McDonnell |
| **To:** | Hurand, Gates |
| **Cc:** | de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher |
| **Subject:** | Re: Hi Gates, I"m burning the candle at both ends. Can you please file this letter ECF in the morning. TY, Patrick - RE: LETTER TO THE HONORABLE JACK B. WEINSTEIN |
| **Date:** | Wednesday, May 23, 2018 12:33:35 AM |

Basically either way or the other the above should be filed later this morning. TY

On Wed, May 23, 2018 at 12:32 AM, Patrick McDonnell <18.cv.00361@gmail.com> wrote:
Hi Gates, I see Docket #89 maybe earlier filings? If not, if so, please file the above in the morning. TY, Patrick

 Virus-free. www.avg.com

On Tue, May 22, 2018 at 9:42 PM, Patrick McDonnell <18.cv.00361@gmail.com> wrote:

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

_____

COMMODITY FUTURES TRADING

COMMISSION,                                   Case No. 18-CV-00361 (JBW)

(RLM)

        Plaintiff,

                                              **LETTER TO THE HONORABLE**

**JUDGE**

        v.                                         **JACK B. WEINSTEIN**

PATRICK K. MCDONNELL,

and CABBAGETECH, CORP. d/b/a COIN

DROP MARKETS,

        Defendants.

_____

<u>VIA ECF</u>
The Honorable Jack B. Weinstein
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Dear Judge Weinstein:

**MAY THE COURT PLEASE TAKE IMMEDIATE NOTICE AND CONCERN;** *Defendant again,* respectfully requests a **"complete dismissal"** of Plaintiff *incorrectly* and *unfairly* placed Claim *on the following grounds backed by* filed **Motion To Dismiss and Accompanying Documents/Exhibits; (1-1p) accordingly, [Docket(s) #86, #87, ETC.]**. Plaintiff use of Section 6(c)(1) is *'unambiguous'* and *'broad'* in it's *misrepresentation* and *misuse* of language. Defendant alleged retail *commodity/virtual currency* spot transaction(s) which settled *"instant", "on the spot",* and in *"real-time"* transparently on what is called an **"open-source" blockchain ledger** qualify for the **CEA 2 day "ACTUAL DELIVERY EXEMPTION"**. *Plaintiff has introduced alleged Defendant blockchain ledger/transaction records to the Court as evidence proving **"instantaneous settlement transparently displayed on numerous public blockchains"** qualifying for an **'exemption'** under the CEA;* **"ACTUAL DELIVERY EXEMPTION"**. *In traditional commodity transactions qualifying for an 'exemption' under the "ACTUAL DELIVERY EXEMPTION" is 28 day settlement. However*, with Bitcoin, Litecoin, and/or Virtual Currency; ***(The CFTC does not have jurisdiction over "spot" transactions that "[result] in actual delivery within 2 days."). This boundary has been recognized by the CFTC.*** <u>Id.</u> "*Section 6(c)(1) 'does not' cover retail commodity spot transaction fraud "in the absence of derivative market manipulation"."* [quoting at 2018 WL 2110935 at *7 (4).] *Further*, Defendant alleged retail *commodity/virtual currency* spot transactions are not even remotely characterized under the ACTUAL DELIVERY EXEMPTION definition of *"leveraged", "margined",* and/or *"financed".* Defendant alleged Bitcoin, Litecoin, and/or Virtual Currency retail *commodity/virtual currency* spot

transactions were **'FULLY PAID TYPE'** *"without'* the use of *"leverage", "margin",* and/or *"financing"* clearly **'*defined*'** and **'*stated as fact'*** in Plaintiff Complaint [Docket #1]. Defendant was a **"RECEIVER"** not **"BUYER"** and Member/Subscriber was a **"SPENDER"** not **"SELLER"** of Bitcoin, Litecoin, and/or Virtual Currency for **'*services rendered'*** as an **alternative payment form** to traditional means **[*Ex: Credit/Debit Card, PayPal...*]** in an effort to compliment members/subscribers looking to purchase *memberships/subscriptions, informational services, trading advice,* and/or *trading/alerts* in an **array of traditional financial sectors** "NOT" just Virtual Currency coverage as Plaintiff falsely claims in Complaint. *Plaintiff Complaint is absent of and fails to state 'any' claim to legally have personal/subject-matter jurisdiction over Defendant alleged retail commodity/virtual currency spot transactions as Defendant more than satisfied the 'actual delivery' requirement of a 2 day boundary recognized by the CFTC.* Section 6(c)(1) and all attached sections/subsections do not apply to Defendant alleged retail commodity/virtual currency spot transactions as it would "*nullify*" and "*void*" current CEA '2' and/or '28' day ACTUAL DELIVERY EXEMPTION.

