| | |
|---|---|
| **From:** | Patrick McDonnell |
| **To:** | Hurand, Gates |
| **Cc:** | de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher |
| **Subject:** | Re: Hi Gates, Please file this ECF too getting ready to call Clerks now. TY, Patrick - DEFENDANT RE: REPLY TO DOCKET #88; REQUEST FOR IMMEDIATE EMERGENCY RELIEF OF COURT; JUDICIAL STATUTORY INTERPRETATION OF CEA NEEDED |
| **Date:** | Wednesday, May 23, 2018 10:04:16 AM |

Hi Gates, Please let me know when this and other are filed. Hey David if you can help would be appreciated. TY, Patrick P.S. I CC'd all on ECF requests.

Virus-free. www.avg.com

On Wed, May 23, 2018 at 9:56 AM, Patrick McDonnell <18.cv.00361@gmail.com> wrote:

> UNITED STATES DISTRICT COURT
>
> EASTERN DISTRICT OF NEW YORK
>
> _____
>
> COMMODITY FUTURES TRADING
>
> COMMISSION,                                                             Case No. 18-CV-00361 (JBW)
>
> (RLM)
>
>                         Plaintiff,
>
>                                                                  **DEFENDANT REPLY TO DOCKET #88;**
>
> **REQUEST**
>
>             v.                                          **FOR IMMEDIATE EMERGENCY RELIEF OF**
>
> **COURT;**
>
>                                                          **JUDICIAL STATUTORY INTERPRETATION OF CEA**
>
> **NEEDED**

PATRICK K. MCDONNELL,

and CABBAGETECH, CORP. d/b/a COIN

DROP MARKETS,

                Defendants.

_____

<u>VIA ECF</u>

The Honorable Jack B. Weinstein

United States District Judge

United States District Court for the

Eastern District of New York

225 Cadman Plaza East

Brooklyn, New York 11201

Dear Judge Weinstein:

I am a Defendant in the above referenced matter writing you concerning **Docket #88 - SCHEDULING ORDER** re 7/9/2018 Evidentiary Hearing. *At this date the court will hear defendant's motion for reconsideration of the court's order denying his motion to dismiss. Ordered by Judge Jack B. Weinstein on 5/21/2018. Your Honor,* I

am extremely blessed and grateful of the court's decision to allow me reconsideration in hearing my motion to dismiss on July 9, 2018. *However,* the date of said reconsideration concerns me as Plaintiff complaint should be dismissed *forthwith* according to Fed. R. Civ. P. Rule 12 (h)(3). Defendant respectfully requests a hearing date on motion to dismiss prior July 09, 2018 as it is of emergency nature to Defendant due process rights being violated under Plaintiff charges without claim and incorrect jurisdiction, Your Honor. *With all due respect to the Court,* I have never been afforded the complete opportunity to plead my first motion to dismiss at March 06, 2018 hearing verifiable in court minutes. I was asked a question of whether Bitcoin was a commodity which was the topic at hand and it was dismissed with no true opportunity to argue my points. *With that said,* I was civil law illiterate as the court had understood with no idea of '*how*' or '*what*' to argue being a paid attorney was out of my budget, *still is*, I am representing myself Pro Se in an effort to receive fair and unbiased due process throughout all of this at times seems to no avail. I feel my civil rights have been ignored/violated many times unjustly while Plaintiff is afforded false jurisdictional powers over a claim they should not be afforded by written law/statute quoted in previous filings on behalf of Defendant. *Defendant declares that the court has acted appropriately in regards to extensive background research in regards to Bitcoin being defined as a commodity, yet, as the court has stated:*

**JACK B. WEINSTEIN, Senior United States District Judge [March 06, 2018] MEMORANDUM & ORDER;**

*"In deciding jurisdictional, standing and other issues fundamental to the present litigation, the court has engaged in extensive background research,* **but not on the specific fraud charged.** *This is appropriate and Defendant concurs. However,"***the specific fraud charged jurisdiction is undoubtedly incorrect and in question."**

The **primary issue** raised in the beginning of this case were whether the Plaintiff had standing to sue Defendants' in **'theory'** that they have violated the CEA which they did not as noted in Defendant Letters/Motion to the court respectively.

*Presented are **two questions** to determine the Plaintiff's standing:*

1. **Whether virtual currency may be regulated by the Plaintiff as a commodity?** The answer is YES without Defendant disputing such fact.

2. **Whether the amendments to the CEA under the Dodd-Frank Act permit the Plaintiff to exercise jurisdiction over fraud that does not directly involve the sale of futures or derivative contracts?** The answer is NO with Defendant disputing such fact.

Defendant respectfully moves the court to engage in extensive background research on Plaintiff **"specific fraud charges"** filed against Defendant [Docket #1] in an effort to interpret and apply statutory jurisdiction language/law properly vs. speculate on Plaintiff theories. Defendant declares this an emergency being improperly charged. Defendant has been forced to file Chapter 7; Personal Bankruptcy, Lost his wife of 26 years, The respect of his children, family, and friends, Suffers a tarnished business reputation via online slaughter of his name rendering him unemployable, financially and physically destitute due to Plaintiff fabricated complaint improperly imposed.

*Defendant seeks;* **EMERGENCY RELIEF OF THE COURT FOR JUDICIAL STATUTORY INTERPRETATION OF CEA LAW  AS ANYTHING OTHER WOULD FURTHER VIOLATE DEFENDANT CIVIL/DUE PROCESS RIGHTS AFFORDED UNDER THIS COURT AND FEDERAL LAW. DEFENDANT/FAMILY CIVIL [] RIGHTS ARE BEING VIOLATED DAILY BY PLAINTIFF VIA DISCOVERY THAT SHOULD BE STAYED UNTIL RESOLUTION OF GOVERNING STATUTES IS CLARIFIED BY THIS COURT. PLAINTIFF HAS BEEN CORRECTED BY THIS COURT ON RECORD FOR ACTING UNDER GUISE AND GOING OUT OF THE SCOPE OF A COURT ORDER WHILE MISLEADING AND MISREPRESENTING**

**SAID ORDER INACCURATELY TO DEFENDANT IN AN EFFORT TO GAIN DISCOVERY ILLEGALLY. [CHIEF JUDGE MAGISTRATE JUDGE MANN] PLAINTIFF CONTINUES TO GO OUTSIDE THE LIMITS OF DISCOVERY AS NOTED IN DEFENDANT LETTERS [Docket(s) #84, #85] TO JUDGE MANN. FOR THE COURT TO ALLOW PLAINTIFF TO CONTINUE DISCOVERY BY DECEPTION IMPOSING ILLEGAL HARASSMENT ON DEFENDANT/FAMILY IS A MISCARRIAGE OF JUSTICE ABSENT A CLEAR DEFINITION OF STATUTORY LAW AND JURISDICTION. [CASE SHOULD BE STAYED.]**_FORTHWITHPOSSIBLY CONSTITUTIONAL?RESPECTFULLY SAID,_

Id. quoting *"If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action."* at Fed. R. Civ. P. Rule 12 (h)(3).

*Defendant prays for immediate emergency relief of the Court as judicial statutory interpretation of the CEA is merited for any type of due process to occur.*

May 23, 2018

/s/ Patrick K. McDonnell

_____

Defendant/Pro Se

Prepared By: Patrick K. McDonnell "Pro Se"

20 Rawson Place, Staten Island, NY 10314

Telephone: (718) 524-6312 Email: [cdm@gmx.us](mailto:cdm@gmx.us)

This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

Virus-free. [www.avg.com](www.avg.com)

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.