**de Urioste, Alejandra**

| | |
|---|---|
| **From:** | Patrick McDonnell <18.cv.00361@gmail.com> |
| **Sent:** | Tuesday, May 22, 2018 4:59 PM |
| **To:** | Hurand, Gates |
| **Cc:** | de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher |
| **Subject:** | Hi Gates, Please File ECF With The Court Attached To Docket #86 Like You Did Earlier. TY, Patrick - RE: Docket #86 Appropriate Research by Court [Supporting Exhibit 1n] |

RE: Docket #86 Appropriate Research by Court [Supporting Exhibit 1n]

## RE: Docket #86 Appropriate Research by Court [Supporting Exhibit 1n]

## RE: *UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK (6 Mar, 2018)*

*PATRICK K. MCDONNELL, and CABBAGETECH, CORP. d/b/a COIN DROP MARKETS,*

**JACK B. WEINSTEIN, Senior United States District Judge**

**MEMORANDUM & ORDER [Exhibit 1n]**

**"Quoting" Section 2(D).**


**D. Appropriate Research by Court**

Id. ***"In deciding jurisdictional, standing and other issues fundamental to the present litigation, the court has engaged in extensive background research, but not on the specific frauds charged. This is appropriate.***

***The ABA has issued the following opinion related to individual research by the court:***

> *Easy access to a vast amount of information available on the Internet exposes judges to potential ethical problems. Judges risk violating the Model Code of Judicial Conduct by searching the Internet for information related to participants or facts in a proceeding. Independent investigation of adjudicative facts generally is prohibited unless the information is properly subject to judicial notice. The restriction on independent investigation includes individuals subject to the judge's direction and control.* Committee on Ethics and Responsibility, *Independent Factual Research by Judges Via Internet*, Formal Opinion 478, Dec. 8, 2017 (ABA) (emphasis added).

*It is appropriate and necessary for the judge to do research required by a case in order to understand the context and background of the issues involved so long as the judge indicates to the parties the research and conclusions, by opinions and otherwise, so they may contest and clarify. See Abrams, Brewer, Medwed, et al., Evidence Cases and Materials (10th Ed. 2017) (Ch. 9 "Judicial Notice"). It would be a misapprehension of the ABA rule to conclude otherwise.*

***Adjudicative facts involving defendants' alleged activities have not been the subject of investigation by the court, except at an evidentiary hearing. See Hr'g Tr., Mar. 6, 2018. VI.***

***Conclusion"* [quoting at 2(D)].**

--

This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

 Virus-free. www.avg.com

**de Urioste, Alejandra**

---

| | |
|---|---|
| **From:** | Patrick McDonnell <18.cv.00361@gmail.com> |
| **Sent:** | Tuesday, May 22, 2018 5:02 PM |
| **To:** | Hurand, Gates |
| **Cc:** | de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher |
| **Subject:** | Re: Hi Gates, Please File ECF With The Court Attached To Docket #86 Like You Did Earlier. TY, Patrick - RE: Docket #86 Appropriate Research by Court [Supporting Exhibit 1n] |

I need to edit this one second Gates.

On Tue, May 22, 2018 at 4:59 PM, Patrick McDonnell <18.cv.00361@gmail.com> wrote:
RE: Docket #86 Appropriate Research by Court [Supporting Exhibit 1n]

### RE: Docket #86 Appropriate Research by Court [Supporting Exhibit 1n]

**RE:** *UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK (6 Mar, 2018)*

*PATRICK K. MCDONNELL, and CABBAGETECH, CORP. d/b/a COIN DROP MARKETS,*

**JACK B. WEINSTEIN, Senior United States District Judge**

**MEMORANDUM & ORDER <mark>[Exhibit 1n]</mark>**

**"Quoting" Section 2(D).**

### D. Appropriate Research by Court

<u>Id.</u> **"In deciding jurisdictional, standing and other issues fundamental to the present litigation, the court has engaged in extensive background research, but not on the specific frauds charged. This is appropriate.**

*The ABA has issued the following opinion related to individual research by the court:*

> *Easy access to a vast amount of information available on the Internet exposes judges to potential ethical problems. Judges risk violating the Model Code of Judicial Conduct by searching the Internet for information related to participants or facts in a proceeding. Independent investigation of adjudicative facts generally is prohibited unless the information is properly subject to judicial notice. The restriction on independent investigation includes individuals subject to the judge's direction and control.* Committee on Ethics and Responsibility, *Independent Factual Research by Judges Via Internet*, Formal Opinion 478, Dec. 8, 2017 (ABA) (emphasis added).

*It is appropriate and necessary for the judge to do research required by a case in order to understand the context and background of the issues involved so long as the judge indicates to the parties the research and conclusions, by opinions and otherwise, so they may contest and clarify. See Abrams,*

1

*Brewer, Medwed, et al., Evidence Cases and Materials (10th Ed. 2017) (Ch. 9 "Judicial Notice"). It would be a misapprehension of the ABA rule to conclude otherwise.*

***Adjudicative facts involving defendants' alleged activities have not been the subject of investigation by the court, except at an evidentiary hearing. See Hr'g Tr., Mar. 6, 2018. VI. Conclusion"*** **[quoting at 2(D)].**

--

This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

 Virus-free. [www.avg.com](http://www.avg.com)

--

This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

**de Urioste, Alejandra**

___

| | |
|---|---|
| **From:** | Patrick McDonnell <18.cv.00361@gmail.com> |
| **Sent:** | Tuesday, May 22, 2018 5:05 PM |
| **To:** | Hurand, Gates |
| **Cc:** | de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher |
| **Subject:** | Re: [EDITED VERSION O.K. TO FILE] Hi Gates, Please File ECF With The Court Attached To Docket #86 Like You Did Earlier. TY, Patrick - RE: Docket #86 Appropriate Research by Court [Supporting Exhibit 1n] |

This is the edited O.K. to file. TY

On Tue, May 22, 2018 at 5:03 PM, Patrick McDonnell <18.cv.00361@gmail.com> wrote:
RE: Docket #86 Appropriate Research by Court [Supporting Exhibit 1n]

### RE: Docket #86 Appropriate Research by Court [Supporting Exhibit 1n]

**RE:** *UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK (6 Mar, 2018)*

*COMMODITY FUTURES TRADING COMMISSION vs. PATRICK K. MCDONNELL, and CABBAGETECH, CORP. d/b/a COIN DROP MARKETS,*

**JACK B. WEINSTEIN, Senior United States District Judge**

**MEMORANDUM & ORDER <mark>[Exhibit 1n]</mark>**

**"Quoting" Section 2(D).**

### D. Appropriate Research by Court

Id.  **"In deciding jurisdictional, standing and other issues fundamental to the present litigation, the court has engaged in extensive background research, but not on the specific frauds charged. This is appropriate.**

***The ABA has issued the following opinion related to individual research by the court:***

> *Easy access to a vast amount of information available on the Internet exposes judges to potential ethical problems. Judges risk violating the Model Code of Judicial Conduct by searching the Internet for information related to participants or facts in a proceeding. Independent investigation of adjudicative facts generally is prohibited unless the information is properly subject to judicial notice. The restriction on independent investigation includes individuals subject to the judge's direction and control.* Committee on Ethics and Responsibility, *Independent Factual Research by Judges Via Internet*, Formal Opinion 478, Dec. 8, 2017 (ABA) (emphasis added).

*It is appropriate and necessary for the judge to do research required by a case in order to understand the context and background of the issues involved so long as the judge indicates to the parties the research and conclusions, by opinions and otherwise, so they may contest and clarify. See Abrams,*

1

*Brewer, Medwed, et al., Evidence Cases and Materials (10th Ed. 2017) (Ch. 9 "Judicial Notice"). It would be a misapprehension of the ABA rule to conclude otherwise.*

**Adjudicative facts involving defendants' alleged activities have not been the subject of investigation by the court, except at an evidentiary hearing. See Hr'g Tr., Mar. 6, 2018. VI. Conclusion"** [quoting at 2(D)].

--

This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

 Virus-free. www.avg.com

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

**de Urioste, Alejandra**

| | |
|---|---|
| **From:** | Patrick McDonnell <18.cv.00361@gmail.com> |
| **Sent:** | Tuesday, May 22, 2018 5:17 PM |
| **To:** | Hurand, Gates |
| **Cc:** | de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher |
| **Subject:** | Hi Gates, Please File ECF With The Court Attached To Docket #86 Like You Did Earlier As Well All Done. TY, Patrick - RE: Docket #86 Regulation of Spot Market Fraud [Supporting Exhibit 1o] |

**RE: Docket #86 Regulation of Spot Market Fraud [Supporting Exhibit 1o]**

**RE:** *UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK (6 Mar, 2018)*

*PATRICK K. MCDONNELL, and CABBAGETECH, CORP. d/b/a COIN DROP MARKETS,*

**JACK B. WEINSTEIN, Senior United States District Judge**

**MEMORANDUM & ORDER [Exhibit 1o]**

**"Quoting" Section 1(e).**

**e. Regulation of Spot Market Fraud**

Id. *"CFTC does not have regulatory authority over simple quick cash or spot transactions that do not involve fraud or manipulation. Title* 7 U.S.C. § 2(c)(2)(C)(i)(II)(bb)(AA) *(**The CFTC does not have jurisdiction over "spot" transactions that "[result] in actual delivery within 2 days.").** **This boundary has been recognized by the CFTC.** It has not attempted to regulate spot trades, unless there is evidence of manipulation or fraud. See App. C, CFTC Chair, Congressional Testimony ("[T]he CFTC does not have authority to conduct regulatory oversight over spot virtual currency platforms or other cash commodities, including imposing registration requirements, surveillance and monitoring, transaction reporting, compliance with personnel conduct standards, customer education, capital adequacy, trading system safeguards, cyber security examinations or other requirements.")."* [quoting at Regulation of Spot Market Fraud 1(e).]

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

Virus-free. www.avg.com

## de Urioste, Alejandra

| | |
|---|---|
| **From:** | Patrick McDonnell <18.cv.00361@gmail.com> |
| **Sent:** | Tuesday, May 22, 2018 5:18 PM |
| **To:** | Hurand, Gates |
| **Cc:** | de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher |
| **Subject:** | Re: Hi Gates, Please File ECF With The Court Attached To Docket #86 Like You Did Earlier As Well All Done. TY, Patrick - RE: Docket #86 Regulation of Spot Market Fraud [Supporting Exhibit 1o] |

One second Gates sorry have to edit this one too.

On Tue, May 22, 2018 at 5:17 PM, Patrick McDonnell <18.cv.00361@gmail.com> wrote:
**RE: Docket #86 Regulation of Spot Market Fraud [Supporting Exhibit 1o]**

**RE:** *UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK (6 Mar, 2018)*

*PATRICK K. MCDONNELL, and CABBAGETECH, CORP. d/b/a COIN DROP MARKETS,*

**JACK B. WEINSTEIN, Senior United States District Judge**

**MEMORANDUM & ORDER** ==[Exhibit 1o]==

**"Quoting" Section 1(e).**


**e. Regulation of Spot Market Fraud**

Id. *"CFTC does not have regulatory authority over simple quick cash or spot transactions that do not involve fraud or manipulation. Title 7 U.S.C. § 2(c)(2)(C)(i)(II)(bb)(AA)* **(The CFTC does not have jurisdiction over "spot" transactions that "[result] in actual delivery within 2 days."). This boundary has been recognized by the CFTC.** *It has not attempted to regulate spot trades, unless there is evidence of manipulation or fraud. See App. C, CFTC Chair, Congressional Testimony (**"[T]he CFTC does not have authority to conduct regulatory oversight over spot virtual currency platforms or other cash commodities, including imposing registration requirements, surveillance and monitoring, transaction reporting, compliance with personnel conduct standards, customer education, capital adequacy, trading system safeguards, cyber security examinations or other requirements.").*** [quoting at Regulation of Spot Market Fraud 1(e).]

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

Virus-free. www.avg.com

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

**de Urioste, Alejandra**

| | |
|---|---|
| **From:** | Patrick McDonnell <18.cv.00361@gmail.com> |
| **Sent:** | Tuesday, May 22, 2018 5:20 PM |
| **To:** | Hurand, Gates |
| **Cc:** | de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher |
| **Subject:** | EDITED VERSION O.K. TO FILE. TY Hi Gates, Please File ECF With The Court Attached To Docket #86 Like You Did Earlier As Well All Done. TY, Patrick - RE: Docket #86 Regulation of Spot Market Fraud [Supporting Exhibit 1o] |

**RE: Docket #86 Regulation of Spot Market Fraud [Supporting Exhibit 1o]**

**RE:** *UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK (6 Mar, 2018)*

*COMMODITY FUTURES TRADING COMMISSION vs. PATRICK K. MCDONNELL, and CABBAGETECH, CORP. d/b/a COIN DROP MARKETS,*

**JACK B. WEINSTEIN, Senior United States District Judge**

**MEMORANDUM & ORDER [Exhibit 1o]**

**"Quoting" Section 1(e).**

**e. Regulation of Spot Market Fraud**

<u>Id.</u> *"CFTC does not have regulatory authority over simple quick cash or spot transactions that do not involve fraud or manipulation. Title 7 U.S.C. § 2(c)(2)(C)(i)(II)(bb)(AA)* **(The CFTC does not have jurisdiction over "spot" transactions that "[result] in actual delivery within 2 days."). This boundary has been recognized by the CFTC.** *It has not attempted to regulate spot trades, unless there is evidence of manipulation or fraud. See App. C, CFTC Chair, Congressional Testimony (*"**[T]he CFTC does not have authority to conduct regulatory oversight over spot virtual currency platforms or other cash commodities, including imposing registration requirements, surveillance and monitoring, transaction reporting, compliance with personnel conduct standards, customer education, capital adequacy, trading system safeguards, cyber security examinations or other requirements."**)."* [quoting at Regulation of Spot Market Fraud 1(e).]

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

Virus-free. www.avg.com

1

**de Urioste, Alejandra**

---

| | |
|---|---|
| **From:** | Patrick McDonnell <18.cv.00361@gmail.com> |
| **Sent:** | Tuesday, May 22, 2018 5:55 PM |
| **To:** | Hurand, Gates |
| **Cc:** | de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher |
| **Subject:** | Sorry Gates, Here is a 3rd. TY. RE: Docket #86 Commodity Futures Trading Commission ("CFTC") Standing; SECTION I. INTRODUCTION (A). [Supporting Exhibit 1p] |

**RE: Docket #86 Commodity Futures Trading Commission ("CFTC") Standing; SECTION I. INTRODUCTION (A). [Supporting Exhibit 1p]**

**RE:** *UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK (6 Mar, 2018)*

*COMMODITY FUTURES TRADING COMMISSION vs. PATRICK K. MCDONNELL, and CABBAGETECH, CORP. d/b/a COIN DROP MARKETS,*

**JACK B. WEINSTEIN, Senior United States District Judge**

**MEMORANDUM & ORDER [Exhibit 1p]**

**"Quoting" Section I. INTRODUCTION (A).**


**A. Commodity Futures Trading Commission ("CFTC") Standing**


Id.  *"The primary issue raised at the outset of this litigation is whether CFTC has standing to sue defendants on the theory that they have violated the CEA. Title 7 U.S.C. § 1. Presented are two questions that determine the plaintiff's standing: (1) whether virtual currency may be regulated by the CFTC as a commodity; and (2) whether the amendments to the CEA under the Dodd-Frank Act permit the CFTC to exercise its jurisdiction over fraud that does not directly involve the sale of futures or derivative contracts."* [quoting at I. Introduction (A)]

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

---

Virus-free. www.avg.com

**de Urioste, Alejandra**

| | |
|---|---|
| **From:** | Patrick McDonnell <18.cv.00361@gmail.com> |
| **Sent:** | Tuesday, May 22, 2018 6:01 PM |
| **To:** | Hurand, Gates |
| **Cc:** | de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher |
| **Subject:** | Re: Sorry Gates, Here is a 3rd. TY. RE: Docket #86 Commodity Futures Trading Commission ("CFTC") Standing; SECTION I. INTRODUCTION (A). [Supporting Exhibit 1p] |

This should complete my exhibits until reply if necessary. TY

On Tue, May 22, 2018 at 5:55 PM, Patrick McDonnell <18.cv.00361@gmail.com> wrote:
**RE: Docket #86 Commodity Futures Trading Commission ("CFTC") Standing; SECTION I. INTRODUCTION (A). [Supporting Exhibit 1p]**

**RE:** *UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK (6 Mar, 2018)*

*COMMODITY FUTURES TRADING COMMISSION vs. PATRICK K. MCDONNELL, and CABBAGETECH, CORP. d/b/a COIN DROP MARKETS,*

**JACK B. WEINSTEIN, Senior United States District Judge**

**MEMORANDUM & ORDER [Exhibit 1p]**

**"Quoting" Section I. INTRODUCTION (A).**


**A. Commodity Futures Trading Commission ("CFTC") Standing**


Id. *"The primary issue raised at the outset of this litigation is whether CFTC has standing to sue defendants on the theory that they have violated the CEA. Title 7 U.S.C. § 1. Presented are two questions that determine the plaintiff's standing: (1) whether virtual currency may be regulated by the CFTC as a commodity; and (2) whether the amendments to the CEA under the Dodd-Frank Act permit the CFTC to exercise its jurisdiction over fraud that does not directly involve the sale of futures or derivative contracts."* [quoting at I. Introduction (A)]

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying or saving them, and notify the sender immediately.

Virus-free. www.avg.com

--

This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

**de Urioste, Alejandra**

| | |
|---|---|
| **From:** | Patrick McDonnell <18.cv.00361@gmail.com> |
| **Sent:** | Tuesday, May 22, 2018 9:42 PM |
| **To:** | Hurand, Gates |
| **Cc:** | de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher |
| **Subject:** | Hi Gates, I'm burning the candle at both ends. Can you please file this letter ECF in the morning. TY, Patrick - RE: LETTER TO THE HONORABLE JACK B. WEINSTEIN |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

_____

COMMODITY FUTURES TRADING

COMMISSION,                                             Case No. 18-CV-00361 (JBW) (RLM)

         Plaintiff,

                                        **LETTER TO THE HONORABLE JUDGE**

    v.                                                          **JACK B. WEINSTEIN**

PATRICK K. MCDONNELL,

and CABBAGETECH, CORP. d/b/a COIN

DROP MARKETS,

         Defendants.

_____

<u>VIA ECF</u>
The Honorable Jack B. Weinstein
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201


Dear Judge Weinstein:

**MAY THE COURT PLEASE TAKE IMMEDIATE NOTICE AND CONCERN;**
*Defendant again,* respectfully requests a **"complete dismissal"** of Plaintiff *incorrectly* and *unfairly* placed Claim *on the following grounds backed by* filed **Motion To Dismiss and Accompanying Documents/Exhibits; (1-1p) accordingly, [Docket(s) #86, #87, ETC.]**. Plaintiff use of Section 6(c)(1) is *'unambiguous'* and *'broad'* in it's *misrepresentation* and *misuse* of language. Defendant alleged retail *commodity/virtual currency* spot transaction(s) which settled *"instant", "on the spot",* and in *"real-time"* transparently on what is called an **"open-source" blockchain ledger** qualify for the **CEA 2 day "ACTUAL DELIVERY EXEMPTION"**. *Plaintiff has introduced alleged Defendant blockchain ledger/transaction records to the Court as evidence proving **"instantaneous settlement transparently displayed on numerous public blockchains"** qualifying for an 'exemption' under the CEA;* **"ACTUAL DELIVERY EXEMPTION"**. *In traditional commodity transactions qualifying for an 'exemption' under the "ACTUAL DELIVERY EXEMPTION" is 28 day settlement. However*, with Bitcoin, Litecoin, and/or Virtual Currency; **(The CFTC does not have jurisdiction over "spot" transactions that "[result] in actual delivery within 2 days."). This boundary has been recognized by the CFTC.** Id. "*Section 6(c)(1) 'does not' cover retail commodity spot transaction fraud "in the absence of derivative market manipulation".*" [quoting at 2018 WL 2110935 at *7 (4.).] *Further*, Defendant alleged retail *commodity/virtual currency* spot transactions are not even remotely characterized under the ACTUAL DELIVERY EXEMPTION definition of *"leveraged", "margined",* and/or *"financed".* Defendant alleged Bitcoin, Litecoin, and/or Virtual Currency retail *commodity/virtual currency* spot transactions were **'FULLY PAID TYPE'** *"without"* the use of *"leverage", "margin",* and/or *"financing"* clearly **'defined'** and **'stated as fact'** in Plaintiff Complaint [Docket #1]. Defendant was a **"RECEIVER"** not **"BUYER"** and Member/Subscriber was a **"SPENDER"** not **"SELLER"** of Bitcoin, Litecoin, and/or Virtual Currency for **'services rendered'** as an **alternative payment form** to traditional means **[Ex: Credit/Debit Card, PayPal...]** in an effort to compliment members/subscribers looking to purchase *memberships/subscriptions, informational services, trading advice,* and/or *trading/alerts* in an **array of traditional financial sectors** "NOT" just Virtual Currency coverage as Plaintiff falsely claims in Complaint. *Plaintiff Complaint is absent of and fails to state 'any' claim to legally have personal/subject-matter jurisdiction over Defendant alleged retail commodity/virtual currency spot transactions as Defendant more than satisfied the 'actual delivery' requirement of a 2 day boundary recognized by the CFTC.* Section 6(c)(1) and all attached sections/subsections do not apply to Defendant alleged retail commodity/virtual currency spot transactions as it would "*nullify*" and "*void*" current CEA '2' and/or '28' day ACTUAL DELIVERY EXEMPTION.

