**Patrick K. McDonnell [ProSe]**
20 Rawson Place
Staten Island, New York 10314
Telephone: (718) 524-6312
Email: cdm@gmx.us

May 24, 2018

**BY ECF**
The Honorable Jack B. Weinstein
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
E. Brooklyn, New York 11201

**Re:** *Commodity Futures Trading Commission v. Patrick K. McDonnell and CabbageTech, Corp. d/b/a Coin Drop Markets*, **No. 18-CV-00361 (JBW)(RLM)**

Dear Judge Weinstein:

I am a ProSe litigant in the above captioned matter responding to [**Docket #96**] filed by Plaintiff on May 24, 2018 in regards to Defendant motion for reconsideration **("Motion for Reconsideration" re; Docket #86, Docket #88)** that the Court has kindly agreed to hear on July 9, 2018. The Plaintiff states in a letter to the Court [Docket #96]; Id. *"The Commission's understanding is that on July 9, the Court will consider the **yet-to-be-docketed paper motion** served on Plaintiff via U.S. mail postmarked May 16, 2018 ("Motion for Reconsideration"), as well as the related filings McDonnell has made. (See, e.g., ECF 69, 75, 87.)"* [quoting Docket #96] Plaintiff opposition to Defendant **"emergency"** request collectively filed with the Court under **[Docket(s) 91-93]** for the Court to hear his motion sooner and to **stay discovery** is without merit lacking fact and/or specific relief as Defendant sincerely confused the date of said deposition duly noted in a letter to Chief Magistrate Judge Mann. Defendant declares this is not an attempt by Defendant to avoid/delay improperly and illegally applied discovery obligations by Plaintiff.

Defendant recent introduction of "**new specific case law**" supporting facts involving Plaintiff **"specific"** charges **wrongfully placed** against Defendant *merited* "**Judicial Notice**" *according to rule* which Defendant filed for with the Court under **[Docket #75 "incorrectly" styled by Plaintiff submission on Defendant behalf via ECF; MOTION TO DISMISS w/supporting information 11 pages attach]**. Defendant filed **[Docket #76]** regarding Docket #75 **styling correction** and should correctly read, **"REQUEST FOR JUDICIAL NOTICE"**.

1.

**On the federal trial court level, judicial notice is recognized in Rule 201 of the Federal Rules of Evidence for U.S. District Courts and Magistrates. Rule 201 provides, in part, that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either**

(1) generally known within the territorial jurisdiction of the trial court or

(2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

**Under rule 201 a trial court must take judicial notice of a well-known fact at the request of one of the parties, if the court is provided with information supporting the fact.** A court also has the option to take judicial notice at its discretion, without a request from a party.

**Rule 201 further provides that a court may take judicial notice at any time during a proceeding.** If a party objects to the taking of judicial notice, the court must give that party an opportunity to be heard on the issue. **In a civil jury trial, the court must inform the jury that it must accept the judicially noticed facts in the case as conclusively proved.** In a criminal trial by jury, the court must instruct the jury "that it may, but is not required to, accept as conclusive any fact judicially noticed." *All states have statutes that are virtually identical to rule 201.*

Plaintiff claim that Defendant Motion For Reconsideration **("Motion for Reconsideration")** is meritless not warranting any expedited consideration is a meritless statement in itself. Defendant has continued to supplement his **Motion for Reconsideration [Docket(s) #86, #88]** with additional filings/attachments/exhibits as recent as May 23, 2018 to ensure the Court has specific case law, true factual findings, expert opinions, etc. regarding filed "**Request For Judicial Notice" Docket #75,** "**Motion To Dismiss Docket #86", and "Request For Immediate Emergency Relief Of Court; Judicial Statutory Interpretation of CEA Needed Docket(s) #91, #92, #93 collectively"**.


**Noted in Defendant filings [Docket(s) #91, #92, #93 "collectively"]**
**DEFENDANT REPLY TO DOCKET #88; REQUEST FOR IMMEDIATE EMERGENCY RELIEF OF COURT; JUDICIAL STATUTORY INTERPRETATION OF CEA NEEDED**

*Defendant seeks;* EMERGENCY RELIEF OF THE COURT FOR JUDICIAL STATUTORY INTERPRETATION OF CEA LAW *FORTHWITH* AS ANYTHING OTHER WOULD FURTHER VIOLATE DEFENDANT CIVIL/DUE PROCESS RIGHTS AFFORDED UNDER THIS COURT AND FEDERAL LAW. DEFENDANT/FAMILY CIVIL, *POSSIBLY CONSTITUTIONAL?* RIGHTS ARE BEING VIOLATED DAILY BY PLAINTIFF VIA DISCOVERY THAT SHOULD BE STAYED UNTIL RESOLUTION OF GOVERNING STATUTES IS CLARIFIED BY THIS COURT.

PLAINTIFF HAS BEEN CORRECTED BY THIS COURT ON RECORD FOR ACTING UNDER GUISE AND GOING OUT OF THE SCOPE OF A COURT ORDER WHILE MISLEADING AND MISREPRESENTING SAID ORDER INACCURATELY TO DEFENDANT IN AN EFFORT TO GAIN DISCOVERY ILLEGALLY. [CHIEF JUDGE MAGISTRATE JUDGE MANN] PLAINTIFF CONTINUES TO GO OUTSIDE THE LIMITS OF DISCOVERY AS NOTED IN DEFENDANT LETTERS **[Docket(s) #84, #85]** TO JUDGE MANN. *RESPECTFULLY SAID,* FOR THE COURT TO ALLOW PLAINTIFF TO CONTINUE DISCOVERY BY DECEPTION IMPOSING ILLEGAL HARASSMENT ON DEFENDANT IS A MISCARRIAGE OF JUSTICE ABSENT A CLEAR DEFINITION OF STATUTORY LAW AND JURISDICTION. **[CASE SHOULD BE STAYED.]**

***MAY THE COURT FURTHER NOTICE;*** **RE: LETTER TO JUDGE WEINSTEIN - PLAINTIFF LEGAL MISCONDUCT** [Docket #94]; Please Review; [Dockets #89, #90] respectively requested.
.

                                                      Respectfully submitted,
                                             /s/ Patrick K. McDonnell [ProSe]
                                                Patrick K. McDonnell