**Patrick K. McDonnell [ProSe]**
20 Rawson Place
Staten Island, New York 10314
Telephone: (718) 524-6312
Email: cdm@gmx.us

May 25, 2018

**BY ECF**

**RE:** Defendant response to Docket #102

Chief Magistrate Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

**Re:** *Commodity Futures Trading Commission v. Patrick K. McDonnell and CabbageTech, Corp. d/b/a Coin Drop Markets*, No. 18-CV-00361 (JBW)(RLM)

**Dear Chief Magistrate Judge Mann:**

I am a ProSe litigant in the above captioned matter responding to Plaintiff **[Docket #102]** respectively as ordered. Defendant moves the Court to order Plaintiff to "***specifically limit the scope***" of Defendant family/personal/legal used internet/telephone discovery regarding (***the "May 18 Subpoena"***) to "the *who*, *what*, *when*, *where* and *how* of Plaintiff alleged Defendant activity on said family/personal/legal internet/telephone channels. Defendant family/personal/legal telephone number is (718) 524-6312 as regularly submitted on all his Court related documents/filings. Defendant requests relief of Plaintiff discovery overreach as it has been addressed on record and in Dockets #84, #85, and #103. Plaintiff has already sent subpoena prior in regards to Defendant sons *"Capital One Account"* which is duly noted in Docket #103. Defendant being innocent and improperly charged by Plaintiff is also affected by false stigma presented to local utility company via subpoena imposing same stigma on Defendant son who account is attached. Defendant asks for his family/himself to be relieved of this embarrassment and harassment by Plaintiff. Plaintiff has proven reckless abandon of rules once again going outside of the scope of discovery with (***the "May 18 Subpoena"***) and failing to correctly fully-research the process of service in which subpoenas they serve prior wasting all parties time. Defendant has already provided Court-ordered consents for the email coindropmarkets@gmail.com the Court has been over this time and time again. Defendant does not recognize the email cdm@gmx.com in any way or manner objecting to anything and everything regarding it. Defendant does not remember Plaintiff ever mentioning an email styled as such to the Court or in conference calls.

1.

Defendant for the life of him can/could not remember any login credentials of the coindropmarkets@gmail.com email as he would provide requested information to satisfy Plaintiff vs getting harrassed. Plaintiff has been afforded a signed authorization previously to comply with Court.

Id. *"The Division initially expected to receive documents related to the mechanisms of the alleged fraud, such as Mr. McDonnell's access and use of certain e-mail, social media, and virtual currency accounts as well as **Internet Protocol ("IP") addresses** through discovery pursuant to the Court's Preliminary Injunction Order. Dkt. No. 29.* **NOTE: NO MENTION OF TELEPHONE RECORDS**

Id. *In particular, the Division recently issued the May 18 Subpoena seeking **subscriber information** relating to Mr. McDonnell's **telephone and internet access (e.g., name, address, phone and account numbers, use records, assigned network address or addresses, and billing and account information**). See Dkt. No. 84-2 at 8 (May 18 Subpoena Schedule A).* **NOTE: Plaintiff only sought 'telephone' records 'recently' as they are fishing Defendants legal.** *Defendant son is the subscriber, so why does Plaintiff require that type of personal/sensitive third 'non-party' to this Complaint information? Billing/Account information,* use records *as well. What bearing does this info have on this Complaint?*

Defendant argues Plaintiff subpoena is way too broad in its' overbearing scope of discovery information clearly violating Defendant/Family privacy concerns and rights, etc. under law of The U.S. Constitution.

Plaintiff is **ALREADY** in possession of Defendant Internet Protocol ("IP") address as it is listed as **Exhibit #13 ("Maxmind GeoIP Data Results")** in **Evidence Binder #2** served upon Defendant. Exhibit #13 clearly shows **Defendant Internet Protocol ("IP") address starting in; [24.168.89.XXX]**. Defendant **XXX** for personal security reasons only. Defendant **assigned network address** is included as well; Defendant address **[Geographical Location]** and **ISP provider** Time Warner Cable and/or rr.com.

Id. *Notably, the subpoena does not seek the content of subscriber communications, except for a presumably small number of communications with the service provider, such as those relating to billing, nor does the Division seek any information concerning the content of what Mr. McDonnell accessed on the internet. The information sought, e.g., the **assigned network addresses or IP addresses associated with Mr. McDonnell's computers** and **other internet-accessible devices**, is relevant to establishing that Mr. McDonnell accessed or controlled certain e-mail, social media, and virtual currency accounts, particularly those alleged to be part of the fraudulent scheme or to evince the likelihood of future misconduct."* [quoting Docket #102] **NOTE: YOU WOULD BE AMAZED AT WHAT YOU CAN FIND WITH JUST A PHONE NUMBER THESE DAYS.** Plaintiff broad request violates every party who ever *dialed-out* or *dialed-in* under Defendant family/personal/legal Telephone Number; (718) 524-6312. Plaintiff aims to illegally turn Defendant/Family communications unprivate.

Defendant finds it impossible that Plaintiff would be able to decipher "*Mr. McDonnell's computers and other internet-accessible devices*" distinctively from other 3 adults computers and internet-accessible devices living within the same residence at said time of allegations.

Plaintiff subpoena(s) also reach to January 01, 2016 when the allegations in Complaint supposedly occurred beginning of the year 2017 also going outside the scope of **subject-matter**. Plaintiff request for billing/account records violates Defendants' son personal privacy rights as the account is attached to him and his billing/financial records have no bearing.

Defendant believes Plaintiff requests are meritless and redundant by nature as Defendant has satisfied all Court authorizations regarding Defendant email coindropmarkets@gmail.com. Defendant is not attached, nor recognizes email cdm@gmx.com and therefore cannot accomplish what Plaintiff is seeking logically. Plaintiff claims again are meritless/redundant, Defendant asks permission of the Court to file a **Protection Order** with specific cause, ground, and relief sought to restrain Plaintiff from continued abuse of rights.

This is a clear ploy by Plaintiff to fish Defendant phone records for legal contacts, etc. as they bear no claim. To afford Plaintiff a blanket discovery over Defendant family/personal/legal channels would lack any due process/privacy the Defendant is afforded by the law of this Court, said respectively. Defendant objects to Plaintiff "*ready, set, go,*" approach in regards to; *(1) confirm to Twitter his control of the CDM account by responding to the e-mail that Twitter has sent to the cdm@gmx.com e-mail address;* Because Defendant does not recognize the email cdm@gmx.com. *(2) consent to entry of the attached Order, Ex. 3, and regain access to his coindropmarkets@gmail.com Google account in order to confirm that he is the account holder and to authorize the release of emails.* Because Defendant has already signed Court ordered authorizations in regards to this matter. Plaintiff again, fails to do proper due-diligence in regards to subpoena information capture. *(3) execute a consent to Charter, Ex. 4, for the subpoenaed subscriber information.* Defendant objects for reasons mentioned above to not waste anymore of the Courts time.

                                                                                                        Respectfully submitted,
                                                                                                         /s/ Patrick K. McDonnell
                                                                                                  Patrick K. McDonnell [ProSe]