

**COMMODITY FUTURES TRADING COMMISSION**
140 Broadway, 19th Floor
New York, New York 10005
Telephone: (646) 746-9700
Facsimile:  (646) 746-9940

Division of
Enforcement

Gates S. Hurand
Senior Trial Attorney
646-746-9753
ghurand@cftc.gov

May 29, 2018

**BY ECF**

Chief Magistrate Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

   Re: *Commodity Futures Trading Commission v. Patrick K. McDonnell and CabbageTech, Corp. d/b/a Coin Drop Markets*, **No. 18-CV-00361 (JBW)(RLM)**

Dear Chief Magistrate Judge Mann:

  I am a Senior Trial Attorney in the Division of Enforcement (the "Division") of the Commodity Futures Trading Commission (the "Commission") and represent the Commission in the captioned matter.  Pursuant to the Court's May 25, 2018 Electronic Scheduling Order, I write respectfully to respond to Defendant Patrick K. McDonnell's letter-motion dated May 25, 2018, Dkt. No. 103, which make spurious claims of harassment and on that basis seeks (1) a "'complete' and 'accurate' retroactive audit review of Plaintiff served subpoenas on Defendant," given on a supposed subpoena for information relating to a Capital One account belonging to Mr. McDonnell's adult son, and (2) an Order that "Plaintiff be required to submit to Court for approval/inspection any further subpoena(s) served on Defendant."  Because there has been no harassment by the Commission and there is no other basis for the relief sought by McDonnell, his letter-motion should be denied in its entirety.

  Throughout this litigation, the Division has complied with the Federal Rules in serving Mr. McDonnell with document requests and interrogatories, providing timely notice of every non-party subpoena *duces tecum*, and, when documents have been produced pursuant to these subpoenas, providing copies of all documents obtained to Mr. McDonnell shortly thereafter.  The Division's good-faith participation in discovery stands in stark contrast with Mr. McDonnell's repeated tactical delays, which have repeatedly necessitated the intervention of the Court.  *E.g.*, Dkt. No. 82 (ordering Mr. McDonnell to appear for deposition on June 5, 2018, and "on pain of sanctions, respond to any outstanding discovery requests by May 28, 2018.").

  Mr. McDonnell's instant motion is based on false claims of harassment through subpoenas relating to cable/phone records and to a "Capital One Account."  The Division recently responded to Mr. McDonnell's baseless allegations concerning cable/phone account

Hon. Roanne L. Mann
May 29, 2018
Page 2

records. *See* Dkt. No. 102. Concerning the referenced Capital One Account, to date in this litigation, the Division has not subpoenaed Capital One or Mr. McDonnell, any member of his family, or any other person in reference to the "Capital One Account." The Division notes that its Initial Disclosures (as amended) contained a listing for Capital One, N.A. as potentially having business or financial records relating to transactions by Mr. McDonnell and/or CabbageTech, Corp. The account referenced by Mr. McDonnell in his letter-motion could belong to one of Mr. McDonnell's adult sons, who also is named Patrick Kerry McDonnell. Regardless, in this litigation the Division has not subpoenaed *anyone* concerning the referenced "Capital One Account."

In sum, Mr. McDonnell's letter-motion, Dkt. 103, is yet another attempt by Mr. McDonnell to improperly delay discovery into his alleged fraud.[1] *See, e.g.*, Dkt. No. 102 (cataloging a selection of Mr. McDonnell's delay tactics). Because McDonnell has identified no grounds whatsoever to warrant the relief he seeks, the Division respectfully submits that Mr. McDonnell's letter-motion should be denied with prejudice. The Division is available to address this or any other issue at the Court's convenience.

Respectfully submitted,

/s/ Gates S. Hurand

Gates S. Hurand

cc:   Patrick K. McDonnell (by ECF and electronic mail)

---

[1] This is another instance where Mr. McDonnell, without basis, has sought relief from the Court without attempting to meet and confer in good faith. Indeed, after reviewing his filing, the Division asked Mr. McDonnell on Friday to identify the purported subpoena involving the referenced Capital One account. Mr. McDonnell replied "[i]t's listed as a requested account in previous" but did not identify any such subpoena or otherwise shed light on his meritless request.