**Patrick K. McDonnell [ProSe]**
20 Rawson Place
Staten Island, New York 10314
Telephone: (718) 524-6312
Email: cdm@gmx.us

May 30, 2018

**BY ECF**
RE: Defendant response to Docket #107

Chief Magistrate Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

Re: *Commodity Futures Trading Commission v. Patrick K. McDonnell and CabbageTech, Corp. d/b/a Coin Drop Markets*, No. 18-CV-00361 (JBW)(RLM)

**Dear Chief Magistrate Judge Mann:**

I am a ProSe litigant in the above captioned matter writing in response to Plaintiff **[Docket #107]** respectively. Plaintiff claims; Id. *"Because there has been no harassment by the Commission and there is no other basis for the relief sought by McDonnell, his letter-motion should be denied in its entirety."* [quoting Docket #107] Plaintiff claiming that the Commission *'has not'* harrassed Defendant/Family in regards to Discovery overscope is untrue as proven in Court dockets/minutes. **Plaintiff claim of no basis for the relief sought is also untrue lacking any merit.** Defendant has referred to Plaintiff going outside the scope of Discovery subpoena as duly noted in **Dockets #84 and #85** filed with the Court in regards to Plaintiff requesting information of a family member cable/phone account/records illegally. *"Defendant seeks Court clarification of "Capital One Account" and 'possible others' as a **full inspection** of Plaintiff 'previous' illegal and possibly pending subpoenas on Defendant **merit judicial regulatory overview**."* Defendant further requested relief by way of **"A FULL INSPECTION"** as noted in Docket #103. Plaintiff also claims; Id. *"Throughout this litigation, the Division has complied with the Federal Rules in serving Mr. McDonnell with document requests and interrogatories,"* [quoting Docket #107] Plaintiff may be correct in following rules regarding service but **has not complied** in regards to following Federal Rules of investigation within scope as duly noted in this Courts minutes. Plaintiff further claims; Id. *"The account referenced by Mr. McDonnell in his letter-motion could belong to one of Mr. McDonnell's adult sons, who also is named Patrick Kerry McDonnell."* This clearly proves Defendant correct in Plaintiff overreach of Discovery scope otherwise how would Plaintiff be so sure of Defendants sons **MIDDLE** name, "Patrick **Kerry** McDonnell" when never discussed or publicly listed? Who is to say his middle initial "K." stands for "KERRY" and not "KEVIN" a widely used name in our family tree?

1.

Defendant by this letter-motion, *again*, requests the Court order a '*complete*' and '*accurate*' retroactive audit review of Plaintiff **served subpoenas** on Defendant taking effect from January 18, 2018. In Defendant **attachment** to Docket #103; **[Docket #104]** filed May 30, 2018 not at all mentioned in Plaintiff response to Docket #103. Id. *"**In further relief,** Defendant requests through this letter-motion that Plaintiff also be ordered to submit "any and all" subpoena requests served on "third-parties" outside of the above referenced relief sought noted in Docket #103 "unknown to Defendant" to be included in request of the; 'complete' and 'accurate' retroactive audit review of Plaintiff served subpoenas on Defendant taking effect from January 18, 2018."* and; *"Defendant believes this request to be fair and reasonable under the present circumstances of Plaintiff continued accused illegal legal misconduct duly noted in [ **Docket #94]**; **RE: LETTER TO JUDGE WEINSTEIN - PLAINTIFF LEGAL MISCONDUCT** and; **for being corrected of said deeds by this Court on record during a Discovery conference all worded in minutes.** Defendant refers to **[Docket(s) #84, #85]** as further proof of Plaintiff overreaching scope of Discovery limitations which raises concern."* [quoting Docket #104]

Defendant relief sought goes beyond Plaintiff limited wording of Defendant said request(s) to the Court. *Further quoting* Docket #104; Id. *"**Plaintiff misconduct and inability to follow Court orders/rules unless restrained by this Court include but are not limited to; Defendant/Family**; 'Constitutional [PRIVACY] Rights Violations, 'Unfair Due Process', and 'Federal R. Civ. P. Rule violations' harmful to both Defendant/Family. Defendant believes there is additional misconduct in regards to the 'unknown' subpoena(s) used in Plaintiff 'private' investigation efforts that merit audit/review to preserve Defendant/Family god given rights to privacy."* Defendant does not trust a spoken/written word of Plaintiff claims and sincerely asks the Court to grant said relief mentioned in Docket(s) #103 and #104. Defendant also asks the Court for **'clarification'** of Plaintiff subpoena requests dating back to January 01, 2016 when alleged activities occurred after January 01, 2017 as stated in improperly placed Complaint.

                                                          Respectfully submitted,
                                                          /s/ Patrick K. McDonnell
                                                         Patrick K. McDonnell [ProSe]