

**COMMODITY FUTURES TRADING COMMISSION**
140 Broadway, 19th Floor
New York, New York 10005
Telephone: (646) 746-9700
Facsimile: (646) 746-9940

Division of
Enforcement

May 30, 2018

Gates S. Hurand
Senior Trial Attorney
646-746-9753
ghurand@cftc.gov

**BY ECF**

Chief Magistrate Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

   Re: *Commodity Futures Trading Commission v. Patrick K. McDonnell and CabbageTech, Corp. d/b/a Coin Drop Markets*, **No. 18-CV-00361 (JBW)(RLM)**

Dear Chief Magistrate Judge Mann:

  I am a Senior Trial Attorney in the Division of Enforcement (the "Division") of the Commodity Futures Trading Commission (the "Commission") and represent the Commission in the captioned matter. By this letter-motion, I write respectfully to seek relief from the Court following Defendant Patrick K. McDonnell's willful violation of the Court's May 17, 2018 Order (ECF 82) (the "May 17 Order"), where Your Honor directed that "Mr. McDonnell must, on pain of sanctions, respond to any outstanding discovery requests by May 28, 2018."

**McDonnell's Contempt for the Discovery Process and Previous Court Orders**

  Throughout this litigation, Mr. McDonnell has shown contempt for the Federal Rules as well as Orders of the Court. Mr. McDonnell has failed to comply fully with Orders of the Court and the Federal Rules. (*E.g.*, ECF 41 (Commission letter-motion to compel filed under seal).) His delay tactics include the evasion of four different noticed depositions, failure to comply in full with the Court's March 7, 2018 Scheduling Order, repeated failures to participate appropriately in discovery including failure to participate in a Court-ordered telephone conference, and the prolific raising of spurious objections. (*See, e.g.*, ECF 45, ECF 102, ECF 107.) This serial misconduct has required repeated intervention of the Court. (*E.g.*, Electronic Order of the Court dated April 20, 2018; ECF 82.)

**McDonnell's Contempt for the Court's May 17 Order**

  As mentioned, the Court's May 17 Order, among other things, ordered that Mr. McDonnell "must, on pain of sanctions, respond to any outstanding discovery requests by May 28, 2018." (ECF 82.) The Commission had previously served Mr. McDonnell on April 23,

Hon. Roanne L. Mann
May 30, 2018
Page 2

2018, with document requests (the "April 23 document requests") and interrogatories (the "April 23 interrogatories"). *See* Exs. 1 and 2. As of May 28, Mr. McDonnell failed to produce any responsive materials or answer the interrogatories in response to the April 23 document requests and interrogatories.

After close of business the next day, the Division e-mailed Mr. McDonnell notifying him that it still had not received responses to the document requests and interrogatories, in violation of the May 17 Order, and asking for a meet-and-confer the next morning. Approximately one hour later, Mr. McDonnell e-mailed two PDFs purporting to be his responses. *See* Ex. 3. Each so-called response, as to each document request and each interrogatory, repeated the same sentence: "Defendant does not possess enough specific information to answer this question." *Id.* Mr. McDonnell did not produce any materials, answer the interrogatories under oath, or attempt to raise any objections. Moreover, the statement is both inadequate and inaccurate—presumably, for example, Mr. McDonnell as owner and controller of CDM can identify persons with knowledge of trading conducted by or under his and/or CDM's authority (including himself) as requested by Interrogatory 7, and produce materials he has used or may use to support his defense, such as the materials McDonnell sought to rely upon at the March 6, 2018 hearing and referred to during the April 12, 2018 telephone conference before Your Honor as requested by Document Request 1. *See* Tr. of Apr. 12, 2018 Tel. Conf. at 6 (McDonnell: "I've brought all my evidence to prove my case when I -- when I -- when I showed up the first time. Nobody wanted to see it."). Mr. McDonnell's cursory repetition of the sentence betrays the reality that he made no effort to address separately and particularly the April 23 document requests and the April 23 interrogatories.

This morning, the parties conducted a meet-and-confer call, during which the Commission objected to Mr. McDonnell's failure to comply with the Court Order and objected to his untimely and inadequate responses, particularly noting that the purported responses in fact were no responses at all. *Cf.* Fed. R. Civ. P. 37(a)(4). During the call, Mr. McDonnell described the April 23 document requests and the April 23 interrogatories as ridiculous, asked the Division to write new ones, stated that many do not pertain to him, and indicated that in any event the whole case would soon be dismissed. The discussion was not productive, and the parties were not able to resolve the dispute.

**Relief Sought**

Courts have broad discretion to impose appropriate sanctions for discovery-related abuses. *E.g.*, *Linde v. Arab Bank, PLC*, 269 F.R.D. 186, 195 (E.D.N.Y. 2010) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 2002)); *Doug's Word Clocks.com Pty Ltd. v. Princess International, Inc.*, 323 F.R.D. 167, 172 (S.D.N.Y. 2017) (citing *Linde*). Here, Mr. McDonnell failed to timely disclose information required by Rule 26, he did so culpably in violation of Court Order, and the missing materials and interrogatory answers are relevant to the Commission's claims.

Because of Mr. McDonnell's culpable failure to comply with the Court's May 17 Order and the Federal Rules of Civil Procedure, and because this failure is yet another example of his serial, blatant, and willful disregard for the discovery process and the Orders of the Court, the

Hon. Roanne L. Mann
May 30, 2018
Page 3

Commission respectfully moves under Rule 37(b)(2) of the Federal Rules of Civil Procedure that the Court issue a recommendation that Mr. McDonnell's Answer be stricken and default be entered against him. *See* Fed. R. Civ. P. 37(b)(2)(A)(iii). In the alternative, the Commission respectfully moves under Rule 37(b)(2) for an Order—

 **1.** Prohibiting Mr. McDonnell from supporting or opposing claims or defenses, and from introducing matters into evidence, through evidence falling within the April 23 document requests, *see* Fed. R. Civ. P. 37(b)(2)(A)(ii);

 **2.** Prohibiting Mr. McDonnell from supporting or opposing any claims or defenses, and from introducing matters in evidence, falling within the subject matter of any of the April 23 interrogatories, *id.*;

 **3.** Treating Mr. McDonnell's failure to comply with the May 17 Order as contempt of court, *see* Fed. R. Civ. P. 37(b)(2)(A)(vii); and

 **4.** Imposing a monetary sanction of no less than $500 payable to the Clerk of Court, *see* Fed. R. Civ. P. 37(b)(2)(C).[1]

\* \* \*

Pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure, I certify that I attempted in good faith to confer with Mr. McDonnell in an effort to obtain the discovery sought herein without Court action.

Respectfully submitted,

/s/ Gates S. Hurand

Gates S. Hurand

cc: Patrick K. McDonnell (by ECF and electronic mail)

---

[1] This amount significantly understates the expenses that Mr. McDonnell's failure to comply with the discovery order has caused the Division to incur, including but not limited to fees and costs, in order to account for Mr. McDonnell's purportedly limited means.