UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

COMMODITY FUTURES TRADING
COMMISSION,

                    Plaintiff,

          v.

PATRICK K. MCDONNELL,
and CABBAGETECH, CORP. d/b/a COIN
DROP MARKETS,

                    Defendants.

Case No. 18-CV-0361 (JBW) (RLM)

**PLAINTIFF COMMODITY FUTURES
TRADING COMMISSION'S
FIRST SET OF DOCUMENT
REQUESTS TO DEFENDANT
PATRICK K. MCDONNELL**

---

Pursuant to Rules 26(b) and 34 of the Federal Rules of Civil Procedure, Plaintiff

Commodity Futures Trading Commission (the "Commission"), by and through its undersigned

attorneys, hereby requests and demands that Defendant Patrick K. McDonnell produce for

inspection and copying all items in his possession, custody, or control that are responsive to the

requests specified herein within the time frame provided by the Federal Rules of Civil Procedure,

or as otherwise ordered by the Court, at the Commission's offices at 140 Broadway, 19th Floor,

New York, New York 10005.

## <u>DEFINITIONS AND INSTRUCTIONS</u>

The following Definitions and Instructions are expressly incorporated into each specific

demand for production as if fully stated therein.

## **DEFINITIONS**

1. All terms defined in the Complaint for Injunctive and Other Equitable Relief and Civil Monetary Penalties Under the Commodity Exchange Act, 17 cv-07181, Docket No. 1 ("Complaint"), shall have the same meaning herein.

2. The Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rules") are incorporated herein by reference.  Terms not defined herein shall have the meanings assigned to them, if any, by the definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3 of the Local Rules.

3. The term "account" or "accounts" refers broadly to all manners of accounts (actual currency, virtual currency, or otherwise), including without limitation commodities futures and options accounts, brokerage accounts, trading accounts, virtual currency "wallets," exchange accounts, securities accounts, and bank accounts.

4. The terms "CabbageTech Corp. Inc.," "CabbageTech," and "CDM" mean the entity doing business under the name CabbageTech Corp. Inc., any and all of its affiliates, subsidiaries, parents, directors, officers, divisions, groups, offices, branches, departments, employees, consultants, agents, representatives, accountants, predecessors and/or successors, wherever they may be situated, including but not limited to Coin Drop Markets, and all other persons who have an interest in CabbageTech, its subsidiaries, affiliates, and/or divisions

5. The term "Commission" refers to the Commodity Futures Trading Commission.

**6.** The term "Communication" refers to all manners of transmitting or receiving information, opinions, advice or thoughts, orally, in writing, in person, telephonically, or otherwise.

**7.** The term "concerning" means including or relating to.

**8.** The term "customer" means any person who was solicited to provide money, virtual currency, or anything else of value to CabbageTech and/or Patrick McDonnell in exchange for advice services, in connection with actual or potential virtual currency transactions, or in exchange for anything else of value.

**9.** The term "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, all writings or printed matter of any kind, including without limitation: records, correspondence, memoranda, notes, rolodexes, address books, diaries, statistics, e-mail, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice or intra-office communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, computer input or output, teletypes, facsimiles, invoices, worksheets, ledger books, books of accounts, and all drafts, alterations, modifications, changes and amendments of any of the foregoing.  The term "document" also includes graphs, charts, photographs, phonographic record, audio and video recordings, computer records, and other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonable usable form.  The term "document" also refers to each and every document in one's actual or constructive possession, including but not limited to: (i) all documents within the custody or control of any present or former agents, employers, employees, partners, or representatives, including your

attorneys or their agents, employees, or representatives and (ii) all documents which one has a legal or equitable right to obtain from another person.  A draft or non-identical copy is a separate document within the meaning of the term.  A document also includes the file and folder tabs associated with each original and copy.

10.     The terms "including" and "includes" are used in the broadest sense of the term and specification of a particular matter included in a request is not meant to exclude any other documents that might be responsive to a specific request.

11.     The term "Patrick McDonnell" or "McDonnell" refers to Defendant Patrick K. McDonnell and his employees, agents, assigns, attorneys, representatives, partners, predecessors or successors.

12.     "Relate to" or "relating to" mean analyze, appraise, assess, characterize, comment on, concern, consider, constitute, contain, deliberate, delineate, describe, discuss, evaluate, evidence, explicate, pertain to, recommend, record, refer to, reflect, report on, set forth, show, or study.

13.     The term "virtual currency" means any digital representation of value that can be used as a medium of exchange, unit of account, and/or store of value.  The term includes but is not limited to cryptocurrencies such as Bitcoin, Litecoin, Ether, Ripple, Bitcoin Cash, Ethereum Classic, Dash, Cardano, Monero, and Dogecoin.

14.     The relevant time period for the document requests is from January 1, 2016, to the present, unless noted otherwise in the request.

## INSTRUCTIONS

1.     These Requests are continuing in nature and require prompt amendment or supplementation whenever you obtain, at any time during the period between your initial

responses and final judgment in this action, information that renders your responses in some material respect incorrect or incomplete.

