**Patrick K. McDonnell [ProSe]**
20 Rawson Place
Staten Island, New York 10314
Telephone: (718) 524-6312
Email: cdm@gmx.us

May 31, 2018

**BY ECF**
**RE:** Defendant response to Docket #110

Chief Magistrate Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

**Re:** *Commodity Futures Trading Commission v. Patrick K. McDonnell and CabbageTech, Corp. d/b/a Coin Drop Markets*, No. 18-CV-00361 (JBW)(RLM)

**Dear Chief Magistrate Judge Mann:**

I am a ProSe litigant in the above captioned matter responding respectively to Plaintiff filing [Docket #110]. By this letter-motion, I write to clarify and seek relief from the Court regarding Plaintiff claims of Defendant willful violation of the Court's May 17, 2018 Order (ECF 82) (the "May 17 Order") which is and/or was not the case. Defendant in no way, shape, or form 'willfully' violated the Court's order above and does not deserve any imposed pain of sanctions as any outstanding discovery requests were satisfied within an hour of Plaintiff reminder/request. Defendant has complied with 'all' Court Orders to date and Plaintiff attempt to label a simple oversight as; "Contempt for the Federal Rules as well as Orders of the Court", "Failure to comply", "Delay tactics/Evasion", "Failure to participate appropriately in discovery", "Serial misconduct" is not correct. Plaintiff is not afforded right to state such claims as Plaintiff objections for anything prior (the "May 17 Order") should have already been raised. Defendant arguments are not "spurious objections" as Plaintiff claims but truth bearing facts/reasons duly noted on record. Plaintiff claims, "This serial misconduct has required repeated intervention of the Court." The repeated intervention of the Court has been merited many times as Plaintiff serial misconduct of going beyond the scope of Court Ordered Discovery has become habitual. Defendant is all alone is his battle against Plaintiff and the only justice afforded is the generosity of this Court's intervention at times to ensure compliance of all parties involved. Defendant has struggled to learn civil law by application as Plaintiff is licensed and experienced in this field clearly having an advantage. Defendant sincerely apologizes to the Court for his ignorance but has proven willingness to comply and learn throughout this entire ordeal Your Honor.

Defendant is doing his absolute best as an innocent charged incorrectly by Plaintiff to preserve his rights with no lawyer while being dogged repetitively with impossible and redundant requests for same information already provided and/or information Defendant does not possess enough specific knowledge of. Plaintiff objection to Defendant answers in regards to responses of said document requests and interrogatories is a matter of opinion not an infraction of any Federal law as Defendant could not possibly possess enough specific information requested as document requests and interrogatories are out of Defendant knowledge or already completely satisfied. Defendant whether by email/phone had previously raised objections to such requests but the exact date/time is honestly not known so much has transpired since then. For Defendant to produce any materials, answer the interrogatories would be redundant in nature of satisfied requests or a complete fabrication as Defendant does not possess enough specific information to supply any type of answer/response to Plaintiff.

Id. *"Moreover, the statement is both inadequate and inaccurate—presumably, for example, Mr. McDonnell as owner and controller of CDM can identify persons with knowledge of trading conducted by or under his and/or CDM's authority (including himself) as requested by Interrogatory 7, and produce materials he has used or may use to support his defense, such as the materials McDonnell sought to rely upon at the March 6, 2018 hearing and referred to during the April 12, 2018 telephone conference before Your Honor as requested by Document Request 1. See Tr. of Apr. 12, 2018 Tel. Conf. at 6 (McDonnell: "I've brought all my evidence to prove my case when I -- when I -- when I showed up the first time. Nobody wanted to see it."). Mr. McDonnell's cursory repetition of the sentence betrays the reality that he made no effort to address separately and particularly the April 23 document requests and the April 23 interrogatories."* [quoting Docket #100]

Defendant has been steadfast in arguing that CDM was a membership/subscription-based service offering informational products that did not involving trading. So how could Defendant possess enough specific information regarding this question when in fact CDM was not set-up to trade on behalf of customers/clients? In regards to March 06, 2018 document request as discussed with Plaintiff on meet-and-confer call May 30, 2018. Defendant had at most a half dozen articles pertaining to CFTC political grandstanding, The Reuters article of this case, and the rest was the Complaint and Evidence binder served on Defendant by Plaintiff. Defendant was so civil law illiterate March 06, 2018 his argument was not case law specific as it is today. Those articles have since been thrown away but Defendant will send Plaintiff links if required. Defendant in fact, did make an effort to address separately and particularly each document request to no avail but written answers/responses to Plaintiff. Plaintiff claim, "purported responses in fact were no responses at all." [docket #110] is a matter of opinion and goes against true definition of the word response bearing no merit. **"Re·sponse rə ˈspäns/ noun: response; 1. a verbal or written answer."** Plaintiff claim Defendant *responses in fact were no responses* at all is incorrectly implied to this Court.

2.

<u>Id.</u> *"During the call, Mr. McDonnell described the April 23 document requests and the April 23 interrogatories as ridiculous,* **asked the Division to write new ones, stated that many do not pertain to him,** *and indicated that in any event the whole case would soon be dismissed. The discussion was not productive, and the parties were not able to resolve the dispute."* [quoting Docket #110]

Plaintiff above has proven Defendant *'willingness'* to participate in document request and interrogatories Discovery. Defendant sincerely asked Plaintiff to write new ones, because many do not pertain to him is 'absent' of Defendant communicated words. Defendant 'specifically' requested document requests and interrogatories that he can, "work with", "something logical", not document requests and interrogatories impossible for Defendant to answer/respond. Communication and/or confer meetings are useless if one party is not willing to stay within the four corners of topic going beyond the scope of realistic Discovery. Defendant has nothing more than respect for the discovery process and the Orders of the Court as long as Plaintiff remains inside the scope of such discovery process and the Orders of the Court which they have proven not to habitually throughout the Discovery process corrected and duly noted by this Court's minutes. In closing, Defendant awaits response to his request of the Court for permission to file for a **Protection Order** or **Protective Order** to restrain Plaintiff from further acts of going beyond the scope of Discovery. [**RE:** Defendant response to Docket #102]

Defendant also seeks clarification of Plaintiff examination/scope for June 5, 2018 deposition of Defendant as Plaintiff notice served on Defendant is bland and vague in details. Defendant also seeks clarification of Plaintiff scheduled deposition dates by Defendant as the examinations are approaching with no true response from Plaintiff but, *"We are reviewing them"* in regards to all Plaintiffs' required attendance. Defendant is financing Audio/Videographer, Notary Public, Stenographer, Refreshments on a limited budget so clarification is surely needed to ensure Defendant does not waste money he cannot afford to.

Defendant respectfully moves the Court to dismiss Plaintiff request to impose appropriate sanctions for discovery-related abuses as Defendant has not acted in the manner(s) described and satisfied all requests.

                                                                        Respectfully submitted,
                                                                         /s/ Patrick K. McDonnell
                                                                    Patrick K. McDonnell [ProSe]