ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE

DATE: May 31, 2018
START: 4:00 pm
END: 5:20 pm

DOCKET NO: 18CV361 (JBW)
CASE: CFTC v McDonnell

- ☐ INITIAL CONFERENCE
- ☒ DISCOVERY CONFERENCE
- ☐ SETTLEMENT CONFERENCE
- ☒ MOTION HEARING
- ☐ OTHER/ORDER TO SHOW CAUSE
- ☐ FINAL/PRETRIAL CONFERENCE
- ☒ TELEPHONE CONFERENCE
- ☐ INFANT COMPROMISE HEARING

| PLAINTIFFS | ATTORNEY |
|---|---|
| | Gates Hurand |
| | Alejandra de Uriaste |
| | David Oakland |

| DEFENDANTS | |
|---|---|
| | Patrick McDonnell |
| | (pro se) |
| | |

- ☐ DISCOVERY TO BE COMPLETED BY _____
- ☐ NEXT _____ CONFERENCE SCHEDULED FOR _____
- ☐ JOINT PRE-TRIAL ORDER TO BE FILED VIA ECF BY _____
- ☐ PL. TO SERVE DEF. BY: _____  DEF. TO SERVE PL. BY: _____

RULINGS: PLEASE TYPE THE FOLLOWING ON DOCKET SHEET

The Court conducts a lengthy telephonic hearing and resolves on the record the parties' discovery disputes.

In response to Mr. McDonnell's objections, the CFTC agrees to narrow its May 18th subpoena (DE #84-2), to eliminate several email accounts, telephone numbers, and an IP address, which Mr. McDonnell represents he doesn't recognize. The Court orders Mr. McDonnell to execute a written consent to the disclosure of the account pedigree information specified in the narrowed subpoena. (DE #102).

With respect to the Google subpoena concerning coindropmarkets@gmail.com,

The Court declines to inspect Counsel's was previously ordered to consent to the release of the account records, to re-establish access to that account in order to send an email to Google to confirm his consent. In any event, as Google has already received lawful consent, it should be prepared to produce the records within two days of receiving no objection from the subscriber's email account. (DE #102)

Twitter reportedly has the wrong email account associated with defendant CDM's Twitter account. Twitter has been provided with lawful consent to produce the subpoenaed records and should be prepared to make that production within two days of receiving no objection from the subscriber's email account. (DE #102)

Plaintiff did not subpoena Capital One Bank. Defendant's objection (DE #103) is terminated as moot. The Court declines to inspect all of plaintiff's previous subpoenas, as defendant has been provided notice of each.

The Court rejects defendant's contention that his belated and boilerplate responses to plaintiff's interrogatories and document demands satisfied his discovery obligations. The Court nevertheless denies without prejudice plaintiff's motion for sanctions (DE #110) and gives defendant until June 4, 2018 at noon to serve good faith responses to those demands.