UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

_____

COMMODITY FUTURES TRADING

COMMISSION,                                                   Case No. 18-CV-00361 (JBW) (RLM)

        Plaintiff,                                       **DEFENDANT RESPONSE TO**

                                                           **PLAINTIFF OPPOSITION TO**

        v.                                                **DEFENDANT PATRICK K. MCDONNELL'S**

                                                           **MOTION FOR RECONSIDERATION (ECF 99)**

PATRICK K. MCDONNELL,

and CABBAGETECH, CORP. d/b/a COIN

DROP MARKETS,

        Defendants.

_____

**DEFENDANT RESPONSE TO PLAINTIFF OPPOSITION TO DEFENDANT**

**PATRICK K. MCDONNELL'S MOTION FOR RECONSIDERATION (ECF 99)**

Defendant Patrick K. McDonnell respectfully submits the below response to PLAINTIFF OPPOSITION TO DEFENDANT PATRICK K. MCDONNELL'S MOTION FOR RECONSIDERATION (ECF 99); Docket #115.

Plaintiff argument mistakenly claims that 7 U.S.C. section 2(c)(2)(D) of the Act, 7 U.S.C. § 2(c)(2)(D) (2012) only applies to certain retail commodity spot transactions *entered into* or *offered* on a *leveraged*, *margined*, or *financed* basis. Defendants' concerned by Plaintiff sarcastic view of the **"Actual Delivery Exception"** in section 2(c)(2)(D)(ii)(III)(aa) of the Act, 7 U.S.C. § 2(c)(2)(D) (2012) styled "incorrectly" as; **[the so-called "actual delivery exception"]** in response [Docket #115], *when in fact*, it is Congressional law put in place as CEA statutory legislation. **Section 2(c)2(D) §§ 4(a), 4(b), and 4b "provisions" only apply to covered retail commodity interests where no "exemption" and/or "exception" is applicable** and **not** to be misconstrued as *"the complete meaning and/or statute"* of section 2(c)(2)(D) as a whole which Plaintiff claims in error. It remains clear that Plaintiff *misreads* and *misinterprets* Congressional language *unambiguously* laid out in 7 U.S.C. § 2(c)(2)(D) (2012) of the Act *which states*;

Id. *"Pursuant to CEA section 2(c)(2)(D) applies to* **any** *agreement, contract or transaction in* **any** *commodity that is entered into with, or offered to* **(even if not entered into with)**, *a person that is neither an eligible contract participant nor an eligible commercial entity ("retail") on a leveraged or margined basis, or financed by the offeror, the counterparty or a person acting in concert with the offeror or counterparty on a similar basis."* [emphasis added] Quoting [Federal Register Volume 82, Number 243 (Wednesday, December 20, 2017)] [Proposed Rules] [FR Doc No: 2017-27421] at \6\ through \9\.

Id. *"To determine the meaning of a statutory provision, courts "look first to its language, giving the words used their ordinary meaning." Artis v. District of Columbia, 138 S. Ct. 594, 603 (2018) Quoting [Moskal v. United States] at 498 U.S. 103, 108 (1990).*

**NOTE:** Plaintiff fails to recognize congressionally laid CEA wording as well CFTC own agency native language; *"**(even if not entered into with)**". Whether by choice, oversight, or mistake, Plaintiff clearly omitted such fact in recent misinterpreted response;* Id. *"This argument completely misses the mark because 7 U.S.C. § 2(c)(2)(D) only applies to certain transactions entered into or offered on a leveraged, margined, or financed basis."* Quoting at [Docket #115 Page 1; Para 3.] *However, Plaintiff agency previously defined CEA more transparently;* Id. *"CEA section 2(c)(2)(D) applies to* **any** *"agreement", "contract" or "transaction" in* **any** *commodity that is entered into with, or offered to* **(even if not entered into with)**, *a person that is neither an eligible contract participant nor an eligible commercial entity ("retail") on a leveraged or margined basis, or financed by the offeror, the counterparty or a person acting in concert with the offeror or counterparty on a similar basis."* [Federal Register Volume 82, Number 243 (Wednesday, December 20, 2017)] *Quoting at \6\ through \9\.* Plaintiff argument is *misleading*, *bears no merit*, *relevance*, or *truth* as per CEA statutory law and legislation currently in place.

If Plaintiff is wrongfully implying that section 2(c)(2)(D) only applies to *leveraged*, *margined*, or *financed based* retail commodity spot transactions they are incorrect in this "*one-way"* and "*ambiguous"* interpretation of CEA statutory regulation and rules defined and laid by Congress.

