

NEIL A. GOTEINER
ngoteiner@fbm.com
D 415.954.4485

July 13, 2018

*By ECF*

The Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

    Re:    ***Commodity Futures Trading Commission v. Patrick K. McDonnell and CabbageTech, Corp. d/b/a Coin Drop Markets, No. 18-CV-00361 (JBW)(RLM)***

           (1) **Notice of Appearance by Neil A. Goteiner for Proposed *Amici* Monex Credit Company, Monex Deposit Company, and Newport Services**

           (2) **Motion for Leave to File Brief of Monex Credit Company, Monex Deposit Company, and Newport Services as *Amici Curiae***

Dear Judge Weinstein:

    We represent Monex Credit Company and Monex Deposit Company ("proposed *amici*" or "Monex").[1]  I respectfully submit this letter to enter my appearance on behalf of the proposed *amici* and to seek the Court's leave to file an *amicus* brief regarding the scope of the CFTC's jurisdiction under Commodity Exchange Act ("CEA") § 6(c)(1), 7 U.S.C. § 9(1).  Defendant Patrick K. McDonnell consents to the motion for leave to file an amicus brief.

    "A district court has broad discretion to grant or deny an appearance as *amicus curiae* in a given case."  *Andersen v. Leavitt*, 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) (citing *Citizens Against Casino Gambling in Erie Cnty. v. Kempthorne*, 471 F. Supp. 2d 295 (W.D.N.Y. 2007)).  Consideration of an *amicus* brief is particularly desirable where "a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case . . . or when the amicus has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide."  *Citizens Against Casino Gambling in Erie Cnty.*, 471 F. Supp. 2d at

---

[1] Monex Credit Company and Monex Deposit Company are both California limited partnerships.

Russ Building • 235 Montgomery Street • San Francisco, CA 94104 • T 415.954.4400 • F 415.954.4480

SAN FRANCISCO    ST. HELENA    www.fbm.com

The Honorable Jack B. Weinstein
July 13, 2018
Page 2



311 (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.)).

Monex's participation can be useful to the Court in deciding the scope of CEA § 6(c)(1) in this case, which has broad ramifications for the CFTC's enforcement jurisdiction. In particular, defendant in this case is self-represented and has no legal training. The jurisdictional question at issue represents an important threshold before the CFTC may exercise its enforcement authority and this issue deserves actual and professional advocacy.

The proposed *amici* are defendants in *CFTC v. Monex Credit Co.*, Case No. 8:17-cv-01868-JVS-DFM (C.D. Cal.), and have extensively researched and briefed this issue. *See CFTC v. Monex Credit Co.*, --- F. Supp. ----, 2018 WL 2306863, at *7-10 (C.D. Cal. May 1, 2018) (holding that the scope of CEA § 6(c)(1) is limited to fraud-based market manipulation). For the Court's convenience, we have enclosed relevant excerpts of the *amici*'s prior briefing on this issue in *CFTC v. Monex Credit Co.* The documents identified in Defendants' Request for Judicial Notice can be located on the *CFTC v. Monex* docket at docket entry number 172. The proposed *amici* are willing to provide hard copies of these referenced documents at the Court's request.

With all due respect to the Court, the necessity for actual advocacy is best demonstrated by the CFTC's omission of highly relevant statutory history and how Rule 180.1 came to be. Briefly, amici intend to argue that:

- The CFTC's construction of CEA § 6(c)(1) leads to absurd results and would effectively enable the CFTC to regulate all grocery store goods in interstate commerce—a construction that no one has suggested Congress intended to adopt.

- The legislative history of the Dodd-Frank amendments to CEA § 6(c)(1) makes clear that the purpose of the provision was to enhance CFTC tools to combat fraud-based manipulation of commodity markets.

- Reading CEA § 6(c)(1) to cover ordinary retail fraud without the potential to manipulate markets would render superfluous other more specific retail anti-fraud provisions, and retail commodity exemptions, in the CEA that were amended as part of the same Dodd-Frank amendments.

- Since the passage of Dodd-Frank, the CFTC through its formal rulemaking has demonstrated that they understood that § 6(c)(1) only covered fraud-based manipulation. For instance, from the beginning of the CFTC's consideration of what became Rule 180.1 at the October 26, 2010 CFTC public meeting there were repeated references to "fraud-based manipulation." The CFTC staff and the Commissioners did not discuss enforcement jurisdiction over fraud separate from market manipulation. (Dkt. 118-2 at 95-120.) Later, in the CFTC's Final Rule 180.1, the CFTC confirmed that it expected to exercise its § 6(c)(1) authority only over fraud or manipulation that had the potential to affect market prices. 76 Fed. Reg. at 41401.

The Honorable Jack B. Weinstein
July 13, 2018
Page 3



- The CFTC's supplemental brief on this issue (Dkt. 115) misreads the cited authorities, including *CFTC v. Kraft Foods Grp.*, 153 F. Supp. 3d 996 (N.D. Ill. 2015), which was itself a manipulation case. The *Kraft* opinion is limited to discussing what securities Rule 10b requires in a *manipulation* case and does not address whether fraud claims outside of the manipulation context may be brought.

- The CFTC is not entitled to *Chevron* deference because its position would lead to patently absurd results squarely contrary to Congressional intent. *See Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982). This is especially true here because the CFTC's own prior interpretation of § 6(c)(1) is directed only at potential fraud-based market manipulation and not fraud generally.

I am a member in good standing with the New York bar and the U.S. District Court for the Southern District of New York, and am presently preparing my application for admission with this Court. In an effort to expedite this request and avoid delaying proceedings in this case, this letter motion is filed on my behalf by Kobre & Kim LLP, who previously represented Monex and who is making a limited appearance for the purpose of filing this letter. Upon admission to this Court and receipt of ECF login credentials, I will file a formal request to substitute in as counsel of record.

For the foregoing reasons, prospective *amici* respectfully request permission to file an *amicus* brief on or before July 19, 2018.

Respectfully submitted,

Neil A. Goteiner
NY State Bar #59141
Farella Braun + Martel LLP

NAG:br
Enclosures

30203\6798390.1

cc:   Patrick K. McDonnell