UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

COMMODITY FUTURES TRADING
COMMISSION,

            Plaintiff,

    v.

PATRICK K. MCDONNELL,
and CABBAGETECH, CORP. d/b/a COIN DROP
MARKETS,

            Defendants.

Case No. 18-CV-0361 (JBW) (RLM)

ECF Case

---

**PLAINTIFF COMMODITY FUTURES TRADING COMMISSION'S
INITIAL RESPONSE TO DEFENDANT MCDONNELL'S "OPPOSITION
TO PLAINTIFF NOTICE OF WITHRAWAL OF JURY DEMAND"**

    Plaintiff Commodity Futures Trading Commission ("Commission") respectfully submits this Initial Response to the filing of Defendant Patrick K. McDonnell ("McDonnell" or "Defendant") on July 13, 2018, styled "Defendant Opposition to Plaintiff Notice of Withdrawal of Demand for Trial by Jury," which McDonnell belatedly filed the day after the conclusion of a four-day bench trial during which the Court granted the Commission's unopposed motion to withdraw its jury demand.  The Commission reserves the right to address this issue further, if necessary, in its post-trial papers pursuant to the Scheduling Order dated July 12, 2018.  (ECF 127.)

## I.    BACKGROUND

    The Defendant, charged with perpetuating a blatant, fraudulent scheme, never demanded a jury trial.  Both the Court on March 6, 2018, and Chief Magistrate Judge Mann (*e.g.*, ECF 46) advised the Defendant to consult with the Federal Pro Se Legal Assistance Project, and he cannot dispute he did.  (ECF 129.)  The Defendant then filed an Answer and an Amended Answer.

(ECF 62, 63.)  Neither contained a jury demand.  In fact, none of Defendant's prolific filings in this matter included a jury demand or an objection to proceeding without a jury at the upcoming proceeding scheduled by the Court.  (ECF 33, 71.)

The four-day bench trial began on July 9, 2018.  (ECF 130 (minute entry).)  At the first day of trial, the Defendant vigorously argued his motion for reconsideration, which the Court denied.  (July 9, 2018 Tr. 17:06-13, 18:18-21.)  The Defendant also made a lengthy opening statement.  He was then informed about the trial process by the Court:

> We will proceed with the trial.  I want you present in the courtroom . . . . You will have an opportunity cross-examine their witnesses.  You will have an opportunity to put on your own witnesses.  And we will proceed with the trial.

(*Id*. 40:06-21.)  Thus informed, the Defendant proceeded to cross-examine three of the Commission's witnesses and, at day's end, requested additional time to read his denied motion into the record the next morning (which request the Court granted).  (*Id.* 142-43.)  Throughout all this, the Defendant did not object to proceeding without a jury.  That evening, the Commission sent e-mails at approximately 6:13 PM and 7:36 PM, the first informing the Defendant that, as noticed in the previously served witness list (Ex. 154), the Commission intended to call him as a witness, and the second providing a copy of the same-day trial transcript it had obtained to the Defendant.  (*See* ECF 119, 119-1.)  The Defendant replied that same night stating that he was "withdrawing his defense," that he would "not be appearing this point forward," and that he understood "the process will continue with remedy."  (ECF 119-1.)  The letter did not contain any objection to proceeding without a jury.

On July 10, the second day of trial, the Defendant elected not to appear.  (ECF 131.)  The trial proceeded as the Court had indicated.  Noting the Defendant's failure to appear, the Court made clear on the record that the Defendant was free to return at any time, but that the case "will

2

be tried to conclusion *with or without him at trial*," and directed the Commission to so notify the Defendant. (*See* July 10, 2018 Tr. 200:05 to 200:11 (emphasis added).) After the day's proceedings, as directed by the Court, the Commission sent an e-mail at approximately 5:54 PM to the Defendant notifying him in relevant part that he was free to re-appear during the proceedings, and that the Court intended to continue the trial to the conclusion of the case. The Commission later obtained a same-day trial transcript and provided it to the Defendant by e-mail at approximately 7:51 PM that evening. The Defendant replied to both of the Commission's e-mails without raising any objection at all. Later that same night, the Defendant sent three e-mails regarding his intent not to appear and referring to his previous motion for reconsideration of his motion to dismiss. At the Defendant's request, the Commission docketed a letter from the Defendant to the Court early the following morning (July 11). (ECF 120.) Neither the e-mails nor the letter contained any objection to proceeding without a jury.

On July 11, the third day of trial, the Defendant again did not appear. (ECF 132.) At the end of the day, the Commission moved to withdraw its demand for a jury trial. The Court directed the Commission to move formally by papers in order to give the Defendant notice:

> Do it formally by papers and give the defendant notice with the transcript that [he's] getting, and he can come in and make any motions he wants tomorrow morning, which is one reason I am putting off the summations. *He may want to come in and make a motion to dismiss the case or object to your now withdrawing your jury demand. He can do that at 10:30 tomorrow.* In the letter sending him his daily copy you can point out that I said that he could participate in the summation and make any motions he wishes or oppose any motions you wish to make.

