715 Fed.Appx. 68 (Mem)
This case was not selected for publication in West's Federal Reporter.
RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.
United States Court of Appeals, Second Circuit.

Jay GUSLER, Plaintiff-Appellant,
v.
The CITY OF LONG BEACH, The Long Beach Volunteer Fire Department, The Long Beach Police Department, Charles Theofan, Garret Rooney, Lisa Hirsch, Corey Klein, Robert Agostisi, Marco Passaro, John Gargan, Scott Kemins, Stephen Fraser, John McLaughlin, Michael Gelberg, Timothy Radin, Defendants-Appellees.

17-82
|
March 16, 2018

Appeal from a December 20, 2016 judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *Judge* ).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment of December 20, 2016 be, and it hereby is, **AFFIRMED**.

**Attorneys and Law Firms**

FOR PLAINTIFF-APPELLANT: Stephen Bergstein, Bergstein & Ullrich, LLP, New Paltz, NY.

FOR DEFENDANTS-APPELLEES: Paul F. Millus, Meyer, Suozzi, English & Klein, P.C., Garden City, NY.

PRESENT: José A. Cabranes, Susan L. Carney, Circuit Judges, Lawrence J. Vilardo, District Judge.[*]

**SUMMARY ORDER**

Plaintiff-Appellant Jay Gusler ("Gusler") appeals the District Court's judgment for Defendants-Appellees. Gusler brought this action under 42 U.S.C. § 1983, among other provisions of federal law, and under ***69** New York state law. He alleged among other things that Defendants-Appellees violated his First Amendment right to freedom of speech by retaliating against him for making certain critical statements about the operation of the fire department in Long Beach, New York. He also claimed breach of contract. The District Court granted Defendants-Appellees' motion for summary judgment in part. It concluded among other things that most of Gusler's critical statements were not protected speech and could therefore not form the basis of a First Amendment retaliation claim; it also concluded that Gusler's breach-of-contract claim was precluded by collateral estoppel. The District Court denied the motion for summary judgment in part and reserved final decision on the First Amendment retaliation claim so that it could determine whether several of Gusler's statements were speech protected by the First Amendment. To decide whether those statements were protected, the District Court held an "evidentiary hearing," Special App. 57, at which it heard witness testimony about the effect of Gusler's statements on the functioning of the fire department. It found that Gusler's speech had "had a negative effect on the effective and efficient fulfillment" of the fire department's duties. J.A. 1462. Applying the balancing test of *Pickering v. Board of Education,*

391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), it concluded that the statements in question were not protected under the First Amendment. The District Court then dismissed Gusler's remaining claims and entered judgment for Defendants-Appellees.

We assume the parties' familiarity with the underlying facts and the rest of the procedural history of the case. We discuss below the issues that Gusler raises on appeal.

### 1. Whether the District Court Erred by Making Findings of Fact

Gusler first argues that the District Court erred by making findings of fact concerning the effect that several of his utterances had on the proper functioning of the Long Beach fire department. He had requested trial by jury; the District Court was therefore not permitted, he argues, to make findings of fact itself.

The Seventh Amendment and Rule 38(a) of the Federal Rules of Civil Procedure guarantee the right to a civil jury trial; however, a party waives the right by failing to demand jury trial in the manner required by the Federal Rules. Fed. R. Civ. P. 38(d); *see also* Rosen v. Dick, 639 F.2d 82, 88 (2d Cir. 1980). Furthermore, a party that has already demanded jury trial may still later waive the right by his or her course of conduct. Royal American Managers, Inc. v. IRC Holding Corp., 885 F.2d 1011, 1018 (2d Cir. 1989). Participation in a nonjury proceeding does not in and of itself constitute waiver by course of conduct. Dell'Orfano v. Romano, 962 F.2d 199, 202 (2d Cir. 1992). But if the party that has demanded jury trial is "on notice that the trial court [is] planning to adjudicate the dispositive issues of fact" but still fails to register an objection to the nonjury proceeding until appeal, the right is deemed to have been waived. Royal American Managers, Inc., 885 F.2d at 1018 (quoting United States v. 1966 Beechcraft Aircraft Model King Air A90, 777 F.2d 947, 951 (4th Cir. 1985) ).

We conclude that Gusler waived his right to jury fact finding concerning the effect of several of his statements on the fire department. Gusler did demand jury trial in his complaint. But there is no evidence in the record from below that he ever objected to the District Court's fact finding. Even if it was unclear at the outset of the "evidentiary hearing" whether **\*70** the District Court intended to make findings of fact, the District Court spoke several times about the credibility of witnesses; at the end of the hearing the court also stated expressly that it was making a finding of fact, *see* J.A. 1462–63 ("So based on all the evidence before me ... I find that the defendants have proved by a preponderance of the evidence that these instances of speech ... had a negative effect on the effective and efficient fulfillment of the municipality's responsibility to the public."). Over the course of the hearing, Gusler received adequate notice that the District Court was making a finding of fact in a nonjury proceeding, yet he still failed to raise an objection. [1] He has therefore waived his right to jury fact finding.

