UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>– against –<br><br>PATRICK K. MCDONNELL,<br>and CABBAGETECH, CORP. d/b/a COIN DROP MARKETS,<br><br>Defendants. | **ORDER**<br><br>18-CV-361 |

**JACK B. WEINSTEIN, Senior United States District Judge:**

Defendant's motion to reconsider the court's March 6, 2018 Memorandum and Order ("Order") denying defendant's motion to dismiss was heard on July 9, 2018. *See* ECF No. 99. Defendant challenges the court's ruling that the Commodity Futures Trading Commission ("CFTC")'s broad statutory authority, Title 7 U.S.C. § 9(1), and regulatory authority, Title 17 C.F.R. § 180.1, extends to fraud in derivatives markets and underlying spot markets. *See id.*

Upon reconsideration, defendant's motion to dismiss is denied; no valid basis for a change in the Order has been offered. The court has considered all papers filed before and after March 6, 2018, including all supplemental materials to defendant's motion to reconsider (*see* ECF Nos. 69, 75, 87, 89, 90, 116; July 9, 2018 Hr'g Def. Ex. A), and finds that the Order should not be modified.

Defendant's motion is procedurally deficient. The decision relied upon by the defendant, *Commodity Futures Trading Comm'n v. Monex Credit Co.*, No. SACV 17-01868 JVS, 2018 WL



2306863 (C.D. Cal. May 1, 2018), is not binding authority that mandates reconsideration. Local Civil Rule 6.3 (memorandum accompanying notice of motion must set "forth concisely the matters or *controlling decisions* which counsel believes the court has overlooked.") (emphasis added); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."); *Nielsen v. New York City Dep't of Educ.*, No. 04-CV-2182 (NGG), 2007 WL 2743678, at *1 (E.D.N.Y. 2007) ("The applicable standard is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the court."). Defendant's motion is also untimely. *See* Local Civil Rule 6.3 ("A notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion ...").

Notwithstanding these procedural defects, the court has given consideration to the substance of defendant's motion for reconsideration. Defendant makes two primary arguments.

First, he argues that the "actual delivery exception" in Section 2(c)(2)(D) of the Act, 7 U.S.C. § 2(c)(2)(D), bars enforcement of the Commodities Exchange Act ("Act") against the defendants. The "actual delivery exception" applies to certain transactions entered into on a leveraged, margined, or financed basis. Because CFTC's complaint never alleged any transactions entered into on a leveraged, margined, or financed basis, this exception was—and remains—irrelevant to the court's prior decision. Nonetheless, the "actual delivery exception" does not bar enforcement of commodity fraud in violation of Section 6(c)(1) of the Act, Title 7 U.S.C. § 9(1). *See Monex Credit Co.*, 2018 WL 2306863, at *7 ("By its plain language, § 6(c)(1)

applies broadly "to any swap, or a contract of sale of any commodity in interstate commerce. . . . Thus, it is not similarly limited to transactions regulated by the CEA.").

Second, defendant, relying on *Monex*, argues that the action should be dismissed because it is absent any claims specifying "fraud-based manipulation." *See Monex Credit Co.*, 2018 WL 2306863, at *10. The district court in *Monex* found that Title 7 U.S.C. § 9(1) only protects against fraud where "a particular commodity transaction manipulates or potentially manipulates the derivatives market." *Id.* at *8. *Monex* took note of this court's Order and distinguished it based on non-substantive grounds. *See id.* at *10.

This court has fully considered *Monex* and reaches a different conclusion. The court reaffirms its view that Title 7 U.S.C. § 9(1) gives the CFTC standing to exercise its enforcement power over the fraudulent schemes alleged in the complaint. *Commodity Futures Trading Comm'n v. McDonnell*, 287 F. Supp. 3d 213, 229 (E.D.N.Y. 2018) ("Language in 7 U.S.C. § 9(1), and 17 C.F.R. § 180.1, establish the CFTC's regulatory authority over the manipulative schemes, fraud, and misleading statements alleged in the complaint.").

This court also reaffirms its prior rulings with respect to subject-matter and personal jurisdiction. *See McDonnell*, 287 F. Supp. 3d at 230, 232.

On reconsideration, defendant's motion to dismiss is denied.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: July 12, 2018
Brooklyn, New York