UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

_____

COMMODITY FUTURES TRADING

COMMISSION,                                         Case No. 18-CV-00361 (JBW) (RLM)

          Plaintiff,                   **MEMORANDUM OF LAW  IN SUPPORT**

                                    **OF MOTION TO DISMISS**

       v.                                   **FOR INSUFFICIENT EVIDENCE**

PATRICK K. MCDONNELL,
and CABBAGETECH, CORP. d/b/a COIN

DROP MARKETS,

          Defendants.

_____

**MEMORANDUM OF LAW**

**I.    BACKGROUND**

Plaintiff alleges the following facts. Plaintiff Complaint ("Complaint") filed in UNITED
STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK on January 18,
2018. Id. ["*Since at least in or around January 2017 to the present (the "Relevant
Period"), Patrick Kerry ("PK") McDonnell ("McDonnell") and CabbageTech, Corp. d/b/a
Coin Drop Markets ("CDM") (collectively, "Defendants"), operated a deceptive and
fraudulent virtual currency scheme to induce customers ("CDM Customers") to send
money and virtual currencies to Defendants in exchange for purported virtual currency
trading advice concerning the trading of virtual currencies, including Bitcoin and
Litecoin, and for virtual currency purchases and trading on behalf of customers under
McDonnell's direction.*"] quoting Plaintiff Complaint at 1. [18-cv-00361; Docket #1].

1.

Id. ["*In an attempt to conceal the scheme, Defendants removed website and social media materials from the internet, and ceased communicating with CDM Customers, who lost most if not all their invested funds due to Defendants' **fraud** and **misappropriation**.*"] quoting Plaintiff Complaint at 2. [18-cv-00361; Docket #1]. Id. ["*Through this conduct, Defendants were engaged, are engaging, or are about to engage in fraudulent acts and practices in violation of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1-27f (2012), and Commission Regulations ("Regulations"), 17 C.F.R. pt 1-190 (2017), **specifically Section 6(c)(1) of the Act**, 7 U.S.C. § 9(1) (2012), and Regulation 180.1(a), 17 C.F.R. §180.1(a) (2017)*"]. quoting Plaintiff Complaint at 3. [18-cv-00361; Docket #1]. Id. ["*Accordingly, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012), the Commission brings this action to enjoin such such acts and practices and compel compliance with the Act. In addition, the Commission seeks civil monetary penalties and remedial ancillary relief, including, but not limited to, trading bans, restitution, disgorgement, recission, pre- and post- judgement interest, and such other relief as the Court may deem necessary and appropriate.*"] quoting Plaintiff Complaint at 4. [18-cv-00361; Docket #1]. Id. ["*Unless restrained and enjoined by this Court, Defendants are likely to continue to engage in the acts and practices alleged in this Complaint and similar acts and practices, as more fully described below.*"] quoting Plaintiff Complaint at 5. [18-cv-00361; Docket #1].

## II.  <u>LEGAL STANDARD</u>

Id.  "*The burden of proof is the obligation of a party in a trial to produce the evidence that will prove the claims they have made against the other party. In a legal dispute, one party is initially presumed to be correct and gets the benefit of the doubt, while the other side bears the burden of proof. When a party bearing the burden of proof meets its burden, the burden of proof switches to the other side. Burdens may be of different kinds for each party, in different phases of litigation. The burden of production is a minimal burden to produce at least enough evidence for the trier of fact to consider a disputed claim.*" [quoting *Criminal Law - Cases and Materials*, 7th ed. 2012, Wolters Kluwer Law & Business; John Kaplan, Robert Weisberg, Guyora Binder, ISBN 978-1-4548-0698-1 16-17] Id.  "*After litigants have met the burden of production and their claim is being considered by a trier of fact, they have the burden of persuasion, that enough evidence has been presented to persuade the trier of fact that their side is correct. There are different standards of persuasiveness ranging from a preponderance of the evidence, where there is just enough evidence to tip the balance, to proof beyond a reasonable doubt, as in United States criminal courts.*"

