

**COMMODITY FUTURES TRADING COMMISSION**
140 Broadway, 19th Floor
New York, New York 10005
Telephone: (646) 746-9700
Facsimile: (646) 746-9940

Division of
Enforcement

July 17, 2018

Alejandra de Urioste
646-746-9881
adeurioste@cftc.gov

**By ECF**

The Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

Re:   ***Commodity Futures Trading Commission v. Patrick K. McDonnell and
CabbageTech, Corp. d/b/a Coin Drop Markets***, No. 18-CV-00361 (JBW)(RLM)

Dear Judge Weinstein:

I represent the Commission in the above-referenced action.  I write with respect to
Defendant Patrick K. McDonnell's "Motion to Dismiss for Insufficient Evidence" and
supporting papers (ECF 139, 139-1, 140, 141, 142, 143, 143-1, 143-2, 143-3, 144, 145)
("Motion").

McDonnell's Motion should be denied.  As an initial matter, the Motion is untimely.  The
Court already afforded McDonnell the opportunity to make a motion to dismiss prior to the
Commission's summation, which McDonnell chose not to do.  (*See* Trial Tr. 412:10-16 (July 11,
2018).)

Further, McDonnell's motion is without merit.  McDonnell argues that the burden of
proof in this action should be beyond a reasonable doubt, which is a motion that he has already
made and this Court has already rejected.  (*See* Trial Tr. 5:18-6:2 (July 9, 2018).)  Moreover, the
Court's denial of McDonnell's motion was for good reason.  In a civil enforcement action, such
as this one, in which the Commission brings a civil claim for violations of Section 6(c)(1) of the
Commodity Exchange Act, 7 U.S.C. § 9(1) (2012) and Commission Regulation 180.1, 17 C.F.R.
§ 180.1 (2017), the Commission bears the burden of proving the violations by a preponderance
of the evidence.[1]  *See CFTC v. Hunter Wise Commodities, LLC*, 21 F. Supp. 3d 1317, 1353 (S.D.

---

[1]  In a later-filed supplement to McDonnell's Motion (*see* ECF 145), McDonnell states that his Motion
relies on Rule 41 and/or 52(c) of the Federal Rules of Civil Procedure.  With respect to Rule 41,
Defendant's motion is baseless because Defendant does not identify any failure by Plaintiff to prosecute
this action or comply with the Federal Rules of Civil Procedure or Court order, nor could he.  *See* Fed. R.
Civ. P. 41(b).  With respect to Rule 52(c), the Defendant's Motion is meritless because the burden of
proof is a preponderance of the evidence and Plaintiff presented unrebutted evidence which meets and

Hon. Jack B. Weinstein
July 17, 2018
Page 2

Fla. 2014) (applying preponderance of the evidence standard); *see also See Prohibition on the Employment, or Attempted Employment, of Manipulative and Deceptive Devices and Prohibition on Price Manipulation*, 76 Fed. Reg. 41398, 41405 (July 14, 2011); *cf. Herman & Maclean v. Huddleston*, 459 U.S. 375, 387–90 (1983); *S.E.C. v. Moran*, 922 F. Supp. 867, 888 (S.D.N.Y. 1996) (holding that the standard of proof in a SEC Rule 10b-5 enforcement action is a preponderance of the evidence).

Additionally, this Court has already indicated that the parties may brief the issue of the burden of proof in their respective post-trial submissions, to be filed in accordance with the Scheduling Order entered July 12, 2018. (ECF 127.) The Commission therefore respectfully requests that the Court deny McDonnell's Motion and direct McDonnell to make his arguments in his opposition brief due August 9.

Finally, McDonnell purports (again) to move to dismiss based on a lack of subject-matter jurisdiction, personal jurisdiction, and failure to state a claim. (*See, e.g.*, ECF 139 at 2.) The Court has already rejected these arguments more than once (*see* July 16, 2018 Order (ECF 136)) and any conceivable failure to state a claim argument is untimely. *See* Fed. R. Civ. P. 12(h)(2). Given the time and effort the Commission has already spent responding to McDonnell's Rule 12 arguments, the Commission respectfully requests that the Court issue an order stating that the Commission need not brief these issues for a third time.

Respectfully submitted,

/s/ Alejandra de Urioste

Alejandra de Urioste

cc:     Patrick K. McDonnell (via email)

---

even exceeds this burden during trial, as will be detailed in Plaintiff's yet-to-be-filed proposed findings of facts and conclusions of law.