UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

_____

COMMODITY FUTURES TRADING

COMMISSION,                                                    Case No. 18-CV-00361 (JBW) (RLM)

        Plaintiff,                     **DEFENDANT RESPONSE TO PLAINTIFF**

                                                                **DOCKET #146**

       v.

PATRICK K. MCDONNELL,

and CABBAGETECH, CORP. d/b/a COIN

DROP MARKETS,

        Defendants.

_____

<u>VIA ECF</u>

The Honorable Jack B. Weinstein

United States District Judge

United States District Court for the

Eastern District of New York

225 Cadman Plaza East

Brooklyn, New York 11201


Dear Judge Weinstein:

1.

Defendant respectfully submitted his **Motion To Dismiss For Insufficient Evidence** Docket #139 along with corresponding filed "exhibits" (ECF 139, 139-1, 140, 141, 142, 143, 143-1, 143-2, 143-3, 144, 145) ("Motion") and yet to file in accordance with **FEDERAL RULES OF CIVIL PROCEDURE Rule 41** *and/or* **FEDERAL RULES OF CIVIL PROCEDURE Rule 52(C)** *and/or* "any" civil procedure rule that the Court sees fit that Pro Se Defendant may not have mentioned to ignorance.

Defendant moved the Court to dismiss Plaintiff Complaint and alleged Count(s) **'with prejudice'** on the grounds; **Insufficient Evidence Lacking Burden Of Proof For Criminal Proceeding**; **Subject-matter jurisdiction** (pursuant to Rule 12 (b)(1), Fed. R. Civ. P.) and/or **Personal jurisdiction** (pursuant to Rule 12 (b)(2), Fed. R. Civ. P.) and **Failure to state a claim upon relief can be granted** (pursuant to Rule 12 (b)(6), Fed. R. Civ. P.). Defendant duly noted his reliance on the **FEDERAL RULES OF CIVIL PROCEDURE Rule 41** *and/or* **FEDERAL RULES OF CIVIL PROCEDURE Rule 52(C)** *and/or* "any" civil procedure rule that the Court sees fit that Pro Se Defendant may not have mentioned to ignorance. [Docket #143-1, 143-3, and 145] respectfully. Defendant filed this Motion outside the four corners of any previous filed and is of different nature so Plaintiff argument of the previous use of **Subject-matter jurisdiction** (pursuant to Rule 12 (b)(1), Fed. R. Civ. P.) and/or **Personal jurisdiction** (pursuant to Rule 12 (b)(2), Fed. R. Civ. P.) and **Failure to state a claim upon relief can be granted** (pursuant to Rule 12 (b)(6), Fed. R. Civ. P.) should be denied. The matter of Defendant Motion is untimely is not even an argument as Defendant is well within his rights to do such. Plaintiff attempt to disguise a criminal proceeding as civil deprives Defendant of his due process rights as Defendant is being forced to represent himself in a criminal matter through civil court leaving Plaintiff to try the burden of proof beyond *reasonable doubt* not *preponderance of evidence* as Plaintiff mistakenly claims.

July 17, 2018

/s/ Patrick K. McDonnell

_____

Defendant/Pro Se

20 Rawson Place, Staten Island, NY 10314

Telephone: (718) 524-6312 Email: cdm@gmx.us

2.