UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

COMMODITY FUTURES TRADING
COMMISSION,

Plaintiff,

– against –

PATRICK K. MCDONNELL,
and CABBAGETECH, CORP. d/b/a COIN
DROP MARKETS,

Defendants.

---

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 20 2018 ★

BROOKLYN OFFICE

ORDER

18-CV-361

**JACK B. WEINSTEIN, Senior United States District Judge:**

The court has received defendant Patrick K. McDonnell's motion to appoint counsel for him, filed on July 17, 2018. ECF No. 148. Defendant's motion for the court to appoint counsel is denied at this time. The rule of this district, *see* Ex. A (attached), and 28 U.S.C. § 1915 require a showing of indigence. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988) ("[I]t is clear that [28 U.S.C. § 1915] only allows appointment where a litigant is indigent.").

The court will not consider a defendant's motion for appointment of counsel until he files an *in forma pauperis* affidavit attesting to his lack of resources to retain counsel. Defendant's affidavit in the instant case shall include an explanation of any assets formerly in defendant's possession that the evidence indicates were transferred to his wife. *See* Trial Tr. 448:11-14 (July 12, 2018) ("But what we know about those accounts is that in the middle of it all Mr. McDonnell had transferred all of the cryptocurrency out of his account at Bittrex and eventually transferred



it into his wife's account."). A hearing on defendant's claim of indigency will probably require testimony from his wife. *See id.* at 453:1-4 ("[A]t the same time that Mr. McDonnell was claiming that he had been hacked and couldn't return the money, he was transferring the money himself to wife's name.").

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: July 19, 2018
       Brooklyn, New York

**EXHIBIT A TO THE JULY 19, 2018 ORDER**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
RULES GOVERNING PROCEDURES FOR APPOINTMENT
OF ATTORNEYS IN PRO SE CIVIL ACTIONS

The following procedures shall govern the appointment of attorneys from the Eastern District Civil Pro Bono Panel to represent pro se parties in civil actions who lack the resources to retain counsel by any other means. For each civil action duly commenced in the Eastern District of New York, by or against such a pro se party, the District Judge to whom the action is assigned may issue an order of appointment and other orders relating to representation by the appointed attorney in accordance with these Rules. In civil cases assigned to a Magistrate Judge for all purposes, the term Judge in these Rules shall include a Magistrate Judge.

Rule 1. Civil Pro Bono Panel

(A) Attorneys who are willing to accept appointment to represent pro se parties in civil actions when such parties lack the resources to retain counsel shall apply for designation to the Civil Pro Bono Panel on appropriate forms available from the Clerk of Court. Each application shall set forth, among other things: (i) the attorney's prior civil trial experience, including the number of trials and areas of trial experience; (ii) the attorney's ability to consult and advise in languages other than English; (iii) the attorney's preference for appointment among various types of actions (e.g. Social Security Appeals, Employment Discrimination Actions, Civil Rights Actions; and, (iv) the attorney's preference for appointment between the Brooklyn and Long Island courthouses. Application may be filed in the Office of the Clerk in either courthouse.

(B) A law firm may apply to participate in the Panel as a firm by completing the appropriate form available from the Clerk. In its application, the law firm shall set forth, among other things: (i) the number of appointed cases per calendar year the firm is willing to accept; (ii) the ability of participating firm attorneys to consult and advise in languages other than English; (iii) the firm's specialty, if any, and preference for appointment among various types of actions (e.g. Social Security Appeals, Employment Discrimination Actions, Civil Rights Actions); (iv) the name of the firm's managing partner or a senior member of the firm designated as Panel Liaison; and, (v) preference, if any, for appointment between the Brooklyn and Long Island courthouses. Applications may be filed in the Office of the Clerk in either courthouse. Where an action is assigned to a participating firm, the order of appointment may be directed to the firm and the assignment of a firm attorney to the action may be made by the managing partner or Panel Liaison.

(C) Information on an application may be amended at any time by letter. An attorney or firm may, by letter, withdraw from the Panel at any time.

Rule 2. Appointment Procedure

(A) The Clerk shall advise and assist any party appearing pro se in filing an *in forma pauperis* affidavit in circumstances where the party lacks the resources to retain counsel. At the time the pro se party files such an affidavit, the Clerk shall also inform the party of the opportunity to apply in writing to the assigned Judge for appointment of counsel, and shall provide the party with an application form and necessary assistance for this purpose.

