UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>               Plaintiff,<br><br>    v.<br><br>PATRICK K. MCDONNELL,<br>and CABBAGETECH, CORP. d/b/a COIN DROP MARKETS,<br><br>               Defendants. | Case No. 18-CV-0361 (JBW)<br><br>ECF Case |

---

**[PROPOSED] FINAL JUDGMENT AND ORDER OF PERMANENT INJUNCTION, RESTITUTION, CIVIL MONETARY PENALTIES, AND ANCILLARY EQUITABLE RELIEF AGAINST DEFENDANTS PATRICK K. MCDONNELL AND CABBAGETECH, CORP. D/B/A COIN DROP MARKETS**

Based upon and in connection with this Court's Findings of Fact and Conclusions of Law, which this court **ORDERED** on _____, 2018, Final Judgment is hereby **ENTERED** in favor of Plaintiff Commodity Futures Trading Commission ("Plaintiff" or "Commission") and against Defendants Patrick K. McDonnell and CabbageTech, Corp. d/b/a Coin Drop Markets ("Defendants") on Count I of the Complaint.  It is hereby **ORDERED AND ADJUDGED** as follows:

           **I.**        **ORDER FOR PERMANENT INJUNCTION**

        1.       Pursuant to Section 6c of the Commodity Exchange Act (the "Act") , 7 U.S.C. § 13a-1 (2012), Defendants, their officers, agents, servants, employees, successors, assigns, and/or attorneys, and all persons in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, are hereby permanently restrained,

enjoined, and prohibited from directly or indirectly, in connection with any swap, or contract of sale of any commodity in interstate commerce, or contract for future delivery on or subject to the rules of any registered entity, intentionally or recklessly:

    A.    using or employing, or attempting to use or employ, any manipulative device, scheme, or artifice to defraud;

    B.    making, or attempting to make, any untrue or misleading statement of a material fact or to omit to state a material fact necessary in order to make the statements made not untrue or misleading; and

    C.    engaging, or attempting to engage, in any act, practice, or course of business, which operates or would operate as a fraud or deceit upon any person;

in violation of Section 6(c)(1) of the Act, 7 U.S.C. § 9(1) (2012), and/or Commission Regulation 180.1(a), 17 C.F.R. § 180.1(a) (2018).

    2.    Defendants, their officers, agents, servants, employees, successors, assigns, and/or attorneys, and all persons in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, are permanently restrained, enjoined, and prohibited from directly or indirectly:

    A.    Trading on or subject to the rules of any registered entity, as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40) (2012);

    B.    Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3, 17 C.F.R. § 1.3 (2018)) or virtual currencies for their own personal account or for any account in which they have a direct or indirect interest;

    C.    Having any commodity interests or virtual currencies traded on their behalf;

D. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests or virtual currencies;

E. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests or virtual currencies;

F. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2018); and

G. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2018)), agent, or any other officer or employee of any person (as that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38) (2012)) registered, exempted from registration, or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2018).

## II. RESTITUTION AND CIVIL MONETARY PENALTIES

**A. RESTITUTION**

3. Defendants shall pay, jointly and severally, restitution in the amount of $457,393.54, plus post-judgment interest (the "Restitution Obligation"). Post-judgment interest shall accrue on the Restitution Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961 (2012).

4. To effect payment of the Restitution Obligation and the distribution of any restitution payments to Defendants' customers, the Court appoints the National Futures Association ("NFA") as Monitor ("Monitor"). The Monitor shall receive restitution payments

3

from Defendants and make distributions as set forth below.  Because the Monitor is acting as an officer of this Court in performing these services, the NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

5. Defendants shall make Restitution Obligation payments under this Order to the Monitor in the name "Cabbage Tech, Corp. - Restitution Fund" and shall send such Restitution Obligation payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606 under cover letter that identifies the paying Defendant and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

6. The Monitor shall oversee the Restitution Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to Defendants' customers identified by the Commission or may defer distribution until such time as the Monitor deems appropriate.  In the event that the amount of Restitution Obligation payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative cost of making a distribution to eligible customers is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission following the instructions for civil monetary penalty payments set forth in Part II.B. below.