## EXISTING CASE FACTS

**JACK B. WEINSTEIN, Senior United States District Judge [March 06, 2018] MEMORANDUM & ORDER**

==**"Quoting" Section I. INTRODUCTION (A).**==
**A. Commodity Futures Trading Commission ("CFTC") Standing**
Id. *"The primary issue raised at the outset of this litigation is whether CFTC has standing to sue defendants on the theory that they have violated the CEA. Title 7 U.S.C. § 1. Presented are two questions that determine the **plaintiff's standing**: (1) whether virtual currency may be regulated by the CFTC as a commodity; and* ==*(2) whether the amendments to the CEA under the Dodd-Frank Act permit the CFTC to exercise its jurisdiction over fraud that does not directly involve the sale of futures or derivative contracts."*== [quoting at I. Introduction (A)]

==**"Quoting" Section 2(D).**==
**D. Appropriate Research by Court**
Id. *"In deciding jurisdictional, standing and other issues fundamental to the present litigation, the court has engaged in extensive background research, but not on the specific frauds charged. This is appropriate.*

***The ABA has issued the following opinion related to individual research by the court:***

*Easy access to a vast amount of information available on the Internet exposes judges to potential ethical problems. Judges risk violating the Model Code of Judicial Conduct by searching the Internet for information related to participants or facts in a proceeding. Independent investigation of adjudicative facts generally is prohibited unless the information is properly subject to judicial notice. The restriction on independent investigation includes individuals subject to the judge's direction and control.*

Committee on Ethics and Responsibility, *Independent Factual Research by Judges Via Internet*, Formal Opinion 478, Dec. 8, 2017 (ABA) (emphasis added).

*It is appropriate and necessary for the judge to do research required by a case in order to understand the context and background of the issues involved so long as the judge indicates to the parties the research and conclusions, by opinions and otherwise, so they may contest and clarify. See Abrams, Brewer, Medwed, et al., Evidence Cases and Materials (10th Ed. 2017) (Ch. 9 "Judicial Notice"). It would be a misapprehension of the ABA rule to conclude otherwise.*

***Adjudicative facts involving defendants' alleged activities have not been the subject of investigation by the court, except at an evidentiary hearing. See Hr'g Tr., Mar. 6, 2018. VI. Conclusion"*** [quoting at 2(D)].

**"Quoting" Section 1(e).**
**e. Regulation of Spot Market Fraud**
Id. *"CFTC does not have regulatory authority over simple quick cash or spot transactions that do not involve fraud or manipulation. Title 7 U.S.C. § 2(c)(2)(C)(i)(II)(bb)(AA) (The CFTC does not have jurisdiction over "spot" transactions that "[result] in actual delivery within 2 days."). This boundary has been recognized by the CFTC. It has not attempted to regulate spot trades, unless there is evidence of manipulation or fraud. See App. C, CFTC Chair, Congressional Testimony* **("[T]he CFTC does not have authority to conduct regulatory oversight over spot virtual currency platforms or other cash commodities, including imposing registration requirements, surveillance and monitoring, transaction reporting, compliance with personnel conduct standards, customer education, capital adequacy, trading system safeguards, cyber security examinations or other requirements.")***."* [quoting at Regulation of Spot Market Fraud 1(e).]

*Defendant moves the Court again very respectfully to **'completely dismiss'** Plaintiff Complaint and alleged Count(s)* **'with prejudice'** **"Specifically"**; **Count**

**1--Fraud by Deceptive Device or Contrivance; Violations of § 6(c)(1) of the Act and Regulation 180.1 (a).** citing Plaintiff lack of; **Subject-matter jurisdiction** (pursuant to Rule 12 (b)(1), Fed. R. Civ. P.) and/or **Personal Jurisdiction** (pursuant to Rule 12 (b)(2), Fed. R. Civ. P.) and **specifically** for Plaintiff **Failure to state a claim upon relief can be granted** (pursuant to Rule 12 (b)(6), Fed. R. Civ. P.). Defendant alleged transactions qualify under **the CEA "2 day Virtual Currency ACTUAL DELIVERY EXEMPTION"** and Plaintiff *'unambiguous'* and *'broad'* misrepresentation and *misuse* of Section 6(c)(1) language *"in the absence of derivative market manipulation."* fails to state a claim in 'any' manner. Plaintiff is not afforded regulatory jurisdiction of 'any' sort over Defendant alleged Bitcoin, Litecoin, and/or Virtual Currency transactions, again, rendering Plaintiff Complaint dismissive Your Honor. ***"Defendant has clearly agreed with the Court on March 06, 2018 that Bitcoin is a commodity that has never been the theory of Defendant argument, Defendant argument has been steadfast in his belief Plaintiff is operating outside their regulatory jurisdictional scope with no claim of Defendant business/personal transaction activities."*** Defendant pleads to the Court to take immediate notice that Plaintiff Claim is incorrectly and unfairly placed upon Defendant lacking jurisdiction.

Id. quoting *"If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action."* at Fed. R. Civ. P. Rule 12 (h)(3).

*Defendant prays for immediate relief of the Court as this Complaint has negatively affected, altered, and infected every aspect of both his business and personal his life.*

May 23, 2018

/s/ Patrick K. McDonnell

_____

Defendant/Pro Se

Prepared By: Patrick K. McDonnell "Pro Se"

20 Rawson Place, Staten Island, NY 10314

Telephone: (718) 524-6312 Email: cdm@gmx.us

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not

the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

 Virus-free. www.avg.com

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.


--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.