## EXISTING CASE FACTS

**JACK B. WEINSTEIN, Senior United States District Judge [March 06, 2018]**
**MEMORANDUM & ORDER**

**"Quoting" Section I. INTRODUCTION (A).**
**A. Commodity Futures Trading Commission ("CFTC") Standing**
Id. "*The primary issue raised at the outset of this litigation is whether CFTC has standing to sue defendants on the theory that they have violated the CEA. Title 7 U.S.C. § 1. Presented are two questions that determine the **plaintiff's standing**: (1) whether virtual currency may be regulated by the CFTC as a commodity; and (2) whether the amendments to the CEA under the Dodd-Frank Act permit the CFTC to exercise its jurisdiction over fraud that does not directly involve the sale of futures or derivative contracts.*" [quoting at I. Introduction (A)]

**"Quoting" Section 2(D).**
**D. Appropriate Research by Court**
Id. "**In deciding jurisdictional, standing and other issues fundamental to the present litigation, the court has engaged in extensive background research, but not on the specific frauds charged. This is appropriate.**

*The ABA has issued the following opinion related to individual research by the court:*

*Easy access to a vast amount of information available on the Internet exposes judges to potential ethical problems. Judges risk violating the Model Code of Judicial Conduct by searching the Internet for information related to participants or facts in a proceeding. Independent investigation of adjudicative facts generally is prohibited unless the information is properly subject to judicial notice. The restriction on independent investigation includes individuals subject to the judge's direction and control.*

Committee on Ethics and Responsibility, *Independent Factual Research by Judges Via Internet*, Formal Opinion 478, Dec. 8, 2017 (ABA) (emphasis added).

*It is appropriate and necessary for the judge to do research required by a case in order to understand the context and background of the issues involved so long as the judge indicates to the parties the research and conclusions, by opinions and otherwise, so they may contest and clarify. See Abrams, Brewer, Medwed, et al., Evidence Cases and Materials (10th Ed. 2017) (Ch. 9 "Judicial Notice"). It would be a misapprehension of the ABA rule to conclude otherwise.*

**Adjudicative facts involving defendants' alleged activities have not been the subject of investigation by the court, except at an evidentiary hearing. See Hr'g Tr., Mar. 6, 2018. VI. Conclusion" [quoting at 2(D)].**

**"Quoting" Section 1(e).**
**e. Regulation of Spot Market Fraud**
Id. *"CFTC does not have regulatory authority over simple quick cash or spot transactions that do not involve fraud or manipulation. Title 7 U.S.C. § 2(c)(2)(C)(i)(II)(bb)(AA)* **(The CFTC does not have jurisdiction over "spot" transactions that "[result] in actual delivery within 2 days."). This boundary has been recognized by the CFTC.** *It has not attempted to regulate spot trades, unless there is evidence of manipulation or fraud. See App. C, CFTC Chair, Congressional Testimony* **("[T]he CFTC does not have authority to conduct regulatory oversight over spot virtual currency platforms or other cash commodities, including imposing registration requirements, surveillance and monitoring, transaction reporting, compliance with personnel conduct standards, customer education, capital adequacy, trading system safeguards, cyber security examinations or other requirements.").** *"* [quoting at Regulation of Spot Market Fraud 1(e).]

*Defendant moves the Court again very respectively to **'completely dismiss'** Plaintiff Complaint and alleged Count(s) **'with prejudice' "Specifically"**;* **Count 1--Fraud by Deceptive Device or Contrivance; Violations of § 6(c)(1) of the Act and Regulation 180.1 (a).** citing Plaintiff lack of; **Subject-matter jurisdiction** (pursuant to Rule 12 (b)(1), Fed. R. Civ. P.) and/or **Personal Jurisdiction** (pursuant to Rule 12 (b)(2), Fed. R. Civ. P.) and **specifically** for Plaintiff **Failure to state a claim upon relief can be granted** (pursuant to Rule 12 (b)(6), Fed. R. Civ. P.). Defendant alleged transactions qualify under **the CEA "2 day Virtual Currency ACTUAL DELIVERY EXEMPTION"** and Plaintiff *'unambiguous'* and *'broad'* misrepresentation and *misuse* of Section 6(c)(1) language *"in the absence of derivative market manipulation."* fails to state a claim in 'any' manner. Plaintiff is not afforded regulatory jurisdiction of 'any' sort over Defendant alleged Bitcoin, Litecoin, and/or Virtual Currency transactions, again, rendering Plaintiff Complaint dismissive Your Honor. **"Defendant has clearly agreed with the Court on March 06, 2018 that Bitcoin is a commodity that has never been the theory of Defendant argument, Defendant argument has been steadfast in his belief Plaintiff is operating outside their regulatory jurisdictional scope with no claim of Defendant business/personal transaction activities."** Defendant pleads to the Court to take immediate notice that Plaintiff Claim is incorrectly and unfairly placed upon Defendant lacking jurisdiction.

Id. quoting *"If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action."* at Fed. R. Civ. P. Rule 12 (h)(3).

*Defendant prays for immediate relief of the Court as this Complaint has negatively affected, altered, and infected every aspect of both his business and personal his life.*

May 23, 2018

/s/ Patrick K. McDonnell
_____
Defendant/Pro Se


Prepared By: Patrick K. McDonnell "Pro Se"
20 Rawson Place, Staten Island, NY 10314
Telephone: (718) 524-6312 Email: cdm@gmx.us


--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

Virus-free. www.avg.com

## de Urioste, Alejandra

| | |
|---|---|
| **From:** | Patrick McDonnell <18.cv.00361@gmail.com> |
| **Sent:** | Tuesday, May 22, 2018 9:52 PM |
| **To:** | Hurand, Gates |
| **Cc:** | de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher |
| **Subject:** | Re: Hi Gates, I'm burning the candle at both ends. Can you please file this letter ECF in the morning. TY, Patrick - RE: LETTER TO THE HONORABLE JACK B. WEINSTEIN |

Hi Gates, You can forget filing the 3 ECF request's earlier. I quote all 3 in my Letter To Judge Weinstein so they would be redundant. The above filing will suffice. TY, Patrick

---

 Virus-free. www.avg.com

On Tue, May 22, 2018 at 9:42 PM, Patrick McDonnell <18.cv.00361@gmail.com> wrote:

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

_____

COMMODITY FUTURES TRADING

COMMISSION,                                         Case No. 18-CV-00361 (JBW) (RLM)

      Plaintiff,

                                   **LETTER TO THE HONORABLE JUDGE**

     v.                                                                 **JACK B. WEINSTEIN**

PATRICK K. MCDONNELL,

and CABBAGETECH, CORP. d/b/a COIN

DROP MARKETS,

      Defendants.

_____

VIA ECF
The Honorable Jack B. Weinstein
United States District Judge
United States District Court for the

1

Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201


Dear Judge Weinstein:

**MAY THE COURT PLEASE TAKE IMMEDIATE NOTICE AND CONCERN;**
*Defendant again,* respectfully requests a **"complete dismissal"** of Plaintiff *incorrectly* and *unfairly* placed Claim *on the following grounds backed by* filed **Motion To Dismiss and Accompanying Documents/Exhibits; (1-1p) accordingly, [Docket(s) #86, #87, ETC.].** Plaintiff use of Section 6(c)(1) is *'unambiguous'* and *'broad'* in it's *misrepresentation* and *misuse* of language. Defendant alleged retail *commodity/virtual currency* spot transaction(s) which settled *"instant", "on the spot",* and in *"real-time"* transparently on what is called an *"open-source" blockchain ledger* qualify for the **CEA 2 day "ACTUAL DELIVERY EXEMPTION"**. *Plaintiff has introduced alleged Defendant blockchain ledger/transaction records to the Court as evidence proving **"instantaneous settlement transparently displayed on numerous public blockchains"** qualifying for an 'exemption' under the CEA;* **"ACTUAL DELIVERY EXEMPTION"**. *In traditional commodity transactions qualifying for an 'exemption' under the "ACTUAL DELIVERY EXEMPTION" is 28 day settlement. However,* with Bitcoin, Litecoin, and/or Virtual Currency; **(The CFTC does not have jurisdiction over "spot" transactions that "[result] in actual delivery within 2 days.") This boundary has been recognized by the CFTC.** Id. "*Section 6(c)(1) 'does not' cover retail commodity spot transaction fraud "in the absence of derivative market manipulation"."* [quoting at 2018 WL 2110935 at *7 (4).] *Further,* Defendant alleged retail *commodity/virtual currency* spot transactions are not even remotely characterized under the ACTUAL DELIVERY EXEMPTION definition of *"leveraged", "margined",* and/or *"financed".* Defendant alleged Bitcoin, Litecoin, and/or Virtual Currency retail *commodity/virtual currency* spot transactions were **'FULLY PAID TYPE'** *"without"* the use of *"leverage", "margin",* and/or *"financing"* clearly **'defined'** and **'stated as fact'** in Plaintiff Complaint [Docket #1]. Defendant was a **"RECEIVER"** not **"BUYER"** and Member/Subscriber was a **"SPENDER"** not **"SELLER"** of Bitcoin, Litecoin, and/or Virtual Currency for **'services rendered'** as an **alternative payment form** to traditional means **[Ex: Credit/Debit Card, PayPal...]** in an effort to compliment members/subscribers looking to purchase **memberships/subscriptions,** *informational services, trading advice,* and/or *trading/alerts* in an **array of traditional financial sectors** "NOT" just Virtual Currency coverage as Plaintiff falsely claims in Complaint. *Plaintiff Complaint is absent of and fails to state 'any' claim to legally have personal/subject-matter jurisdiction over Defendant alleged retail commodity/virtual currency spot transactions as Defendant more than satisfied the 'actual delivery' requirement of a 2 day boundary recognized by the CFTC.* Section 6(c)(1) and all attached sections/subsections do not apply to Defendant alleged retail commodity/virtual currency spot transactions as it would "*nullify"* and "*void"* current CEA '2' and/or '28' day ACTUAL DELIVERY EXEMPTION.


## EXISTING CASE FACTS


**JACK B. WEINSTEIN, Senior United States District Judge [March 06, 2018]**
**MEMORANDUM & ORDER**

**"Quoting" Section I. INTRODUCTION (A).**
**A. Commodity Futures Trading Commission ("CFTC") Standing**
Id. *"The primary issue raised at the outset of this litigation is whether CFTC has standing to sue defendants on the theory that they have violated the CEA. Title 7 U.S.C. § 1. Presented are two questions that determine the **plaintiff's standing**: (1) whether virtual currency may be regulated by the CFTC as a commodity; and (2) whether the amendments to the CEA under the Dodd-Frank Act permit the CFTC to exercise its jurisdiction*

*over fraud that does not directly involve the sale of futures or derivative contracts."* [quoting at I. Introduction (A)].

**"Quoting" Section 2(D).**
**D. Appropriate Research by Court**
Id. *"In deciding jurisdictional, standing and other issues fundamental to the present litigation, the court has engaged in extensive background research, but not on the specific frauds charged. This is appropriate.*
*The ABA has issued the following opinion related to individual research by the court:*

*Easy access to a vast amount of information available on the Internet exposes judges to potential ethical problems. Judges risk violating the Model Code of Judicial Conduct by searching the Internet for information related to participants or facts in a proceeding. Independent investigation of adjudicative facts generally is prohibited unless the information is properly subject to judicial notice. The restriction on independent investigation includes individuals subject to the judge's direction and control.*

Committee on Ethics and Responsibility, *Independent Factual Research by Judges Via Internet*, Formal Opinion 478, Dec. 8, 2017 (ABA) (emphasis added).

*It is appropriate and necessary for the judge to do research required by a case in order to understand the context and background of the issues involved so long as the judge indicates to the parties the research and conclusions, by opinions and otherwise, so they may contest and clarify. See Abrams, Brewer, Medwed, et al., Evidence Cases and Materials (10th Ed. 2017) (Ch. 9 "Judicial Notice"). It would be a misapprehension of the ABA rule to conclude otherwise.*

*Adjudicative facts involving defendants' alleged activities have not been the subject of investigation by the court, except at an evidentiary hearing. See Hr'g Tr., Mar. 6, 2018. VI. Conclusion"* [quoting at 2(D)].

**"Quoting" Section 1(e).**
**e. Regulation of Spot Market Fraud**
Id. *"CFTC does not have regulatory authority over simple quick cash or spot transactions that do not involve fraud or manipulation. Title 7 U.S.C. § 2(c)(2)(C)(i)(II)(bb)(AA) **(The CFTC does not have jurisdiction over "spot" transactions that "[result] in actual delivery within 2 days."). This boundary has been recognized by the CFTC.** It has not attempted to regulate spot trades, unless there is evidence of manipulation or fraud. See App. C, CFTC Chair, Congressional Testimony **("[T]he CFTC does not have authority to conduct regulatory oversight over spot virtual currency platforms or other cash commodities, including imposing registration requirements, surveillance and monitoring, transaction reporting, compliance with personnel conduct standards, customer education, capital adequacy, trading system safeguards, cyber security examinations or other requirements.")."** [quoting at Regulation of Spot Market Fraud 1(e).]

*Defendant moves the Court again very respectively to **'completely dismiss'** Plaintiff Complaint and alleged Count(s) 'with prejudice' "Specifically"*; **Count 1--Fraud by Deceptive Device or Contrivance; Violations of § 6(c)(1) of the Act and Regulation 180.1 (a).** citing Plaintiff lack of; **Subject-matter jurisdiction** (pursuant to Rule 12 (b)(1), Fed. R. Civ. P.) and/or **Personal Jurisdiction** (pursuant to Rule 12 (b)(2), Fed. R. Civ. P.) and **specifically** for Plaintiff **Failure to state a claim upon relief can be granted** (pursuant to Rule 12 (b)(6), Fed. R. Civ. P.). Defendant alleged transactions qualify under the CEA **"2 day Virtual Currency ACTUAL DELIVERY EXEMPTION"** and Plaintiff *'unambiguous'* and *'broad'* misrepresentation and *misuse* of Section 6(c)(1) language *"in the absence of derivative market manipulation."* fails to state a claim in 'any' manner. Plaintiff is not afforded regulatory jurisdiction of 'any' sort over Defendant alleged Bitcoin, Litecoin, and/or Virtual Currency transactions, again, rendering Plaintiff Complaint dismissive Your Honor. **"Defendant has clearly agreed with the Court on March 06, 2018 that Bitcoin is a commodity that has never been the theory of Defendant argument, Defendant argument has**

***been steadfast in his belief Plaintiff is operating outside their regulatory jurisdictional scope with no claim of Defendant business/personal transaction activities."*** Defendant pleads to the Court to take immediate notice that Plaintiff Claim is incorrectly and unfairly placed upon Defendant lacking jurisdiction.

<u>Id.</u> quoting *"If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action."* at Fed. R. Civ. P. Rule 12 (h)(3).

*Defendant prays for immediate relief of the Court as this Complaint has negatively affected, altered, and infected every aspect of both his business and personal his life.*


May 23, 2018

/s/ Patrick K. McDonnell
_____
Defendant/Pro Se


Prepared By: Patrick K. McDonnell "Pro Se"
20 Rawson Place, Staten Island, NY 10314
Telephone: (718) 524-6312 Email: cdm@gmx.us


--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

 Virus-free. www.avg.com


--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

**de Urioste, Alejandra**

| | |
|---|---|
| **From:** | Patrick McDonnell <18.cv.00361@gmail.com> |
| **Sent:** | Wednesday, May 23, 2018 12:32 AM |
| **To:** | Hurand, Gates |
| **Cc:** | de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher |
| **Subject:** | Re: Hi Gates, I'm burning the candle at both ends. Can you please file this letter ECF in the morning. TY, Patrick - RE: LETTER TO THE HONORABLE JACK B. WEINSTEIN |

Hi Gates, I see Docket #89 maybe earlier filings? If not, if so, please file the above in the morning. TY, Patrick

---

Virus-free. www.avg.com

On Tue, May 22, 2018 at 9:42 PM, Patrick McDonnell <18.cv.00361@gmail.com> wrote:

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

_____

COMMODITY FUTURES TRADING

COMMISSION,                                        Case No. 18-CV-00361 (JBW) (RLM)

              Plaintiff,

                                                              **LETTER TO THE HONORABLE JUDGE**

       v.                                                          **JACK B. WEINSTEIN**

PATRICK K. MCDONNELL,

and CABBAGETECH, CORP. d/b/a COIN

DROP MARKETS,

              Defendants.

_____

<u>VIA ECF</u>
The Honorable Jack B. Weinstein
United States District Judge
United States District Court for the
Eastern District of New York

1

225 Cadman Plaza East
Brooklyn, New York 11201

Dear Judge Weinstein:

**MAY THE COURT PLEASE TAKE IMMEDIATE NOTICE AND CONCERN;**
*Defendant again,* respectfully requests a **"complete dismissal"** of Plaintiff *incorrectly* and *unfairly* placed Claim *on the following grounds backed by* filed **Motion To Dismiss and Accompanying Documents/Exhibits; (1-1p) accordingly, [Docket(s) #86, #87, ETC.]**. Plaintiff use of Section 6(c)(1) is *'unambiguous'* and *'broad'* in it's *misrepresentation* and *misuse* of language. Defendant alleged retail *commodity/virtual currency* spot transaction(s) which settled *"instant", "on the spot",* and in *"real-time"* transparently on what is called an ***"open-source" blockchain ledger*** qualify for the **CEA 2 day "ACTUAL DELIVERY EXEMPTION"**. *Plaintiff has introduced alleged Defendant blockchain ledger/transaction records to the Court as evidence proving **"instantaneous settlement transparently displayed on numerous public blockchains"** qualifying for an **'exemption'** under the CEA;* **"ACTUAL DELIVERY EXEMPTION"**. *In traditional commodity transactions qualifying for an 'exemption' under the "ACTUAL DELIVERY EXEMPTION" is 28 day settlement. However,* with Bitcoin, Litecoin, and/or Virtual Currency; ***(The CFTC does not have jurisdiction over "spot" transactions that "[result] in actual delivery within 2 days."). This boundary has been recognized by the CFTC.*** Id. "*Section 6(c)(1) 'does not' cover retail commodity spot transaction fraud "in the absence of derivative market manipulation"."* [quoting at 2018 WL 2110935 at *7 (4).]
*Further,* Defendant alleged retail *commodity/virtual currency* spot transactions are not even remotely characterized under the ACTUAL DELIVERY EXEMPTION definition of *"leveraged", "margined",* and/or *"financed".* Defendant alleged Bitcoin, Litecoin, and/or Virtual Currency retail *commodity/virtual currency* spot transactions were **'FULLY PAID TYPE'** *"without"* the use of *"leverage", "margin",* and/or *"financing"* clearly **'defined'** and **'stated as fact'** in Plaintiff Complaint [Docket #1]. Defendant was a **"RECEIVER"** not **"BUYER"** and Member/Subscriber was a **"SPENDER"** not **"SELLER"** of Bitcoin, Litecoin, and/or Virtual Currency for **'services rendered'** as an **alternative payment form** to traditional means **[*Ex: Credit/Debit Card, PayPal...*]** in an effort to compliment members/subscribers looking to purchase *memberships/subscriptions, informational services, trading advice,* and/or *trading/alerts* in an **array of traditional financial sectors** "NOT" just Virtual Currency coverage as Plaintiff falsely claims in Complaint. *Plaintiff Complaint is absent of and fails to state 'any' claim to legally have personal/subject-matter jurisdiction over Defendant alleged retail commodity/virtual currency spot transactions as Defendant more than satisfied the 'actual delivery' requirement of a 2 day boundary recognized by the CFTC.* Section 6(c)(1) and all attached sections/subsections do not apply to Defendant alleged retail commodity/virtual currency spot transactions as it would "*nullify"* and "*void"* current CEA '2' and/or '28' day ACTUAL DELIVERY EXEMPTION.