2.     Documents referred to herein include all portions or pages of each document requested and all attachments, enclosures, appendices, and supporting documentation, including, without limitation, originals, copies, non-identical copies (that may contain handwritten notes, markings, stamps, interlineations, or electronic information), drafts, working papers, routing slips, and similar materials.  For the avoidance of doubt, documents and communications are to include, without limitation, any recorded conversation.

3.     These Requests are submitted for the purpose of discovery and are not to be taken as waiving any objection to the introduction of evidence on subjects covered by these Requests, or as an admission or the relevance or materiality of any of the matters covered by these requests.

4.     In producing responsive documents, you should furnish all documents in your possession, custody, or control, regardless of whether such documents are possessed directly by you or by your agents, employees, or representatives, inducing your attorneys or their agents, employees, or representatives.

5.     Documents responsive to these Requests should be produced in accordance with the standards specified in the CFTC Data Delivery Standards enclosed herewith.  With respect to electronically stored information ("ESI"):

a.     Documents shall be produced in conformity with Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure.

b.     All electronic communications, spreadsheets and records responsive to these Requests that are maintained in the usual course of business in an electronic format

are to be produced in their native format along with any necessary passwords or software if need to access the ESI.

      **c.**     ESI should not be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use.  ESI should not be produced in a form that removes or degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.  Databases or underlying data should not be produced without first discussing production format issues with counsel for the Commission.

      **d.**     If you decline to search or produce ESI on the ground that such ESI is not reasonably accessible because of undue burden or coast, identify such information by category or source and provide detailed information regarding the burden or cost you claim is associated with the search or production of such ESI.

      **6.**     Each Request requires production in full, without abbreviation, redaction, or expurgation, of any responsive documents.  If any responsive document is not or cannot be produced in full, produce it to the extent possible, indicating which document or portion of that document is being withheld and the reason(s) it is being withheld.

      **7.**     Documents not otherwise responsive to these Requests are to be produced if such documents mention, discuss, refer to, or explain the documents which are responsive to these Requests, or if such documents are attached to documents responsive to these Requests and constitute routing slips, transmittal memoranda, or letters, comments, evaluations, or similar materials.

      **8.**     If a privilege is claimed as the basis for not producing any document, you are to furnish a privilege log setting forth, for each document: (a) the nature of the privilege (including

work product) that is being claimed and, if the privilege is governed by state law, the state's privilege rule being invoked; (b) the type of document; (c) the general subject matter of the document; (d) the date of the document; and (e) the author of the document, the addressees and other recipients of the document, and where not apparent, the relationship of the author, addresses, and recipients to each other.  *See* Local Civil Rule 26.2(a).

9.     If you have previously produced documents responsive to these Requests, please identify the document by providing by bates number and description the document(s) previously provided.

10.     If any document responsive to these Requests is known to have existed and cannot now be located, or has been destroyed or discarded, provide the following information as to each document:  (a) a  brief description, including subject matter; (b) last known custodian; (c) whether the document is missing, lost or was destroyed or discarded; (d) the date of loss, destruction, or discard; (e) the person(s) authorizing or carrying out such destruction or discard; and (f) the efforts made to locate lost or misplaced documents.

## REQUESTS

1.      All documents and communications that you have used or may use to support your defense of the Commission's claims, including but not limited to materials you used in preparation for or during the March 6, 2018 Hearing, or that you referred to during the April 12, 2018  telephone conference before Chief Magistrate Judge Mann.

2.      All documents and communications relating to accounts under the name of or under the control of McDonnell.

3.      All documents and communications concerning transactions that related to McDonnell and/or CDM and involved any virtual currency, including but not limited to those identifying virtual currency addresses and transaction IDs relating to CDM and/or McDonnell.

4.      All documents and communications relating to CDM.  These documents and communications should include but not be limited to the following:

        a.      All documents and communications relating to clients and potential clients of CDM.

        b.      All documents and communications relating to solicitation materials developed, used by or in the possession of CDM.

        c.      All documents and communications relating to trading conducted by or under the authority of McDonnell and/or CDM, including but not limited to accounts opened at futures commission merchants, virtual currency exchanges, or any other trading firm or service facilitating trading of virtual currency.

        d.      All documents and communications related to CDM's websites, including but not limited to the following:

      i.  the trading track record posted on CDM's websites, such as without limitation increased bitcoin balances and protections against volatility;

     ii.  the trading performance, effectiveness, and/or functionality of CDM's trading strategies;

   iii.  the customer-related materials; and

   iv.  hosting, storage, functioning, or maintenance of the websites.

**e.**  All documents and communications relating to accounts under the name of or under the control of CDM.

**f.**  All documents relating to any individual, group, or entity conducting business with or on behalf of CDM.

*     *     *

Dated:  April 23, 2018

**COMMODITY FUTURES TRADING COMMISSION**

By: s/ Gates S. Hurand
Gates S. Hurand
Senior Trial Attorney
ghurand@cftc.gov
Phone: (646) 746-9700

Commodity Futures Trading Commission
Division of Enforcement
140 Broadway, 19th Floor
New York, NY 10005
Phone: (646) 746-9700
Fax: (646) 746-9940

ATTORNEYS FOR PLAINTIFF
COMMODITY FUTURES TRADING COMMISSION