Congress granted Plaintiff *"explicit"* and *"limited"* oversight authority over the marketplace for retail commodity transactions in section 2(c)(2)(D) of the Act with *"exemption"* and/or *"exception"* for specific spot transactions clearly outside Plaintiff regularly reach and/or jurisdictional scope.

<u>Id.</u> *"[the marketplace for "retail commodity transactions" is one such area over which the Commission has been granted explicit oversight authority."]* Quoting [Federal Register Volume 82, Number 243 (Wednesday, December 20, 2017)] [Proposed Rules] [FR Doc No: 2017-27421] at \5\ through \6\.

Section 2(c)(2)(D) is drafted silent in regards to *non-leveraged*, *non-margined*, or *non-financed* spot transactions as Plaintiff was afforded *"very limited authority"* to regulate spot transactions **"not"** involving *leveraged*, *margined*, or *financed-based* activity.

The **"Actual Delivery Exception"** was installed to be a front-end **"line-in-the-sand"** for Plaintiff appointed limited regulatory reach and/or jurisdictional scope acting as a *"security net"* on both sides of said line while **"*specifically capturing*"** any such retail commodity spot transactions involving *leverage*, *margin*, or *finance* requiring registration under CEA section 2(c)(2)(D)(ii)(III)(aa) of the Act, *"in turn"*, the **"Actual Delivery Exception"** serves to effectively filter out *"all exemptions and/or exceptions"* from the Act not applicable per Plaintiff limited regulatory reach and/or jurisdictional scope.

**Section 2(c)(2)(D) of the Act reads;**

*"applies to **any** agreement, contract or transaction in **any** commodity that is entered into with, or offered to **(even if not entered into with)**... a person that is neither an eligible contract participant nor an eligible commercial entity ("retail") on a leveraged or margined basis, or financed by the offeror, the counterparty or a person acting in concert with the offeror or counterparty on a similar basis."*

Nowhere in 7 U.S.C. § 2(c)(2)(D) (2012) or "any other" context of the Act does it *declare*, *read*, or *state* this section of the CEA being *"**exclusive**"* to certain transactions entered into or offered **"strictly"** on a *leveraged*, *margined*, or *financed basis, when in fact,* as cited above it reads the **"complete opposite"**. Plaintiff claim of Defendant invocation of an exception to 7 U.S.C. § 2(c)(2)(D) being wholly irrelevant is a flawed opinion lacking any sufficient *fact*, *finding*, and/or *reason, bearing no merit*, *relevance*, or *truth* as per CEA statutory law and legislation in place.

*"[Furthermore,* section 2(c)(2)(D) of the Act **clearly** *implies*; *"applies to **any** "agreement", "contract" or "transaction" in **any** "commodity" that is "entered into with", or offered to "**(even if not entered into with)**"*...]*" [emphasis added] that such language acknowledges Congress intended to grant Plaintiff *explicit* and *limited* oversight authority over **"both"** *leveraged*, *margined*, or *financed* spot transactions as well *non-leveraged*, *margined*, or *financed* spot transactions, *again*, both *"explicitly"* and *"limited"* within their realm of regulatory authority.

3.

*If not so, every single physical retail commodity/spot and currency/spot related transaction in the U.S. would be regulated by Plaintiff down to "buying oil from local retailer", "filling up vehicle tank at gas station", "purchasing a piece of gold jewelry" or "simply converting physical currencies".* Section 2(c)(2)(D) is *clearly* and *duly* expressed; leaving nothing merely implied or unequivocal in nature proving Plaintiff Complaint dismissive.

Section 2(c)(2)(D) of the Act applies to **"both sides"** of the **"line-in-the-sand"** *either by way* of *"exemption"* and/or *"exception"* or **"CEA required registration"** if applicable. Plaintiff response; Id. *"No such leveraged, margined, or financed transaction has been alleged here,"* Quoting at [Docket #115 Page 6; Para 3]. Section *2(c)(2)(D)* §§ *4(a), 4(b), and 4b* **"only apply"** to "covered" retail commodity interests where no "exemption" and/or "exception" is applicable.

**NOTE:** *"Defendant alleged retail commodity spot transaction(s) like* **physical** *gold non-leveraged, non-margined, or non-financed spot transactions or* **physical** *foreign currency non-leveraged, non-margined, or non-financed spot transactions lay on the* **"exemption"** *and/or* **"exception"** *side of said* **"line-in-the-sand"***. Defendant alleged* **"digitally physical"** *bitcoin, litecoin, and/or all virtual currency retail commodity spot transactions are* **"not classified"** *nor* **"defined"** *as* **"Commodity Interests"** *duly noted in Plaintiff 2(c)(2)(D)(ii)(III)(aa) excepts* **["1."]** *noted in [Page 4] of this response and settle,* **"instant"***,* **"on the spot"***, and in* **"real-time"** *transparently on what is called an "open-source blockchain ledger" therefore* **qualifying** *for a full "exemption" and/or "exception" in compliance with CEA section 2(c)(2)(D)(ii)(III)(aa)* **28 Day "Actual Delivery Exception" rule** *and* **"should not"** *be subject to Plaintiff ambiguous and broad regulatory reach and/or jurisdictional scope."* [emphasis added]