(July 11 Tr. 412:4-16 (emphasis added).) That evening, the Commission filed a Notice of Motion to Withdraw Demand for Trial by Jury. (ECF 121.) At approximately 7:44 PM, the Commission e-mailed both the filed Notice of Motion and a copy of that day's trial transcript that it had received, and further notified the Defendant that the Court had said he could

3

participate in the summation and could make any motions he wished or oppose any motions the Commission wished to make, and that proceedings were set to begin at 10:30 AM. Later that evening, the Defendant sent two e-mails to the Commission asking it to file a letter, and later a corrected letter, seeking delay of the summations. The Commission promptly filed each. (ECF 122, 123.) The Defendant then sent a third e-mail rescinding both requests for delay, and asked the Commission to file that as well. The Commission did so. (ECF 125.) None of these e-mails contained any objection to trial without a jury.

On July 12, the fourth day of trial, the Defendant yet again did not appear. The Court granted the Commission's unopposed motion to withdraw its demand for trial by jury. (*See* July 12, 2018 Tr. 427:09 to 427:11.) The Court also noted on the record that the testifying victims were credible. (*Id.* 432:08-12, 11-18; 433:12-14, 24-25). Trial subsequently concluded. At approximately 4:37 PM, the Commission e-mailed the Defendant a same-day transcript of the final day of trial. Shortly thereafter, the Commission e-mailed the Defendant a City Bar Justice Program Federal Pro Se Clinic brochure and a copy of the Court's Scheduling Order for post-trial briefing. (ECF 127.)

The following day, the Defendant filed his "Opposition to Plaintiff Notice of Withdrawal of Demand for Trial by Jury." (ECF 128.)

## II.    ARGUMENT

By his own actions, the Defendant has waived any right to a trial by jury. The Defendant is charged with grave misconduct, and after months of evasion and delay tactics finally was confronted with the overwhelming and unrebutted evidence against him, including the testimony of victims who traveled far and have waited a long time for relief. The Defendant's belated, after-the-fact filing concerns a motion for which the Court delayed summations, ordered written notice, invited the Defendant on the record to oppose (even by oral appearance), and then

4

ultimately granted after the Defendant yet again elected not to appear. After all of this, the Defendant improperly seeks another bite at the apple.

Failure to object and acquiescence to nonjury proceedings constitutes a waiver of the right to a jury trial. *E.g.*, *Royal Am. Mgrs., Inc. v. IRC Holding Corp.*, 885 F.2d 1011, 1018-19 (2d Cir. 1989) (finding waiver of right to trial by jury through failure to object to, and participation in, trial); *see also Gusler v. City of Long Beach*, 715 Fed. Appx. 68, 69-70 (2d Cir. Mar. 16, 2018) (summary order) (affirming judgment of district court, where plaintiff waived previously demanded right to trial by jury by failing to object to, and participating in, evidentiary hearing); *Kahn v. Gen. Motors Corp.*, 865 F. Supp. 210, 213 (S.D.N.Y. 1994) ("[P]ro se litigants are not treated differently with regard to waiver of jury right."); 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2321 (3d ed. 2018 update) ("The right to jury trial also may be waived as it has in many, many cases, by conduct, such as failing to object to or actually participating in a bench trial . . . .").

Here, the Defendant by his own conduct waived any possible right to trial by jury. It was no secret that the Court was going to determine the issues of the case at trial. Indeed, the Court explicitly told the Defendant this on the first day of trial. (July 9, 2018 Tr. 40:06-21.) The Defendant then continued his vigorous participation in the proceedings, including the cross-examinations of three Commission witnesses. Even when absent, the Defendant remained fully informed of the day's proceedings. After each day of trial, the Defendant received (by e-mail and at no expense) same-day trial transcripts. The Defendant also received multiple notices from the Commission, such as that the Court had stated he could return at any time to participate in the case, and that he participate in summations and could make or oppose motions.

During the four days of trial, the Commission introduced unrebutted, credible, and overwhelming evidence of the Defendant's fraudulent scheme. Not once during the four-day trial did the Defendant object to the issues being decided without submission to a jury, either in Court or in the multiple filings the Defendant made throughout trial. (ECF 119-1, 120, 122, 123, 125, 126.) Indeed, after the first day of trial, the Defendant affirmatively stated that he would no longer participate in the trial and that he understood the process would continue with remedy.

The Defendant had plenty of opportunities to voice any objections to the trial before the Court, and to the Commission's motion to withdraw its jury demand in particular. He simply chose not to do so. Accordingly, the Court should reject the Defendant's meritless and untimely attempt to further frustrate the legal process and delay judgment.

*   *   *

Dated: July 13, 2018

**COMMODITY FUTURES TRADING COMMISSION**

By: /s Gates S. Hurand
Gates S. Hurand (ghurand@cftc.gov)
Alejandra de Urioste (adeurioste@cftc.gov)
David Oakland (doakland@cftc.gov)
K. Brent Tomer (ktomer@cftc.gov)
COMMODITY FUTURES TRADING COMMISSION
DIVISION OF ENFORCEMENT
140 Broadway, 19th Floor
New York, NY 10005
Phone: (646) 746-9700
Fax: (646) 746-9940

*Attorneys for Plaintiff Commodity Futures Trading Commission*