### 2. Whether the District Court Erred in Applying the *Pickering* Test

According to Gusler, the District Court also erred in applying the balancing test of *Pickering*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811.

The *Pickering* test is applied to determine whether the government has established its qualified immunity from a claim of First Amendment retaliation. A public employee states a valid claim of First Amendment retaliation by alleging facts that establish: that the employee has spoken in a manner protected by the First Amendment; that the employee "suffered an adverse employment action"; and that "there was a causal connection between the protected activity and the adverse employment action." Anemone v. Metro. Transp. Auth., 629 F.3d 97, 114 (2d Cir. 2011) (internal quotation marks omitted). After the public employee has alleged these facts, the government may establish its entitlement to qualified immunity from the public employee's claim, and thus judgment in its favor, if it passes the *Pickering* test. See *id.*; *see also* Sheppard v. Beerman, 94 F.3d 823, 828 (2d Cir. 1996). To pass the test, the government must demonstrate by a preponderance of the evidence that "that [the public employee's] speech was likely to disrupt the government's

activities[ and that] the likely disruption was 'sufficient to outweigh the First Amendment value of [the public employee's] speech.' " *Mandell v. County of Suffolk*, 316 F.3d 368, 382–83 (2d Cir. 2003) (quoting *Locurto v. Safir*, 264 F.3d 154, 166 (2d Cir. 2001) ).

A district court's application of the *Pickering* test is generally a matter of law and hence reviewable *de novo*; however, in some cases the "question of the degree to which the employee's speech could reasonably have been deemed to impede the employer's efficient operation [is] properly regarded as a question of fact[ ] to be answered [by the fact finder before] application of the *Pickering* balancing test." *Johnson v. Ganim*, 342 F.3d 105, 114 (2d Cir. 2003) (quoting *Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cty.*, 252 F.3d 545, 557 (2d Cir. 2001) ). In this case, the District Court applied the *Pickering* test and entered judgment for Defendants-Appellees only after finding, as a matter of fact, that Gusler's speech had had a "negative effect" on the Long Beach fire department's operations. J.A. 1462. We must therefore apply the standard of review for bench trials, reviewing the District Court's findings of fact for clear error and its conclusions of law *de novo*. *See* **\*71** *White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir. 2001).

Gusler supports his claim of erroneous application of the *Pickering* test with several arguments.

He argues first that the District Court should have treated some of his statements as being of greater importance to the public than it did. In particular, he refers to his exposé of "the criminal records of the last four volunteer Fire Chiefs," which he asserts is of special significance because "[t]he public has an interest in knowing that firefighters may have questionable backgrounds," Br. Pl.-Appellant 43–44; to a letter of August 4, 2010 "concern[ing] the Chief's administrative failures," which he claims "could place the public in danger," *id.* at 45; and to comments about the fire department's "failure to properly utilize" a rescue device called the "Jaws of Life," which he claims "had potential to place the public at risk," *id.* at 46. We conclude that the District Court placed proper weight on these statements for substantially the same reasons as those that the District Court gave in its Decision and Order at 3–4, *Gusler v. City of Long Beach*, No. 10 Civ. 2077 (AMD) (AKT) (E.D.N.Y. Dec. 9, 2016), ECF No. 160.

Gusler next argues that the District Court placed too much weight on the testimony of two fire department officials, Corbett and Kemins, about the effect of his statements on fire department operations. Gusler asserts that the officials' testimony was "speculative" and did not prove that there had been "specific examples of any departmental disruption resulting from [his] comments." Br. Pl.-Appellant 49–50. We again conclude that the District Court placed proper weight on these statements for substantially the same reasons as those that the District Court gave in its Decision and Order at 4–5, *Gusler* (E.D.N.Y. Dec. 9, 2016), ECF No. 160, and in its remarks on the record during the evidentiary hearing, J.A. 1460–62.

Gusler also argues that the District Court "misplaced reliance" on our decision in *Janusaitis v. Middlebury Volunteer Fire Dep't*, 607 F.2d 17 (2d Cir. 1979). In *Janusaitis*, we commented in dicta that "[w]hen lives may be at stake in a fire, an [e]sprit de corps is essential to the success of the joint endeavor. Carping criticism and abrasive conduct have no place in a small organization that depends upon common loyalty 'harmony among coworkers.' " *Id.* at 26 (quoting *Pickering*, 391 U.S. at 570, 88 S.Ct. 1731). In Gusler's view, the District Court wrongly relied on these dicta and thus placed too much weight on the fire department's interest in "harmony." We conclude that the District Court correctly characterized the needs of a fire department and weighed those needs appropriately in its remarks during the evidentiary hearing. *See* J.A. 1460.

**3. Whether the District Court Erred by Failing to Conclude that There Was a Question of Material Fact Concerning Defendants-Appellees' Motive**

Gusler argues that, even if the District Court applied the *Pickering* test correctly, there is still a genuine question of material fact as to whether Defendants-Appellees' motive for disciplining him

was to retaliate against him for his speech itself rather than to prevent disruption to the fire department's operations.