[quoting *Criminal Law - Cases and Materials*, 7th ed. 2012, Wolters Kluwer Law & Business; John Kaplan, Robert Weisberg, Guyora Binder, ISBN 978-1-4548-0698-1 at 17] <u>Id.</u> *"The burden of proof is always on the person who brings a claim in a dispute. It is often associated with the Latin maxim semper necessitas probandi incumbit ei qui agit, a translation of which in this context is: "the necessity of proof always lies with the person who lays charges."'* [quoting Transnational principle of law: Document-Id: 966000 at https://www.trans-lex.org/966000] <u>Id.</u> *"The party that does not carry the burden of proof carries the benefit of assumption of being correct, they are presumed to be correct, until the burden shifts after presentation of evidence by the party bringing the action. An example is in an American criminal case where there is a presumption of innocence by the defendant. Fulfilling the burden of proof effectively captures the benefit of assumption, passing the burden of proof off to another party."* [quoting Wikipedia; Burden of proof (law) at para 3] <u>Id.</u> *"The term "burden of proof" is used to mean two kinds of burdens: The burden of production (or the burden of "going forward with the evidence") and the burden of persuasion."* [quoting Barron's Law Dictionary, pp. 55-56 (2nd ed. 1984); Black's Law Dictionary, p. 178 (5th ed. 1979).] <u>Id.</u> *"A "burden of persuasion" or "risk of nonpersuasion "* [quoting Barron's Law Dictionary, Page 55 (2nd ed. 1984).] <u>Id.</u> *"is an obligation that remains on a single party for the duration of the court proceeding."* [quoting Black's Law Dictionary, Page 178 (5th ed. 1979).] <u>Id.</u> *"Once the burden has been entirely discharged to the satisfaction of the trier of fact, the party carrying the burden will succeed in its claim. For example, the presumption of innocence in a criminal case places a legal burden upon the prosecution to prove all elements of the offense (generally beyond a reasonable doubt), and to disprove all the defenses except for affirmative defense in which the proof of non-existence of all affirmative defense(s) is not constitutionally required of the prosecution."* [quoting *Patterson v. New York*, 432 U.S. 197 (1977)] <u>Id.</u> *"The burden of persuasion should not be confused with the evidential burden, or burden of production, or duty of producing (or going forward with) evidence"* [quoting Barron's Law Dictionary, Page 56 (2nd ed. 1984).] which is an obligation that may shift between parties over the course of the hearing or trial. *The evidential burden is the burden to adduce sufficient evidence to properly raise an issue at court. Burden of proof refers most generally to the obligation of a party to prove its allegations at trial.* In a civil case, the plaintiff sets forth its allegations in a complaint, petition or other pleading. The defendant is then required to file a responsive pleading denying some or all of the allegations and setting forth any affirmative facts in defense. Each party has the burden of proof of its allegations. Quoting *Superintendent v. Hill* (1985), "*in order to take away a prisoner's good conduct time for a disciplinary violation, prison officials need only have "some evidence," i.e., "a modicum of evidence".*"

3.

Quoting *Thompson vs City of Louisville* (1960), "*the some evidence standard is required to overrule a jury's finding of guilt in criminal cases.*" Id. ""*Reasonable indication is substantially lower than probable cause; factors to consider are those facts and circumstances a prudent investigator would consider, but must include facts or circumstances indicating a past, current, or impending violation; an objective factual basis must be present, a mere 'hunch' is insufficient.*" [quoting Hirsch Ballin, Marianne (Mar 6, 2012). *Anticipative Criminal Investigation: Theory and Counterterrorism Practice in the Netherlands and the United States*. p. 525.] Id. "*The reasonable indication standard is used in interpreting trade law in determining if the United States has been materially injured.*" [quoting Pak, Nam (1988). *"American Lamb Company v. United States: Application of the Reasonable Indication Standard"*. [quoting Northwest Journal of International Law and Business.] Reasonable suspicion is a low standard of proof to determine whether a *brief* investigative stop or search by a police officer or any government agent is warranted. It is important to note that this stop or search must be brief; its thoroughness is proportional to, and limited by, the low standard of evidence. A more definite standard of proof (often probable cause) would be required to justify a more thorough stop/search. In *Terry v. Ohio, 392 U.S. 1* (1968), the Supreme Court ruled that reasonable suspicion requires specific, articulable, and individualized suspicion that crime is afoot. A mere guess or "hunch" is not enough to constitute reasonable suspicion. An investigatory stop is a seizure under the Fourth Amendment. The state must justify the seizure by showing that the officer conducting the stop had a reasonable articulable suspicion that criminal activity was afoot. The important point is that officers cannot deprive a citizen of liberty unless the officer can point to specific facts and circumstances and inferences therefrom that would amount to a reasonable suspicion. The officer must be prepared to establish that criminal activity was a logical explanation for what he perceived. The requirement serves to prevent officers from stopping individuals based merely on hunches or unfounded suspicions. The purpose of the stop and detention is to investigate to the extent necessary to confirm or dispel the original suspicion. If the initial confrontation with the person stopped dispels suspicion of criminal activity the officer must end the detention and allow the person to go about his or her business. If the investigation confirms the officer's initial suspicion or reveals evidence that would justify continued detention the officer may require the person detained to remain at the scene until further investigation is complete. In *Arizona v. Gant* (2009), the United States Supreme Court defined a new standard, that of "reasonable to believe." This standard applies only to vehicle searches after the suspect has been placed under arrest. The Court overruled *New York v. Belton* (1981) and concluded that police officers are allowed to go back and search a vehicle incident to a suspect's arrest only where it is "reasonable to believe" that there is more