(B) Where a pro se litigant who was ineligible for appointed counsel at the outset of the litigation subsequently becomes eligible by reason of changed circumstances, the pro se litigant may apply to the Judge for appointment of counsel within a reasonable time after the change in circumstances has occurred.

(C) The Judge assigned the action shall determine whether a Panel Attorney is to be appointed to represent the pro se party pursuant to 28 U.S.C. § 1915(d). Such a determination should be made as soon as practicable after the action is assigned. The factors to be taken into account in making this determination are: (i) the nature and complexity of the action; (ii) the potential merit of the claims as set forth in the pleadings; (iii) the inability of the pro se party to retain counsel by other means; (iv) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel; and, (v) any other factors deemed appropriate by the Judge. Failure of the pro se party to make a written application for appointed counsel shall not preclude appointment with the consent of the pro se party.

(D) Whenever the assigned Judge concludes that appointment of counsel is warranted, the Judge shall issue an order pursuant to 28 U.S.C. § 1915(d), directing appointment of an attorney from the Civil Pro Bono Panel to represent the pro se party. The Judge may, if he or she deems it desirable, direct appointment of an attorney not on the Panel or a specific attorney on the Panel who is especially qualified by interest or otherwise to undertake the representation. This order shall be transmitted forthwith to the office of the Clerk at the courthouse where the action is pending. If service of the summons and complaint has not yet been made, an order directing service by the Marshall for the District or by other appropriate method of service shall accompany the appointment order.

(E) When the action involves a petition for habeas corpus filed by a pro se party, the appointment, if any, shall be made from the Criminal Justice Act Panel of Attorneys.

(F) Once the Clerk has received the appointment order from the Judge, he shall select an attorney from the Panel to represent the pro se party in the action, unless the order directs appointment of a specific attorney. Selection by the Clerk shall be made on a random basis from the lists of attorneys on the Panel, which shall be grouped according to the courthouse and types of actions entered as preferences or specialties on the attorney's application forms filed in the Office of the Clerk.

(G) Before selecting an attorney to represent a pro se litigant, the Clerk shall determine whether the litigant has any other case pending before the Court and whether an attorney has been appointed in such case. Where an appointed attorney is already representing the litigant in prior action, such attorney is encouraged, but not required, to represent the litigant in the new action. The Clerk shall inquire of the appointed counsel whether he or she will accept appointment in the new action. If the appointed counsel

declines, the Clerk shall appoint an attorney, at random, in accordance with this Rule.

(H) The Clerk shall immediately send written notice of the appointment to the selected attorney. Copies of the order of appointment, these rules governing procedures for appointment, the pleadings filed to date, relevant correspondence and other documents shall accompany such notice. Upon receiving such notice, the appointed attorney shall forthwith enter an appearance in the action.

(I) The Clerk shall maintain a record of all appointments. If a notice of appearance is not entered within thirty (30) days of receipt of the notice of appointment the Clerk shall contact the attorney to clarify the status of the appointment and to reiterate the attorney's obligation to file an appearance or to file an application for relief from appointment within thirty (30) days of receipt of the notice of appointment.

Rule 3. Responsibilities of the Appointed Attorney

(A) Upon receiving a notice of appointment and entering an appearance in the action, the appointed attorney shall promptly communicate with the newly represented party concerning the action.

(B) If the appointed attorney after reviewing the file reasonably anticipates a need to request relief from appointment on any of the grounds enumerated in subparagraph (v) of Rule 4(a), the attorney shall, before discussing the merits of the case with the client, advise the client that a procedure for such relief exists. Where the attorney did not reasonably anticipate the need for such relief prior to discussing the merits of the case with the client, the attorney may request the waiver at any time the need for such relief becomes apparent. The attorney should then request the client to execute a limited waiver of the attorney-client privilege permitting the attorney to disclose under seal to the Court the attorney's reasons for seeking to be relieved of the appointment. The waiver should indicate that the application for relief will be a privileged court document and may not be used in the litigation. The client's refusal to execute a waiver shall not preclude the attorney from applying for relief.