7. Defendants shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify Defendants' customers

to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Restitution Obligation payments. Defendants shall execute any documents necessary to release funds that they have in any repository, bank, investment or other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation.

8. The Monitor shall provide the Commission at the beginning of each calendar year with a report detailing the disbursement of funds to Defendants' customers during the previous year. The Monitor shall transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

9. The amounts payable to each customer shall not limit the ability of any customer from proving that a greater amount is owed from Defendants or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any customer that exist under state or common law.

10. Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each customer of Defendants who suffered a loss is explicitly made an intended third-party beneficiary of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the restitution that has not been paid by Defendants, to ensure continued compliance with any provision of this Order, and to hold Defendants in contempt for any violations of any provision of this Order.

11. To the extent that any funds accrue to the U.S. Treasury for satisfaction of Defendants' Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

**B.  CIVIL MONETARY PENALTIES**

12. Defendants shall each pay a civil monetary penalty in the amount of $1,372,180.62 ("CMP Obligation"), plus post-judgment interest. Post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961 (2012).

13. Defendants shall pay their CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> MMAC/ESC/AMK326
> Commodity Futures Trading Commission
> Division of Enforcement
> 6500 S. MacArthur Blvd.
> HQ Room 181
> Oklahoma City, OK 73169
> (405) 954-6569 office
> (405) 954-1620 fax
> 9-AMC-AR-CFTC@faa.gov

If payment by electronic funds transfer is chosen, Defendants shall contact Marie Thorne or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the CMP Obligation with a cover letter that identifies Defendants and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

### III.     MISCELLANEOUS PROVISIONS

14.     *Order of Payments*.  All sums collected from or on behalf of any particular Defendant pursuant to this Order will first go to payment of Defendants' Restitution Obligation and then to pay the CMP Obligation of that particular Defendant.

15.     *Partial Satisfaction*.  Acceptance by the Commission or the Monitor of any partial payment of Defendants' Restitution Obligation or the CMP Obligation of either Defendant shall not be deemed a waiver of their obligation to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

16.     *Service of this Order*.  Copies of this Order may be served by any means, including electronic mail, facsimile transmission, and United Parcel Service, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendants, or that may be subject to any provision of this Order.

17.     *Bond Not Required of Plaintiff*.  Plaintiff is an agency of the United States, and therefore pursuant to Section 6c(b) of the Act, 7 U.S.C. §13a-1(b) (2012), no bond is required prior to entry of this Order.

18.     *Notice*:  All notices required to be given by any provision in this Order shall be sent certified mail, return receipt requested, as follows:

Notice to Commission:

   Manal M. Sultan
   Deputy Director
   Commodity Futures Trading Commission
   140 Broadway, 19th Floor
   New York, NY 10005

Notice to NFA:

> Daniel Driscoll, Executive Vice President, COO
> National Futures Association
> 300 S. Riverside Plaza, Suite 1800
> Chicago, IL 60606-3447

All such notices to the Commission or the NFA shall reference the name and docket number of this action.

19. *Change of Address/Phone*: Until such time as Defendants satisfy in full their Restitution Obligation and CMP Obligations as set forth in this Order, Defendants shall provide written notice to the Commission by certified mail of any change to their telephone number and mailing address within ten (10) calendar days of the change.

20. *Invalidation*: If any provision of this Order or if the application of any provision or circumstance is held invalid, then the remainder of this Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

21. *Injunctive and Equitable Relief Provisions*: The injunctive and equitable relief provisions of this Order shall be binding upon Defendants, upon any person under the authority or control of any of the Defendants, and upon any person who receives actual notice of this Order, by personal service, e-mail, facsimile or otherwise insofar as he or she is acting in active concert or participation with Defendants.

22. *Continuing Jurisdiction of this Court*. This Order shall remain in effect until further order of the Court, and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

There being no just reason for delay, the Clerk of Court is hereby directed to enter this Final Judgment and Order of Permanent Injunction, Restitution, Civil Monetary Penalties, and Ancillary Equitable Relief against Defendants as set forth in this Order.

**SO ORDERED.**

_____
**JACK B. WEINSTEIN**
Senior United States District Judge

Dated: _____, 2018
       Brooklyn, New York

9