## EXISTING CASE FACTS

**JACK B. WEINSTEIN, Senior United States District Judge [March 06, 2018]**
**MEMORANDUM & ORDER**

**"Quoting" Section I. INTRODUCTION (A).**
**A. Commodity Futures Trading Commission ("CFTC") Standing**
Id. *"The primary issue raised at the outset of this litigation is whether CFTC has standing to sue defendants on the theory that they have violated the CEA. Title 7 U.S.C. § 1. Presented are two questions that determine the **plaintiff's standing**: (1) whether virtual currency may be regulated by the CFTC as a commodity; and (2) whether the amendments to the CEA under the Dodd-Frank Act permit the CFTC to exercise its jurisdiction over fraud that does not directly involve the sale of futures or derivative contracts."* [quoting at I. Introduction (A)]

==**"Quoting" Section 2(D).**==
**D. Appropriate Research by Court**
Id. *"**In deciding jurisdictional, standing and other issues fundamental to the present litigation, the court has engaged in extensive background research, but not on the specific frauds charged. This is appropriate.***
***The ABA has issued the following opinion related to individual research by the court:***

*Easy access to a vast amount of information available on the Internet exposes judges to potential ethical problems. Judges risk violating the Model Code of Judicial Conduct by searching the Internet for information related to participants or facts in a proceeding. Independent investigation of adjudicative facts generally is prohibited unless the information is properly subject to judicial notice. The restriction on independent investigation includes individuals subject to the judge's direction and control.*

Committee on Ethics and Responsibility, *Independent Factual Research by Judges Via Internet*, Formal Opinion 478, Dec. 8, 2017 (ABA) (emphasis added).

*It is appropriate and necessary for the judge to do research required by a case in order to understand the context and background of the issues involved so long as the judge indicates to the parties the research and conclusions, by opinions and otherwise, so they may contest and clarify. See Abrams, Brewer, Medwed, et al., Evidence Cases and Materials (10th Ed. 2017) (Ch. 9 "Judicial Notice"). It would be a misapprehension of the ABA rule to conclude otherwise.*

***Adjudicative facts involving defendants' alleged activities have not been the subject of investigation by the court, except at an evidentiary hearing. See Hr'g Tr., Mar. 6, 2018. VI. Conclusion"** [quoting at 2(D)].*

==**"Quoting" Section 1(e).**==
**e. Regulation of Spot Market Fraud**
Id. *"CFTC does not have regulatory authority over simple quick cash or spot transactions that do not involve fraud or manipulation. Title 7 U.S.C. § 2(c)(2)(C)(i)(II)(bb)(AA) **(The CFTC does not have jurisdiction over "spot" transactions that "[result] in actual delivery within 2 days."). This boundary has been recognized by the CFTC.** It has not attempted to regulate spot trades, unless there is evidence of manipulation or fraud. See App. C, CFTC Chair, Congressional Testimony ("[T]he CFTC does not have authority to conduct regulatory oversight over spot virtual currency platforms or other cash commodities, including imposing registration requirements, surveillance and monitoring, transaction reporting, compliance with personnel conduct standards, customer education, capital adequacy, trading system safeguards, cyber security examinations or other requirements.")."* [quoting at Regulation of Spot Market Fraud 1(e).]

*Defendant moves the Court again very respectively to **'completely dismiss'** Plaintiff Complaint and alleged Count(s) **'with prejudice'** **"Specifically"**; Count 1--Fraud by Deceptive Device or Contrivance; Violations of § 6(c)(1) of the Act and Regulation 180.1 (a).* citing Plaintiff lack of; **Subject-matter jurisdiction** (pursuant to Rule 12 (b)(1), Fed. R. Civ. P.) and/or **Personal Jurisdiction** (pursuant to Rule 12 (b)(2), Fed. R. Civ. P.) and **specifically** for Plaintiff **Failure to state a claim upon relief can be granted** (pursuant to Rule 12 (b)(6), Fed. R. Civ. P.). Defendant alleged transactions qualify under **the CEA "2 day Virtual Currency ACTUAL DELIVERY EXEMPTION"** and Plaintiff *'unambiguous'* and *'broad'* misrepresentation and *misuse* of Section 6(c)(1) language *"in the absence of derivative market manipulation."* fails to state a claim in 'any' manner. Plaintiff is not afforded regulatory jurisdiction of 'any' sort over Defendant alleged Bitcoin, Litecoin, and/or Virtual Currency transactions, again, rendering Plaintiff Complaint dismissive Your Honor. **"Defendant has clearly agreed with the Court on March 06, 2018 that Bitcoin is a commodity that has never been the theory of Defendant argument, Defendant argument has been steadfast in his belief Plaintiff is operating outside their regulatory jurisdictional scope with no claim of Defendant business/personal transaction activities."** Defendant pleads to the

Court to take immediate notice that Plaintiff Claim is incorrectly and unfairly placed upon Defendant lacking jurisdiction.

Id. quoting *"If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action."* at Fed. R. Civ. P. Rule 12 (h)(3).

*Defendant prays for immediate relief of the Court as this Complaint has negatively affected, altered, and infected every aspect of both his business and personal his life.*

May 23, 2018

/s/ Patrick K. McDonnell

_____

Defendant/Pro Se

Prepared By: Patrick K. McDonnell "Pro Se"
20 Rawson Place, Staten Island, NY 10314
Telephone: (718) 524-6312 Email: cdm@gmx.us

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

 Virus-free. www.avg.com

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

**de Urioste, Alejandra**

| | |
|---|---|
| **From:** | Patrick McDonnell <18.cv.00361@gmail.com> |
| **Sent:** | Wednesday, May 23, 2018 12:33 AM |
| **To:** | Hurand, Gates |
| **Cc:** | de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher |
| **Subject:** | Re: Hi Gates, I'm burning the candle at both ends. Can you please file this letter ECF in the morning. TY, Patrick - RE: LETTER TO THE HONORABLE JACK B. WEINSTEIN |

Basically either way or the other the above should be filed later this morning. TY

On Wed, May 23, 2018 at 12:32 AM, Patrick McDonnell <18.cv.00361@gmail.com> wrote:
Hi Gates, I see Docket #89 maybe earlier filings? If not, if so, please file the above in the morning. TY, Patrick

---

Virus-free. www.avg.com

On Tue, May 22, 2018 at 9:42 PM, Patrick McDonnell <18.cv.00361@gmail.com> wrote:

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

_____

COMMODITY FUTURES TRADING

COMMISSION,                                    Case No. 18-CV-00361 (JBW) (RLM)

          Plaintiff,

                                 **LETTER TO THE HONORABLE JUDGE**

      v.                                                  **JACK B. WEINSTEIN**

PATRICK K. MCDONNELL,

and CABBAGETECH, CORP. d/b/a COIN

DROP MARKETS,

          Defendants.

_____

VIA ECF
The Honorable Jack B. Weinstein

1

United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201


Dear Judge Weinstein:

**MAY THE COURT PLEASE TAKE IMMEDIATE NOTICE AND CONCERN;**
*Defendant again,* respectfully requests a **"complete dismissal"** of Plaintiff *incorrectly* and *unfairly* placed Claim *on the following grounds backed by* filed **Motion To Dismiss and Accompanying Documents/Exhibits; (1-1p) accordingly, [Docket(s) #86, #87, ETC.].** Plaintiff use of Section 6(c)(1) is *'unambiguous'* and *'broad'* in it's *misrepresentation* and *misuse* of language. Defendant alleged retail *commodity/virtual currency* spot transaction(s) which settled *"instant", "on the spot",* and in *"real-time"* transparently on what is called an **"open-source" blockchain ledger** qualify for the **CEA 2 day "ACTUAL DELIVERY EXEMPTION".** *Plaintiff has introduced alleged Defendant blockchain ledger/transaction records to the Court as evidence proving* **"instantaneous settlement transparently displayed on numerous public blockchains"** *qualifying for an* **'exemption'** *under the CEA;* **"ACTUAL DELIVERY EXEMPTION".** *In traditional commodity transactions qualifying for an 'exemption' under the "ACTUAL DELIVERY EXEMPTION" is 28 day settlement. However,* with Bitcoin, Litecoin, and/or Virtual Currency; **(The CFTC does not have jurisdiction over "spot" transactions that "[result] in actual delivery within 2 days."). This boundary has been recognized by the CFTC.** Id. "*Section 6(c)(1) 'does not' cover retail commodity spot transaction fraud "in the absence of derivative market manipulation"."* [quoting at 2018 WL 2110935 at *7 (4).] *Further,* Defendant alleged retail *commodity/virtual currency* spot transactions are not even remotely characterized under the ACTUAL DELIVERY EXEMPTION definition of *"leveraged", "margined",* and/or *"financed".* Defendant alleged Bitcoin, Litecoin, and/or Virtual Currency retail *commodity/virtual currency* spot transactions were **'FULLY PAID TYPE'** *"without"* the use of *"leverage", "margin",* and/or *"financing"* clearly **'defined'** and **'stated as fact'** in Plaintiff Complaint [Docket #1]. Defendant was a **"RECEIVER"** not **"BUYER"** and Member/Subscriber was a **"SPENDER"** not **"SELLER"** of Bitcoin, Litecoin, and/or Virtual Currency for **'services rendered'** as an **alternative payment form** to traditional means **[Ex: Credit/Debit Card, PayPal...]** in an effort to compliment members/subscribers looking to purchase *memberships/subscriptions, informational services, trading advice,* and/or *trading/alerts* in an **array of traditional financial sectors** "NOT" just Virtual Currency coverage as Plaintiff falsely claims in Complaint. *Plaintiff Complaint is absent of and fails to state 'any' claim to legally have personal/subject-matter jurisdiction over Defendant alleged retail commodity/virtual currency spot transactions as Defendant more than satisfied the 'actual delivery' requirement of a 2 day boundary recognized by the CFTC.* Section 6(c)(1) and all attached sections/subsections do not apply to Defendant alleged retail commodity/virtual currency spot transactions as it would *"nullify"* and *"void"* current CEA '2' and/or '28' day ACTUAL DELIVERY EXEMPTION.

## EXISTING CASE FACTS

**JACK B. WEINSTEIN, Senior United States District Judge [March 06, 2018]**
**MEMORANDUM & ORDER**

<mark>**"Quoting" Section I. INTRODUCTION (A).**</mark>
**A. Commodity Futures Trading Commission ("CFTC") Standing**
Id. "*The primary issue raised at the outset of this litigation is whether CFTC has standing to sue defendants on the theory that they have violated the CEA. Title 7 U.S.C. § 1. Presented are two questions that determine*

the **plaintiff's standing**: (1) whether virtual currency may be regulated by the CFTC as a commodity; and (2) whether the amendments to the CEA under the Dodd-Frank Act permit the CFTC to exercise its jurisdiction over fraud that does not directly involve the sale of futures or derivative contracts." [quoting at I. Introduction (A)]

**"Quoting" Section 2(D).**
**D. Appropriate Research by Court**
Id. **"In deciding jurisdictional, standing and other issues fundamental to the present litigation, the court has engaged in extensive background research, but not on the specific frauds charged. This is appropriate.**
**The ABA has issued the following opinion related to individual research by the court:**

*Easy access to a vast amount of information available on the Internet exposes judges to potential ethical problems. Judges risk violating the Model Code of Judicial Conduct by searching the Internet for information related to participants or facts in a proceeding. Independent investigation of adjudicative facts generally is prohibited unless the information is properly subject to judicial notice. The restriction on independent investigation includes individuals subject to the judge's direction and control.*

Committee on Ethics and Responsibility, *Independent Factual Research by Judges Via Internet*, Formal Opinion 478, Dec. 8, 2017 (ABA) (emphasis added).

*It is appropriate and necessary for the judge to do research required by a case in order to understand the context and background of the issues involved so long as the judge indicates to the parties the research and conclusions, by opinions and otherwise, so they may contest and clarify. See Abrams, Brewer, Medwed, et al., Evidence Cases and Materials (10th Ed. 2017) (Ch. 9 "Judicial Notice"). It would be a misapprehension of the ABA rule to conclude otherwise.*

***Adjudicative facts involving defendants' alleged activities have not been the subject of investigation by the court, except at an evidentiary hearing. See Hr'g Tr., Mar. 6, 2018. VI. Conclusion"*** [quoting at 2(D)].

**"Quoting" Section 1(e).**
**e. Regulation of Spot Market Fraud**
Id. *"CFTC does not have regulatory authority over simple quick cash or spot transactions that do not involve fraud or manipulation. Title 7 U.S.C. § 2(c)(2)(C)(i)(II)(bb)(AA) **(The CFTC does not have jurisdiction over "spot" transactions that "[result] in actual delivery within 2 days."). This boundary has been recognized by the CFTC.** It has not attempted to regulate spot trades, unless there is evidence of manipulation or fraud. See App. C, CFTC Chair, Congressional Testimony **("[T]he CFTC does not have authority to conduct regulatory oversight over spot virtual currency platforms or other cash commodities, including imposing registration requirements, surveillance and monitoring, transaction reporting, compliance with personnel conduct standards, customer education, capital adequacy, trading system safeguards, cyber security examinations or other requirements.").*** [quoting at Regulation of Spot Market Fraud 1(e).]

*Defendant moves the Court again very respectively to **'completely dismiss'** Plaintiff Complaint and alleged Count(s) **'with prejudice'** "Specifically"*; **Count 1--Fraud by Deceptive Device or Contrivance; Violations of § 6(c)(1) of the Act and Regulation 180.1 (a).** citing Plaintiff lack of; **Subject-matter jurisdiction** (pursuant to Rule 12 (b)(1), Fed. R. Civ. P.) and/or **Personal Jurisdiction** (pursuant to Rule 12 (b)(2), Fed. R. Civ. P.) and **specifically** for Plaintiff **Failure to state a claim upon relief can be granted** (pursuant to Rule 12 (b)(6), Fed. R. Civ. P.). Defendant alleged transactions qualify under **the CEA "2 day Virtual Currency ACTUAL DELIVERY EXEMPTION"** and Plaintiff *'unambiguous'* and *'broad'* misrepresentation and *misuse* of Section 6(c)(1) language *"in the absence of derivative market manipulation."* fails to state a claim in 'any' manner. Plaintiff is not afforded regulatory jurisdiction of 'any' sort over Defendant alleged Bitcoin,

Litecoin, and/or Virtual Currency transactions, again, rendering Plaintiff Complaint dismissive Your Honor. ***"Defendant has clearly agreed with the Court on March 06, 2018 that Bitcoin is a commodity that has never been the theory of Defendant argument, Defendant argument has been steadfast in his belief Plaintiff is operating outside their regulatory jurisdictional scope with no claim of Defendant business/personal transaction activities."*** Defendant pleads to the Court to take immediate notice that Plaintiff Claim is incorrectly and unfairly placed upon Defendant lacking jurisdiction.

<u>Id.</u> quoting *"If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action."* at Fed. R. Civ. P. Rule 12 (h)(3).

*Defendant prays for immediate relief of the Court as this Complaint has negatively affected, altered, and infected every aspect of both his business and personal his life.*

May 23, 2018

/s/ Patrick K. McDonnell
_____
Defendant/Pro Se

Prepared By: Patrick K. McDonnell "Pro Se"
20 Rawson Place, Staten Island, NY 10314
Telephone: (718) 524-6312 Email: cdm@gmx.us

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

 Virus-free. www.avg.com

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

**de Urioste, Alejandra**

---

| | |
|---|---|
| **From:** | Hurand, Gates |
| **Sent:** | Wednesday, May 23, 2018 12:40 AM |
| **To:** | Tomer, K. Brent; Oakland, David W.; de Urioste, Alejandra; Giglio, Christopher |
| **Subject:** | FW: Hi Gates, Please File ECF With The Court Attached To Docket #86 Like You Did Earlier. TY, Patrick - RE: Docket #86 Appropriate Research by Court [Supporting Exhibit 1n] |

---

**From:** Patrick McDonnell
**Sent:** Wednesday, May 23, 2018 12:39:55 AM (UTC-05:00) Eastern Time (US & Canada)
**To:** Hurand, Gates
**Subject:** Re: Hi Gates, Please File ECF With The Court Attached To Docket #86 Like You Did Earlier. TY, Patrick - RE: Docket #86 Appropriate Research by Court [Supporting Exhibit 1n]

Hi Gates, Is the above Docket #89?

On Tue, May 22, 2018 at 4:59 PM, Patrick McDonnell <18.cv.00361@gmail.com> wrote:
RE: Docket #86 Appropriate Research by Court [Supporting Exhibit 1n]

**RE: Docket #86 Appropriate Research by Court [Supporting Exhibit 1n]**

**RE:** *UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK (6 Mar, 2018)*

*PATRICK K. MCDONNELL, and CABBAGETECH, CORP. d/b/a COIN DROP MARKETS,*

**JACK B. WEINSTEIN, Senior United States District Judge**

**MEMORANDUM & ORDER [Exhibit 1n]**

**"Quoting" Section 2(D).**

**D. Appropriate Research by Court**

Id. *"In deciding jurisdictional, standing and other issues fundamental to the present litigation, the court has engaged in extensive background research, but not on the specific frauds charged. This is appropriate.*

*The ABA has issued the following opinion related to individual research by the court:*

> *Easy access to a vast amount of information available on the Internet exposes judges to potential ethical problems. Judges risk violating the Model Code of Judicial Conduct by searching the Internet for information related to participants or facts in a proceeding. Independent investigation of adjudicative facts generally is prohibited unless the information is properly subject to judicial notice. The restriction on independent investigation includes individuals subject to the judge's direction and control.*

1

Committee on Ethics and Responsibility, *Independent Factual Research by Judges Via Internet*, Formal Opinion 478, Dec. 8, 2017 (ABA) (emphasis added).

*It is appropriate and necessary for the judge to do research required by a case in order to understand the context and background of the issues involved so long as the judge indicates to the parties the research and conclusions, by opinions and otherwise, so they may contest and clarify. See Abrams, Brewer, Medwed, et al., Evidence Cases and Materials (10th Ed. 2017) (Ch. 9 "Judicial Notice"). It would be a misapprehension of the ABA rule to conclude otherwise.*

***Adjudicative facts involving defendants' alleged activities have not been the subject of investigation by the court, except at an evidentiary hearing. See Hr'g Tr., Mar. 6, 2018. VI. Conclusion"*** [quoting at 2(D)].

--

This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

 Virus-free. www.avg.com

--

This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

**de Urioste, Alejandra**

| | |
|---|---|
| **From:** | Patrick McDonnell <18.cv.00361@gmail.com> |
| **Sent:** | Wednesday, May 23, 2018 9:02 AM |
| **To:** | Hurand, Gates |
| **Cc:** | de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher |
| **Subject:** | Re: Hi Gates, I'm burning the candle at both ends. Can you please file this letter ECF in the morning. TY, Patrick - RE: LETTER TO THE HONORABLE JACK B. WEINSTEIN |

Morning Gates, Please let me know when above ECF is filed also what Docket # 89 is or isn't? TY, Patrick

---

☒   Virus-free. www.avg.com

On Tue, May 22, 2018 at 9:42 PM, Patrick McDonnell <18.cv.00361@gmail.com> wrote:

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

_____

COMMODITY FUTURES TRADING

COMMISSION,                      Case No. 18-CV-00361 (JBW) (RLM)

         Plaintiff,

                              **LETTER TO THE HONORABLE JUDGE**

      v.                              **JACK B. WEINSTEIN**

PATRICK K. MCDONNELL,

and CABBAGETECH, CORP. d/b/a COIN

DROP MARKETS,

         Defendants.