The statute "**exempts**" and/or "**excepts**" certain retail commodity spot transactions from its application. In particular, CEA section 2(c)(2)(D)(ii)(III)(aa) exempts and/or excepts a contract of sale that;

1. *"results in actual delivery within 28 days or such other longer period as the Commission may determine by rule or regulation based upon the typical commercial practice in* **cash or spot markets** *for the* **commodity involved***."* and

2. *"If* **no exception is applicable***, these retail transactions are* **"commodity interests"** *subject to Commission regulations together with futures, options, and swaps.* **Under this authority, the Commission regulates retail commodity transactions, with the exception of contracts of sale that result in actual delivery within 28 days***."*

Plaintiff argument completely misses the mark and is dismissive as it fails to *apply* and *interpret* CEA rules in a legal capacity or form. Defendant Motion relying entirely upon the recent opinion in *CFTC v. Monex Credit Co.*, No. 8:17-01868, 2018 WL 2306863 (C.D. Cal. May 1, 2018) is a meritless claim as Plaintiff fails to recognize statutory legislation in place that bars any attempt to improperly impose brute force CEA regulations by ambiguous and broad means vs laid law.

Plaintiff opposition to Defendant Docket(s); (ECF 69, 75, 87, 89, 90, 99) that allegedly in sum and substance seek reconsideration of the Court's March 6, 2018 Memorandum and Order *slyly* included as **"Footnote 1"** of Plaintiff response [Docket #115 Page 1; Bottom Border] *respectfully*, should not receive any sort of consideration or time from the Court as opposition wording is *"minimal"*, *"vague in cause"*, and *"fails to provide any logical ground or reason to oppose."*

Plaintiff claim that *Monex's* reading of the phrase *"manipulative or deceptive"* vs *"manipulative and deceptive"* in 7 U.S.C. § 9(1) being erroneous [2018 WL 22306863, at *8] is an *"erroneous statement itself"* bearing absolutely no merit and should not be given any consideration by the Court. The conclusion of *Monex* decision was a very well researched study of CEA statutory legislation that corrected the CFTC's *"ambiguous"* and *"broad"* enforcement regulatory authority.

Plaintiff provides no *reasonable,* or *reliable* facts for opposition of *Monex* decision. Plaintiff claim *Monex* provides no basis for altering this Court's well-reasoned and sound conclusion that 7 U.S.C. § 9(1) and 17 C.F.R. § 180.1(a) prohibit the fraudulent scheme alleged in the Complaint provides "no sound basis" for opposition and should not be given any consideration by the Court as Defendants' *"improperly"* charged under THE COMMODITY EXCHANGE ACT AND COMMISSION REGULATIONS; *"specifically"* **Count I -** [*"the only count"*] -- **Fraud by Deceptive Device or Contrivance; Violations of § 6(c)(1) of the Act and Regulation 180.1 (a).**

Plaintiff Complaint [Docket #1] filed January 18, 2018 notes Defendant charges and 7 U.S.C § 9(1) is **not** *specifically* lodged as "a" or "any" recognized count. **The Actual Delivery Exception "bars" enforcement of CEA § 6(c)(1) and all related subsections**. Id. *"Furthermore, § 6(c)(1) of the COMMODITY EXCHANGE ACT AND COMMISSION REGULATIONS "only" prohibits "fraud-based market manipulation"*. Quoting [2018 WL 2110935 at *7 (4).] Plaintiff is already afforded CEA regulation over fraudulent conduct in connection with any contract of sale of any commodity in interstate commerce *under*; Id. *"7 U.S.C. 6b -* **Contracts designed to defraud or mislead (prohibiting fraudulent conduct in connection with any contract of sale of any commodity in interstate commerce, among other things).**" Quoting [Federal Register Volume 82, Number 243 (Wednesday, December 20, 2017)] [Proposed Rules] [FR Doc No: 2017-27421] at \12\.

*Therefore,* § 6(c)(1) **'does not'** cover retail commodity spot transaction fraud **"in the absence of derivative market manipulation"** rendering Plaintiff claim(s) in Complaint *"null"*, *"void"*, and *"unpersuasive"*, *thus*, leaving no other option for the Court but to declare improperly imposed charges *"dismissive"*. Id. *"If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action."* Quoting [at Fed. R. Civ. P. Rule 12 (h)(3).]