Once the government has passed the *Pickering* test, a public employee will still receive judgment in his or her favor if he or she demonstrates that the government's motive for the adverse employment action was in fact to retaliate for his or her speech rather than to prevent disruption to government operations. *See Mandell,* 316 F.3d at 383. To do so, the employee **\*72** must "show 'particularized evidence of direct or circumstantial facts' supporting his [or her] claim of unconstitutional motive." *Sheppard,* 94 F.3d at 828 (quoting *Blue v. Koren,* 72 F.3d 1075, 1084 (2d Cir. 1995) ).

Gusler did not make this argument in the District Court,[2] and he gives no reason for the omission. We conclude that he has therefore forfeited his right to make the argument on appeal. *See In re Nortel Networks Corp. Secs. Litig.,* 539 F.3d 129, 132–33 (2d Cir. 2008) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.... Although we may exercise discretion to consider [forfeited] arguments where necessary to avoid a manifest injustice, the circumstances normally do not militate in favor of an exercise of discretion to address ... new arguments on appeal where those arguments were available to the [parties] below and they proffer no reason for their failure to raise the arguments below." (first, fourth, and fifth alterations in original) (internal quotation marks and citations omitted) ).

### 4. Whether the District Court Erred by Dismissing Gusler's Breach-of-Contract Claim on the Ground of Collateral Estoppel

Gusler's last argument is that the District Court erred by holding that his claim for breach of contract was precluded by collateral estoppel. Gusler's complaint alleged that Defendants-Appellees had breached an agreement that they had made with him to settle prior litigation arising out of some of the facts of this case. That settlement agreement provided that Defendant-Appellee City of Long Beach would expunge certain material from Gusler's "personnel files or related records." J.A. 79. According to the complaint, the City of Long Beach instead "retain[ed] these records in clear violation of this provision" and introduced them as evidence in a later arbitration proceeding. *Id.* The arbitrator in that proceeding decided, however, that the City of Long Beach had not breached the earlier settlement agreement by retaining the records. The District Court held that the arbitrator's decision precluded Gusler's breach-of-contract claim in federal court. Gusler argues that the District Court's conclusion was erroneous because the arbitrator lacked competence to determine whether he had jurisdiction over the breach-of-contract claim. Moreover, he argues that the issue of breach of contract was in fact outside the arbitrator's jurisdiction because it "was collateral to the matter before the arbitrator." Br. Pl.-Appellant 62. Defendants-Appellees argue in response that Gusler has waived these arguments because he failed to make them in the District Court.

As we stated above, we have discretion to consider an argument that a party did not make before appeal; however, we do not ordinarily exercise that discretion when the party could have made the argument below and offers no reason for its failure to do so. *See In re Nortel Networks Corp. Secs. Litig.,* 539 F.3d at 133. In this case, although Gusler argued the issue of breach of contract in the District Court, he **\*73** did not make these arguments about the arbitrator's competence below. He instead argued that Defendants-Appellees "have not demonstrated that the burden of proof of the arbitration is the same that the parties are subject to in this Court." Special App. 55. We see no reason why Gusler could not have made his arguments about competence in the District Court, and Gusler has not given us a reason for his omission. We therefore conclude that he has forfeited his right to make these arguments on appeal.

### CONCLUSION

We have reviewed all of the arguments raised by Gusler on appeal and find them to be without

merit. We therefore **AFFIRM** the District Court's judgment of December 20, 2016.

**All Citations**

715 Fed.Appx. 68 (Mem)

Footnotes

\*  Judge Lawrence J. Vilardo, of the United States District Court for the Western District of New York, sitting by designation.

1  Gusler's lawyer is recorded in the transcript as having made an "exception" at the end of the proceeding. *See* J.A. 1463 ("MR. NOVINS: Judge, please note my exception."). Nothing in the record suggests to us that this remark was an objection to the District Court's fact finding; nor does Gusler claim that it was. Rather, that exception was to the facts that the District Court found.

2  We have been able to find only one sentence in Gusler's summary judgment brief that could reasonably be construed as raising the issue of retaliatory motive: "His efforts to do so have been evidenced herein and demonstrate that any allegations of disruption on the part of Gusler are pretext of [sic] the retaliatory actions taken against him." Pl.'s Mem. of Law in Opp'n to Defs.' Mot. for Summ. J. at 17, *Gusler v. City of Long Beach*, No. 13-CV-2077 (AMD)(AKT) (E.D.N.Y. Mar. 4, 2016), ECF No. 134. This comment is too desultory to preserve Gusler's right to make an argument about retaliatory motive on appeal. *See [Mota v. Castillo,](http://...) [692 F.3d 108, 118 (2d Cir. 2012).](http://...)*

**End of Document**                                                          © 2018 Thomson Reuters. No claim to original U.S. Government Works.