4.

evidence in the vehicle of the crime for which the suspect was arrested. There is still an ongoing debate as to the exact meaning of this phrase. Some courts have said it should be a new standard while others have equated it with the "reasonable suspicion" of the *Terry* stop. Most courts have agreed it is somewhere less than probable cause. Probable cause is a relatively low standard of proof, which is used in the United States to determine whether a search, or an arrest, is warranted. It is also used by grand juries to determine whether to issue an indictment. In the civil context, this standard is often used where plaintiffs are seeking a prejudgement remedy. In the criminal context, the U.S. Supreme Court in *United States v. Sokolow*, 490 U.S. 1 (1989), determined that probable cause requires "a fair probability that contraband or evidence of a crime will be found" in deciding whether Drug Enforcement Administration agents had a reason to execute a search. Courts vary when determining what constitutes a "fair probability": some say 30%, others 40%, others 51%. A good illustration of this evidence/intrusiveness continuum might be a typical police/citizen interaction. Consider the following three interactions:

- **no level of suspicion required**: a consensual encounter between officer and citizen
- **reasonable suspicion required**: a stop initiated by the officer that would cause a reasonable person not to feel free to leave
- **probable cause required**: arrest.

One of the least reliable standards of proof, this assessment is often used in administrative law, and often in Child Protective Services (CPS) proceedings in some states. The "some credible evidence" standard is used as a legal placeholder to bring some controversy before a trier of fact, and into a legal process. It is on the order of the factual standard of proof needed to achieve a finding of "probable cause" used in ex parte threshold determinations needed before a court will issue a search warrant. It is a lower standard of proof than the "preponderance of the evidence" standard. The standard does not require the fact-finder to weigh conflicting evidence, and merely requires the investigator or prosecutor to present the bare minimum of material credible evidence to support the allegations against the subject, or in support of the allegation; see *Valmonte v. Bane,* 18 F.3d 992 (2nd Cir. 1994). In some Federal Appellate Circuit Courts, such as the Second Circuit, the "some credible evidence" standard has been found constitutionally insufficient to protect liberty interests of the parties in controversy at CPS hearings.

5.

Id. *"In some appeals from decisions of administrative agencies, the courts apply a "substantial evidence" standard of review of the agency's factual findings. In the United States, for example, if a Social Security Disability Insurance claimant is found "not disabled" (and, therefore, ineligible for benefits) by an Administrative Law Judge (ALJ) and the claimant appeals, both the Appeals Council (the body within the Social Security Administration that hears appeals from decisions of ALJs) and the Federal courts (which, in this type of case, will normally hear an appeal only after the claimant has exhausted all administrative remedies) will look to see whether the administrative law judge's decision was supported by "substantial evidence" or not. Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."* [quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *from Consolidated Edison Co. v. NLRB*, 305 U. S. 197, 229 (1938). Id. *"This applies to other court decisions. The trier of fact's decision cannot be baseless."* [quoting *California Courts* http://www.courts.ca.gov/12431.htm]