(C) The appointed attorney should discuss fully the merits of the dispute with the party, and explore with the party the possibilities of resolving the dispute in other forums, including but not limited to administrative forums.

(D) If the party decides to prosecute or defend the action after consultation with the appointed attorney, the appointed attorney shall proceed to represent the party in the action, unless or until the attorney-client relationship is terminated as provided in these Rules.

(E) Once the appointed attorney accepts the case and the client, the attorney shall be free in the exercise of his or her professional judgment, but not required, to represent the client in or out of court in any other matter that would be appropriate in the case of a retained attorney and a fee-paying client.

Rule 4. Relief from Appointment

(A) An appointed attorney may apply to be relieved of an order of appointment only on the

following grounds: (i) a conflict of interest precludes the attorney from accepting the responsibilities of representing the party in the action; (ii) the attorney believes that he or she is not competent to represent the party in the particular type of action assigned; (iii) a personal incompatibility exists between the attorney and the party, or a substantial disagreement exists between the attorney and the party on litigation strategy; (iv) the attorney lacks the time necessary to represent the plaintiff in the action because of the temporary burden of other professional commitments involved in the practice of law; or, (v) the attorney believes that the party is proceeding for purposes of harassment or malicious injury, or that the party's claims or defenses are not warranted under existing law and cannot be supported by good faith argument for extension, modification or reversal of existing law.

(B) Where an order of appointment has been directed to a participating law firm the action shall remain the responsibility of the firm notwithstanding the firm's assignment of the case to one of its attorneys. Accordingly, a firm attorney ordinarily shall not seek relief from appointment from the Court on any of the grounds enumerated in subparagraph (ii) through subparagraph (iv) of Rule 4(a).

(C) An application by an appointed attorney for relief from an order of appointment on any of the grounds set forth in subparagraphs (i) through (iv) of Rule 4(a) must be made to the Judge within thirty (30) days after the attorney's receipt of the order of appointment, or within such additional period permitted by the Judge for good cause shown.

(D) If an application for relief from an order of appointment is granted, the Judge may issue an order directing appointment of another attorney to represent the party. The Judge shall have the discretion not to issue a further order of appointment, in which case the party shall be permitted to prosecute or defend the action pro se.

(E) Whenever an attorney seeks to be relieved of an order of appointment on any of the grounds set forth in subparagraph (v) of Rule 4(a), he or she shall file an application for relief with the Clerk within thirty (30 days after receiving an order of appointment or within a reasonable period of time not to exceed thirty (30) days after learning of the facts warranting such relief. The application shall set forth in full, the factual and legal basis for the request for relief. The application shall be a privileged court document kept under seal and shall not be available in discovery or otherwise used in the litigation. The Clerk shall thereupon submit the application for relief of the appointed attorney to the assigned Judge for review. The Judge shall either (i) deny the application of the attorney and direct that attorney to proceed with the representation, or (ii) grant the application and permit the party to prosecute or defend the action pro se. In the latter case, the Clerk shall inform the party that no further appointments shall be made and upon request of the pro se party the Judge shall recuse himself.

Rule 5. Discharge

(A) A party for whom an attorney has been appointed shall be permitted to request the Judge to discharge the attorney from the representation and to appoint another attorney. Such a request must be made within thirty (30) days after the party's initial consultation with the appointed attorney, or within such additional period permitted by the Judge.

(B) When such a request is supported by good cause (e.g., substantial disagreement between the party and the appointed attorney on litigation strategy), the Judge shall forthwith issue an order discharging the appointed attorney from further representation of the party in the action. In such cases, the Judge may issue a further order directing appointment of another attorney to undertake the representation, in accordance with the provisions of Rule 2(c) through Rule 2(l). The Judge shall have the discretion not to issue a further order of appointment in such cases. Where a party requests discharge of a second appointed attorney, no additional appointments shall be made.

(C) In actions where (i) the party's request for discharge is not supported by good cause, or (ii) the party seeks discharge of a second appointed attorney, the party shall be permitted to prosecute or defend the action pro se. In either case, the appointed attorney shall be discharged from the representation.

Rule 6. Expenses

(A) The appointed attorney or the firm with which he or she is affiliated shall bear the cost of any expenses of the litigation (e.g., discovery expenses, subpoena fees, transcript expenses), except as specified in Rule 6(b).