_____

<u>VIA ECF</u>
The Honorable Jack B. Weinstein
United States District Judge
United States District Court for the
Eastern District of New York

1

225 Cadman Plaza East
Brooklyn, New York 11201


Dear Judge Weinstein:

**MAY THE COURT PLEASE TAKE IMMEDIATE NOTICE AND CONCERN;**
*Defendant again,* respectfully requests a **"complete dismissal"** of Plaintiff *incorrectly* and *unfairly* placed Claim *on the following grounds backed by* filed **Motion To Dismiss and Accompanying Documents/Exhibits; (1-1p) accordingly, [Docket(s) #86, #87, ETC.]**. Plaintiff use of Section 6(c)(1) is *'unambiguous'* and *'broad'* in it's *misrepresentation* and *misuse* of language. Defendant alleged retail *commodity/virtual currency* spot transaction(s) which settled *"instant", "on the spot",* and in *"real-time"* transparently on what is called an **"open-source" blockchain ledger** qualify for the **CEA 2 day "ACTUAL DELIVERY EXEMPTION"**. *Plaintiff has introduced alleged Defendant blockchain ledger/transaction records to the Court as evidence proving* **"instantaneous settlement transparently displayed on numerous public blockchains"** *qualifying for an* **'exemption'** *under the CEA;* **"ACTUAL DELIVERY EXEMPTION"**. *In traditional commodity transactions qualifying for an 'exemption' under the "ACTUAL DELIVERY EXEMPTION" is 28 day settlement. However,* with Bitcoin, Litecoin, and/or Virtual Currency; **(The CFTC does not have jurisdiction over "spot" transactions that "[result] in actual delivery within 2 days."). This boundary has been recognized by the CFTC.** Id. "*Section 6(c)(1) 'does not' cover retail commodity spot transaction fraud "in the absence of derivative market manipulation"."* [quoting at 2018 WL 2110935 at *7 (4).] *Further*, Defendant alleged retail *commodity/virtual currency* spot transactions are not even remotely characterized under the ACTUAL DELIVERY EXEMPTION definition of *"leveraged", "margined",* and/or *"financed".* Defendant alleged Bitcoin, Litecoin, and/or Virtual Currency retail *commodity/virtual currency* spot transactions were **'FULLY PAID TYPE'** *"without"* the use of *"leverage", "margin",* and/or *"financing"* clearly **'defined'** and **'stated as fact'** in Plaintiff Complaint [Docket #1]. Defendant was a **"RECEIVER"** not **"BUYER"** and Member/Subscriber was a **"SPENDER"** not **"SELLER"** of Bitcoin, Litecoin, and/or Virtual Currency for **'services rendered'** as an **alternative payment form** to traditional means **[Ex: Credit/Debit Card, PayPal...]** in an effort to compliment members/subscribers looking to purchase *memberships/subscriptions, informational services, trading advice,* and/or *trading/alerts* in an **array of traditional financial sectors** "NOT" just Virtual Currency coverage as Plaintiff falsely claims in Complaint. *Plaintiff Complaint is absent of and fails to state 'any' claim to legally have personal/subject-matter jurisdiction over Defendant alleged retail commodity/virtual currency spot transactions as Defendant more than satisfied the 'actual delivery' requirement of a 2 day boundary recognized by the CFTC.* Section 6(c)(1) and all attached sections/subsections do not apply to Defendant alleged retail commodity/virtual currency spot transactions as it would "*nullify*" and "*void*" current CEA '2' and/or '28' day ACTUAL DELIVERY EXEMPTION.


## EXISTING CASE FACTS

**JACK B. WEINSTEIN, Senior United States District Judge [March 06, 2018]**
**MEMORANDUM & ORDER**

==**"Quoting" Section I. INTRODUCTION (A).**==
**A. Commodity Futures Trading Commission ("CFTC") Standing**
Id. *"The primary issue raised at the outset of this litigation is whether CFTC has standing to sue defendants on the theory that they have violated the CEA. Title* 7 U.S.C. § 1. *Presented are two questions that determine the* **plaintiff's standing***: (1) whether virtual currency may be regulated by the CFTC as a commodity; and* ==**(2)** *whether the amendments to the CEA under the Dodd-Frank Act permit the CFTC to exercise its jurisdiction over fraud that does not directly involve the sale of futures or derivative contracts."*== [quoting at I. Introduction (A)]

==Quoting" Section 2(D).==

**D. Appropriate Research by Court**

Id. *"In deciding jurisdictional, standing and other issues fundamental to the present litigation, the court has engaged in extensive background research, but not on the specific frauds charged. This is appropriate.*

*The ABA has issued the following opinion related to individual research by the court:*

*Easy access to a vast amount of information available on the Internet exposes judges to potential ethical problems. Judges risk violating the Model Code of Judicial Conduct by searching the Internet for information related to participants or facts in a proceeding. Independent investigation of adjudicative facts generally is prohibited unless the information is properly subject to judicial notice. The restriction on independent investigation includes individuals subject to the judge's direction and control.*

Committee on Ethics and Responsibility, *Independent Factual Research by Judges Via Internet*, Formal Opinion 478, Dec. 8, 2017 (ABA) (emphasis added).

*It is appropriate and necessary for the judge to do research required by a case in order to understand the context and background of the issues involved so long as the judge indicates to the parties the research and conclusions, by opinions and otherwise, so they may contest and clarify. See Abrams, Brewer, Medwed, et al., Evidence Cases and Materials (10th Ed. 2017) (Ch. 9 "Judicial Notice"). It would be a misapprehension of the ABA rule to conclude otherwise.*

***Adjudicative facts involving defendants' alleged activities have not been the subject of investigation by the court, except at an evidentiary hearing. See Hr'g Tr., Mar. 6, 2018. VI. Conclusion"*** [quoting at 2(D)].

==Quoting" Section 1(e).==

**e. Regulation of Spot Market Fraud**

Id. *"CFTC does not have regulatory authority over simple quick cash or spot transactions that do not involve fraud or manipulation. Title* 7 U.S.C. § 2(c)(2)(C)(i)(II)(bb)(AA) ***(The CFTC does not have jurisdiction over "spot" transactions that "[result] in actual delivery within 2 days."). This boundary has been recognized by the CFTC.*** *It has not attempted to regulate spot trades, unless there is evidence of manipulation or fraud. See App. C, CFTC Chair, Congressional Testimony* ***("[T]he CFTC does not have authority to conduct regulatory oversight over spot virtual currency platforms or other cash commodities, including imposing registration requirements, surveillance and monitoring, transaction reporting, compliance with personnel conduct standards, customer education, capital adequacy, trading system safeguards, cyber security examinations or other requirements.")."*** [quoting at Regulation of Spot Market Fraud 1(e).]

*Defendant moves the Court again very respectively to* **'completely dismiss'** *Plaintiff Complaint and alleged Count(s)* **'with prejudice'** **"Specifically"**; Count 1--Fraud by Deceptive Device or Contrivance; Violations of § 6(c)(1) of the Act and Regulation 180.1 (a). citing Plaintiff lack of; **Subject-matter jurisdiction** (pursuant to Rule 12 (b)(1), Fed. R. Civ. P.) and/or **Personal Jurisdiction** (pursuant to Rule 12 (b)(2), Fed. R. Civ. P.) and **specifically** for Plaintiff **Failure to state a claim upon relief can be granted** (pursuant to Rule 12 (b)(6), Fed. R. Civ. P.). Defendant alleged transactions qualify under **the CEA "2 day Virtual Currency ACTUAL DELIVERY EXEMPTION"** and Plaintiff *'unambiguous'* and *'broad'* misrepresentation and *misuse* of Section 6(c)(1) language *"in the absence of derivative market manipulation."* fails to state a claim in 'any' manner. Plaintiff is not afforded regulatory jurisdiction of 'any' sort over Defendant alleged Bitcoin, Litecoin, and/or Virtual Currency transactions, again, rendering Plaintiff Complaint dismissive Your Honor. ***"Defendant has clearly agreed with the Court on March 06, 2018 that Bitcoin is a commodity that has never been the theory of Defendant argument, Defendant argument has been steadfast in his belief Plaintiff is operating outside their regulatory jurisdictional scope with no claim of Defendant business/personal transaction activities."*** Defendant pleads to the

3

Court to take immediate notice that Plaintiff Claim is incorrectly and unfairly placed upon Defendant lacking jurisdiction.

Id. quoting *"If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action."* at Fed. R. Civ. P. Rule 12 (h)(3).

*Defendant prays for immediate relief of the Court as this Complaint has negatively affected, altered, and infected every aspect of both his business and personal his life.*

May 23, 2018

/s/ Patrick K. McDonnell

_____
Defendant/Pro Se


Prepared By: Patrick K. McDonnell "Pro Se"
20 Rawson Place, Staten Island, NY 10314
Telephone: (718) 524-6312 Email: cdm@gmx.us

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

 Virus-free. www.avg.com

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

**de Urioste, Alejandra**

| | |
|---|---|
| **From:** | Patrick McDonnell <18.cv.00361@gmail.com> |
| **Sent:** | Wednesday, May 23, 2018 9:57 AM |
| **To:** | Hurand, Gates |
| **Cc:** | de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher |
| **Subject:** | Hi Gates, Please file this ECF too getting ready to call Clerks now. TY, Patrick - DEFENDANT RE: REPLY TO DOCKET #88; REQUEST FOR IMMEDIATE EMERGENCY RELIEF OF COURT; JUDICIAL STATUTORY INTERPRETATION OF CEA NEEDED |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

_____

COMMODITY FUTURES TRADING

COMMISSION,                                        Case No. 18-CV-00361 (JBW) (RLM)

          Plaintiff,

                            **DEFENDANT REPLY TO DOCKET #88; REQUEST**

   v.                                        **FOR IMMEDIATE EMERGENCY RELIEF OF COURT;**

                            **JUDICIAL STATUTORY INTERPRETATION OF CEA NEEDED**

PATRICK K. MCDONNELL,

and CABBAGETECH, CORP. d/b/a COIN

DROP MARKETS,

          Defendants.

_____

<u>VIA ECF</u>
The Honorable Jack B. Weinstein
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Dear Judge Weinstein:

I am a Defendant in the above referenced matter writing you concerning **Docket #88 - SCHEDULING ORDER** re 7/9/2018 Evidentiary Hearing. *At this date the court will hear defendant's motion for reconsideration of the court's order denying his motion to dismiss. Ordered by Judge Jack B. Weinstein on 5/21/2018. Your Honor,* I am extremely blessed and grateful of the court's decision to allow me reconsideration in hearing my motion to dismiss on July 9, 2018. *However,* the date of said reconsideration concerns me as Plaintiff complaint should be dismissed *forthwith* according to Fed. R. Civ. P. Rule 12 (h)(3). Defendant respectfully requests a hearing date on motion to dismiss prior July 09, 2018 as it is of emergency nature to Defendant due process rights being violated under Plaintiff charges without claim and incorrect jurisdiction, Your Honor. *With all due respect to the Court,* I have never been afforded the complete opportunity to plead my first motion to dismiss at March 06, 2018 hearing verifiable in court minutes. I was asked a question of whether Bitcoin was a commodity which was the topic at hand and it was dismissed with no true opportunity to argue my points. *With that said,* I was civil law illiterate as the court had understood with no idea of '*how*' or '*what*' to argue being a paid attorney was out of my budget, *still is,* I am representing myself Pro Se in an effort to receive fair and unbiased due process throughout all of this at times seems to no avail. I feel my civil rights have been ignored/violated many times unjustly while Plaintiff is afforded false jurisdictional powers over a claim they should not be afforded by written law/statute quoted in previous filings on behalf of Defendant. *Defendant declares that the court has acted appropriately in regards to extensive background research in regards to Bitcoin being defined as a commodity, yet, as the court has stated:*

**JACK B. WEINSTEIN, Senior United States District Judge [March 06, 2018] MEMORANDUM & ORDER;**
*"In deciding jurisdictional, standing and other issues fundamental to the present litigation, the court has engaged in extensive background research, **but not on the specific fraud charged.** This is appropriate and Defendant concurs. However,"**the specific fraud charged jurisdiction is undoubtedly incorrect and in question."**

*The **primary issue** raised in the beginning of this case were whether the Plaintiff had standing to sue Defendants' in **'theory'** that they have violated the CEA which they did not as noted in Defendant Letters/Motion to the court respectively. Presented are **two questions** to determine the Plaintiff's standing:*

1. ***Whether virtual currency may be regulated by the Plaintiff as a commodity?*** The answer is YES without Defendant disputing such fact.

2. ***Whether the amendments to the CEA under the Dodd-Frank Act permit the Plaintiff to exercise jurisdiction over fraud that does not directly involve the sale of futures or derivative contracts?*** The answer is NO with Defendant disputing such fact.

Defendant respectfully moves the court to engage in extensive background research on Plaintiff **"specific fraud charges"** filed against Defendant [Docket #1] in an effort to interpret and apply statutory jurisdiction language/law properly vs. speculate on Plaintiff theories. Defendant declares this an emergency being improperly charged. Defendant has been forced to file Chapter 7; Personal Bankruptcy, Lost his wife of 26 years, The respect of his children, family, and friends, Suffers a tarnished business reputation via online slaughter of his name rendering him unemployable, financially and physically destitute due to Plaintiff fabricated complaint improperly imposed.

*Defendant seeks;* **EMERGENCY RELIEF OF THE COURT FOR JUDICIAL STATUTORY INTERPRETATION OF CEA LAW *FORTHWITH* AS ANYTHING OTHER WOULD FURTHER VIOLATE DEFENDANT CIVIL/DUE PROCESS RIGHTS AFFORDED UNDER THIS COURT AND FEDERAL LAW. DEFENDANT/FAMILY CIVIL [*POSSIBLY CONSTITUTIONAL?*] RIGHTS ARE BEING VIOLATED DAILY BY PLAINTIFF VIA DISCOVERY THAT SHOULD BE STAYED UNTIL RESOLUTION OF GOVERNING STATUTES IS CLARIFIED BY THIS COURT. PLAINTIFF HAS BEEN CORRECTED BY THIS COURT ON RECORD FOR ACTING UNDER GUISE AND GOING OUT OF THE SCOPE OF A COURT ORDER WHILE MISLEADING AND MISREPRESENTING SAID ORDER INACCURATELY TO DEFENDANT IN AN EFFORT TO GAIN DISCOVERY ILLEGALLY. [CHIEF JUDGE MAGISTRATE JUDGE MANN] PLAINTIFF CONTINUES TO GO OUTSIDE THE LIMITS OF DISCOVERY AS NOTED IN DEFENDANT LETTERS [Docket(s) #84, #85] TO JUDGE MANN. *RESPECTFULLY SAID,* FOR THE COURT TO ALLOW PLAINTIFF TO CONTINUE DISCOVERY BY DECEPTION IMPOSING ILLEGAL HARASSMENT ON DEFENDANT/FAMILY IS A MISCARRIAGE OF JUSTICE ABSENT A CLEAR DEFINITION OF STATUTORY LAW AND JURISDICTION. [CASE SHOULD BE STAYED.]**
<u>Id.</u> quoting *"If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action."* at Fed. R. Civ. P. Rule 12 (h)(3).


*Defendant prays for immediate emergency relief of the Court as judicial statutory interpretation of the CEA is merited for any type of due process to occur.*


May 23, 2018

/s/ Patrick K. McDonnell

_____
Defendant/Pro Se


Prepared By: Patrick K. McDonnell "Pro Se"
20 Rawson Place, Staten Island, NY 10314
Telephone: (718) 524-6312 Email: cdm@gmx.us


This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

Virus-free. www.avg.com

**de Urioste, Alejandra**

| | |
|---|---|
| **From:** | Patrick McDonnell <18.cv.00361@gmail.com> |
| **Sent:** | Wednesday, May 23, 2018 10:15 AM |
| **To:** | Hurand, Gates |
| **Cc:** | de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher |
| **Subject:** | Re: Hi Gates, I'm burning the candle at both ends. Can you please file this letter ECF in the morning. TY, Patrick - RE: LETTER TO THE HONORABLE JACK B. WEINSTEIN |

Hi David, I am ringing the Clerk to inform them of these ECF filings and a package I am sending U.S.P.S. can you please get this and other one filed I emailed before so all are on the same page as soon as you can. Also what is #Docket #89? TY, Patrick

---

[x] 	Virus-free. www.avg.com

On Tue, May 22, 2018 at 9:42 PM, Patrick McDonnell <18.cv.00361@gmail.com> wrote:

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

_____

COMMODITY FUTURES TRADING

COMMISSION,                                        Case No. 18-CV-00361 (JBW) (RLM)

                    Plaintiff,

                                        **LETTER TO THE HONORABLE JUDGE**

          v.                                        **JACK B. WEINSTEIN**

PATRICK K. MCDONNELL,

and CABBAGETECH, CORP. d/b/a COIN

DROP MARKETS,

                    Defendants.

_____

VIA ECF
The Honorable Jack B. Weinstein
United States District Judge

1

United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201


Dear Judge Weinstein:

**MAY THE COURT PLEASE TAKE IMMEDIATE NOTICE AND CONCERN;**
*Defendant again,* respectfully requests a **"complete dismissal"** of Plaintiff *incorrectly* and *unfairly* placed Claim *on the following grounds backed by* filed **Motion To Dismiss and Accompanying Documents/Exhibits; (1-1p) accordingly, [Docket(s) #86, #87, ETC.]**. Plaintiff use of Section 6(c)(1) is *'unambiguous'* and *'broad'* in it's *misrepresentation* and *misuse* of language. Defendant alleged retail *commodity/virtual currency* spot transaction(s) which settled *"instant", "on the spot",* and in *"real-time"* transparently on what is called an **"open-source" blockchain ledger** qualify for the **CEA 2 day "ACTUAL DELIVERY EXEMPTION"**. *Plaintiff has introduced alleged Defendant blockchain ledger/transaction records to the Court as evidence proving* **"instantaneous settlement transparently displayed on numerous public blockchains"** *qualifying for an* **'exemption'** *under the CEA;* **"ACTUAL DELIVERY EXEMPTION"**. *In traditional commodity transactions qualifying for an 'exemption' under the "ACTUAL DELIVERY EXEMPTION" is 28 day settlement. However,* with Bitcoin, Litecoin, and/or Virtual Currency; *(The CFTC does not have jurisdiction over "spot" transactions that "[result] in actual delivery within 2 days."). This boundary has been recognized by the CFTC.* Id. "*Section 6(c)(1) 'does not' cover retail commodity spot transaction fraud "in the absence of derivative market manipulation".*" [quoting at 2018 WL 2110935 at *7 (4).] *Further,* Defendant alleged retail *commodity/virtual currency* spot transactions are not even remotely characterized under the ACTUAL DELIVERY EXEMPTION definition of *"leveraged", "margined",* and/or *"financed"*. Defendant alleged Bitcoin, Litecoin, and/or Virtual Currency retail *commodity/virtual currency* spot transactions were **'FULLY PAID TYPE'** *"without"* the use of *"leverage", "margin",* and/or *"financing"* clearly **'defined'** and **'stated as fact'** in Plaintiff Complaint [Docket #1]. Defendant was a **"RECEIVER"** not **"BUYER"** and Member/Subscriber was a **"SPENDER"** not **"SELLER"** of Bitcoin, Litecoin, and/or Virtual Currency for *'services rendered'* as an **alternative payment form** to traditional means **[Ex: Credit/Debit Card, PayPal...]** in an effort to compliment members/subscribers looking to purchase *memberships/subscriptions, informational services, trading advice,* and/or *trading/alerts* in an **array of traditional financial sectors** "NOT" just Virtual Currency coverage as Plaintiff falsely claims in Complaint. *Plaintiff Complaint is absent of and fails to state 'any' claim to legally have personal/subject-matter jurisdiction over Defendant alleged retail commodity/virtual currency spot transactions as Defendant more than satisfied the 'actual delivery' requirement of a 2 day boundary recognized by the CFTC.* Section 6(c)(1) and all attached sections/subsections do not apply to Defendant alleged retail commodity/virtual currency spot transactions as it would "*nullify*" and "*void*" current CEA '2' and/or '28' day ACTUAL DELIVERY EXEMPTION.