Plaintiff argument that Defendant raises unsupported and meritless subject-matter and personal jurisdiction arguments is entirely meritless and should not be given any consideration by the Court as Defendant has proven to be improperly charged under the authority of this Court leaving Plaintiff without "any" jurisdiction authority over Defendant or alleged spot transactions.

Plaintiff fails to recognize Defendant was granted reconsideration by this Court [ECF 88] as *new* and *applicable* case law crucial to the due process of Defendant defense has become available to surely validate claim(s). Defendant also filed numerous dockets pertaining to this new and applicable case law *via* the Court *including but not limited to*; Docket(s) #69, #70, #75. Docket #69 -- **Motion To The Court**, Docket #70 -- **Notice To The Court**, and Docket #75 -- **Request For Judicial Notice** respectively. *"Judicial Notice is a rule in the law of evidence that allows a fact to be introduced into evidence if the truth of that fact is so notorious or well known, or so authoritatively attested, that it cannot reasonably be doubted and can occur at any time during a civil proceeding."* This Court has granted Defendant request as it clearly established grounds for reconsideration. Plaintiff argument is meritless and should not be given any consideration by the Court as Defendant Motion warranted reconsideration why this Court has granted such request. Plaintiff opposition to Defendant Motion should therefore be denied with prejudice by the Court.

Id. *"A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or **data** that the court overlooked—**matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.**" Belfiore*, 140 F. Supp. 3d at 245. Quoting (*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Id. *"The major grounds justifying reconsideration are an **intervening change** of controlling law, the availability of **new evidence**, or **the need to correct a clear error** or **prevent manifest injustice**."* Quoting [Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)] (internal quotation marks omitted).

**NOTE:** Plaintiff argument is silent in regards to Defendant grounds for dismissal pursuant to Rule 12 (b)(6), Fed. R. Civ. P. **"Failure to state a claim upon relief can be granted**." This failed action in itself merits complete dismissal of Complaint filed January 18, 2018 [Docket #1].

**Re:** "Citations" **[below pertain to Section 2(c)(2)(D) argument above]**

Id. *"The starting point for [the] interpretation of a statute is always its language." Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730, 739 (1989). "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there."* Quoting [*Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992).]

Id. ***"Where the words of the statute are unambiguous, the "judicial inquiry is complete."*** Quoting at 254 (quoting *Rubin v. U.S.*, 449 U.S. 424, 430 (1981).

6.

*In sum*, Defendant respectfully moves the Court to dismiss Plaintiff Complaint and alleged Counts(s) **'with prejudice'** citing Plaintiff lack of; **Subject-Matter Jurisdiction** (pursuant to Rule 12 (b)(1), Fed. R. Civ. P.) and/or **Personal Jurisdiction** (pursuant to Rule 12 (b)(2), Fed. R. Civ. P.) and *"specifically"* for Plaintiff **Failure to state a claim upon relief can be granted** (pursuant to Rule 12 (b)(6), Fed. R. Civ. P.). The Actual Delivery Exception **"bars"** enforcement of CEA § 6(C)(1) and all attached subsections of law against Defendants' alleged *bitcoin*, *litecoin*, and/or all *virtual currency* retail commodity spot transactions as they settle; *"instant"*, *"on the spot"* and in *"real-time"* on what is called an "open-source blockchain ledger." Therefore, **qualifying** *for a full "exemption" and/or "exception" in compliance with CEA section 2(c)(2)(D)(ii)(III)(aa)* **28 Day "Actual Delivery Exception" rule** *and "should not" be subject to Plaintiff ambiguous and broad regulatory reach and/or jurisdictional scope."* Furthermore, § 6(c)(1) **'does not'** cover retail commodity spot transaction fraud **"in the absence of derivative market manipulation"** rendering Plaintiff claim(s) in Complaint dismissive here as well.

For these reasons and the reasons stated in the Defendant Motion to Dismiss [Docket #99], attachments/exhibits, etc. Defendant Motion To Dismiss should be granted with respect to any relief pursuant to Rule 12 (b)(1); Rule 12 (b)(2); Rule 12 (b)(6); Fed. R. Civ. P. with prejudice.

Defendant respectfully requests that the Court grant Defendant Motion To Dismiss based on statutory legislation not alleged Plaintiff facts laid out in improperly filed Complaint [Docket #1].

Dated: July 06, 2018
Prepared By: Patrick K. McDonnell "Pro Se"

By: /s/ Patrick K. McDonnell

20 Rawson Place, Staten Island, NY 10314
Telephone: (718) 524-6312 Email: cdm@gmx.us

7.

Case 1:18-cv-00361-JBW-RLM   Document 117-1   Filed 07/06/18   Page 8 of 9 PageID #: 1393