Id. *"Preponderance of the evidence, also known as **balance of probabilities**, is the standard required in most civil cases and in family court determinations **solely involving money**, such as child support under the Child Support Standards Act. It is also the burden of proof of which the defendant must prove affirmative defenses or mitigating circumstances in civil or criminal court. In civil court, aggravating circumstances also only have to be proven by a preponderance of the evidence, as opposed to beyond reasonable doubt (as they do in criminal court). The standard is met if the proposition is more likely to be true than not true. The standard is satisfied if there is greater than fifty percent chance that the proposition is true. Lord Denning, in Miller v. Minister of Pensions,"* [quoting *Miller v. Minister of Pensions* [1947] 2 All ER 372] Id. *"described it simply as "more probable than not." Until 1970, this was also the standard used in juvenile court in the United States. [quoting In re Winship, 397 U.S. 358, 90 S.Ct. 1068 (1970)] This is also the standard of proof used when determining eligibility of unemployment benefits for a former employee accused of losing the job through alleged misconduct. In most US states, the employer must prove this case with a preponderance of evidence. Preponderance of the evidence is the standard of proof used for immunity from prosecution under Florida's controversial stand-your-ground law. The defense must present its evidence in a pre-trial hearing, show that the statutory prerequisites have been met, and then request that the court grant a motion for declaration of immunity. The judge must then decide from the preponderance of the evidence whether to grant immunity."* [quoting Wikipedia; Burden of proof (law) at footnote 14]

6.

Id. *"This is a far lower burden than "beyond a reasonable doubt," the threshold a prosecutor must meet at any proceeding criminal trial,"* [quoting "Florida 'stand your ground' law yields some shocking outcomes depending on how law is applied". *Tampa Bay Times.*] but higher than the "probable cause" threshold generally required for indictment. Id. *"Clear and convincing evidence is a higher level of burden of persuasion than "preponderance of the evidence". It is employed intra-adjudicatively in administrative court determinations, as well as in civil and certain criminal procedure in the United States. For example, a prisoner seeking habeas corpus relief from capital punishment must prove his factual innocence by clear and convincing evidence."* [quoting *Calderon v. Thompson*, 523 U.S. 538 (1998).] Id. *"This standard is used in many types of equity cases, including paternity, persons in need of supervision, juvenile delinquency, child custody, the probate of both wills and living wills, petitions to remove a person from life support ("right to die" cases),"* [quoting *Quinlan v. New Jersey*, and *Cruzan v. Director, Missouri Department of Health*, 497 U.S. 261 (1990).] and many similar cases.

Clear and convincing proof means that the evidence presented by a party during the trial must be highly and substantially more probable to be true than not and the trier of fact must have a firm belief or conviction in its factuality. In this standard, a greater degree of believability must be met than the common standard of proof in civil actions, which only requires that the facts as a threshold be more likely than not to prove the issue for which they are asserted. This standard is also known as "clear, convincing, and satisfactory evidence"; "clear, cognizant, and convincing evidence"; and "clear, unequivocal, satisfactory, and convincing evidence", and is applied in cases or situations involving an equitable remedy or where a presumptive civil liberty interest exists.

Id. "Beyond reasonable doubt is the highest standard used as the burden of proof in Anglo-American jurisprudence and typically only applies in criminal proceedings and when considering aggravating circumstances in criminal proceedings. It has been described, in negative terms, as a proof having been met if there is no plausible reason to believe otherwise. If there is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence, or lack of evidence, in a case, then the level of proof has not been met. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that one would be willing to rely and act upon it without hesitation in the most important of one's own affairs. However, it does not mean an absolute certainty.

7.

The standard that must be met by the prosecution's evidence in a criminal prosecution is that no other logical explanation can be derived from the facts except that the defendant committed the crime, thereby overcoming the presumption that a person is innocent unless and until proven guilty. If the trier of fact has no doubt as to the defendant's guilt, or if their only doubts are unreasonable doubts, then the prosecutor has proved the defendant's guilt beyond a reasonable doubt and the defendant should be pronounced guilty. The term connotes that evidence establishes a particular point to a moral certainty which precludes the existence of any reasonable alternatives. It does not mean that no doubt exists as to the accused's guilt, but only that no *reasonable* doubt is possible from the evidence presented." [quoting *Green v The Queen* [1971] HCA 55, (1971) 126 CLR 28 at p. 33, High Court (Australia).

Further to this notion of moral certainty, where the trier of fact relies on proof that is solely circumstantial, *i.e.*, when conviction is based entirely on circumstantial evidence, certain jurisdictions specifically require the prosecution's burden of proof to be such that the facts proved must exclude to a moral certainty every reasonable hypothesis or inference other than guilt. The main reason that this high level of proof is demanded in criminal trials is that such proceedings can result in the deprivation of a defendant's liberty or even in his or her death. These outcomes are far more severe than in civil trials, in which monetary damages are the common remedy. Another noncriminal instance in which proof beyond a reasonable doubt is applied is LPS conservatorship.