(B) If the appointed attorney or the firm with which he or she is affiliated is unable to conveniently bear the cost of expenses of the litigation, or believes that bearing them would contravene the Code of Professional Responsibility or other ethical standards, the attorney may apply for reimbursement of expenses of up to $200.00 to the Eastern District Civil Litigation Fund, Inc., a nonprofit corporation formed for the purpose, *inter alia*, of providing monies for this purpose. Where the attorney anticipates expenses in excess of $200.00 and will seek reimbursement for such expenses, he or she shall make an application to the Judge specifying the need for particular expenses in the prosecution or defense of the action and the reasons for the application. The Judge shall then determine whether the expenses are necessary in the interest of justice to the party's case. Where such expenses are found necessary, the attorney may then apply for reimbursement thereof in accordance with Rule 6(c).

(C) Upon appropriate application by the appointed attorney, the Clerk shall certify those expenses for which the appointed attorney may be reimbursed, in accordance with the procedures utilized in *In Forma Pauperis* proceedings under the Criminal Justice Act or other guidelines issued by the court. Thereafter, the assigned Judge may order reimbursement of the expenses of the litigation, as authorized by applicable statute, regulation, rule or other provision of law. In the absence of such an order and upon appropriate application by the appointed attorney, reimbursement of such expenses may be paid from funds

of the Eastern District Civil Litigation Fund, Inc. to the extent available and authorized by that corporation.

Rule 7. Compensation for Services

(A) If the action is one for which compensation for legal services may become available to the appointed attorney by statute, the Clerk shall so inform the pro se party at the time the application for appointed counsel is made and at the time the order of appointment is issued. The Clerk shall also inform the party at those times that any statutory fee award may be made only by the Judge at the conclusion of the case.

(B) Pro Se litigants in Social Security Disability cases shall be specifically advised by the Clerk that a statutory attorney's fee may be awarded to be paid from the award, if any, of retroactive disability benefits.

(C) Upon appropriate application by the appointed attorney, the Judge may award attorney's fees to the appointed attorney for services rendered in the action, as authorized by applicable statute, regulation, rule or other provision of law, and as the Judge deems just and proper. In deciding whether to award attorney's fees the Judge shall consider: (i) the relevant statutes and provisions of law; (ii) the source of the fee award; (iii) the services rendered; and, (iv) any other factors he or she deems appropriate.

(D) If, after appointment, the appointed attorney discovers that the party is able to pay for legal services, the attorney shall bring this information to the attention of the assigned Judge unless precluded from doing so by the attorney-client privilege. The Judge may thereupon (i) approve a fee arrangement between the party and the attorney, or (ii) relieve the attorney from the responsibilities of the order of appointment and permit the party to retain another attorney or to proceed pro se.

Rule 8. Duration of Representation

(A) An appointed attorney shall represent the party in the action in the trial court from the date he or she enters an appearance until he or she has been relieved from appointment by the Court according to the provisions of Rules 4 or 5 or until a final judgment is entered in the action.

(B) If the party desires to take an appeal from a final judgment or appealable interlocutory order, or if such judgment or order is appealed by another party, or if the matter is remanded to an administrative forum, the appointed attorney is encouraged but not required to represent the party on the appeal, and in any proceeding, judicial or administrative, which may ensue upon an order of remand.

(C) Where the appointed attorney elects not to represent the party on an appeal or in a proceeding upon remand, the attorney shall advise the party of all required steps to be taken in perfecting the appeal or appearing in the proceeding on remand. Upon request of the pro se party the attorney shall file the Notice of Appeal. Such advice shall include available sources of appointed counsel, including, but not limited to the panel for appellate representation of indigent parties before the United States Court of Appeal for the Second Circuit.

Rule 9. Educational Panels

(A) The Court shall authorize the establishment of panels of attorneys and others experienced in the preparation and trial of the most common types of civil actions involving pro se parties brought before the Court (e.g., Social Security Appeals, Employment Discrimination Actions, Civil Rights Actions, Habeas Corpus Actions).

    (B) The Educational Panels are authorized to conduct educational programs for attorneys on the Civil Pro Bono Panel to train and assist said attorneys in the preparation and trial of the most common types of civil actions involving pro se parties brought before the Court.