## EXISTING CASE FACTS


**JACK B. WEINSTEIN, Senior United States District Judge [March 06, 2018]**
**MEMORANDUM & ORDER**


**"Quoting" Section I. INTRODUCTION (A).**
**A. Commodity Futures Trading Commission ("CFTC") Standing**
Id. "*The primary issue raised at the outset of this litigation is whether CFTC has standing to sue defendants on the theory that they have violated the CEA. Title 7 U.S.C. § 1. Presented are two questions that determine the* **plaintiff's standing***: (1) whether virtual currency may be regulated by the CFTC as a commodity; and* **(2) whether the amendments to the CEA under the Dodd-Frank Act permit the CFTC to exercise its jurisdiction**

2

*over fraud that does not directly involve the sale of futures or derivative contracts."* [quoting at I. Introduction (A)]

**"Quoting" Section 2(D).**
**D. Appropriate Research by Court**
Id. *"In deciding jurisdictional, standing and other issues fundamental to the present litigation, the court has engaged in extensive background research, but not on the specific frauds charged. This is appropriate.*
*The ABA has issued the following opinion related to individual research by the court:*

*Easy access to a vast amount of information available on the Internet exposes judges to potential ethical problems. Judges risk violating the Model Code of Judicial Conduct by searching the Internet for information related to participants or facts in a proceeding. Independent investigation of adjudicative facts generally is prohibited unless the information is properly subject to judicial notice. The restriction on independent investigation includes individuals subject to the judge's direction and control.*

Committee on Ethics and Responsibility, *Independent Factual Research by Judges Via Internet*, Formal Opinion 478, Dec. 8, 2017 (ABA) (emphasis added).

*It is appropriate and necessary for the judge to do research required by a case in order to understand the context and background of the issues involved so long as the judge indicates to the parties the research and conclusions, by opinions and otherwise, so they may contest and clarify. See Abrams, Brewer, Medwed, et al., Evidence Cases and Materials (10th Ed. 2017) (Ch. 9 "Judicial Notice"). It would be a misapprehension of the ABA rule to conclude otherwise.*

***Adjudicative facts involving defendants' alleged activities have not been the subject of investigation by the court, except at an evidentiary hearing. See Hr'g Tr., Mar. 6, 2018. VI. Conclusion"*** [quoting at 2(D)].

**"Quoting" Section 1(e).**
**e. Regulation of Spot Market Fraud**
Id. *"CFTC does not have regulatory authority over simple quick cash or spot transactions that do not involve fraud or manipulation. Title* 7 U.S.C. § 2(c)(2)(C)(i)(II)(bb)(AA) ***(The CFTC does not have jurisdiction over "spot" transactions that "[result] in actual delivery within 2 days."). This boundary has been recognized by the CFTC.*** *It has not attempted to regulate spot trades, unless there is evidence of manipulation or fraud. See App. C, CFTC Chair, Congressional Testimony* ***("[T]he CFTC does not have authority to conduct regulatory oversight over spot virtual currency platforms or other cash commodities, including imposing registration requirements, surveillance and monitoring, transaction reporting, compliance with personnel conduct standards, customer education, capital adequacy, trading system safeguards, cyber security examinations or other requirements.").*** [quoting at Regulation of Spot Market Fraud 1(e).]

*Defendant moves the Court again very respectively to* **'completely dismiss'** *Plaintiff Complaint and alleged Count(s)* **'with prejudice'** **"Specifically"**; **Count 1--Fraud by Deceptive Device or Contrivance; Violations of § 6(c)(1) of the Act and Regulation 180.1 (a).** citing Plaintiff lack of; **Subject-matter jurisdiction** (pursuant to Rule 12 (b)(1), Fed. R. Civ. P.) and/or **Personal Jurisdiction** (pursuant to Rule 12 (b)(2), Fed. R. Civ. P.) and **specifically** for Plaintiff **Failure to state a claim upon relief can be granted** (pursuant to Rule 12 (b)(6), Fed. R. Civ. P.). Defendant alleged transactions qualify under the CEA **"2 day Virtual Currency ACTUAL DELIVERY EXEMPTION"** and Plaintiff *'unambiguous'* and *'broad'* misrepresentation and *misuse* of Section 6(c)(1) language *"in the absence of derivative market manipulation."* fails to state a claim in 'any' manner. Plaintiff is not afforded regulatory jurisdiction of 'any' sort over Defendant alleged Bitcoin, Litecoin, and/or Virtual Currency transactions, again, rendering Plaintiff Complaint dismissive Your Honor. ***"Defendant has clearly agreed with the Court on March 06, 2018 that Bitcoin is a commodity that has never been the theory of Defendant argument, Defendant argument has***

3

**been steadfast in his belief Plaintiff is operating outside their regulatory jurisdictional scope with no claim of Defendant business/personal transaction activities."** Defendant pleads to the Court to take immediate notice that Plaintiff Claim is incorrectly and unfairly placed upon Defendant lacking jurisdiction.

<u>Id.</u> quoting *"If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action."* at Fed. R. Civ. P. Rule 12 (h)(3).

*Defendant prays for immediate relief of the Court as this Complaint has negatively affected, altered, and infected every aspect of both his business and personal his life.*


May 23, 2018

/s/ Patrick K. McDonnell
_____
Defendant/Pro Se


Prepared By: Patrick K. McDonnell "Pro Se"
20 Rawson Place, Staten Island, NY 10314
Telephone: (718) 524-6312 Email: cdm@gmx.us

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

 Virus-free. www.avg.com

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

## de Urioste, Alejandra

| | |
|---|---|
| **From:** | Hurand, Gates |
| **Sent:** | Wednesday, May 23, 2018 10:28 AM |
| **To:** | Tomer, K. Brent; Oakland, David W.; de Urioste, Alejandra; Giglio, Christopher |
| **Subject:** | FW: FW: Activity in Case 1:18-cv-00361-JBW-RLM Commodity Futures Trading Commission v. McDonnell et al Letter |

**From:** Patrick McDonnell
**Sent:** Wednesday, May 23, 2018 10:27:10 AM (UTC-05:00) Eastern Time (US & Canada)
**To:** Hurand, Gates
**Subject:** Re: FW: Activity in Case 1:18-cv-00361-JBW-RLM Commodity Futures Trading Commission v. McDonnell et al Letter

Oh you did sorry.

 Virus-free. www.avg.com

On Wed, May 23, 2018 at 10:22 AM, Hurand, Gates <GHurand@cftc.gov> wrote:

Please see attached.

**From:** ecf_bounces@nyed.uscourts.gov [mailto:ecf_bounces@nyed.uscourts.gov]
**Sent:** Wednesday, May 23, 2018 10:18 AM
**To:** nobody@nyed.uscourts.gov
**Subject:** Activity in Case 1:18-cv-00361-JBW-RLM Commodity Futures Trading Commission v. McDonnell et al Letter

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Eastern District of New York

## Notice of Electronic Filing

The following transaction was entered by Hurand, Gates on 5/23/2018 at 10:18 AM EDT and filed on 5/23/2018

**Case Name:**          Commodity Futures Trading Commission v. McDonnell et al
**Case Number:**       1:18-cv-00361-JBW-RLM
**Filer:**                   Commodity Futures Trading Commission
**Document Number:** 91

**Docket Text:**
**Letter *filed on behalf of Patrick K. McDonnell* _ by Commodity Futures Trading Commission (Hurand, Gates)**

**1:18-cv-00361-JBW-RLM Notice has been electronically mailed to:**

Alejandra de Urioste       adeurioste@cftc.gov

David William Oakland       doakland@cftc.gov

Gates Salyers Hurand        ghurand@cftc.gov, msultan@cftc.gov

Jonathan Marcus        jonathan.marcus@skadden.com

Kenneth B. Tomer      ktomer@cftc.gov

**1:18-cv-00361-JBW-RLM Notice will not be electronically mailed to:**

Patrick K. McDonnell
20 Rawson Place
Staten Island, NY 10314

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=5/23/2018] [FileNumber=12859974-0]
[ce382d609630b33d401c3b8b9a255d9777bcceb5a749e0cf036972ae80d37bb55f93
e3b90ff98ac760217bab5cb276f13e0d86541bcb10168374d541e8b1ee55]]

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited

from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

**de Urioste, Alejandra**

| | |
|---|---|
| **From:** | Patrick McDonnell <18.cv.00361@gmail.com> |
| **Sent:** | Wednesday, May 23, 2018 10:31 AM |
| **To:** | Hurand, Gates |
| **Cc:** | de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher |
| **Subject:** | Re: Gates my words have been edited? |

*MY WORDING... Defendant seeks;* **EMERGENCY RELIEF OF THE COURT FOR JUDICIAL STATUTORY INTERPRETATION OF CEA LAW *FORTHWITH* AS ANYTHING OTHER WOULD FURTHER VIOLATE DEFENDANT CIVIL/DUE PROCESS RIGHTS AFFORDED UNDER THIS COURT AND FEDERAL LAW. DEFENDANT/FAMILY CIVIL [*POSSIBLLY CONSTITUTIONAL?*] RIGHTS ARE BEING VIOLATED DAILY BY PLAINTIFF VIA DISCOVERY THAT SHOULD BE STAYED UNTIL RESOLUTION OF GOVERNING STATUTES IS CLARIFIED BY THIS COURT. PLAINTIFF HAS BEEN CORRECTED BY THIS COURT ON RECORD FOR ACTING UNDER GUISE AND GOING OUT OF THE SCOPE OF A COURT ORDER WHILE MISLEADING AND MISREPRESENTING SAID ORDER INACCURATELY TO DEFENDANT IN AN EFFORT TO GAIN DISCOVERY ILLEGALLY. [CHIEF JUDGE MAGISTRATE JUDGE MANN] PLAINTIFF CONTINUES TO GO OUTSIDE THE LIMITS OF DISCOVERY AS NOTED IN DEFENDANT LETTERS [Docket(s) #84, #85] TO JUDGE MANN. *RESPECTFULLY SAID,* FOR THE COURT TO ALLOW PLAINTIFF TO CONTINUE DISCOVERY BY DECEPTION IMPOSING ILLEGAL HARASSMENT ON DEFENDANT/FAMILY IS A MISCARRIAGE OF JUSTICE ABSENT A CLEAR DEFINITION OF STATUTORY LAW AND JURISDICTION. [CASE SHOULD BE STAYED.]**
Id. quoting *"If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action."* at Fed. R. Civ. P. Rule 12 (h)(3).

On Wed, May 23, 2018 at 10:29 AM, Patrick McDonnell <18.cv.00361@gmail.com> wrote:

**SAID ORDER INACCURATELY TO DEFENDANT IN AN EFFORT TO GAIN**

**DISCOVERY ILLEGALLY. [CHIEF JUDGE MAGISTRATE JUDGE MANN]**

**PLAINTIFF CONTINUES TO GO OUTSIDE THE LIMITS OF DISCOVERY AS**

**NOTED IN DEFENDANT LETTERS [Docket(s) #84, #85] TO JUDGE MANN.**

**FOR THE COURT TO ALLOW PLAINTIFF TO CONTINUE DISCOVERY BY**

**DECEPTION IMPOSING ILLEGAL HARASSMENT ON DEFENDANT/FAMILY IS**

**A MISCARRIAGE OF JUSTICE ABSENT A CLEAR DEFINITION OF**

**STATUTORY LAW AND JURISDICTION. [CASE SHOULD BE**

**STAYED.]***FORTHWITHPOSSIBLY CONSTITUTIONAL?RESPECTFULLY SAID,*

--

1

This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

Virus-free. www.avg.com

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

## de Urioste, Alejandra

| | |
|---|---|
| **From:** | Hurand, Gates |
| **Sent:** | Wednesday, May 23, 2018 10:32 AM |
| **To:** | Patrick McDonnell |
| **Cc:** | de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher |
| **Subject:** | RE: Gates my words have been edited? |

Dear Mr. McDonnell: I do not understand your e-mail.  Would you like me to file it?

Gates S. Hurand
Senior Trial Attorney
Commodity Futures Trading Commission
Division of Enforcement
140 Broadway, 19th floor  |  New York, New York 10005  |  t. (646) 746-9753  |  f. (646) 746-3903  |  www.cftc.gov


**From:** Patrick McDonnell [mailto:18.cv.00361@gmail.com]
**Sent:** Wednesday, May 23, 2018 10:30 AM
**To:** Hurand, Gates
**Cc:** de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher
**Subject:** Gates my words have been edited?


**SAID ORDER INACCURATELY TO DEFENDANT IN AN EFFORT TO GAIN DISCOVERY ILLEGALLY. [CHIEF JUDGE MAGISTRATE JUDGE MANN] PLAINTIFF CONTINUES TO GO OUTSIDE THE LIMITS OF DISCOVERY AS NOTED IN DEFENDANT LETTERS [Docket(s) #84, #85] TO JUDGE MANN. FOR THE COURT TO ALLOW PLAINTIFF TO CONTINUE DISCOVERY BY DECEPTION IMPOSING ILLEGAL HARASSMENT ON DEFENDANT/FAMILY IS A MISCARRIAGE OF JUSTICE ABSENT A CLEAR DEFINITION OF STATUTORY LAW AND JURISDICTION. [CASE SHOULD BE STAYED.]** *FORTHWITHPOSSIBLY CONSTITUTIONAL?RESPECTFULLY SAID,*


--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

Virus-free. [www.avg.com](www.avg.com)

**de Urioste, Alejandra**

---

| | |
|---|---|
| **From:** | Hurand, Gates |
| **Sent:** | Wednesday, May 23, 2018 10:36 AM |
| **To:** | Patrick McDonnell |
| **Cc:** | Tomer, K. Brent; de Urioste, Alejandra; Oakland, David W.; Giglio, Christopher |
| **Subject:** | RE: Gates my words have been edited? |

Dear Mr. McDonnell: I unfortunately still do not understand.  If you would like me to re-file something on your behalf, you may send it to me.

Gates S. Hurand
Senior Trial Attorney
Commodity Futures Trading Commission
Division of Enforcement
140 Broadway, 19th floor  |  New York, New York 10005  |  t. (646) 746-9753  |  f. (646) 746-3903  |  www.cftc.gov

**From:** Patrick McDonnell [mailto:18.cv.00361@gmail.com]
**Sent:** Wednesday, May 23, 2018 10:33 AM
**To:** Hurand, Gates
**Subject:** Re: Gates my words have been edited?

Hi Gates, the last paragraph is distorted not written as original sent. Patrick

On Wed, May 23, 2018 at 10:32 AM, Hurand, Gates <GHurand@cftc.gov> wrote:

Dear Mr. McDonnell: I do not understand your e-mail.  Would you like me to file it?

Gates S. Hurand

Senior Trial Attorney

Commodity Futures Trading Commission

Division of Enforcement

140 Broadway, 19th floor  |  New York, New York 10005  |  t. (646) 746-9753  |  f. (646) 746-3903  |  www.cftc.gov

**From:** Patrick McDonnell [mailto:18.cv.00361@gmail.com]
**Sent:** Wednesday, May 23, 2018 10:30 AM
**To:** Hurand, Gates

**Cc:** de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher
**Subject:** Gates my words have been edited?


**SAID ORDER INACCURATELY TO DEFENDANT IN AN EFFORT TO GAIN**

**DISCOVERY ILLEGALLY. [CHIEF JUDGE MAGISTRATE JUDGE MANN]**

**PLAINTIFF CONTINUES TO GO OUTSIDE THE LIMITS OF DISCOVERY AS**

**NOTED IN DEFENDANT LETTERS [Docket(s) #84, #85] TO JUDGE MANN.**

**FOR THE COURT TO ALLOW PLAINTIFF TO CONTINUE DISCOVERY BY**

**DECEPTION IMPOSING ILLEGAL HARASSMENT ON DEFENDANT/FAMILY IS**

**A MISCARRIAGE OF JUSTICE ABSENT A CLEAR DEFINITION OF**

**STATUTORY LAW AND JURISDICTION. [CASE SHOULD BE**

**STAYED.]***FORTHWITHPOSSIBLY CONSTITUTIONAL?RESPECTFULLY SAID,*


--

This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

Virus-free. www.avg.com


--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

**de Urioste, Alejandra**

| | |
|---|---|
| **From:** | Patrick McDonnell <18.cv.00361@gmail.com> |
| **Sent:** | Wednesday, May 23, 2018 10:37 AM |
| **To:** | Hurand, Gates |
| **Cc:** | de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher |
| **Subject:** | Re: Gates my words have been edited? |

A re-file of the above will suffice with message. TY

---

☒ Virus-free. www.avg.com

On Wed, May 23, 2018 at 10:35 AM, Patrick McDonnell <18.cv.00361@gmail.com> wrote:
**Please correct ECF or re-file with the correct wording used in original sent and inform the**

**Court the distortion of wording occurred on Plaintiff side PASTE in attempt to file ECF.**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

_____

COMMODITY FUTURES TRADING

COMMISSION,                                    Case No. 18-CV-00361 (JBW) (RLM)

                    Plaintiff,

                                    **DEFENDANT REPLY TO DOCKET #88; REQUEST**

            v.                      **FOR IMMEDIATE EMERGENCY RELIEF OF COURT;**

                                    **JUDICIAL STATUTORY INTERPRETATION OF CEA NEEDED**

PATRICK K. MCDONNELL,

and CABBAGETECH, CORP. d/b/a COIN

DROP MARKETS,

                    Defendants.

1

_____

<u>VIA ECF</u>
The Honorable Jack B. Weinstein
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201


Dear Judge Weinstein:

I am a Defendant in the above referenced matter writing you concerning **Docket #88 - SCHEDULING ORDER** re 7/9/2018 Evidentiary Hearing. *At this date the court will hear defendant's motion for reconsideration of the court's order denying his motion to dismiss. Ordered by Judge Jack B. Weinstein on 5/21/2018. Your Honor,* I am extremely blessed and grateful of the court's decision to allow me reconsideration in hearing my motion to dismiss on July 9, 2018. *However,* the date of said reconsideration concerns me as Plaintiff complaint should be dismissed *forthwith* according to Fed. R. Civ. P. Rule 12 (h)(3). Defendant respectfully requests a hearing date on motion to dismiss prior July 09, 2018 as it is of emergency nature to Defendant due process rights being violated under Plaintiff charges without claim and incorrect jurisdiction, Your Honor. *With all due respect to the Court,* I have never been afforded the complete opportunity to plead my first motion to dismiss at March 06, 2018 hearing verifiable in court minutes. I was asked a question of whether Bitcoin was a commodity which was the topic at hand and it was dismissed with no true opportunity to argue my points. *With that said,* I was civil law illiterate as the court had understood with no idea of '*how*' or '*what*' to argue being a paid attorney was out of my budget, *still is,* I am representing myself Pro Se in an effort to receive fair and unbiased due process throughout all of this at times seems to no avail. I feel my civil rights have been ignored/violated many times unjustly while Plaintiff is afforded false jurisdictional powers over a claim they should not be afforded by written law/statute quoted in previous filings on behalf of Defendant. *Defendant declares that the court has acted appropriately in regards to extensive background research in regards to Bitcoin being defined as a commodity, yet, as the court has stated:*

**JACK B. WEINSTEIN, Senior United States District Judge [March 06, 2018] MEMORANDUM & ORDER;**
*"In deciding jurisdictional, standing and other issues fundamental to the present litigation, the court has engaged in extensive background research, **but not on the specific fraud charged.** This is appropriate and Defendant concurs. However,"**the specific fraud charged jurisdiction is undoubtedly incorrect and in question."***

*The **primary issue** raised in the beginning of this case were whether the Plaintiff had standing to sue Defendants' in **'theory'** that they have violated the CEA which they did not as noted in Defendant Letters/Motion to the court respectively. Presented are **two questions** to determine the Plaintiff's standing:*

1. ***Whether virtual currency may be regulated by the Plaintiff as a commodity?*** The answer is YES without Defendant disputing such fact.

2. ***Whether the amendments to the CEA under the Dodd-Frank Act permit the Plaintiff to exercise jurisdiction over fraud that does not directly involve the sale of futures or derivative contracts?*** The answer is NO with Defendant disputing such fact.

Defendant respectfully moves the court to engage in extensive background research on Plaintiff **"specific fraud charges"** filed against Defendant [Docket #1] in an effort to interpret and apply statutory jurisdiction language/law properly vs. speculate on Plaintiff theories. Defendant declares this an emergency being improperly charged. Defendant has been forced to file Chapter 7; Personal Bankruptcy, Lost his wife of 26 years, The respect of his children, family, and friends, Suffers a tarnished business reputation via online slaughter of his name rendering him unemployable, financially and physically destitute due to Plaintiff fabricated complaint improperly imposed.