Id. *"In the West, criminal cases usually place the burden of proof on the prosecutor (expressed in the Latin brocard ei incumbit probatio qui dicit, non qui negat, "the burden of proof rests on who asserts, not on who denies"). This principle is known as the presumption of innocence, and is summed up with "innocent until proven guilty," but is not upheld in all legal systems or jurisdictions. Where it is upheld, the accused will be found not guilty if this burden of proof is not sufficiently shown by the prosecution."* [quoting "Woolmington v DPP [1935] UKHL 1".]

The presumption of innocence means three things:
- With respect to the critical facts of a case the defendant has no burden of proof whatsoever.
- The state must prove the critical facts of the case to the appropriate level of certainty.
- The jury is not to draw any inferences adverse to the defendant from the fact that he has been charged with a crime and is present in court facing the charges against him.

8.

The critical facts of a criminal case are whether the crime charged was committed and whether the defendant is criminally responsible for the commission of the crime.

For example, if the defendant (D) is charged with murder, the prosecutor (P) bears the burden of proof to show the jury that D did indeed murder someone.

- Burden of proof: P

  - Id. *"Burden of production: P has to show some evidence that D had committed murder. The United States Supreme Court has ruled that the Constitution requires enough evidence to justify a rational trier of fact to find guilt beyond a reasonable doubt. If the judge rules that such burden has been met, then it is up to the jury itself to decide if they are, in fact, convinced of guilty beyond a reasonable doubt."* [quoting *Jackson v. Virginia*, 443 U.S. 307 (1979).]

    If the judge finds there is not enough evidence under the standard, the case must be dismissed (or a subsequent guilty verdict must be vacated and the charges dismissed).

    - e.g. witness, forensic evidence, autopsy report
    - Failure to meet the burden: the issue will be decided as a matter of law. In this case, D is presumed innocent

  - Burden of persuasion: if at the close of evidence, the jury cannot decide if P has established with relevant level of certainty that D had committed murder, the jury must find D not guilty of the crime of murder

    - Measure of proof: P has to prove every element of the offence beyond a reasonable doubt, but not necessarily prove every single fact beyond a reasonable doubt.

In civil law cases, the "burden of proof" requires the plaintiff to convince the trier of fact (whether judge or jury) of the plaintiff's entitlement to the relief sought. This means that the plaintiff must prove each element of the claim, or cause of action, in order to recover. However, in cases of proving loss of future earning capacity, the plaintiff must prove there is a real or substantial possibility of such a loss occurring.

9.

In *Keyes v. Sch. Dist. No. 1*, 413 U.S. 189 (1973), the United States Supreme Court stated: *"There are no hard-and-fast standards governing the allocation of the burden of proof in every situation. The issue, rather, 'is merely a question of policy and fairness based on experience in the different situations.'"* For support, the Court cited 9 John H. Wigmore, Evidence § 2486, at 275 (3d ed. 1940). In *Keyes*, the Supreme Court held that if *"school authorities have been found to have practised purposeful segregation in part of a school system,"* the burden of persuasion shifts to the school to prove that it did not engage in such discrimination in other segregated schools in the same system. In *Director, Office of Workers' Compensation Programs v. Greenwich Collieries*, 512 U.S. 267 (1994), the Supreme Court explained that *burden of proof* is ambiguous because it has historically referred to two distinct burdens: the *burden of persuasion*, and the *burden of production*.

The Supreme Court discussed how courts should allocate the burden of proof (i.e., the burden of persuasion) in *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49 (2005). The Supreme Court explained that if a statute is silent about the burden of persuasion, the court will *"begin with the ordinary default rule that plaintiffs bear the risk of failing to prove their claims."* In support of this proposition, the Court cited 2 J. Strong, McCormick on Evidence § 337, 412 (5th ed. 1999), which states: *"The burdens of pleading and proof with regard to most facts have been and should be assigned to the plaintiff who generally seeks to change the present state of affairs and who therefore naturally should be expected to bear the risk of failure of proof or persuasion."*

At the same time, the Supreme Court also recognized *"The ordinary default rule, of course, admits of exceptions."* For example, the burden of persuasion as to certain elements of a plaintiff's claim may be shifted to defendants, when such elements can fairly be characterized as affirmative defenses or exemptions. See, e.g., *FTC v. Morton Salt Co.*, 334 U.S. 37, 44-45 (1948). Under some circumstances this Court has even placed the burden of persuasion over an entire claim on the defendant. See *Alaska Dept. of Environmental Conservation v. EPA*, 540 U.S. 461 (2004)." *Nonetheless, "[a]bsent some reason to believe that Congress intended otherwise, therefore, [the Supreme Court] will conclude that the burden of persuasion lies where it usually falls, upon the party seeking relief."*

10.