*Defendant seeks;* **EMERGENCY RELIEF OF THE COURT FOR JUDICIAL STATUTORY INTERPRETATION OF CEA LAW *FORTHWITH* AS ANYTHING OTHER WOULD FURTHER VIOLATE DEFENDANT CIVIL/DUE PROCESS RIGHTS AFFORDED UNDER THIS COURT AND FEDERAL LAW. DEFENDANT/FAMILY CIVIL [*POSSIBLY CONSTITUTIONAL?*] RIGHTS ARE BEING VIOLATED DAILY BY PLAINTIFF VIA DISCOVERY THAT SHOULD BE STAYED UNTIL RESOLUTION OF GOVERNING STATUTES IS CLARIFIED BY THIS COURT. PLAINTIFF HAS BEEN CORRECTED BY THIS COURT ON RECORD FOR ACTING UNDER GUISE AND GOING OUT OF THE SCOPE OF A COURT ORDER WHILE MISLEADING AND MISREPRESENTING SAID ORDER INACCURATELY TO DEFENDANT IN AN EFFORT TO GAIN DISCOVERY ILLEGALLY. [CHIEF JUDGE MAGISTRATE JUDGE MANN] PLAINTIFF CONTINUES TO GO OUTSIDE THE LIMITS OF DISCOVERY AS NOTED IN DEFENDANT LETTERS [Docket(s) #84, #85] TO JUDGE MANN. *RESPECTFULLY SAID,* FOR THE COURT TO ALLOW PLAINTIFF TO CONTINUE DISCOVERY BY DECEPTION IMPOSING ILLEGAL HARASSMENT ON DEFENDANT/FAMILY IS A MISCARRIAGE OF JUSTICE ABSENT A CLEAR DEFINITION OF STATUTORY LAW AND JURISDICTION. [CASE SHOULD BE STAYED.]** Id. quoting *"If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action."* at Fed. R. Civ. P. Rule 12 (h)(3).

*Defendant prays for immediate emergency relief of the Court as judicial statutory interpretation of the CEA is merited for any type of due process to occur.*

May 23, 2018

/s/ Patrick K. McDonnell
_____
Defendant/Pro Se

Prepared By: Patrick K. McDonnell "Pro Se"
20 Rawson Place, Staten Island, NY 10314
Telephone: (718) 524-6312 Email: cdm@gmx.us

On Wed, May 23, 2018 at 10:32 AM, Hurand, Gates <GHurand@cftc.gov> wrote:

Dear Mr. McDonnell: I do not understand your e-mail.  Would you like me to file it?

Gates S. Hurand

3

Senior Trial Attorney

Commodity Futures Trading Commission

Division of Enforcement

140 Broadway, 19th floor  |  New York, New York 10005  |  t. (646) 746-9753  |  f. (646) 746-3903  |  www.cftc.gov

**From:** Patrick McDonnell [mailto:18.cv.00361@gmail.com]
**Sent:** Wednesday, May 23, 2018 10:30 AM
**To:** Hurand, Gates
**Cc:** de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher
**Subject:** Gates my words have been edited?

**SAID ORDER INACCURATELY TO DEFENDANT IN AN EFFORT TO GAIN**

**DISCOVERY ILLEGALLY. [CHIEF JUDGE MAGISTRATE JUDGE MANN]**

**PLAINTIFF CONTINUES TO GO OUTSIDE THE LIMITS OF DISCOVERY AS**

**NOTED IN DEFENDANT LETTERS [Docket(s) #84, #85] TO JUDGE MANN.**

**FOR THE COURT TO ALLOW PLAINTIFF TO CONTINUE DISCOVERY BY**

**DECEPTION IMPOSING ILLEGAL HARASSMENT ON DEFENDANT/FAMILY IS**

**A MISCARRIAGE OF JUSTICE ABSENT A CLEAR DEFINITION OF**

**STATUTORY LAW AND JURISDICTION. [CASE SHOULD BE**

**STAYED.]***FORTHWITHPOSSIBLY CONSTITUTIONAL?RESPECTFULLY SAID,*

--

This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

Virus-free. [www.avg.com](www.avg.com)

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

**de Urioste, Alejandra**

---

| | |
|---|---|
| **From:** | Hurand, Gates |
| **Sent:** | Wednesday, May 23, 2018 10:37 AM |
| **To:** | Tomer, K. Brent; Oakland, David W.; de Urioste, Alejandra; Giglio, Christopher |
| **Subject:** | FW: Gates my words have been edited? |

---

**From:** Patrick McDonnell
**Sent:** Wednesday, May 23, 2018 10:37:07 AM (UTC-05:00) Eastern Time (US & Canada)
**To:** Hurand, Gates
**Subject:** Re: Gates my words have been edited?

I just did sir. TY

On Wed, May 23, 2018 at 10:35 AM, Hurand, Gates <GHurand@cftc.gov> wrote:

Dear Mr. McDonnell: I unfortunately still do not understand.  If you would like me to re-file something on your behalf, you may send it to me.

Gates S. Hurand

Senior Trial Attorney

Commodity Futures Trading Commission

Division of Enforcement

140 Broadway, 19th floor  |  New York, New York 10005  |  t. (646) 746-9753  |  f. (646) 746-3903  |  www.cftc.gov

**From:** Patrick McDonnell [mailto:18.cv.00361@gmail.com]
**Sent:** Wednesday, May 23, 2018 10:33 AM
**To:** Hurand, Gates
**Subject:** Re: Gates my words have been edited?

Hi Gates, the last paragraph is distorted not written as original sent. Patrick

On Wed, May 23, 2018 at 10:32 AM, Hurand, Gates <GHurand@cftc.gov> wrote:

1

Dear Mr. McDonnell: I do not understand your e-mail.  Would you like me to file it?

Gates S. Hurand

Senior Trial Attorney

Commodity Futures Trading Commission

Division of Enforcement

140 Broadway, 19th floor  |  New York, New York 10005  |  t. (646) 746-9753  |  f. (646) 746-3903  |  www.cftc.gov

**From:** Patrick McDonnell [mailto:18.cv.00361@gmail.com]
**Sent:** Wednesday, May 23, 2018 10:30 AM
**To:** Hurand, Gates
**Cc:** de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher
**Subject:** Gates my words have been edited?

**SAID ORDER INACCURATELY TO DEFENDANT IN AN EFFORT TO GAIN**

**DISCOVERY ILLEGALLY. [CHIEF JUDGE MAGISTRATE JUDGE MANN]**

**PLAINTIFF CONTINUES TO GO OUTSIDE THE LIMITS OF DISCOVERY AS**

**NOTED IN DEFENDANT LETTERS [Docket(s) #84, #85] TO JUDGE MANN.**

**FOR THE COURT TO ALLOW PLAINTIFF TO CONTINUE DISCOVERY BY**

**DECEPTION IMPOSING ILLEGAL HARASSMENT ON DEFENDANT/FAMILY IS**

**A MISCARRIAGE OF JUSTICE ABSENT A CLEAR DEFINITION OF**

**STATUTORY LAW AND JURISDICTION. [CASE SHOULD BE**

**STAYED.]***FORTHWITHPOSSIBLY CONSTITUTIONAL?RESPECTFULLY SAID,*

--

This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited

from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

Virus-free. [www.avg.com](http://www.avg.com)

\--

This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

\--

This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

## de Urioste, Alejandra

| | |
|---|---|
| **From:** | Patrick McDonnell <18.cv.00361@gmail.com> |
| **Sent:** | Wednesday, May 23, 2018 10:39 AM |
| **To:** | Hurand, Gates |
| **Cc:** | de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher |
| **Subject:** | RE: GATES THE PROBLEM LIES BELOW. THE ORIGINAL COPY DELETED/MANGLED MY WORDING. |

*MY WORDING... Defendant seeks;* **EMERGENCY RELIEF OF THE COURT FOR JUDICIAL STATUTORY INTERPRETATION OF CEA LAW *FORTHWITH* AS ANYTHING OTHER WOULD FURTHER VIOLATE DEFENDANT CIVIL/DUE PROCESS RIGHTS AFFORDED UNDER THIS COURT AND FEDERAL LAW. DEFENDANT/FAMILY CIVIL [*POSSIBLY CONSTITUTIONAL?*] RIGHTS ARE BEING VIOLATED DAILY BY PLAINTIFF VIA DISCOVERY THAT SHOULD BE STAYED UNTIL RESOLUTION OF GOVERNING STATUTES IS CLARIFIED BY THIS COURT. PLAINTIFF HAS BEEN CORRECTED BY THIS COURT ON RECORD FOR ACTING UNDER GUISE AND GOING OUT OF THE SCOPE OF A COURT ORDER WHILE MISLEADING AND MISREPRESENTING SAID ORDER INACCURATELY TO DEFENDANT IN AN EFFORT TO GAIN DISCOVERY ILLEGALLY. [CHIEF JUDGE MAGISTRATE JUDGE MANN] PLAINTIFF CONTINUES TO GO OUTSIDE THE LIMITS OF DISCOVERY AS NOTED IN DEFENDANT LETTERS [Docket(s) #84, #85] TO JUDGE MANN. *RESPECTFULLY SAID,* FOR THE COURT TO ALLOW PLAINTIFF TO CONTINUE DISCOVERY BY DECEPTION IMPOSING ILLEGAL HARASSMENT ON DEFENDANT/FAMILY IS A MISCARRIAGE OF JUSTICE ABSENT A CLEAR DEFINITION OF STATUTORY LAW AND JURISDICTION. [CASE SHOULD BE STAYED.]**
Id. quoting *"If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action."* at Fed. R. Civ. P. Rule 12 (h)(3).

On Wed, May 23, 2018 at 10:29 AM, Patrick McDonnell <18.cv.00361@gmail.com> wrote:

**SAID ORDER INACCURATELY TO DEFENDANT IN AN EFFORT TO GAIN**

**DISCOVERY ILLEGALLY. [CHIEF JUDGE MAGISTRATE JUDGE MANN]**

**PLAINTIFF CONTINUES TO GO OUTSIDE THE LIMITS OF DISCOVERY AS**

**NOTED IN DEFENDANT LETTERS [Docket(s) #84, #85] TO JUDGE MANN.**

**FOR THE COURT TO ALLOW PLAINTIFF TO CONTINUE DISCOVERY BY**

**DECEPTION IMPOSING ILLEGAL HARASSMENT ON DEFENDANT/FAMILY IS**

**A MISCARRIAGE OF JUSTICE ABSENT A CLEAR DEFINITION OF**

**STATUTORY LAW AND JURISDICTION. [CASE SHOULD BE**

**STAYED.]***FORTHWITHPOSSIBLY CONSTITUTIONAL?RESPECTFULLY SAID,*

--

This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited

from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

 Virus-free. www.avg.com

## de Urioste, Alejandra

| | |
|---|---|
| **From:** | Hurand, Gates |
| **Sent:** | Wednesday, May 23, 2018 10:50 AM |
| **To:** | Tomer, K. Brent; Oakland, David W.; de Urioste, Alejandra; Giglio, Christopher |
| **Subject:** | FW: FW: Activity in Case 1:18-cv-00361-JBW-RLM Commodity Futures Trading Commission v. McDonnell et al Letter |

**From:** Patrick McDonnell
**Sent:** Wednesday, May 23, 2018 10:49:05 AM (UTC-05:00) Eastern Time (US & Canada)
**To:** Hurand, Gates
**Subject:** Re: FW: Activity in Case 1:18-cv-00361-JBW-RLM Commodity Futures Trading Commission v. McDonnell et al Letter

ironically Gates forthwith wording was misplaced?

 Virus-free. www.avg.com

On Wed, May 23, 2018 at 10:43 AM, Hurand, Gates <GHurand@cftc.gov> wrote:

Please see attached.

**From:** ecf_bounces@nyed.uscourts.gov [mailto:ecf_bounces@nyed.uscourts.gov]
**Sent:** Wednesday, May 23, 2018 10:43 AM
**To:** nobody@nyed.uscourts.gov
**Subject:** Activity in Case 1:18-cv-00361-JBW-RLM Commodity Futures Trading Commission v. McDonnell et al Letter

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Eastern District of New York**

**Notice of Electronic Filing**

The following transaction was entered by Hurand, Gates on 5/23/2018 at 10:42 AM EDT and filed on 5/23/2018

**Case Name:**          Commodity Futures Trading Commission v. McDonnell et al
**Case Number:**      1:18-cv-00361-JBW-RLM
**Filer:**                   Commodity Futures Trading Commission
**Document Number:** 92

**Docket Text:**
**Letter *filed on behalf of Patrick K. McDonnell* _ by Commodity Futures Trading Commission (Hurand, Gates)**

**1:18-cv-00361-JBW-RLM Notice has been electronically mailed to:**

Alejandra de Urioste      adeurioste@cftc.gov

David William Oakland      doakland@cftc.gov

Gates Salyers Hurand      ghurand@cftc.gov, msultan@cftc.gov

Jonathan Marcus      jonathan.marcus@skadden.com

Kenneth B. Tomer      ktomer@cftc.gov

**1:18-cv-00361-JBW-RLM Notice will not be electronically mailed to:**

Patrick K. McDonnell
20 Rawson Place
Staten Island, NY 10314

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=5/23/2018] [FileNumber=12860125-0] [05d889662e6a27ebbde780b7f88c4d86e309467f27105bb92985fe8cb20063b9d9ec 9511e0c98ccdbcd4f8fec6f039355ca8940aa1530a3be0e340c4a432bf97]]

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited

from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

**de Urioste, Alejandra**

| | |
|---|---|
| **From:** | Patrick McDonnell <18.cv.00361@gmail.com> |
| **Sent:** | Wednesday, May 23, 2018 11:01 AM |
| **To:** | Hurand, Gates |
| **Cc:** | de Urioste, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher |
| **Subject:** | Please file this as an attachment of correction to last ECF filing #92 and #91 if possible. |

*Hi Gates, Please file this as an 'attachment of correction' to last ECF filing #92; and #91 if possible. What is going on? Same mistake filed in last as other. IDK what is going on but it is making me look illiterate to the Court while exhausting their precious time. This paragraph is very important as it is the relief Defendant seeks from court please review prior filing for any further distortions of wording. TY, Patrick*

*Defendant seeks;* **EMERGENCY RELIEF OF THE COURT FOR JUDICIAL STATUTORY INTERPRETATION OF CEA LAW** *FORTHWITH* **AS ANYTHING OTHER WOULD FURTHER VIOLATE DEFENDANT CIVIL/DUE PROCESS RIGHTS AFFORDED UNDER THIS COURT AND FEDERAL LAW. DEFENDANT/FAMILY CIVIL,** *POSSIBLY CONSTITUTIONAL?* **RIGHTS ARE BEING VIOLATED DAILY BY PLAINTIFF VIA DISCOVERY THAT SHOULD BE STAYED UNTIL RESOLUTION OF GOVERNING STATUTES IS CLARIFIED BY THIS COURT. PLAINTIFF HAS BEEN CORRECTED BY THIS COURT ON RECORD FOR ACTING UNDER GUISE AND GOING OUT OF THE SCOPE OF A COURT ORDER WHILE MISLEADING AND MISREPRESENTING SAID ORDER INACCURATELY TO DEFENDANT IN AN EFFORT TO GAIN DISCOVERY ILLEGALLY. [CHIEF JUDGE MAGISTRATE JUDGE MANN] PLAINTIFF CONTINUES TO GO OUTSIDE THE LIMITS OF DISCOVERY AS NOTED IN DEFENDANT LETTERS [Docket(s) #84, #85] TO JUDGE MANN.** *RESPECTFULLY SAID,* **FOR THE COURT TO ALLOW PLAINTIFF TO CONTINUE DISCOVERY BY DECEPTION IMPOSING ILLEGAL HARASSMENT ON DEFENDANT IS A MISCARRIAGE OF JUSTICE ABSENT A CLEAR DEFINITION OF STATUTORY LAW AND JURISDICTION. [CASE SHOULD BE STAYED.]**

Id. quoting *"If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action."* at Fed. R. Civ. P. Rule 12 (h)(3).

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

## de Uriorte, Alejandra

**From:** Hurand, Gates
**Sent:** Wednesday, May 23, 2018 11:09 AM
**To:** Tomer, K. Brent; Oakland, David W.; de Uriorte, Alejandra; Giglio, Christopher
**Subject:** FW: Please file this as an attachment of correction to last ECF filing #92 and #91 if possible.

**From:** Patrick McDonnell
**Sent:** Wednesday, May 23, 2018 11:08:01 AM (UTC-05:00) Eastern Time (US & Canada)
**To:** Hurand, Gates
**Subject:** Re: Please file this as an attachment of correction to last ECF filing #92 and #91 if possible.

Yes the above is correct as is. Gates the entire bottom para distorts on previous two filings compare. TY this is good to file sir.

 Virus-free. www.avg.com

On Wed, May 23, 2018 at 11:06 AM, Hurand, Gates <GHurand@cftc.gov> wrote:

I do not know what the issue is.  Please confirm you would like the attached filed.

**From:** Patrick McDonnell [mailto:18.cv.00361@gmail.com]
**Sent:** Wednesday, May 23, 2018 11:01 AM
**To:** Hurand, Gates
**Cc:** de Uriorte, Alejandra; Oakland, David W.; Tomer, K. Brent; Giglio, Christopher
**Subject:** Please file this as an attachment of correction to last ECF filing #92 and #91 if possible.

*Hi Gates, Please file this as an 'attachment of correction' to last ECF filing #92; and #91 if possible. What is going on? Same mistake filed in last as other. IDK what is going on but it is making me look illiterate to the Court while exhausting their precious time. This paragraph is very important as it is the relief Defendant seeks from court please review prior filing for any further distortions of wording. TY, Patrick*

*Defendant seeks;* **EMERGENCY RELIEF OF THE COURT FOR JUDICIAL STATUTORY INTERPRETATION OF CEA LAW** *FORTHWITH* **AS ANYTHING OTHER WOULD FURTHER VIOLATE DEFENDANT CIVIL/DUE PROCESS RIGHTS AFFORDED UNDER THIS COURT AND FEDERAL LAW. DEFENDANT/FAMILY CIVIL,** *POSSIBLY CONSTITUTIONAL?* **RIGHTS ARE BEING VIOLATED DAILY BY PLAINTIFF VIA DISCOVERY THAT SHOULD BE STAYED UNTIL RESOLUTION OF GOVERNING STATUTES IS CLARIFIED BY THIS COURT. PLAINTIFF HAS BEEN CORRECTED BY THIS COURT ON RECORD FOR ACTING UNDER**

1

**GUISE AND GOING OUT OF THE SCOPE OF A COURT ORDER WHILE MISLEADING AND MISREPRESENTING SAID ORDER INACCURATELY TO DEFENDANT IN AN EFFORT TO GAIN DISCOVERY ILLEGALLY. [CHIEF JUDGE MAGISTRATE JUDGE MANN] PLAINTIFF CONTINUES TO GO OUTSIDE THE LIMITS OF DISCOVERY AS NOTED IN DEFENDANT LETTERS [Docket(s) #84, #85] TO JUDGE MANN. *RESPECTFULLY SAID,* FOR THE COURT TO ALLOW PLAINTIFF TO CONTINUE DISCOVERY BY DECEPTION IMPOSING ILLEGAL HARASSMENT ON DEFENDANT IS A MISCARRIAGE OF JUSTICE ABSENT A CLEAR DEFINITION OF STATUTORY LAW AND JURISDICTION. [CASE SHOULD BE STAYED.]**

Id. quoting *"If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action."* at Fed. R. Civ. P. Rule 12 (h)(3).

--

This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

--

This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

**de Urioste, Alejandra**

| | |
|---|---|
| **From:** | Patrick McDonnell <18.cv.00361@gmail.com> |
| **Sent:** | Wednesday, May 23, 2018 12:48 PM |
| **To:** | Tomer, K. Brent |
| **Cc:** | Oakland, David W.; Hurand, Gates; de Urioste, Alejandra; Giglio, Christopher |
| **Subject:** | Re: PLEASE FILE ECF STYLED AS; RE: LETTER TO JUDGE WEINSTEIN - PLAINTIFF LEGAL MISCONDUCT |

This will be my last filing Brent. So please file it as such there will be nore more.

 Virus-free. www.avg.com

On Wed, May 23, 2018 at 12:46 PM, Tomer, K. Brent <KTomer@cftc.gov> wrote:

Mr. McDonnell-

To prevent any further disputes concerning the conversion of your emails to pdfs, please send us your filings in pdf format only.  We will file the below when we receive it in a ready-to-file format.