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a) requires that a complaint contain *"a short and plain statement of the claim showing that the pleader is entitled to relief."* Fed. R. Civ. P. 8(a)(2). A plaintiff must state *"enough facts to state a claim to relief that is plausible on its face."* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has *"facial plausibility"* if the plaintiff pleads facts that *"allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. Id. First, the Court must accept all well-pleaded factual allegations as true, but *"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."* Iqbal, 556 U.S. at 678 and Id. Second, assuming the veracity of well-pleaded factual allegations, the Court must *"determine whether they plausibly give rise to an entitlement to relief."* at 679.

This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility *"where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."* Id. For purposes of ruling on a Rule 12(b)(6) motion, the court must *"accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."* at Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). Id. However, courts *"are not bound to accept as true a legal conclusion couched as a factual allegation."* Iqbal, 556 U.S. at 678. (quoting Twombly, 550 U.S. at 555).

Under Federal Rule of Civil Procedure 9(b), a plaintiff must plead each element of a fraud claim with particularity, i.e., the plaintiff *"must set forth more than the neutral facts necessary to identify the transaction."* Cooper v. Pickett, 137 F.3d 616, 625 (9th Cir. 1997) (emphasis in original) (quoting In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) ). *A fraud claim must be accompanied by "the who, what, when, where, and how" of the fraudulent conduct charged.* Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper, 137 F.3d at 627). *"A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations."* Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). Statements of the time, place, and nature of the alleged fraudulent activities are sufficient, but mere conclusory allegations.

11.

### III.   CONCLUSION OF LAW

*For the above and below reasons of law*, Defendant respectfully moves the Court to dismiss Plaintiff Complaint and alleged Count(s) **'with prejudice'** as Plaintiff has blatantly filed a criminal case reading as alleged criminal charges **"disguised"** as a civil complaint creating confusion in the Court and exhausting all parties involved effort and time. *If not a full or complete dismissal, **Plaintiff should be ordered to try this case as it if were a criminal prosecution by way of jury trial to bear the burden of proof beyond reasonable doubt vs civil preponderance of evidence. Plaintiff has not proven enough so that the trier could reasonably find by the operative facts needed to issue an injunction and a money judgment more or less try this case criminally.*** Plaintiff charges allege criminality as accused language reads in Complaint allegations/language with Defendant bearing rights to have a jury where he is charged with a crime. Although Defendant is only charged with an administrative delict, he is charged and the proposed findings will be a crime under general federal and various state laws. The fact that Defendant may be found guilty could lead to further criminal charges misplaced as he has already being charged criminally by way of civil proceeding. To allow Defendant to be proved guilty of alleged criminal charges in civil court only by a preponderance *rather than* beyond a reasonable doubt and without a jury would dispose any due process afforded to Defendant by Constitutional law. Furthermore,  Id. *"Whenever a motion to dismiss for insufficiency is made, the judge must rule on the motion before the trial can proceed."* [quoting G.S. 15A-1227(c).]

Id. *"When a motion to dismiss on grounds of insufficiency is made, the question for the trial judge is whether there is substantial evidence: of each essential element of the offense charged (or of a lesser-included offense) and that the defendant is the perpetrator."* [quoting State v. Scott, 356 N.C. 591, 595 (2002); State v. Hill, __ N.C. __, 715 S.E.2d 841, 842 (2011).] Id. *"Substantial evidence means the amount of relevant evidence necessary to persuade a rational juror to accept a conclusion." Scott*, 356 N.C. at 597; *Hill,* 715 S.E.2d at 842. Id. *"On the other hand, if the evidence only raises a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator, the motion should be granted."* [quoting Scott, 356 N.C. at 595; Fleming, 350 N.C. at 142.] Id. *"When ruling on a motion to dismiss, the trial court should assess only whether the evidence is sufficient for the jury to consider the charge, not the weight of the evidence."* [quoting *Scott,* 356 N.C. at 596-97; State v. Mercer, 317 N.C. 87, 96-97 (1986).] Id. *"Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."* [quoting *State v. Smith*, 300 N.C. 71, 78 (1980).]