Regards,

K. Brent Tomer

Chief Trial Attorney

Commodity Futures Trading Commission

Division of Enforcement

Eastern Regional Office

140 Broadway, 19th floor

New York, New York 10005

Telephone:  (646) 746-9738

Facsimile:  (646) 746-9940

www.cftc.gov

**From:** Patrick McDonnell [mailto:18.cv.00361@gmail.com]
**Sent:** Wednesday, May 23, 2018 12:30 PM
**To:** Oakland, David W.
**Cc:** Hurand, Gates; de Urioste, Alejandra; Giglio, Christopher; Tomer, K. Brent
**Subject:** PLEASE FILE ECF STYLED AS; RE: LETTER TO JUDGE WEINSTEIN - PLAINTIFF LEGAL MISCONDUCT

### RE: LETTER TO JUDGE WEINSTEIN -  PLAINTIFF LEGAL MISCONDUCT

Hi David, please file this ECF with the Court clerk and it's 3 attachments they will be expecting it. Gates has done some bad filings sir please do not follow suit. It's one thing being a team player another going rouge of Federal law. TY. Patrick

**Message To:** Gates S. Hurand,

Why have you deleted the word **"FAMILY"** from my ORIGINAL version of Docket #91, WHICH continued to #92, WHICH continued to #93 sent for ECF filing? I missed that in your 3 filings and proof for #93 but just caught it, why? *Why delete the word ''FAMILY''?* Please HAVE DAVID NOT YOURSELF file this ECF with the court STYLED AS;  LETTER TO JUDGE WEINSTEIN - PLAINTIFF LEGAL MISCONDUCT, you are **"MODIFYING"** outside other things Defendant ECF filings with the court clearly violating due process laws AND OTHERS through malpractice of your legal craft for his looking over of this matter.

*YOUR ILLEGAL EDITING/MODIFICATION OF DEFENDANT WORDING BELOW;*

*"RESPECTFULLY SAID, FOR THE COURT TO ALLOW PLAINTIFF TO CONTINUE DISCOVERY BY DECEPTION IMPOSING ILLEGAL HARASSMENT ON* ==DEFENDANT== *IS A MISCARRIAGE OF JUSTICE ABSENT A CLEAR DEFINITION OF STATUTORY LAW AND JURISDICTION. [CASE SHOULD BE STAYED.]"*

**It is clearly worded "FAMILY" in my TIME-STAMPED/FRAMED "ORIGINAL" ECF Request via email below;**

2

**Hi Gates, Please file this ECF too getting ready to call Clerks now. TY, Patrick - DEFENDANT RE: REPLY TO DOCKET #88; REQUEST FOR IMMEDIATE EMERGENCY RELIEF OF COURT; JUDICIAL STATUTORY INTERPRETATION OF CEA NEEDED**

---

**Patrick McDonnell** <18.cv.00361@gmail.com>                                                    Wed, May 23, 2018 at 9:56 AM
To: "Hurand, Gates" <ghurand@cftc.gov>

Cc: "de Urioste, Alejandra" <ADeUrioste@cftc.gov>, "Oakland, David W." <doakland@cftc.gov>, "Tomer, K. Brent" <KTomer@cftc.gov>, "Giglio, Christopher" <CGiglio@cftc.gov>

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

_____

COMMODITY FUTURES TRADING

COMMISSION,                                    Case No. 18-CV-00361 (JBW) (RLM)

                Plaintiff,

                                      **DEFENDANT REPLY TO DOCKET #88; REQUEST**

        v.                                    **FOR IMMEDIATE EMERGENCY RELIEF OF COURT;**

                                    **JUDICIAL STATUTORY INTERPRETATION OF CEA NEEDED**

PATRICK K. MCDONNELL,

and CABBAGETECH, CORP. d/b/a COIN

DROP MARKETS,

                Defendants.

_____

<u>VIA ECF</u>
The Honorable Jack B. Weinstein
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East

3

Brooklyn, New York 11201

Dear Judge Weinstein:

I am a Defendant in the above referenced matter writing you concerning **Docket #88 - SCHEDULING ORDER** re 7/9/2018 Evidentiary Hearing. *At this date the court will hear defendant's motion for reconsideration of the court's order denying his motion to dismiss. Ordered by Judge Jack B. Weinstein on 5/21/2018. Your Honor,* I am extremely blessed and grateful of the court's decision to allow me reconsideration in hearing my motion to dismiss on July 9, 2018. *However,* the date of said reconsideration concerns me as Plaintiff complaint should be dismissed *forthwith* according to Fed. R. Civ. P. Rule 12 (h)(3). Defendant respectfully requests a hearing date on motion to dismiss prior July 09, 2018 as it is of emergency nature to Defendant due process rights being violated under Plaintiff charges without claim and incorrect jurisdiction, Your Honor. *With all due respect to the Court,* I have never been afforded the complete opportunity to plead my first motion to dismiss at March 06, 2018 hearing verifiable in court minutes. I was asked a question of whether Bitcoin was a commodity which was the topic at hand and it was dismissed with no true opportunity to argue my points. *With that said,* I was civil law illiterate as the court had understood with no idea of '*how*' or '*what*' to argue being a paid attorney was out of my budget, *still is,* I am representing myself Pro Se in an effort to receive fair and unbiased due process throughout all of this at times seems to no avail. I feel my civil rights have been ignored/violated many times unjustly while Plaintiff is afforded false jurisdictional powers over a claim they should not be afforded by written law/statute quoted in previous filings on behalf of Defendant. *Defendant declares that the court has acted appropriately in regards to extensive background research in regards to Bitcoin being defined as a commodity, yet, as the court has stated:*

**JACK B. WEINSTEIN, Senior United States District Judge [March 06, 2018] MEMORANDUM & ORDER;**
*"In deciding jurisdictional, standing and other issues fundamental to the present litigation, the court has engaged in extensive background research,* **but not on the specific fraud charged.** *This is appropriate and Defendant concurs. However,"***the specific fraud charged jurisdiction is undoubtedly incorrect and in question."**

*The* **primary issue** *raised in the beginning of this case were whether the Plaintiff had standing to sue Defendants' in* **'theory'** *that they have violated the CEA which they did not as noted in Defendant Letters/Motion to the court respectively. Presented are* **two questions** *to determine the Plaintiff's standing:*

1. ***Whether virtual currency may be regulated by the Plaintiff as a commodity?*** The answer is YES without Defendant disputing such fact.

2. ***Whether the amendments to the CEA under the Dodd-Frank Act permit the Plaintiff to exercise jurisdiction over fraud that does not directly involve the sale of futures or derivative contracts?*** The answer is NO with Defendant disputing such fact.

Defendant respectfully moves the court to engage in extensive background research on Plaintiff **"specific fraud charges"** filed against Defendant [Docket #1] in an effort to interpret and apply statutory jurisdiction language/law properly vs. speculate on Plaintiff theories. Defendant declares this an emergency being improperly charged. Defendant has been forced to file Chapter 7; Personal Bankruptcy, Lost his wife of 26 years, The respect of his children, family, and friends, Suffers a tarnished business reputation via online slaughter of his name rendering him unemployable, financially and physically destitute due to Plaintiff fabricated complaint improperly imposed.

*Defendant seeks;* **EMERGENCY RELIEF OF THE COURT FOR JUDICIAL STATUTORY INTERPRETATION OF CEA LAW *FORTHWITH* AS ANYTHING OTHER WOULD FURTHER VIOLATE DEFENDANT CIVIL/DUE PROCESS RIGHTS AFFORDED UNDER THIS COURT AND FEDERAL LAW. DEFENDANT/FAMILY CIVIL [*POSSIBLY CONSTITUTIONAL?*] RIGHTS ARE BEING VIOLATED DAILY BY PLAINTIFF VIA DISCOVERY THAT SHOULD BE STAYED UNTIL RESOLUTION OF GOVERNING STATUTES IS CLARIFIED BY THIS COURT. PLAINTIFF HAS BEEN CORRECTED BY THIS COURT ON RECORD FOR ACTING UNDER GUISE AND GOING OUT OF THE SCOPE OF A COURT ORDER WHILE MISLEADING AND MISREPRESENTING SAID ORDER INACCURATELY TO DEFENDANT IN AN EFFORT TO GAIN DISCOVERY ILLEGALLY. [CHIEF JUDGE MAGISTRATE JUDGE MANN] PLAINTIFF CONTINUES TO GO OUTSIDE THE LIMITS OF DISCOVERY AS NOTED IN DEFENDANT LETTERS [Docket(s) #84, #85] TO JUDGE MANN. *RESPECTFULLY SAID,* FOR THE COURT TO ALLOW PLAINTIFF TO CONTINUE DISCOVERY BY DECEPTION IMPOSING ILLEGAL HARASSMENT ON DEFENDANT/FAMILY IS A MISCARRIAGE OF JUSTICE ABSENT A CLEAR DEFINITION OF STATUTORY LAW AND JURISDICTION. [CASE SHOULD BE STAYED.]**

Id. quoting *"If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action."* at Fed. R. Civ. P. Rule 12 (h)(3).

*Defendant prays for immediate emergency relief of the Court as judicial statutory interpretation of the CEA is merited for any type of due process to occur.*

May 23, 2018

/s/ Patrick K. McDonnell
_____
Defendant/Pro Se


Prepared By: Patrick K. McDonnell "Pro Se"
20 Rawson Place, Staten Island, NY 10314
Telephone: (718) 524-6312 Email: cdm@gmx.us


--

This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.


| | Virus-free. www.avg.com |
|---|---|

--

This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

## de Urioste, Alejandra

| | |
|---|---|
| **From:** | Patrick McDonnell <18.cv.00361@gmail.com> |
| **Sent:** | Wednesday, May 23, 2018 12:53 PM |
| **To:** | Oakland, David W. |
| **Cc:** | de Urioste, Alejandra; Tomer, K. Brent; Hurand, Gates; Giglio, Christopher |
| **Subject:** | ECF Request ready for filing. PDF's attached |
| **Attachments:** | 18-CV-00361 - dkt. 091 - 2018.05.23 - Additional letter from McDonnell to Judge Weinstein.pdf; 18-CV-00361 - dkt. 092 - 2018.05.23 - Additional letter from McDonnell to Judge Weinstein.pdf; 18-CV-00361 - dkt. 093 - 2018.05.23 - Additional letter from McDonnell to Judge Weinstein - 'attachment of correction'.pdf; 2018.05.23 request for emergency relief letter to JBW  Take 3.pdf |

## PLEASE FILE ECF STYLED AS; RE: LETTER TO JUDGE WEINSTEIN - PLAINTIFF LEGAL MISCONDUCT

**Patrick McDonnell <**18.cv.00361@gmail.com**>**                                        Wed, May 23, 2018 at 12:44 PM
To: "Oakland, David W." <doakland@cftc.gov>

David, Sorry please add the additional attachment to ECF filing as well for total 4 and this and above email. THAT IS WHERE THE MODIFICATION took place sir. It was his TAKE 3 where this misconduct occurred not prior. Also, please include this email in filing.

  Virus-free. www.avg.com

On Wed, May 23, 2018 at 12:29 PM, Patrick McDonnell <18.cv.00361@gmail.com> wrote:
**RE: LETTER TO JUDGE WEINSTEIN -  PLAINTIFF LEGAL MISCONDUCT**

Hi David, please file this ECF with the Court clerk and it's 3 attachments they will be expecting it. Gates has done some bad filings sir please do not follow suit. It's one thing being a team player another going rouge of Federal law. TY. Patrick

**Message To:** Gates S. Hurand,

Why have you deleted the word **"FAMILY"** from my ORIGINAL version of Docket #91, WHICH continued to #92, WHICH continued to #93 sent for ECF filing? I missed that in your 3 filings and proof for #93 but just caught it, why? *Why delete the word "FAMILY"?* Please HAVE DAVID NOT YOURSELF file this ECF with the court STYLED AS;  LETTER TO JUDGE WEINSTEIN - PLAINTIFF LEGAL MISCONDUCT, you are **"MODIFYING"** outside other things Defendant ECF filings with the court clearly violating due process laws AND OTHERS through malpractice of your legal craft for his looking over of this matter.

*YOUR ILLEGAL EDITING/MODIFICATION OF DEFENDANT WORDING BELOW;*

*"RESPECTFULLY SAID, FOR THE COURT TO ALLOW PLAINTIFF TO CONTINUE DISCOVERY BY DECEPTION IMPOSING ILLEGAL HARASSMENT ON ==DEFENDANT== IS A MISCARRIAGE OF JUSTICE ABSENT A CLEAR DEFINITION OF STATUTORY LAW AND JURISDICTION. [CASE SHOULD BE STAYED.]"*

**It is clearly worded "FAMILY" in my TIME-STAMPED/FRAMED "ORIGINAL" ECF Request via email below;**

## Hi Gates, Please file this ECF too getting ready to call Clerks now. TY, Patrick - DEFENDANT RE: REPLY TO DOCKET #88; REQUEST FOR IMMEDIATE

## EMERGENCY RELIEF OF COURT; JUDICIAL STATUTORY INTERPRETATION OF CEA NEEDED

**Patrick McDonnell** <18.cv.00361@gmail.com>                    Wed, May 23, 2018 at 9:56 AM
To: "Hurand, Gates" <ghurand@cftc.gov>
Cc: "de Urioste, Alejandra" <ADeUrioste@cftc.gov>, "Oakland, David W." <doakland@cftc.gov>, "Tomer, K. Brent" <KTomer@cftc.gov>, "Giglio, Christopher" <CGiglio@cftc.gov>

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

_____

COMMODITY FUTURES TRADING

COMMISSION,                          Case No. 18-CV-00361 (JBW) (RLM)

        Plaintiff,

                          **DEFENDANT REPLY TO DOCKET #88; REQUEST**

      v.                          **FOR IMMEDIATE EMERGENCY RELIEF OF COURT;**

                          **JUDICIAL STATUTORY INTERPRETATION OF CEA NEEDED**

PATRICK K. MCDONNELL,

and CABBAGETECH, CORP. d/b/a COIN

DROP MARKETS,

        Defendants.

_____

<u>VIA ECF</u>
The Honorable Jack B. Weinstein
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Dear Judge Weinstein:

I am a Defendant in the above referenced matter writing you concerning **Docket #88** - **SCHEDULING ORDER** re 7/9/2018 Evidentiary Hearing. *At this date the court will hear defendant's motion for reconsideration of the court's order denying his motion to dismiss. Ordered by Judge Jack B. Weinstein on 5/21/2018. Your Honor,* I am extremely blessed and grateful of the court's decision to allow me reconsideration in hearing my motion to dismiss on July 9, 2018. *However,* the date of said reconsideration concerns me as Plaintiff complaint should be dismissed *forthwith* according to Fed. R. Civ. P. Rule 12 (h)(3). Defendant respectfully requests a hearing date on motion to dismiss prior July 09, 2018 as it is of emergency nature to Defendant due process rights being violated under Plaintiff charges without claim and incorrect jurisdiction, Your Honor. *With all due respect to the Court,* I have never been afforded the complete opportunity to plead my first motion to dismiss at March 06, 2018 hearing verifiable in court minutes. I was asked a question of whether Bitcoin was a commodity which was the topic at hand and it was dismissed with no true opportunity to argue my points. *With that said,* I was civil law illiterate as the court had understood with no idea of '*how'* or '*what'* to argue being a paid attorney was out of my budget, *still is,* I am representing myself Pro Se in an effort to receive fair and unbiased due process throughout all of this at times seems to no avail. I feel my civil rights have been ignored/violated many times unjustly while Plaintiff is afforded false jurisdictional powers over a claim they should not be afforded by written law/statute quoted in previous filings on behalf of Defendant. *Defendant declares that the court has acted appropriately in regards to extensive background research in regards to Bitcoin being defined as a commodity, yet, as the court has stated:*

**JACK B. WEINSTEIN, Senior United States District Judge [March 06, 2018] MEMORANDUM & ORDER;**
*"In deciding jurisdictional, standing and other issues fundamental to the present litigation, the court has engaged in extensive background research,* **but not on the specific fraud charged.** *This is appropriate and Defendant concurs. However,"***the specific fraud charged jurisdiction is undoubtedly incorrect and in question."**

*The* **primary issue** *raised in the beginning of this case were whether the Plaintiff had standing to sue Defendants' in* **'theory'** *that they have violated the CEA which they did not as noted in Defendant Letters/Motion to the court respectively. Presented are* **two questions** *to determine the Plaintiff's standing:*

1. ***Whether virtual currency may be regulated by the Plaintiff as a commodity?*** The answer is YES without Defendant disputing such fact.

2. ***Whether the amendments to the CEA under the Dodd-Frank Act permit the Plaintiff to exercise jurisdiction over fraud that does not directly involve the sale of futures or derivative contracts?*** The answer is NO with Defendant disputing such fact.

Defendant respectfully moves the court to engage in extensive background research on Plaintiff **"specific fraud charges"** filed against Defendant [Docket #1] in an effort to interpret and apply statutory jurisdiction language/law properly vs. speculate on Plaintiff theories. Defendant declares this an emergency being improperly charged. Defendant has been forced to file Chapter 7; Personal Bankruptcy, Lost his wife of 26 years, The respect of his children, family, and friends, Suffers a tarnished business reputation via online slaughter of his name rendering him unemployable, financially and physically destitute due to Plaintiff fabricated complaint improperly imposed.

3

*Defendant seeks;* **EMERGENCY RELIEF OF THE COURT FOR JUDICIAL STATUTORY INTERPRETATION OF CEA LAW *FORTHWITH* AS ANYTHING OTHER WOULD FURTHER VIOLATE DEFENDANT CIVIL/DUE PROCESS RIGHTS AFFORDED UNDER THIS COURT AND FEDERAL LAW. DEFENDANT/FAMILY CIVIL [*POSSIBLY CONSTITUTIONAL?*] RIGHTS ARE BEING VIOLATED DAILY BY PLAINTIFF VIA DISCOVERY THAT SHOULD BE STAYED UNTIL RESOLUTION OF GOVERNING STATUTES IS CLARIFIED BY THIS COURT. PLAINTIFF HAS BEEN CORRECTED BY THIS COURT ON RECORD FOR ACTING UNDER GUISE AND GOING OUT OF THE SCOPE OF A COURT ORDER WHILE MISLEADING AND MISREPRESENTING SAID ORDER INACCURATELY TO DEFENDANT IN AN EFFORT TO GAIN DISCOVERY ILLEGALLY. [CHIEF JUDGE MAGISTRATE JUDGE MANN] PLAINTIFF CONTINUES TO GO OUTSIDE THE LIMITS OF DISCOVERY AS NOTED IN DEFENDANT LETTERS [Docket(s) #84, #85] TO JUDGE MANN. *RESPECTFULLY SAID,* FOR THE COURT TO ALLOW PLAINTIFF TO CONTINUE DISCOVERY BY DECEPTION IMPOSING ILLEGAL HARASSMENT ON DEFENDANT/FAMILY IS A MISCARRIAGE OF JUSTICE ABSENT A CLEAR DEFINITION OF STATUTORY LAW AND JURISDICTION. [CASE SHOULD BE STAYED.]**
Id. quoting *"If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action."* at Fed. R. Civ. P. Rule 12 (h)(3).


*Defendant prays for immediate emergency relief of the Court as judicial statutory interpretation of the CEA is merited for any type of due process to occur.*


May 23, 2018

/s/ Patrick K. McDonnell

_____
Defendant/Pro Se


Prepared By: Patrick K. McDonnell "Pro Se"
20 Rawson Place, Staten Island, NY 10314
Telephone: (718) 524-6312 Email: cdm@gmx.us


--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

4

## de Urioste, Alejandra

| | |
|---|---|
| **From:** | Patrick McDonnell <18.cv.00361@gmail.com> |
| **Sent:** | Wednesday, May 23, 2018 12:56 PM |
| **To:** | Oakland, David W. |
| **Cc:** | de Urioste, Alejandra; Tomer, K. Brent; Hurand, Gates; Giglio, Christopher |
| **Subject:** | Re: ECF Request ready for filing. PDF's attached |

Hi, This is my last ECF Request via CFTC. I am going to call clerk to find alternative route. TY

On Wed, May 23, 2018 at 12:52 PM, Patrick McDonnell <18.cv.00361@gmail.com> wrote:
## PLEASE FILE ECF STYLED AS; RE: LETTER TO JUDGE WEINSTEIN - PLAINTIFF LEGAL MISCONDUCT

**Patrick McDonnell** <18.cv.00361@gmail.com>                                              Wed, May 23, 2018 at 12:44 PM
To: "Oakland, David W." <doakland@cftc.gov>

David, Sorry please add the additional attachment to ECF filing as well for total 4 and this and above email. THAT IS WHERE THE MODIFICATION took place sir. It was his TAKE 3 where this misconduct occurred not prior. Also, please include this email in filing.