Id. *"The substantial evidence test requires that the evidence must be existing and real, not just seeming and imaginary."* [quoting *State v. Irwin,* 304 N.C. 93, 97–98 (1981).] Id. *"Evidence is not substantial if it arouses only a suspicion about the fact to be proved, even if the suspicion is strong."* [quoting *State v. Malloy*, 309 N.C. 176 (1983).] Id. *"In all criminal cases, the State has two burdens of proof—a burden of persuasion and a burden of production."* [quoting 1 KENNETH S. BROUN, BRANDIS & BROUN ON NORTH CAROLINA EVIDENCE § 30, at 126 (7th ed. 2011)] Id. *"(defining the terms "burden of producing evidence" and "burden of persuasion"). To meet its burden of persuasion, the State must prove to the finder of fact, beyond a reasonable doubt, all facts necessary to establish the defendant's guilt of the charged offense."* [quoting Mullaney v. Wilbur, 421 U.S. 684 (1975); In re Winship, 397 U.S. 358 (1970).] Id. *"The State must meet a parallel burden of production to have the offense submitted to the finder of fact. Thus, the trial court must find that a rational finder of fact could accept the evidence as proof of the defendant's guilt beyond a reasonable doubt."* [quoting Jackson v. Virginia, 443 U.S. 307 (1979) (stating constitutional requirement, discussed further infra in § 30.2); 1 KENNETH S. BROUN, BRANDIS & BROUN ON NORTH CAROLINA EVIDENCE § 32, at 128 (7th ed. 2011) (burden of production is virtually always on State). A motion to dismiss for insufficiency of the evidence tests whether the State has met this burden of production.] Id. *"When the trial judge considers a motion to dismiss, he or she is "concerned only with the legal sufficiency of the evidence to support a verdict, not its weight, which is a matter for the jury." "* [quoting *State v. Blake*, 319 N.C. 599, 604 (1987); *see also State v. Garcia*, 358 N.C. 382, 412 (2004) ("A 'substantial evidence' inquiry examines the sufficiency of the evidence presented but not its weight.").] Id. *"Evidentiary contradictions and discrepancies are for the jury to resolve and do not warrant dismissal."* [quoting *State v. Holton*, 284 N.C. 391 (1973).]

Id. *"Ordinarily, the credibility of witnesses and the proper weight to be given their testimony is to be determined by the jury, not by the judge on a motion to dismiss."* [quoting *State v. Miller*, 270 N.C. 726, 730 (1967).] *"In rare instances, where the testimony presented is inherently incredible, the evidence may be found to be insufficient to withstand a defendant's motion to dismiss."* Id. at 732 *(evidence was insufficient to support conviction where sole identification of defendant came from a State's witness who was at least 286 feet from the perpetrator where "it is apparent that the distance was too great for an observer to note and store in memory features which would enable him, six hours later, to identify a complete stranger with the degree of certainty which would justify the submission of the guilt of such person to the jury");"* see also *Jones v. Schaffer*, 252 N.C. 368, 378 (1960)

13.