 Virus-free. www.avg.com

On Wed, May 23, 2018 at 12:29 PM, Patrick McDonnell <18.cv.00361@gmail.com> wrote:
**RE: LETTER TO JUDGE WEINSTEIN -  PLAINTIFF LEGAL MISCONDUCT**

Hi David, please file this ECF with the Court clerk and it's 3 attachments they will be expecting it. Gates has done some bad filings sir please do not follow suit. It's one thing being a team player another going rouge of Federal law. TY. Patrick

**Message To:** Gates S. Hurand,

Why have you deleted the word **"FAMILY"** from my ORIGINAL version of Docket #91, WHICH continued to #92, WHICH continued to #93 sent for ECF filing? I missed that in your 3 filings and proof for #93 but just caught it, why? *Why delete the word "FAMILY"?* Please HAVE DAVID NOT YOURSELF file this ECF with the court STYLED AS;  LETTER TO JUDGE WEINSTEIN - PLAINTIFF LEGAL MISCONDUCT, you are **"MODIFYING"** outside other things Defendant ECF filings with the court clearly violating due process laws AND OTHERS through malpractice of your legal craft for his looking over of this matter.

*YOUR ILLEGAL EDITING/MODIFICATION OF DEFENDANT WORDING BELOW;*

*"RESPECTFULLY SAID, FOR THE COURT TO ALLOW PLAINTIFF TO CONTINUE DISCOVERY BY DECEPTION IMPOSING ILLEGAL HARASSMENT ON <mark>DEFENDANT</mark> IS A MISCARRIAGE OF JUSTICE ABSENT A CLEAR DEFINITION OF STATUTORY LAW AND JURISDICTION. [CASE SHOULD BE STAYED.]"*

It is clearly worded **"FAMILY"** in my TIME-STAMPED/FRAMED **"ORIGINAL"** ECF Request via email below;

## Hi Gates, Please file this ECF too getting ready to call Clerks now. TY, Patrick - DEFENDANT RE: REPLY TO DOCKET #88; REQUEST FOR IMMEDIATE EMERGENCY RELIEF OF COURT; JUDICIAL STATUTORY INTERPRETATION OF

1

**CEA NEEDED**

**Patrick McDonnell** <18.cv.00361@gmail.com>                                    Wed, May 23, 2018 at 9:56 AM
To: "Hurand, Gates" <ghurand@cftc.gov>
Cc: "de Urioste, Alejandra" <ADeUrioste@cftc.gov>, "Oakland, David W." <doakland@cftc.gov>, "Tomer, K. Brent" <KTomer@cftc.gov>, "Giglio, Christopher" <CGiglio@cftc.gov>

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

_____

COMMODITY FUTURES TRADING

COMMISSION,                                    Case No. 18-CV-00361 (JBW) (RLM)

               Plaintiff,

                           **DEFENDANT REPLY TO DOCKET #88; REQUEST**

     v.                          **FOR IMMEDIATE EMERGENCY RELIEF OF COURT;**

                           **JUDICIAL STATUTORY INTERPRETATION OF CEA NEEDED**

PATRICK K. MCDONNELL,

and CABBAGETECH, CORP. d/b/a COIN

DROP MARKETS,

               Defendants.

_____

<u>VIA ECF</u>
The Honorable Jack B. Weinstein
United States District Judge
United States District Court for the
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Dear Judge Weinstein:

I am a Defendant in the above referenced matter writing you concerning **Docket #88 - SCHEDULING ORDER** re 7/9/2018 Evidentiary Hearing. *At this date the court will hear defendant's motion for reconsideration of the court's order denying his motion to dismiss. Ordered by Judge Jack B. Weinstein on 5/21/2018. Your Honor,* I am extremely blessed and grateful of the court's decision to allow me reconsideration in hearing my motion to dismiss on July 9, 2018. *However,* the date of said reconsideration concerns me as Plaintiff complaint should be dismissed *forthwith* according to Fed. R. Civ. P. Rule 12 (h)(3). Defendant respectfully requests a hearing date on motion to dismiss prior July 09, 2018 as it is of emergency nature to Defendant due process rights being violated under Plaintiff charges without claim and incorrect jurisdiction, Your Honor. *With all due respect to the Court,* I have never been afforded the complete opportunity to plead my first motion to dismiss at March 06, 2018 hearing verifiable in court minutes. I was asked a question of whether Bitcoin was a commodity which was the topic at hand and it was dismissed with no true opportunity to argue my points. *With that said,* I was civil law illiterate as the court had understood with no idea of '*how*' or '*what*' to argue being a paid attorney was out of my budget, *still is,* I am representing myself Pro Se in an effort to receive fair and unbiased due process throughout all of this at times seems to no avail. I feel my civil rights have been ignored/violated many times unjustly while Plaintiff is afforded false jurisdictional powers over a claim they should not be afforded by written law/statute quoted in previous filings on behalf of Defendant. *Defendant declares that the court has acted appropriately in regards to extensive background research in regards to Bitcoin being defined as a commodity, yet, as the court has stated:*

**JACK B. WEINSTEIN, Senior United States District Judge [March 06, 2018] MEMORANDUM & ORDER;**
*"In deciding jurisdictional, standing and other issues fundamental to the present litigation, the court has engaged in extensive background research, **but not on the specific fraud charged.** This is appropriate and Defendant concurs. However,"**the specific fraud charged jurisdiction is undoubtedly incorrect and in question."***

*The **primary issue** raised in the beginning of this case were whether the Plaintiff had standing to sue Defendants' in **'theory'** that they have violated the CEA which they did not as noted in Defendant Letters/Motion to the court respectively. Presented are **two questions** to determine the Plaintiff's standing:*

1. ***Whether virtual currency may be regulated by the Plaintiff as a commodity*?** The answer is YES without Defendant disputing such fact.

2. ***Whether the amendments to the CEA under the Dodd-Frank Act permit the Plaintiff to exercise jurisdiction over fraud that does not directly involve the sale of futures or derivative contracts?*** The answer is NO with Defendant disputing such fact.

Defendant respectfully moves the court to engage in extensive background research on Plaintiff **"specific fraud charges"** filed against Defendant [Docket #1] in an effort to interpret and apply statutory jurisdiction language/law properly vs. speculate on Plaintiff theories. Defendant declares this an emergency being improperly charged. Defendant has been forced to file Chapter 7; Personal Bankruptcy, Lost his wife of 26 years, The respect of his children, family, and friends, Suffers a tarnished business reputation via online slaughter of his name rendering him unemployable, financially and physically destitute due to Plaintiff fabricated complaint improperly imposed.

*Defendant seeks;* **EMERGENCY RELIEF OF THE COURT FOR JUDICIAL STATUTORY INTERPRETATION OF CEA LAW *FORTHWITH* AS ANYTHING OTHER WOULD FURTHER VIOLATE DEFENDANT CIVIL/DUE PROCESS RIGHTS AFFORDED UNDER THIS COURT AND FEDERAL LAW. DEFENDANT/FAMILY CIVIL [*POSSIBLY CONSTITUTIONAL?*] RIGHTS ARE BEING VIOLATED DAILY BY PLAINTIFF VIA DISCOVERY THAT SHOULD BE STAYED UNTIL RESOLUTION OF GOVERNING STATUTES IS CLARIFIED BY THIS COURT. PLAINTIFF HAS BEEN CORRECTED BY THIS COURT ON RECORD FOR ACTING UNDER GUISE AND GOING OUT OF THE SCOPE OF A COURT ORDER WHILE MISLEADING AND MISREPRESENTING SAID ORDER INACCURATELY TO DEFENDANT IN AN EFFORT TO GAIN DISCOVERY ILLEGALLY. [CHIEF JUDGE MAGISTRATE JUDGE MANN] PLAINTIFF CONTINUES TO GO OUTSIDE THE LIMITS OF DISCOVERY AS NOTED IN DEFENDANT LETTERS [Docket(s) #84, #85] TO JUDGE MANN. *RESPECTFULLY SAID,* FOR THE COURT TO ALLOW PLAINTIFF TO CONTINUE DISCOVERY BY DECEPTION IMPOSING ILLEGAL HARASSMENT ON DEFENDANT/FAMILY IS A MISCARRIAGE OF JUSTICE ABSENT A CLEAR DEFINITION OF STATUTORY LAW AND JURISDICTION. [CASE SHOULD BE STAYED.]**
Id. quoting *"If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action."* at Fed. R. Civ. P. Rule 12 (h)(3).


*Defendant prays for immediate emergency relief of the Court as judicial statutory interpretation of the CEA is merited for any type of due process to occur.*


May 23, 2018

/s/ Patrick K. McDonnell
_____
Defendant/Pro Se


Prepared By: Patrick K. McDonnell "Pro Se"
20 Rawson Place, Staten Island, NY 10314
Telephone: (718) 524-6312 Email: cdm@gmx.us


--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.


--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

## de Urioste, Alejandra

**From:**          Oakland, David W.
**Sent:**          Wednesday, May 23, 2018 1:52 PM
**To:**            Hurand, Gates; de Urioste, Alejandra; Tomer, K. Brent
**Cc:**             Giglio, Christopher
**Subject:**       FW: ECF Request ready for filing. PDF's attached


**From:** Patrick McDonnell [mailto:18.cv.00361@gmail.com]
**Sent:** Wednesday, May 23, 2018 1:51 PM
**To:** Oakland, David W.
**Subject:** Re: ECF Request ready for filing. PDF's attached

That is correct David. TY

On Wed, May 23, 2018 at 1:45 PM, Oakland, David W. <doakland@cftc.gov> wrote:
Is this the letter you want filed with 4 attachments? Can you can save it as a PDF and send to us?

Sent from my BlackBerry 10 smartphone on the Verizon Wireless 4G LTE network.

**From:** Patrick McDonnell
**Sent:** Wednesday, May 23, 2018 12:56 PM
**To:** Oakland, David W.
**Cc:** de Urioste, Alejandra; Tomer, K. Brent; Hurand, Gates; Giglio, Christopher
**Subject:** Re: ECF Request ready for filing. PDF's attached

Hi, This is my last ECF Request via CFTC. I am going to call clerk to find alternative route. TY

On Wed, May 23, 2018 at 12:52 PM, Patrick McDonnell <18.cv.00361@gmail.com> wrote:
# PLEASE FILE ECF STYLED AS; RE: LETTER TO JUDGE WEINSTEIN - PLAINTIFF LEGAL MISCONDUCT

**Patrick McDonnell** <18.cv.00361@gmail.com>                        Wed, May 23, 2018 at 12:44 PM
To: "Oakland, David W." <doakland@cftc.gov>

> David, Sorry please add the additional attachment to ECF filing as well for total 4 and this and above email. THAT IS WHERE THE MODIFICATION took place sir. It was his TAKE 3 where this misconduct occurred not prior. Also, please include this email in filing.
>
> ──────────────────────────────
>
>     Virus-free. www.avg.com

On Wed, May 23, 2018 at 12:29 PM, Patrick McDonnell <18.cv.00361@gmail.com> wrote:
**RE: LETTER TO JUDGE WEINSTEIN -  PLAINTIFF LEGAL MISCONDUCT**

Hi David, please file this ECF with the Court clerk and it's 3 attachments they will be expecting it. Gates has done some bad filings sir please do not follow suit. It's one thing being a team player another going rouge of Federal law. TY. Patrick


**Message To:** Gates S. Hurand,

Why have you deleted the word **"FAMILY"** from my ORIGINAL version of Docket #91, WHICH continued to #92, WHICH continued to #93 sent for ECF filing? I missed that in your 3 filings and proof for #93 but just caught it, why? *Why delete the word "FAMILY"?* Please HAVE DAVID NOT YOURSELF file this ECF with the court STYLED AS;  LETTER TO JUDGE WEINSTEIN - PLAINTIFF LEGAL MISCONDUCT, you are **"MODIFYING"** outside other things Defendant ECF filings with the court clearly violating due process laws AND OTHERS through malpractice of your legal craft for his looking over of this matter.

*YOUR ILLEGAL EDITING/MODIFICATION OF DEFENDANT WORDING BELOW;*

*"RESPECTFULLY SAID, FOR THE COURT TO ALLOW PLAINTIFF TO CONTINUE DISCOVERY BY DECEPTION IMPOSING ILLEGAL HARASSMENT ON DEFENDANT IS A MISCARRIAGE OF JUSTICE ABSENT A CLEAR DEFINITION OF STATUTORY LAW AND JURISDICTION. [CASE SHOULD BE STAYED.]"*

It is clearly worded **"FAMILY"** in my TIME-STAMPED/FRAMED "ORIGINAL" ECF Request via email below;

# Hi Gates, Please file this ECF too getting ready to call Clerks now. TY, Patrick - DEFENDANT RE: REPLY TO DOCKET #88; REQUEST FOR IMMEDIATE EMERGENCY RELIEF OF COURT; JUDICIAL STATUTORY INTERPRETATION OF CEA NEEDED

**Patrick McDonnell** <18.cv.00361@gmail.com>                    Wed, May 23, 2018 at 9:56 AM
To: "Hurand, Gates" <ghurand@cftc.gov>
Cc: "de Urioste, Alejandra" <ADeUrioste@cftc.gov>, "Oakland, David W." <doakland@cftc.gov>, "Tomer, K. Brent" <KTomer@cftc.gov>, "Giglio, Christopher" <CGiglio@cftc.gov>

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

_____

COMMODITY FUTURES TRADING

COMMISSION,                                              Case No. 18-CV-00361 (JBW) (RLM)

              Plaintiff,

                                                    **DEFENDANT REPLY TO DOCKET #88; REQUEST**

       v.                                           **FOR IMMEDIATE EMERGENCY RELIEF OF COURT;**

                                                    **JUDICIAL STATUTORY INTERPRETATION OF CEA NEEDED**

PATRICK K. MCDONNELL,

and CABBAGETECH, CORP. d/b/a COIN

2

DROP MARKETS,

                    Defendants.

_____

<u>VIA ECF</u>
The Honorable Jack B. Weinstein
United States District Judge
United States District Court for the
Eastern District of New York
<u>225 Cadman Plaza East</u>
<u>Brooklyn, New York 11201</u>

Dear Judge Weinstein:

I am a Defendant in the above referenced matter writing you concerning **Docket #88 -
SCHEDULING ORDER** re 7/9/2018 Evidentiary Hearing. *At this date the court will hear
defendant's motion for reconsideration of the court's order denying his motion to dismiss.
Ordered by Judge Jack B. Weinstein on 5/21/2018. Your Honor,* I am extremely blessed and
grateful of the court's decision to allow me reconsideration in hearing my motion to dismiss on
July 9, 2018. *However,* the date of said reconsideration concerns me as Plaintiff complaint
should be dismissed *forthwith* according to Fed. R. Civ. P. Rule 12 (h)(3). Defendant
respectfully requests a hearing date on motion to dismiss prior July 09, 2018 as it is of
emergency nature to Defendant due process rights being violated under Plaintiff charges
without claim and incorrect jurisdiction, Your Honor. *With all due respect to the Court,* I have
never been afforded the complete opportunity to plead my first motion to dismiss at March 06,
2018 hearing verifiable in court minutes. I was asked a question of whether Bitcoin was a
commodity which was the topic at hand and it was dismissed with no true opportunity to argue
my points. *With that said,* I was civil law illiterate as the court had understood with no idea of
'*how*' or '*what*' to argue being a paid attorney was out of my budget, *still is*, I am representing
myself Pro Se in an effort to receive fair and unbiased due process throughout all of this at
times seems to no avail. I feel my civil rights have been ignored/violated many times unjustly
while Plaintiff is afforded false jurisdictional powers over a claim they should not be afforded by
written law/statute quoted in previous filings on behalf of Defendant. *Defendant declares that
the court has acted appropriately in regards to extensive background research in regards to
Bitcoin being defined as a commodity, yet, as the court has stated:*

**JACK B. WEINSTEIN, Senior United States District Judge [March 06, 2018] MEMORANDUM &
ORDER;**
*"In deciding jurisdictional, standing and other issues fundamental to the present litigation, the
court has engaged in extensive background research, **but not on the specific fraud charged.**
This is appropriate and Defendant concurs. However,"**the specific fraud charged
jurisdiction is undoubtedly incorrect and in question."**

*The **primary issue** raised in the beginning of this case were whether the Plaintiff had standing to sue Defendants' in **'theory'** that they have violated the CEA which they did not as noted in Defendant Letters/Motion to the court respectively. Presented are **two questions** to determine the Plaintiff's standing:*

1. **Whether virtual currency may be regulated by the Plaintiff as a commodity?** The answer is YES without Defendant disputing such fact.

2. **Whether the amendments to the CEA under the Dodd-Frank Act permit the Plaintiff to exercise jurisdiction over fraud that does not directly involve the sale of futures or derivative contracts?** The answer is NO with Defendant disputing such fact.

Defendant respectfully moves the court to engage in extensive background research on Plaintiff **"specific fraud charges"** filed against Defendant [Docket #1] in an effort to interpret and apply statutory jurisdiction language/law properly vs. speculate on Plaintiff theories. Defendant declares this an emergency being improperly charged. Defendant has been forced to file Chapter 7; Personal Bankruptcy, Lost his wife of 26 years, The respect of his children, family, and friends, Suffers a tarnished business reputation via online slaughter of his name rendering him unemployable, financially and physically destitute due to Plaintiff fabricated complaint improperly imposed.

*Defendant seeks;* **EMERGENCY RELIEF OF THE COURT FOR JUDICIAL STATUTORY INTERPRETATION OF CEA LAW *FORTHWITH* AS ANYTHING OTHER WOULD FURTHER VIOLATE DEFENDANT CIVIL/DUE PROCESS RIGHTS AFFORDED UNDER THIS COURT AND FEDERAL LAW. DEFENDANT/FAMILY CIVIL [*POSSIBLY CONSTITUTIONAL?*] RIGHTS ARE BEING VIOLATED DAILY BY PLAINTIFF VIA DISCOVERY THAT SHOULD BE STAYED UNTIL RESOLUTION OF GOVERNING STATUTES IS CLARIFIED BY THIS COURT. PLAINTIFF HAS BEEN CORRECTED BY THIS COURT ON RECORD FOR ACTING UNDER GUISE AND GOING OUT OF THE SCOPE OF A COURT ORDER WHILE MISLEADING AND MISREPRESENTING SAID ORDER INACCURATELY TO DEFENDANT IN AN EFFORT TO GAIN DISCOVERY ILLEGALLY. [CHIEF JUDGE MAGISTRATE JUDGE MANN] PLAINTIFF CONTINUES TO GO OUTSIDE THE LIMITS OF DISCOVERY AS NOTED IN DEFENDANT LETTERS [Docket(s) #84, #85] TO JUDGE MANN. *RESPECTFULLY SAID,* FOR THE COURT TO ALLOW PLAINTIFF TO CONTINUE DISCOVERY BY DECEPTION IMPOSING ILLEGAL HARASSMENT ON DEFENDANT/FAMILY IS A MISCARRIAGE OF JUSTICE ABSENT A CLEAR DEFINITION OF STATUTORY LAW AND JURISDICTION. [CASE SHOULD BE STAYED.]**
Id. quoting *"If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action."* at Fed. R. Civ. P. Rule 12 (h)(3).

*Defendant prays for immediate emergency relief of the Court as judicial statutory interpretation of the CEA is merited for any type of due process to occur.*

May 23, 2018

/s/ Patrick K. McDonnell

_____

Defendant/Pro Se

Prepared By: Patrick K. McDonnell "Pro Se"
20 Rawson Place, Staten Island, NY 10314
Telephone: (718) 524-6312 Email: cdm@gmx.us

--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is
confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited
from printing, copying, forwarding or saving them. Please delete the message and attachments without printing,
copying, forwarding or saving them, and notify the sender immediately.


--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is
confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited
from printing, copying, forwarding or saving them. Please delete the message and attachments without printing,
copying, forwarding or saving them, and notify the sender immediately.


--
This message and its attachments are sent from a 'Pro Se' litigant and may contain information that is
confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited
from printing, copying, forwarding or saving them. Please delete the message and attachments without printing,
copying, forwarding or saving them, and notify the sender immediately.