*("'As a general rule, evidence which is inherently impossible or in conflict with indisputable physical facts or laws of nature is not sufficient to take the case to the jury, and in case of such inherently impossible evidence, the trial court has the duty of taking the case from the jury.'"* (citations omitted)) . Id. *"Whether the evidence presented is direct or circumstantial, the trial judge must determine whether a reasonable inference of the defendant's guilt may be drawn from the evidence."* [quoting *State v. Scott*, 356 N.C. 591 (2002).] Id. *" "[W]hile the State may base its case on circumstantial evidence requiring the jury to infer elements of the crime, that evidence must be real and substantial and not merely speculative."* [quoting *State v. Reese*, 319 N.C. 110, 139 (1987).] Id. *"Once the judge decides that the circumstances give rise to a reasonable inference of the defendant's guilt, it is for the jury to decide whether the facts shown, taken singly or in combination, satisfy it beyond a reasonable doubt that the defendant is guilty."* [quoting *Scott*, 356 N.C. at 596; *see also State v. Irwin*, 304 N.C. 93 (1981).] Id. *"The federal constitutional right to due process of law requires that the State prove beyond a reasonable doubt every fact necessary for a criminal conviction."* [quoting *In re Winship*, 397 U.S. 358 (1970).] Id. *"A conviction predicated on evidence insufficient to permit a reasonable juror to find that the State has proven beyond a reasonable doubt every element of the particular offense charged and that the defendant is the perpetrator of that offense violates the Fourteenth Amendment to the U.S. Constitution."* [quoting *Jackson v. Virginia*, 443 U.S. 307 (1979).] Id. *"The federal due process standard for sufficiency is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."* [quoting *Jackson*, 443 U.S. at 319 (emphasis in original).] Id. *"The North Carolina courts have held that the state standard for determining the sufficiency of the evidence, discussed supra in § 30.1, is the same in substance as the federal due process standard set out in Jackson."* [quoting *State v. Jones*, 303 N.C. 500 (1981); *see also* 1 Kenneth S. Broun, Brandis & Broun on North Carolina Evidence § 39, at 141–45 (7th ed. 2011) (discussing the sufficiency of evidence).]

Id. *"Motions to dismiss, motions for judgment as in case of nonsuit (that is, motions for nonsuit), and motions for a directed verdict of not guilty all have substantially the same legal effect."* [quoting *e.g., State v. Bruce*, 315 N.C. 273 (1985); *State v. Mize*, 315 N.C. 285 (1985); *State v. Vietto*, 297 N.C. 8 (1979).] Id. *"Although a challenge to the sufficiency of the evidence is properly made by either a motion to dismiss or a motion for nonsuit (*see State v. Mendez*, 42 N.C. App. 141 (1979)), the modern approach is to denominate the procedural device as a "motion to dismiss for insufficient evidence."*

14.

Id. *"The trial judge must rule on a motion to dismiss for insufficient evidence before the trial may proceed further."* [quoting G.S. 15A-1227(c).] Id. *"If he or she fails to rule on the motion in violation of this statute, the appellate courts will review the error to see if the defendant was prejudiced by the judge's failure to do so."* [quoting *State v. Hernandez*, 188 N.C. App. 193 (2008) *(error, but not prejudicial, for judge to reserve ruling on defendants' motions to dismiss until after the jury returned its verdicts). If there is no reasonable possibility that the trial judge would have granted the defendant's motion to dismiss, then the error will not be found to be prejudicial."*] Id. *"If the trial judge grants a motion to dismiss based on the insufficiency of the evidence, double jeopardy precludes the State from trying the defendant again on the charge. See Smalis v. Pennsylvania*, 476 U.S. 140, 142 (1986) *("[A] judgment that the evidence is legally insufficient to sustain a guilty verdict constitutes an acquittal for purposes of the Double Jeopardy Clause."); State v. Ausley*, 78 N.C. App. 791 (1986); *State v. Murrell*, 54 N.C. App. 342 (1981); *see also* G.S. 15-173 *(dismissal for insufficiency of evidence has force and effect of not guilty verdict). Retrial on the charge is barred because "the case was dismissed on the merits and did involve a determination of guilt or innocence." See Murrell*, 54 N.C. App. 342, 345. Id. *"Likewise, double jeopardy bars a retrial if the defendant's conviction is reversed by an appellate court because of insufficiency of the evidence."* [quoting *Burks v. United States*, 437 U.S. 1 (1978); *State v. Mason*, 174 N.C. App. 206 (2005).]

*In sum, Defendant once again,* respectfully moves the Court to dismiss Plaintiff Complaint and alleged Count(s) 'with prejudice' on the grounds; **Insufficient Evidence Lacking Burden Of Proof For Criminal Proceeding**; **Subject-matter jurisdiction** (pursuant to Rule 12 (b)(1), Fed. R. Civ. P.) and/or **Personal jurisdiction** (pursuant to Rule 12 (b)(2), Fed. R. Civ. P.) and **Failure to state a claim upon relief can be granted** (pursuant to Rule 12 (b)(6), Fed. R. Civ. P.)

Respectfully Submitted,

July 16, 2018

/s/ Patrick K. McDonnell

Defendant/Pro Se

13.

Prepared By: Patrick K. McDonnell "Pro Se"

20 Rawson Place, Staten Island, NY 10314

Telephone: (718) 524-6312 Email: cdm@gmx.us

14.